UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC., *et al.*, | ) ) | |
| | ) | CASE NO. 00-389 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| IHS LIQUIDATING LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 05-376 |
| ACE INDEMNITY INSURANCE, COMPANY, f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | ADVERSARY NO. 05-51318 Regarding Docket Nos. 6, 14 |

**REPLY TO RESPONSE OF PLAINTIFF
IHS LIQUIDATING LLC IN OPPOSITION
TO THE MOTION OF DEFENDANT FOR
<u>WITHDRAWAL OF REFERENCE UNDER 28 U.S.C. § 157(d)</u>**

      Defendant, ACE Indemnity Insurance Company, f/k/a Indemnity Insurance Company of North America ("**IICNA**"), by its attorneys, replies to the Response of Plaintiff IHS Liquidating LLC in Opposition to the Motion of Defendant for Withdrawal of Reference Under 28 U.S.C. § 157(d) (the "**Response**"), as follows:

      1.      The Response incorrectly asserts that (i) the Liquidating Adversary[1] is a core proceeding, (ii) receipt of the 1999 IICNA Policy proceeds is an "integral" part of IHS' plan of

---

[1] Capitalized terms have the meaning ascribed to them in the Motion of Defendant for Withdrawal of Reference Under 28 U.S.C. § 157(d) (DI 6).

reorganization, and (iii) that cause does not exist to withdraw the reference with respect to the Liquidating Adversary.

        **A.**        **The Liquidating Adversary Is A Non-Core Proceeding.**

    2.        First, for the reasons set forth in *Motion of Defendant Pursuant to Del.Bankr.L.R. 5011-1 for Determination Whether Proceeding is Core* (DI 5) and *Reply to Response of Plaintiff IHS Liquidating LLC in Opposition to the Motion of Defendant Pursuant to Del.Bankr.L.R. 5011-1 for Determination Whether Proceeding is Core* (DI 15), the Liquidating Adversary is a non-core proceeding, which is a significant factor that supports withdrawing the reference. *See NDEP Corp. v. Handl-It, Inc., (In re NDEP Corp.)*, 203 B.R. 905, 908 (D.Del. 1996).

        **B.**        **Receipt Of The 1999 IICNA Policy Proceeds Is Not "Linchpin" Of Plan.**

    3.        Second, receipt of the 1999 IICNA Policy proceeds is not the "linchpin" of IHS' reorganization effort. To the contrary, IHS Liquidating LLC admits in its pleadings that the "cornerstone" of the Plan was the SPA transaction with Abe Briarwood Corp. *See*, *Response of Plaintiff IHS Liquidating LLC in Opposition to the Motion of Defendant Pursuant to Del.Bankr.L.R. 5011-1 for Determination Whether Proceeding is Core* at ¶ 5. Moreover, the Plan has been substantially consummated in that the SPA transaction closed and substantial distributions have been made. *Id.* at ¶¶ 7, 44. Accordingly, receipt of the 1999 IICNA Policy proceeds is not a factor preventing withdrawal of the reference with respect to the Liquidating Adversary.

        **C.**        **Cause Exists To Withdraw The Reference.**

    4.    Third, cause exists to withdraw the reference because such action will further the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, minimizing delay and costs to the parties, and expediting the bankruptcy process. *See*

-3-

*In re Pruitt*, 190 F.2d 1160, 1168 (3rd Cir. 1990); *NDEP Corp.*, 203 B.R. at 908. The Response ignores that pragmatic concerns about judicial efficiency take precedence over strictly legal determinations when deciding whether a matter should proceed before a district court instead of the bankruptcy court. *See Travelers Ins. Co. v. Goldberg,* 135 B.R. 788, 792 (D. Md. 1992). In *Goldberg*, the court declined to refer the case to the bankruptcy court in view of the inescapable conclusion that the district court would "in all probability be required either to make *de novo* factual determinations or to hold a jury trial in the first instance." 135 B.R. at 792; *see also Travelers Indem. Co. v. Babcock & Wilcox Co.,* No. CIV.A. 01-3387, 2002 WL 100625, at *4 (E.D. La. Jan. 23, 2002) (granting motion to withdraw the reference and noting that "[t]he issues before the bankruptcy court are non-core issues, with which the bankruptcy court has no greater familiarity than does [the district court].").

5.  Similarly, in this action, considerations of judicial efficiency and costs to the parties weigh heavily in favor of having the Liquidating Adversary resolved by the District Court. Adjudicating the matter first in the Bankruptcy Court will only add an additional layer of judicial review and require duplication of effort. Not only will judicial resources be wasted, but the parties will be forced to expend unnecessary sums on duplicative activity. What will otherwise involve the two-step process described above can be resolved in a single step if the District Court resolves the matter in the first instance. Moreover, given the common factual underpinnings and legal theories between the subsequently filed Liquidating Adversary proceeding and the IICNA Adversary proceeding, it makes most sense to proceed with the Liquidating Adversary proceeding in the District Court to eliminate any risk of conflicting rulings and duplication of efforts.

