# EXHIBIT D

# Binder
## Excess Catastrophe Liability

We are pleased to authorize this Binder as a Temporary Insurance Contract. This coverage is subject to all terms and conditions of this policy to be issued which, when delivered, replaces this binder. This Binder is valid for 30 days from effective date.

Company: Indemnity Insurance Company of North America
Policy Number: XLX G19545507
Effective Date: 01/01/1999
Expiration Date: 01/01/2000

<u>Insured Name & Address:</u>
INTEGRATED HEALTH SERVICES, INC.

10065 Red Run Boulevard
Owings Mills, MD 21117

<u>Producer:</u>
TRI CITY INSURANCE BROKERS INC
110 William Street
26th Floor
New York, NY 10038
Attn: GEORGE GOETTELMANN

Coverage: Excess Catastrophe Liability

Limits:       $50,000,000   each occurrence
              $50,000,000   aggregate (where applicable)

                            IN EXCESS OF
              $50,000,000   each occurrence
              $50,000,000   aggregate (where applicable)

Which in turn is excess of underlying insurance or retained limit.

Advanced Premium: $45,000                Commission: 17.5 %

Basis of Premium: Flat

Annual Minimum Premium: $45,000

Conditions & Attachments:

This binder contemplates the issuance of policy form no. XS-4U19. (If a specimen copy of this form is desired, please advise.) Subject to its standard provisions plus the following attachments:

    1. XS-1V24: Maryland Changes - Cancellation Non-Renewal & State Required Conditions

Subject to:

| Authorized by | New York | Date |
|---|---|---|
| Bob Hogan | 195 Broadway | April 21, 1999 |
|  |  | 7th Floor |
|  | New York, NY 10007 | |
|  | Phone: (212)618-5054  Fax: (212)618-5059 | |

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
195 BROADWAY, 7TH FLOOR
NEW YORK NY 10007

## NOTICE OF CANCELLATION OF INSURANCE

Named Insured & Mailing Address:

INTERGRATED HEALTH SERVICES
10065 RED RUN BOULEVARD
OWINGS MILLS MD 21117

Producer: 228384A

TRI CITY INSURANCE BROKERS INC
110 WILLIAM STREET
26TH FLOOR
NEW YORK NY 10038

Policy No.: XLX G19545507
Type of Policy: EXCESS LIABILITY CATASTROPHE POLICY
Date of Cancellation: 07/26/1999 ; 12:01 A.M. Local Time at the mailing address of the Named Insured.

We are cancelling this policy. Your insurance will cease on the Date of Cancellation shown above.

The reason for cancellation is NONPAYMENT OF PREMIUM

Excess premium, if not tendered, will be refunded upon demand.

---

Z 522 495 037

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to | Intergrated Health |
|---|---|
| Street & Number | Services |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

---

Date Mailed:
15th day of July, 1999

_____
Authorized Company Representative

Named Insured

INTERGRATED HEALTH SERVICES
10065 RED RUN BOULEVARD
OWINGS MILLS MD 21117

Copy for Home Office

ODEN2.5.99.04a
FORM# CC969711MD51995

MDCC27NONPMNT
071519995
Page 1 of 1

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA
195 BROADWAY, 7TH FLOOR
NEW YORK NY 10007

## REINSTATEMENT NOTICE

Named Insured & Mailing Address:

INTERGRATED HEALTH SERVICES
10065 RED RUN BOULEVARD
OWINGS MILLS MD 21117

Producer: 228384A

TRI CITY INSURANCE BROKERS INC

110 WILLIAM STREET
26TH FLOOR
NEW YORK NY 10038

Policy No.: XLX G19545507
Type of Policy: EXCESS LIABILITY CATASTROPHE POLICY
You recently received a notice advising this policy was being cancelled effective 07/26/1999.

This notice is to advise that the policy is being reinstated without lapse in coverage.

