# TAB 2

2005 Del. LEXIS 319, *

1 of 117 DOCUMENTS

**JOSHUA GRAVES, Defendant Below, Appellant, v. CMC, INC., t/a Froggy's Bar & Grille, Plaintiff Below, REGIS INSURANCE COMPANY, Plaintiff Below, Appellee.**

No. 77, 2005

SUPREME COURT OF DELAWARE

*2005 Del. LEXIS 319*

July 20, 2005, Submitted
August 16, 2005, Decided

**NOTICE:** [*1] THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** Court Below: Superior Court of the State of Delaware in and for Kent County. C.A. No. 04C-03-050. *Regis Ins. Co. v. Graves*, 2005 Del. Super. LEXIS 27 (Del. Super. Ct., Jan. 28, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant individual appealed a grant of summary judgment in favor of plaintiff insurer by the Superior Court of the State of Delaware in and for Kent County; the individual challenged the trial court's holding that the policy covering plaintiff insured's bar explicitly excluded a personal injury claim arising from an employee's assault.

**OVERVIEW:** The individual sought damages for injuries he suffered as a result of a fight between two people outside of a bar. Although the individual was not involved in the fight, a bouncer jumped on his back and injured him. The individual claimed that the insured had negligently trained the bouncer. In the insurer's declaratory-judgment action, the trial court held that the assault and battery exclusion in the policy precluded the individual's claim. The state supreme court found that in addition to assault-and-battery claims, the exclusion eliminated coverage for claims alleging any act or omission in connection with the prevention, suppression, or result of such acts, and for claims asserting the negligent hiring, supervision, retention, or control of any employee. Because training of an employee was one specific element of the "supervision" and "control" of the employee, the individual's claim for negligent training fit squarely and unambiguously within the exclusion. Therefore, the trial court properly granted summary judgment to the insurer.

**OUTCOME:** The grant of summary judgment was affirmed.

**CORE TERMS:** insured, assault and battery, coverage, assault, training, suppression, supervision, prevention, omission, personal injury, bodily injury, endorsement, unambiguously, occurrence, indemnify, retention, servant, bouncer, hiring, negligently failed, patron, granting summary judgment, excludes coverage, excluded coverage, injuries arising, insurance policy, summary judgment, underlying tort, property damage, plain meaning

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Standards of Review > De Novo Review*
*Contracts Law > Contract Interpretation > Interpretation Generally*
*Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules*
[HN1] The Delaware Supreme Court reviews de novo the **interpretation** of language in contracts, including insurance contracts.

*Insurance Law > Claims & Contracts > Policy Interpretation > Ambiguous Terms*
*Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules*
*Insurance Law > Claims & Contracts > Policy Interpretation > Plain Language*

[HN2] Although ambiguous language in an **insurance policy** is construed against the insurer, if the policy language is unambiguous, the parties are bound by its plain meaning.

*Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules*
*Insurance Law > General Liability Insurance > Exclusions Generally*
*Labor & Employment Law > Employer Liability > Tort Liability > Negligent Hiring & Supervision*
*Torts > Intentional Torts > Assault & Battery*

[HN3] In an insurance policy construction context, language barring coverage for claims based on acts or omissions in connection with prevention, suppression, or result of an assault and battery unambiguously include actions for negligence in causing or failing to prevent the assault and battery.

*Civil Procedure > Appeals > Standards of Review > Standards Generally*

[HN4] The Delaware Supreme Court has the authority to affirm a judgment on the basis of a different rationale than the one that was relied upon by the trial court.

**JUDGES:** Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

**OPINIONBY:** Myron T. Steele

**OPINION:**

### ORDER

This 16th day of August 2005, on consideration of the parties' briefs, it appears to the Court that:

1. Joshua Graves appeals from an order of the Superior Court granting summary judgment in favor of Appellee Regis Insurance Company. Graves challenges a Superior Court judge's holding that Regis's insurance policy covering CMC Inc., t/a Froggy's Bar & Grille, explicitly excluded Graves's personal injury claim arising from Regis's insured's employee's assault on Graves. Because the policy unambiguously excludes coverage for damages resulting from assault and battery, we find that the trial judge properly granted summary judgment. Accordingly, we affirm.

