IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Civil Action No. 05-376 (GMS) |

## GENERAL STAR INDEMNITY COMPANY'S ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant, General Star Indemnity Company ("GenStar"), hereby answers the Third-Party Complaint of Third-Party Plaintiff IHS Liquidating LLC ("Third-Party Plaintiff") and submits its affirmative defenses.

## PARTIES

1. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, leaves Third-Party Plaintiff to its proof.

2. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, leaves Third-Party Plaintiff to its proof.

3. Paragraph 3 is admitted.

## JURISDICTION AND VENUE

4. GenStar admits that this is an adversary proceeding and that venue is proper. The remaining allegations of Paragraph 4 state legal conclusions and, accordingly, GenStar does not respond to them.

## THE CHAPTER 11 CASES

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. With respect to Paragraph 7, GenStar admits that the Third-Party Plaintiff Liquidating LLC was formed pursuant to the Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and its Subsidiaries under Chapter 11 of the Bankruptcy Code ("the Plan"). The remaining allegations of Paragraph 7 are denied insofar as they purport to characterize the terms of the Plan, which speaks for itself.

8. Paragraph 8 is denied insofar as it purports to characterize the terms of the Plan, which speaks for itself.

9. Paragraph 9 is denied insofar as it purports to characterize the terms of the Plan, which speaks for itself.

10. Paragraph 10 is denied insofar as it purports to characterize the terms of the Plan, which speaks for itself.

## GENERAL ALLEGATIONS

11. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, leaves Third-Party Plaintiff to its proof.

12. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, leaves Third-Party Plaintiff to its proof.

13. GenStar admits that it issued a policy bearing policy number IXG-347714B for the policy period January 1, 1999 to January 1, 2000, which policy speaks for itself. Otherwise, Paragraph 13 is denied.

14. GenStar admits that Defendant Indemnity Insurance Company of North America ("IICNA") alleges that the aggregate policy limits of both the National Union Policy and the GenStar Policy are improperly exhausted. GenStar denies that the aggregate limit of the GenStar Policy is in fact improperly exhausted. As to whether the National Union Policy is in fact improperly exhausted, GenStar is without knowledge or information sufficient to form a belief as to the truth of that allegation and, therefore, leaves Third-Party Plaintiff to its proof.

15. GenStar admits that Defendant IICNA alleges that National Union improperly charged against the National Union Policy limits: (i) payments of defense costs and expenses; and (ii) payments of judgments or settlements against IHS of Lester. GenStar is without knowledge or information sufficient to form a belief as to the truth of IICNA's allegation and, therefore, leaves Third-Party Plaintiff to its proof.

16. GenStar admits that Defendant IICNA alleges that GenStar improperly charged against the GenStar Policy limits: (i) payments of defense costs and expenses; and (ii) payments of judgments or settlements against IHS of Lester. GenStar denies IICNA's allegations.

17. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, leaves Third-Party Plaintiff to its proof.

18. Paragraph 18 is admitted.

19. To the extent that the allegations directed to GenStar in Paragraph 19 state legal conclusions, GenStar does not respond to them. As to those allegations of Paragraph 19 that are directed to parties other than GenStar, GenStar is without knowledge or information sufficient to

form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof. All other allegations in Paragraph 19 are denied.

20. To the extent that the allegations directed to GenStar in Paragraph 20 state legal conclusions, GenStar does not respond to them. To the extent that the allegations directed to GenStar in Paragraph 20 purport to characterize the terms of GenStar's insurance policy, those allegations are denied as the policy speaks for itself. As to the allegation in Paragraph 20 that the Third-Party Plaintiff harbors an expectation that "the aggregate coverage . . . will substantially exceed the aggregate amount of all covered claims arising during 1999," GenStar is without knowledge or information sufficient to form a belief as to its truth and, therefore, leaves Third-Party Plaintiff to its proof. As to those allegations of Paragraph 20 that are directed to parties other than GenStar, Genstar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof. All other allegations in Paragraph 20 are denied.

21. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, leaves Third-Party Plaintiff to its proof.

22. With respect to Paragraph 22, GenStar admits having received the letter from counsel for the Third-Party Plaintiff dated June 17, 2005 ("the June 17 Letter"), which letter speaks for itself. All other allegations directed to GenStar in Paragraph 22 are denied. As to those allegations of Paragraph 22 that are directed to parties other than GenStar, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof.

23. With respect to Paragraph 23, GenStar admits that it did not respond to the June 17 Letter but denies that a response was called for. As to those allegations of Paragraph 23 that are

directed to parties other than GenStar, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof.

24. With respect to Paragraph 24, GenStar admits having received the letter from Counsel for the Third-Party Plaintiff dated July 6, 2005 ("the July 6 Letter"), which letter speaks for itself. All other allegations directed to GenStar in Paragraph 24 are denied. As to those allegations of Paragraph 24 that are directed to parties other than GenStar, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof.

25. With respect to Paragraph 25, GenStar admits that it did not respond to the July 6 Letter but denies that a response was called for. As to those allegations of Paragraph 23 that are directed to parties other than GenStar, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof.

26. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, leaves Third-Party Plaintiff to its proof.

27. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, leaves Third-Party Plaintiff to its proof.

28. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, leaves Third-Party Plaintiff to its proof.

29. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, leaves Third-Party Plaintiff to its proof.

30. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, leaves Third-Party Plaintiff to its proof.

31. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, leaves Third-Party Plaintiff to its proof.

32. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, leaves Third-Party Plaintiff to its proof.

33. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, leaves Third-Party Plaintiff to its proof.

34. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, leaves Third-Party Plaintiff to its proof.

35. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, leaves Third-Party Plaintiff to its proof.

36. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, leaves Third-Party Plaintiff to its proof.

37. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, leaves Third-Party Plaintiff to its proof.

38. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, leaves Third-Party Plaintiff to its proof.

39. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, leaves Third-Party Plaintiff to its proof.

40. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, leaves Third-Party Plaintiff to its proof.

41. GenStar admits that it issued only one excess policy to IHS for the 1999 policy year. As to the other allegations of Paragraph 41, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Third-Party Plaintiff to its proof.

42. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, leaves Third-Party Plaintiff to its proof.

43. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, leaves Third-Party Plaintiff to its proof.

### **FIRST CLAIM FOR RELIEF**

44. With respect to Paragraph 44, GenStar hereby incorporates its responses to Paragraphs 1 through 43 as if fully set forth herein.

45. Paragraph 45 is admitted.

46. Paragraph 46 is admitted.

47. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, leaves Third-Party Plaintiff to its proof.

48. Paragraph 48 is denied.

49. To the extent that the allegations of Paragraph 49 are directed to GenStar, those allegations are denied. To the extent that the allegations of Paragraph 49 are directed to parties other than GenStar, GenStar is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, leaves Third-Party Plaintiff to its proof.

50. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, leaves Third-Party Plaintiff to its proof.

51. Paragraph 51 states a legal conclusion and, accordingly, GenStar does not respond to it.

## SECOND CLAIM FOR RELIEF

52. With respect to Paragraph 52, GenStar hereby incorporates its responses to Paragraphs 1 through 51 as if fully set forth herein.

53. Paragraph 53 is not directed to GenStar and, accordingly, GenStar does not respond to it.

## THIRD CLAIM FOR RELIEF

54. With respect to Paragraph 54, GenStar hereby incorporates its responses to Paragraphs 1 through 53 as if fully set forth herein.

55. Paragraph 55 is not directed to GenStar and, accordingly, GenStar does not respond to it.

## FOURTH CLAIM FOR RELIEF

56. With respect to Paragraph 56, GenStar hereby incorporates its responses to Paragraphs 1 through 55 as if fully set forth herein.

57. Paragraph 57 is not directed to GenStar and, accordingly, GenStar does not respond to it.

58. Paragraph 58 is not directed to GenStar and, accordingly, GenStar does not respond to it.

## GENERAL STAR INDEMNITY COMPANY'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred by the doctrine of waiver and estoppel.

**SECOND AFFIRMATIVE DEFENSE**

      Third-Party Plaintiff's claims are barred by the doctrine of laches.

Dated:  March 31, 2006                        THIRD-PARTY DEFENDANT,
                                                        GENERAL STAR INDEMNITY COMPANY

/s/ James F. Harker
James F. Harker, Esq.
Herlihy, Harker & Kavanaugh
Suite 200
1400 N. Market Street
Wilimington, DE  19899-1597
Tel:  (312) 654-3111
Fax:  (312) 652-0226
jharker@hhkde.com

Joshua W. Cohen, Esq.
Day, Berry & Howard LLP
One Audubon St., 6th Floor
New Haven, Connecticut 06511
Tel: (203) 752-5000
Fax: (203) 752-5001
jwcohen@dbh.com

Daniel L. FitzMaurice, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Tel: (860) 275-0100
Fax: (860) 275-0343
dlfitzmaurice@dbh.com

Thomas O. Farrish, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Tel:  (860) 275-0100
Fax:  (860) 275-0343
tofarrish@dbh.com

# **CERTIFICATION**

I hereby certify that a copy of the foregoing was served electronically in accordance with the Court's electronic filing process, to the extent possible, and was sent by first class United States mail, postage prepaid, to:

| | |
|---|---|
| Joseph Michael Barry, Esq.<br>Kenneth John Enos, Esq.<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Tel:   (302) 571-6600<br>Email: bank@ycst.com<br>Email: kenos@ycst.com<br><br>Marc Stephen Casarino, Esq.<br>White & Williams LLP<br>824 Market Street, Suite 902<br>Wilmington, DE 19899-0709<br>Tel:   (302) 654-0424<br>Email: casarinom@whiteandwilliams.com<br><br>Christopher Page Simon, Esq.<br>Cross & Simon, LLC<br>913 Market Square, Suite 1001<br>Wilmington, DE 19801<br>Tel:   (302) 777-4200<br>Email: csimon@crosslaw.com | Thomas G. Whalen, Jr., Esq.<br>Stevens & Lee, P.C.<br>1105 North Market Street, 7th Floor<br>Wilmington, DE 19801<br>Tel:   (302) 425-3304<br>Fax:   (610) 371-8512<br>Email: tgw@stevenslee.com<br><br>Leonard P. Goldberg, Esq.<br>Stevens & Lee, P.C.<br>1818 Market Street, 29th Floor<br>Philadelphia, PA 19103<br>Tel:   (215) 864-7000<br>Fax:   (215) 864-7123<br>Email: lpg@stevenslee.com<br><br>Francis J. Deasey, Esq.<br>Gerald J. Valentini, Esq.<br>Deasey, Mahoney & Bender, Ltd.<br>1800 John F. Kennedy Boulevard, Suite 1300<br>Philadelphia, PA 19103<br>Tel:   (215) 587-9400<br>Fax:   (215) 587-9456 |
| | /s/ James F. Harker |