6.Considerations of judicial economy and efficiency also favor conducting the Liquidating Adversary proceeding before the District Court. *See NDEP Corp.*, 203 B.R. 913 (stating that, even absent right to jury trial, court would nonetheless have withdrawn the reference because case involved contract, tort, and restitution claims "somewhat removed from the bankruptcy court's realm of expertise"); *In re G-I Holdings, Inc.*, 295 B.R. 211, 218 (D.N.J. 2003) (court need not determine viability of defendants' jury trial right claims in proceeding where non-core issues predominate; issues surrounding jury trial claim as well as state law dispute more appropriately and economically decided in district court); *In re Pelullo*, 1997 U.S. Dist. LEXIS 12324, at *5 (E.D.Pa. Aug. 15, 1997) ("Since the bankruptcy court may not enter a final order or judgment in a non-core proceeding without the consent of the parties, keeping the proceeding in the bankruptcy court wastes judicial resources because the district court must review the bankruptcy court's proposed findings of fact and conclusions of law *de novo*."). Where, as here, the parties in a non-core proceeding have not consented to entry of final judgment by the bankruptcy court judge, the District Court would have to review the Bankruptcy Court's findings and conclusion *de novo* in any event. *See* 28 U.S.C. § 157(c)(1). Therefore, considerations of judicial economy favor proceeding with the Liquidating Adversary before the District Court. *Hatzel & Buehler*, 107 B.R. at 40 (D. Del. 1989).

7.Moreover, it is appropriate to proceed before the district court where the proceeding at issue is sufficiently different from the kinds of cases that typically arise in the course of bankruptcy administration. Where, for example, extensive discovery or expert testimony may be required, or a lengthy or complex trial is anticipated, the matter should proceed before the district court and not the bankruptcy court. *See, e.g., Complete Management Inc. v. Arthur Andersen, LLP (In re Complete Management, Inc.)*, 02 Civ. 01736, 2002 U.S. Dist.

LEXIS 18344, *12 (S.D.N.Y. Sept. 27, 2002). *See also G-I Holdings*, 295 B.R. at 217-18 (finding withdrawal serves the court's best interest by "adjudicating the non-bankruptcy dispute once, while the Bankruptcy Court continues to administer the Chapter 11 reorganization and conduct other common bankruptcy proceedings."). *Cf. Miller v. Harlow Credit & Clearing Corp.*, Adv. No. 91-0702F, 1992 U.S. Dist. LEXIS 1823, *4-5 (E.D. Pa. Feb. 14, 1992) (noting that judicial economy might prove sufficient cause for withdrawal of even a core proceeding under certain circumstances).

8. The Liquidating Adversary proceeding seeks relief similar to that sought in the earlier filed IICNA Adversary proceeding. Rather than having virtually identical litigation proceeding in both the Bankruptcy Court and the District Court, withdrawing the reference with respect to the Liquidating Adversary so that it can proceed simultaneously in the District Court with the IICNA Adversary would promote uniformity and avoid any risk of inconsistent rulings and duplication of efforts.

9. Finally, considerations of forum shopping and confusion and fostering the economic use of debtors' and creditors' resources either do not apply to the instant case or support proceeding before the Bankruptcy Court. Reducing forum shopping is not applicable here. If, however, the Liquidating Adversary was permitted to proceed in the Bankruptcy Court, even for pre-trial matters, the District Court would still have to review the Bankruptcy Court's orders *de novo* without the benefit of having overseen the pre-trial stage of the proceeding, resulting in unnecessary duplication of effort. Accordingly, it is appropriate to adjudicate the Liquidating Adversary before the District Court because it fosters the economic use of the parties' and Court's resources.

**Conclusion**

10.     Reference should be withdrawn with respect to the Liquidating Adversary, which involves non-core, insurance-related claims arising exclusively under state law and entirely independent of the Bankruptcy Code.  Considerations of judicial economy likewise strongly favor withdrawal of the reference.  Accordingly, IICNA requests that this Court enter an order withdrawing the reference with respect to the Liquidating Adversary, and for such other and further relief as is just.

Dated: June 9, 2005                                     **WHITE AND WILLIAMS LLP**

 /s/ Marc S. Casarino
Christian J. Singewald (No. 3542)
Marc S. Casarino (No. 3613)
824 N. Market Street , Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone: (302) 467-4510
Telecopier: (302) 467-4547
singewaldc@whiteandwilliams.com

**and**

Francis J. Deasey, Esquire
Gerald J. Valentini, Esquire
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA   19103
Telephone:  (215) 587-9400
Telecopier:  (215) 587-9456

**Attorneys for Indemnity Insurance Company of North America**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| INTEGRATED HEALTH SERVICES, INC., *et al.*, | |
| | CASE NO. 00-389 (MFW) |
| Debtors. | (Jointly Administered) |
| IHS LIQUIDATING LLC, | |
| Plaintiff, | |
| v. | |
| ACE INDEMNITY INSURANCE, COMPANY, f/k/a INDEMNITY, INSURANCE COMPANY OF NORTH | |
| Defendants. | ADVERSARY NO. 05-51318 |

## CERTIFICATE OF SERVICE

I, Marc S. Casarino, Esquire, certify that I am not less than 18 years of age, and that I caused service of the **Reply to Response of Plaintiff IHS Liquidating LLC in Opposition to the Motion of Defendant for Withdrawal of Reference Under 28 U.S.C. § 157(d)** to be made on June 9, 2005, to the following:

| VIA HAND DELIVERY: | VIA FIRST CLASS MAIL: |
|---|---|
| James L. Patton, Esquire | Arthur Steinberg, Esquire |
| Young Conaway Stargatt & Taylor LLP | Ana M. Alfonso, Esquire |
| The Brandywine Building | Kaye Scholer LLP |
| 17th Floor | 425 Park Avenue |
| 1000 West Street | New York, NY 10022-3598 |
| Wilmington, DE 19801 | |

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: June 9, 2005            */s/ Marc S. Casarino*
                               Marc S. Casarino (#3613)