Date Mailed:
26th day of July, 1999

JUL 2 6 1999

Authorized Company Representative

Named Insured

INTERGRATED HEALTH SERVICES
10065 RED RUN BOULEVARD
OWINGS MILLS MD 21117

Copy for Home Office

ODEN2.5.99.04a
FORM# CT969897MD51995

MDCT27
072619995
Page 1 of 1

*Declarations*
*Excess Liability Catastrophe Policy*

CIGNA Property & Casualty

| PRODUCER CODE | OFFICE | PREVIOUS POLICY NUMBER | COMMISSION |
|---|---|---|---|
| 228384 | New York | XLX G19524139 | 17.5 |
| AUDIT FREQUENCY | PRODUCER | | |
| None | TRI CITY INSURANCE BROKERS INC | | |
| NAMED INSURED IS: | BUSINESS OF INSURED | | PIIC |
| Corporation | On File With Company | | 8093 |

Policy Number: **XLX G19545507**

Policy Period: From **01/01/1999** to **01/01/2000**
12:01 A.M. Standard Time at the Address of the Named Insured as stated herein

NAMED INSURED AND ADDRESS

**INTEGRATED HEALTH SERVICES, INC.**
**10065 RED RUN BOULEVARD**
**OWINGS MILLS, MD 21117**

COVERAGE IS PROVIDED IN THE COMPANY DESIGNATED BELOW
**Indemnity Insurance Company of North America**

### Limits of Insurance

$ **50,000,000** Each Occurrence     $ **50,000,000** Aggregate

### Underlying Insurance Limits

$ **50,000,000** Each Occurrence     $ **50,000,000** Aggregate

### Premium

Basis of Premium: **Flat Charge.**

$ **45,000** Advance Premium     $ **45,000** Annual Minimum Premium

### Schedule of Underlying Insurance
First Policy of Underlying Insurance

Company **Zurich Insurance Company**                              Limits of Insurance
Policy Number  **On file with Co.**                          $ **50,000,000** Each Occurrence
Expiration Date **01/01/2000**                               $ **50,000,000** Aggregate

Endorsements Attached to and forming a part of this Policy at inception:

CC-1K11A  Signature Endorsement
XS-1V24   Maryland Changes - Cancellation Non-Renewal & State Required Conditions

| DATE OF ISSUE | SIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 05/18/1999 | |

XS-9U59 (12/94)

*Declarations*
*Excess Liability Catastrophe Policy*

CIGNA Property & Casualty

| PRODUCER CODE | OFFICE | PREVIOUS POLICY NUMBER | COMMISSION |
|---|---|---|---|
| 228384 | New York | XLX G19524139 | 17.5 |
| AUDIT FREQUENCY | PRODUCER | | |
| None | TRI CITY INSURANCE BROKERS INC | | |
| NAMED INSURED IS: | BUSINESS OF INSURED | | PIIC |
| Corporation | On File With Company | | 8093 |

Policy Number: XLX G19545507

Policy Period: From 01/01/1999 to 01/01/2000
12:01 A.M. Standard Time at the Address of the Named Insured as stated herein

NAMED INSURED AND ADDRESS | COVERAGE IS PROVIDED IN THE COMPANY DESIGNATED BELOW
INTEGRATED HEALTH SERVICES, INC. | Indemnity Insurance Company of North America
10065 RED RUN BOULEVARD
OWINGS MILLS, MD 21117

**Limits of Insurance**

$ 50,000,000  Each Occurrence     $ 50,000,000  Aggregate

**Underlying Insurance Limits**

$ 50,000,000  Each Occurrence     $ 50,000,000  Aggregate

**Premium**

Basis of Premium: Flat Charge.