2. In March 2004, Regis sought a declaratory judgment that it was not required to defend or indemnify its insured, Froggy's, in an underlying tort action Graves brought against Froggy's. [*2] In that action, Graves sought damages for injuries he suffered as a result of a fight between two people outside of Froggy's. Although Graves was not involved in the fight, a Froggy's bouncer jumped on his back and injured him. In his complaint, Graves claimed that Froggy's had negligently trained the bouncer.

3. Regis insured Froggy's under a liability insurance policy. The policy was in effect when the assault occurred. After Froggy's notified Regis of Graves's complaint, Regis defended Froggy's under a full reservation of rights. Regis then filed a declaratory-judgment action in the Superior Court to resolve whether its policy covered Graves's underlying tort claim. Regis moved for summary judgment, and the trial judge granted that motion, holding that the policy's "Assault and Battery Exclusion Endorsement" excluded coverage for claims of personal injury arising from assault and battery. Graves appeals from the order granting summary judgment.

4. Under the policy, Regis has the duty to defend and indemnify Froggy's for any claim for personal injury or property damage arising out of an "occurrence." The policy defines the term *occurrence* as "an accident . . . which results [*3] in bodily injury or property damage neither expected or intended from the standpoint of the insured." n1 The policy also contains an additional endorsement, titled "Broad Form Comprehensive General Liability Endorsement." Section XI of the Endorsement expands the definition of "occurrence" to include "any intentional act by or at the direction of the insured which results in bodily injury, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property." n2

---

n1 Regis Insurance Co., Special Multi-Peril Policy (Feb. 18, 2002), at 3.
n2 Regis Insurance Co., Broad Form Comprehensive General Liability Endorsement, (Feb. 18, 2002), at 4.

---

5. The policy also includes an exclusion for certain tortious conduct. Titled "Assault and Battery Exclusion and Coverage Deletion Endorsement," it provides that:

> Actions and proceedings to recover damages for "bodily injury" or "property damage" or "personal injury" arising, in whole or part, from the following are excluded [*4] from coverage and the Company is under no duty to investigate, defend or indemnify an insured in any action or proceeding

2005 Del. LEXIS 319, *

alleging such causes of action and damages:

1. Assault and Battery or any actor [sic] omission in connection with the prevention, suppression, or result of such acts;

. . .

B. The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention, or control of any person, whether or not an officer, employee, agent, or servant of the insured. n3

The A&B Exclusion further provides that: "If this policy contains the Broad Form Comprehensive General Liability Endorsement . . ., [which, as noted above, it did] Paragraph XI, Extended Bodily Injury Coverage, is deleted from that endorsement and rendered null and void." n4

n3 Regis Insurance Co., Assault and Battery Exclusion and Coverage Deletion Endorsement, (Feb. 18, 2002) (no page numbers in original).
n4 Id. (quotation marks omitted and punctuation altered).

[*5]
6. When the trial judge granted Regis summary judgment, he found that the policy excluded Graves's negligent-training claim because the A&B Exclusion barred coverage for claims "arising in whole or in part from assault and battery." The trial judge reasoned that Graves's negligence claim was based on Froggy's failure to prevent the assault and battery, and was therefore "fundamentally premised on the assault and battery itself." n5 On appeal, Graves contends that the policy provides coverage for his claim because the A&B Exclusion does not precisely state that claims for negligent "training" are encompassed by the exclusion and specifically excludes only claims for negligent "hiring, supervision, retention, or control." Graves argues that the exclusion is therefore at least ambiguous, and should be read narrowly to exclude a claim of negligent training. [HN1] We review de novo the interpretation of language in contracts, including insurance contracts. n6

. . .