$ 45,000  Advance Premium    $ 45,000  Annual Minimum Premium

**Schedule of Underlying Insurance**
First Policy of Underlying Insurance

Company Zurich Insurance Company                 Limits of Insurance
Policy Number On file with Co.                    $ 50,000,000  Each Occurrence
Expiration Date 01/01/2000                        $ 50,000,000  Aggregate

Endorsements Attached to and forming a part of this Policy at inception:

CC-1K11A   Signature Endorsement
XS-1V24    Maryland Changes - Cancellation Non-Renewal & State Required Conditions

DATE OF ISSUE          SIGNATURE OF AUTHORIZED AGENT
05/18/1999

XS-9U59 (12/94)

*Declarations*
*Excess Liability Catastrophe Policy*

CIGNA Property & Casualty

| PRODUCER CODE | OFFICE | PREVIOUS POLICY NUMBER |
|---|---|---|
| 228384 | New York | XLX G19524139 |
| AUDIT FREQUENCY | PRODUCER | |
| None | TRI CITY INSURANCE BROKERS INC | |
| NAMED INSURED IS: | BUSINESS OF INSURED | PIIC |
| Corporation | On File With Company | 8093 |

Policy Number: XLX G19545507

Policy Period: From 01/01/1999 to 01/01/2000
12:01 A.M. Standard Time at the Address of the Named Insured as stated herein

| NAMED INSURED AND ADDRESS | COVERAGE IS PROVIDED IN THE COMPANY DESIGNATED BELOW |
|---|---|
| INTEGRATED HEALTH SERVICES, INC.<br>10065 RED RUN BOULEVARD<br>OWINGS MILLS, MD 21117 | Indemnity Insurance Company of North America |

**Limits of Insurance**

$ 50,000,000  Each Occurrence     $ 50,000,000  Aggregate

**Underlying Insurance Limits**

$ 50,000,000  Each Occurrence     $ 50,000,000  Aggregate

**Premium**

Basis of Premium: Flat Charge.

$ 45,000  Advance Premium         $ 45,000  Annual Minimum Premium

**Schedule of Underlying Insurance**
First Policy of Underlying Insurance

Company Zurich Insurance Company
Policy Number On file with Co.
Expiration Date 01/01/2000

Limits of Insurance
$ 50,000,000  Each Occurrence
$ 50,000,000  Aggregate

Endorsements Attached to and forming a part of this Policy at inception:

CC-1K11A  Signature Endorsement
XS-1V24   Maryland Changes - Cancellation Non-Renewal & State Required Conditions

| DATE OF ISSUE<br>05/18/1999 | SIGNATURE OF AUTHORIZED AGENT |
|---|---|

XS-9U59 (12/94)

# SIGNATURES

| Named Insured | | Endorsement Number |
|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

By signing and delivering the policy to you, we state that it is a valid contract.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

*George D. Mulligan, Secretary*         *Dennis Kane, President*

**BANKERS STANDARD FIRE AND MARINE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**BANKERS STANDARD INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA INDEMNITY INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY**
900 Cottage Grove Road, Bloomfield, Connecticut 06002

**INSURANCE COMPANY OF NORTH AMERICA**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**PACIFIC EMPLOYERS INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA FIRE UNDERWRITERS INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

*George D. Mulligan, Secretary*         *Richard C. Franklin, President*

_____
Authorized Agent

CC-1K11a (5/96) Ptd. in U.S.A.

## SIGNATURES

| Named Insured | | |
|---|---|---|
| Policy Symbol | Policy Number | Policy Period |
| Issued By (Name of Insurance Company) | | |

| Endorsement Number |
|---|
| Effective Date of Endorsement |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

By signing and delivering the policy to you, we state that it is a valid contract.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

*George D. Mulligan*, Secretary                              *Dennis Kane*, DENNIS KANE, President

**BANKERS STANDARD FIRE AND MARINE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**BANKERS STANDARD INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA INDEMNITY INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY**
900 Cottage Grove Road, Bloomfield, Connecticut 06002

**INSURANCE COMPANY OF NORTH AMERICA**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**PACIFIC EMPLOYERS INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

**CIGNA FIRE UNDERWRITERS INSURANCE COMPANY**
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

*George D. Mulligan*, Secretary                              *Richard C. Franklin*, RICHARD C. FRANKLIN, President

_____
Authorized Agent

CC-1K11a (5/96) Ptd. in U.S.A.