This exclusion applies regardless of the degree of culpability or intent without regard to:

n5 Regis Insurance Co. v. Graves, 2005 Del. Super. LEXIS 27, 2005 WL 273239 (Del. Super.), at *3.
n6 Twin City Fire Ins. Co. v. Del. Racing Ass'n., 840 A.2d 624, 626 (Del. 2003).

[*6]
7. [HN2] Although ambiguous language in an insurance policy is construed against the insurer, n7 if the policy language is unambiguous, the parties are bound by its plain meaning. n8 In addition, other jurisdictions have held that the [HN3] language barring coverage for claims based on acts or omissions in connection with prevention, suppression, or result of an assault and battery unambiguously include actions for negligence in causing or failing to prevent the assault and battery. n9

n7 Aetna Casualty and Surety v. Kenner, 570 A.2d 1172, 1174 (Del. 1990).
n8 Emmons v. Hartford Underwriters Insur. Co., 697 A.2d 742, 745 (Del. 1997).
n9 See, e.g., United Nat'l Ins. Co. v. Entertainment Gp. Inc., 945 F.2d 210, 214 (7th Cir. 1991) (A&B exclusion barred coverage for claims that insured negligently failed to provide adequate security or lighting and failed to supervise patrons); Stiglich v. Tracks, 721 F. Supp. 1386, 1388 (D.D.C. 1989) (A&B exclusion precluded coverage of claim that insured was negligent in failing to hire sufficient security personnel); Littrell v. Colony Ins. Co., 228 Ga. App. 552, 492 S.E.2d 299, 300 (Ga. Ct. App. 1997) (A&B exclusion barred coverage for claim that insured negligently failed to prevent customer from obtaining "bar gun" and shooting another patron); Essex Ins. Co. v. Fieldhouse Inc., 506 N.W.2d 772, 777 (Iowa 1993) (policy containing A&B exclusion that excluded coverage for "act or omission in connection with the prevention or suppression" of an assault and battery barred negligent-training claim).

[*7]

8. The trial judge held that the A&B Exclusion barred coverage for injuries arising in whole or in part from an assault and battery. Based on that language, the trial judge reasoned that because Graves sought to recover for injuries arising from the assault and battery, the policy, by its terms, excluded his claim. The trial judge based his holding on decisions by other Delaware courts that reached similar conclusions. n10 Although the trial judge's reasoning supports his conclusion, we base our decision today on a different analysis of the A&B Exclusion language that we believe more specifically addresses Graves's claim. n11

n10 See Terra Nova Insurance Co. v. Nanticoke Pines, 743 F. Supp. 293 (D. Del. 1990); Regis Insurance Co. v. Cosenza, 2001 Del. Super. LEXIS 75, 2001 WL 238150 (Del. Super.).

n11 See Lemos v. Willis, 858 A.2d 955, 959 (Del. 2004) [HN4] ("This Court has the authority to affirm a judgment on the basis of a different rationale than the one that was relied upon by the trial court.").

[*8]

9. In addition to assault-and-battery claims, the A & B Exclusion eliminates coverage for claims alleging "any act or omission in connection with the prevention, suppression, or result of such acts." Graves's claim fits within this language because Graves alleges that Froggy's negligent failure to "train" its bouncer directly caused the assault and battery. The provision also excludes coverage for claims "asserting the alleged failure of the insured or his officers, employees, agents, or servants in the hiring, supervision, retention or control of any [employee]." Training of an employee is one specific element of the "supervision" and "control" of an employee. Therefore, Graves's claim for negligent training fits squarely and unambiguously within the exclusion.

10. Because the A&B provision excludes claims for negligent "supervision and control," we find Graves's claim that the policy is ambiguous to be unpersuasive. Accordingly, we hold that the plain meaning of the A&B Exclusion bars coverage for Graves's claim based on negligent training.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

/s/ Myron T. [*9] Steele
Chief Justice