## SIGNATURES

| Named Insured | | Endorsement Number |
|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

By signing and delivering the policy to you, we state that it is a valid contract.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

*GEORGE D. MULLIGAN, Secretary*          *DENNIS KANE, President*

BANKERS STANDARD FIRE AND MARINE COMPANY
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

BANKERS STANDARD INSURANCE COMPANY
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

CIGNA INDEMNITY INSURANCE COMPANY
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

CIGNA INSURANCE COMPANY
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY
900 Cottage Grove Road, Bloomfield, Connecticut 06002

INSURANCE COMPANY OF NORTH AMERICA
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

PACIFIC EMPLOYERS INSURANCE COMPANY
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

CIGNA FIRE UNDERWRITERS INSURANCE COMPANY
1601 Chestnut Street, Philadelphia, Pennsylvania 19192

*GEORGE D. MULLIGAN, Secretary*          *RICHARD C. FRANKLIN, President*

_____
Authorized Agent

CC-1K11a (5/96) Ptd. in U.S.A.

# Excess Liability Catastrophe Policy

CIGNA Property & Casualty



WE, the Company named in the Declarations, relying upon the statements shown on the Declarations page and in Schedule of UNDERLYING INSURANCE attached to this policy, and in return for the payment of the premium and subj to the terms, conditions, exclusions, and limits of insurance of this policy, agree with YOU as follows:

## SECTION I
## INSURING AGREEMENTS

### A. COVERAGE

WE will pay on YOUR behalf the ULTIMATE NET LOSS (1) in excess of all UNDERLYING INSURANCE, and (2) only after all UNDERLYING INSURANCE has been exhausted by the payment of the limits of such insurance for losses arising out of OCCURRENCES that take place during OUR policy period and are insured by all of the policies designated in the Declarations as UNDERLYING INSURANCE. If any UNDERLYING INSURANCE does not pay a loss for reasons other than the exhaustion of an aggregate limit of insurance, then WE shall not pay such loss.

The Definitions, Terms, Conditions, Limitations, and Exclusions of the "first policy of UNDERLYING INSURANCE", in effect at the inception date of this policy, apply to this coverage unless they are inconsistent with provisions of this policy, or relate to premium, subrogation, any obligation to defend, the payment of expenses, limits of insurance, cancellation or any renewal agreement.

### B. LIMITS OF INSURANCE

The Limit of Insurance stated in the Declarations as applicable to "each OCCURRENCE" shall be the total limit of OUR liability for all covered damages sustained as the result of any one OCCURRENCE.

The Limit of Insurance stated in the Declarations as "aggregate" shall be the total limit of OUR liability for all covered damages sustained during each annual period of this policy; and for which any UNDERLYING INSURANCE provides coverage that is subject to an aggregate limit. If the UNDERLYING INSURANCE limit has been reduced or exhausted solely by reason of losses paid thereunder arising out of OCCURRENCES which take place during OUR policy period, then this policy shall:

1. in the event of reduction, pay the excess of the reduced underlying limit;

2. in the event of exhaustion continue in force as UNDERLYING INSURANCE.

The aggregate limit in this policy shall apply separately for each coverage as to which all underlying policies provide an aggregate limit.

### C. DEFENSE PROVISIONS AND SUPPLEMENTAL PAYMENTS

1. DEFENSE PROVISIONS

    When insurance is available to YOU in a UNDERLYING INSURANCE, WE shall not called upon to assume charge of t investigation, settlement or defense of any St brought against YOU, but WE shall have t right and be given the opportunity to associated in the defense and trial of any SUI relative to any occurrence which, in Ot opinion, may create liability on the part of t under the terms of this policy.

    We will assume charge of the settlement defense of any SUIT brought against YOU which this policy applies and to which UNDERLYING INSURANCE applies because the exhaustion of aggregate limits of insurance

    If WE assume any right, opportunity obligation, WE shall not be obligated to defe any SUIT after the applicable limits of this poli have been exhausted.

2. SUPPLEMENTAL PAYMENTS

    The only Supplemental Payments and expens that WE shall pay under this policy are follows:

    a. All expenses incurred by US;

    b. All interest on that part of any judgeme which accrues after entry of the judgeme and before WE have paid, offered to pay, deposited in court that part of the judg ment which does not exceed the limit liability, and to which this policy applies;

    c. If all UNDERLYING INSURANCE pa pre-judgement interest, then WE will p related pre-judgement interest award against YOU on that part of the judgeme WE pay. If WE make an offer to pay tl applicable limit of insurance, WE will not p any pre-judgement interest based on th period of time after the offer.

3. Subject to all of the foregoing:

    a. If Defense and/or Supplemental payme expenses are included within the limit of i surance of any UNDERLYING INSURANC then any such expense payment WE mal shall reduce the limit of insurance of tr policy.

XS-4U19 (5/94)    Page 1 o1

b. If none of the policies of UNDERLYING INSURANCE include Defense and/or Supplemental payment expenses within the limit of insurance, then any such expense payment WE make shall not reduce the limit of insurance of this policy.

## SECTION II (EXCLUSIONS)
## WHAT IS NOT COVERED BY THIS POLICY

This insurance does not apply:

A. To any injury, damage, expense, cost, loss, liability, or legal obligation arising out of or in any way related to asbestos or asbestos-containing materials.

B. To any injury, damage, expense, cost, loss, liability or legal obligation arising out of or in any way related to pollution, however caused.

Pollution includes the actual, alleged or potential presence in or introduction into the environment of any substance, if such substance has or is alleged to have the effect of making the environment impure, harmful, or dangerous. Environment includes any air, land, structure or the air therein, watercourse or water, including underground water.

If such insurance is available to YOU in the UNDERLYING INSURANCE and for the full limits of liability shown therein, this exclusion does not apply to liability caused by heat, smoke or fumes from a hostile fire. As used in the exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

C. To any injury, damage, expense, cost, loss, liability or legal obligation arising out of or in any way related to the toxic properties of lead or lead-containing products, materials or substances. This exclusion applies to all forms of lead, including but not limited to solid, liquid, vapor and fumes.

D. To any claim or claims arising out of the Employee Retirement Income Security Act (ERISA) of 1974, Public Law 93-406, commonly referred to as the Pension Reform Act of 1974, including any amendments or revisions thereto.

E. To any liability for injury or damages due to war, whether or not declared, or any act or condition incident to war. War includes civil war, acts of terrorism, insurrection, rebellion or revolution.

F. To any liability:

1. With respect to which the insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limits of liability; or

2. Resulting from the hazardous properties of clear material and with respect to which (a) person or organization is required to main financial protection pursuant to the Atomic ergy Act of 1954, or any law amendatory ther or (b) the insured is, or had this policy not be issued would be, entitled to indemnity from United States of America, or any agency ther under any aggreement entered into by United States of America, or any agency ther with any person or organization; or

3. Resulting from the hazardous properties nuclear material, if:

   a. The nuclear material (a) is at any nucl facility owned by, or operated by or behalf of the insured or (b) has been c charged or dispersed therefrom;

   b. The nuclear material is contained in spe fuel or waste at any time possesse handled, used, processed, stored, trar ported or disposed of by or on behalf of t insured; or

   c. The injury or damage arises out of t furnishing by the insured of services, m terials, parts or equipment in connectic with the planning, construction, maint nance, operation or use of any nucle facility, but if such facility is located with the United States of America, its territories possessions or Canada, this exclusion ( applies only to property damage to ar property at the nuclear facility.

As used in this exclusion:

a. Hazardous properties include radioactiv toxic, or explosive properties;

b. Nuclear material means source materia special nuclear material, or byprodu( material;

c. Source material, special nuclear materia and byproduct material have the meaning given them in the Atomic Energy Act of 195 or in any law amendatory thereof;

d. Spent fuel means any fuel element or fue component, solid or liquid, which has bee used or exposed to radiation in a nuclea reactor;

e. Waste means any waste material (1) cor taining byproduct material other than th tailings or wastes produced by the extrac tion or concentration of uranium or thoriun from any ore processed primarily for it. source material content, and (2) resultin: from the operation by any person or orgar ization of any nuclear facility included unde the first two paragraphs of the definition c nuclear facility;

XS-4U19 (5/94)                                                              Page 2 of !

f. Nuclear facility means:
1. Any nuclear reactor;
2. Any equipment or device designed or used for (a) separating the isotopes of uranium or plutonium, (b) processing or utilizing spent fuel, or (c) handling, processing or packaging waste;
3. Any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;
4. Any structure, basin, excavation, premises, or place prepared or used for the storage or disposal of waste; and
5. The site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

g. Nuclear reactor means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

h. Property damage includes all forms of radioactive contamination of property.

We shall have no duty or obligation to provide or pay for the investigation or defense of any suit excluded in this section, and in connection therewith Defense Provisions and Supplemental Payments shall not apply.

## SECTION III
## DEFINITIONS

A. OCCURRENCE means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

B. OTHER INSURANCE means insurance, other than UNDERLYING INSURANCE, which has been provided to YOU and affords coverage with respect to injury or damage to which this policy also applies.

C. ULTIMATE NET LOSS means the amount paid or payable in cash in the settlement or satisfaction of claims for which the insured is liable, either by adjudication or compromise with OUR written consent, after making proper deduction for all recoveries and salvages.

Defense expense payments shall be included wit the ULTIMATE NET LOSS, provided that su expenses are included within the terms, conditio and limits of insurance of any UNDERLYII INSURANCE.

D. UNDERLYING INSURANCE means the policy policies of insurance as described in the Decla tions and Schedule of Underlying Insurance formi a part of this policy.

E. WE, US and OUR means the company shown in t Declarations as providing this insurance.

F. YOU and YOUR means a person or organizati who qualifies as an insured in all of the underlyi policies.

## SECTION IV
## CONDITIONS

A. APPEALS

If YOU or any of the underlying insurers elect not appeal a judgement in excess of the limits of liabil afforded by the UNDERLYING INSURANCE, or a OTHER INSURANCE available to YOU, WE m elect to appeal. OUR limit of liability shall not : increased because of the appeal, except that V will make the appeal at OUR cost and expense.

B. ASSIGNMENT

Interest in this policy may not be transferred another, except by an endorsement issued by L which gives OUR consent. If YOU are bankrupt insolvent or if YOU die, this policy shall cover YOL legal representative(s), but only while acting with the scope of their duties as such.

C. BANKRUPTCY AND INSOLVENCY

Bankruptcy and insolvency of YOU, or YOUR esta will not relieve US of OUR obligations under th policy.

D. CANCELLATION

This policy may be cancelled by the first Name Insured by mailing to US written notice stating whe such cancellation shall be effective.

This policy may be cancelled by US by mailing to th first Named Insured at YOUR last known addres written notice stating when, not less than sixty (6 days thereafter, fifteen (15) days if cancellation is f non-payment of any unpaid portion of the premiur such cancellation shall be effective. The mailing notice shall be sufficient proof of notice. Th effective date and hour of cancellation stated in th notice shall be the end of the policy period.

If YOU cancel, earned premium shall be computed in accordance with the applicable short rate table or procedure. If WE cancel, earned premium shall be computed pro-rata. Premium adjustment may be made at the time cancellation becomes effective. OUR check or the check of OUR representative mailed to YOU shall be sufficient proof of any refund or premium due YOU.

E. CHANGES

This policy may be changed only by an endorsement issued by US to form a part of the policy.

F. DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT

1. YOU must see to it that WE receive prompt written notice of an OCCURRENCE or an offense which may result in a claim. Notice should include:

   a. How, when and where the OCCURRENCE or offense took place;

   b. The names and addresses of any injured persons and witnesses.

2. If a claim is made or suit brought against YOU, YOU must see to it that WE receive written notice of the claim or suit as soon as practicable.

3. YOU and any other involved insured must:

   a. Immediately send US copies of any demands, notices, summons or legal papers received in connection with the claim or suit.

   b. Authorize US to obtain records and other information;

   c. Cooperate with US in the investigation, settlement or defense of the claim or suit;

   d. Assist US, upon OUR request, in the enforcement of any right against any person or organization which may be liable to YOU because of injury or damage to which this policy may also apply.

4. YOU shall not make or authorize an admission of liability or attempt to settle or otherwise dispose of any claim or suit without OUR written consent.

G. INSPECTION AND AUDIT

WE shall be permitted but not obligated to inspect YOUR property and operations. Neither OUR right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of YOU or others, to determine or warrant that such property or operations are safe.

WE may examine and audit YOUR books a records during this policy period and extensic thereof and within three (3) years after the fi termination of this policy.

H. LEGAL ACTION AGAINST US

No person or organization has a right under tl policy to:

1. Join US as a party or otherwise bring US intc SUIT asking for damages from YOU;

2. Sue US, unless all of the terms of this poli have been fully complied with.

A person or organization may sue US to recover ( an agreed settlement or on a final judgeme against YOU obtained after trial. WE will not be liab for damages that are not payable under the terms this policy or that are in excess of the applicable lin of this policy. An agreed settlement means a settl ment and release of liability signed by US, YOU, ar the claimant or the claimant's legal representative.

I. MAINTENANCE OF UNDERLYING INSURANCE

The policy or policies referred to in the Declaratior and schedule of UNDERLYING INSURANCE or r newals or replacements thereof not more restricti\ in coverage shall be maintained in full effect durin this policy period, except for any reduction in th aggregate limits solely by payment of covere claims and/or claims expense.

If such UNDERLYING INSURANCE is not maintaine in full effect, or if any limits of liability of UNDEF LYING INSURANCE are:

1. less than as stated in the schedule of UNDEF LYING INSURANCE; or

2. unavailable due to bankruptcy or insolvency ( an underlying insurer; or

3. if there is any material change in the coverage ( any UNDERLYING INSURANCE;

then the insurance afforded by this policy shall appl in the same manner as if such UNDERLYIN( INSURANCE and limits of liability had been in effec available, so maintained and unchanged.

J. OTHER INSURANCE

If OTHER INSURANCE, whether collectible or not, i available to YOU covering a loss also covered b this policy, other than a policy that is specificall written to apply in excess of this policy, th insurance afforded by this policy shall apply i excess of and shall not contribute with such OTHE INSURANCE.

K. **PREMIUM**

Unless otherwise provided, the premium for this policy is a flat premium and is not subject to adjustment except as provided herein or amended by endorsement.

L. **YOUR REPRESENTATIONS**

By accepting this policy, YOU agree that:

1. The statements in the Declarations, Schedule of UNDERLYING INSURANCE, and Application for this policy are accurate and complete;
2. Those statements are based upon representations YOU made to US;
3. This policy has been issued in reliance upon YOUR representations.

M. **SEPARATION OF INSUREDS**

Except with respect to the Limits of Insurance, this policy applies:

1. As if each insured were the only insured;
2. Separately to each insured against whom claim is made or suit brought.

N. **SUBROGATION**

In the event of any payment under this policy by u WE shall be subrogated to all of YOUR rights recovery against any person or organization, a YOU shall execute and deliver instruments a papers and do whatever else is necessary to secu such rights. YOU shall do nothing after loss prejudice such rights.

The amount recovered through subrogation shall apportioned in the inverse order of payment of t ULTIMATE NET LOSS to the extent of the actu payment. The expenses of all recovery proceedin shall be apportioned in the ratio of respecti recoveries.

WE have no duty to provide coverage under this poli unless YOU and any other involved insureds have fu complied with the conditions of this policy.

IN WITNESS WHEREOF, the company has caused th policy to be executed and attested, but this policy sh not be valid unless countersigned by a duly authorize representative of the Company.