2.  That any renewals or replacements of the policies listed in the Schedule of Underlying Insurance will not be more restrictive in coverage;

3.  That the limits of insurance of the policies listed in the Schedule of Underlying Insurance shall not change except for any reduction or exhaustion of aggregate limits by payment of claims for Occurrences covered by this policy; and

4.  That the terms, conditions and endorsements of the policies listed in the Schedule of Underlying Insurance will not materially change during the period of this policy.

If you fail to comply with these requirements, we will only be liable to the same extent that we would had you fully complied with these requirements.

**J.    Other Insurance**

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance.  However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

**K.    Premium**

The first Named Insured designated in Item 1 of the Declarations shall be responsible for payment of all premiums when due.

The premium for this policy shall be computed on the basis set forth in Item 4 of the Declarations. At the beginning of the policy period, you must pay us the Advance Premium shown in Item 4 of the Declarations.

When this policy expires or if it is cancelled, we will compute the earned premium for the time this policy was in force.  If this policy is subject to audit adjustment, the actual exposure basis will be used to compute the earned premium.  If the earned premium is greater than the Advance Premium, you will promptly pay us the difference.  If the earned premium is less than the Advance Premium, we will return the difference to you.  But in any event we shall retain the Minimum Premium as shown in Item 4 of the Declarations for each twelve months of our policy period.

**L.    Prior Insurance**

If a loss covered by this policy is also covered in whole or in part under any other excess policy issued to the Insured prior to the effective date of this policy, our Limits of Insurance as stated in Item 3 of the Declarations will be reduced by any amounts due the Insured under such prior insurance.

**M.    Separation of Insureds**

Except with respect to our Limits of Insurance and any rights or duties specifically assigned to the first Named Insured designated in Item 1 of the Declarations, this insurance applies:

1.  As if each Named Insured were the only Named Insured; and

2.  Separately to each Insured against whom claim is made or Suit brought.

**N.    Subrogation**

If any Insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us.  The Insured must do nothing after loss to impair these rights and must help us enforce them.

Any recoveries shall be applied as follows:

1.  Any interests, including the Insured, that have paid an amount in excess of our payment under this policy will be reimbursed first;

57697 (6-93)

2.    We then will be reimbursed up to the amount we have paid; and

3.    Lastly, any interests, including the Insured, over which our insurance is excess, are entitled to claim the residue.

Expenses incurred in the exercise of rights of recovery shall be apportioned between the interests, including the Insured, in the ratio of their respective recoveries as finally settled.

O.    Transfer Of Your Rights And Duties

Your rights and duties under this policy may not be transferred without our written consent.

If you die or are legally declared bankrupt, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. However, notice of cancellation sent to the first Named Insured designated in item 1 of the Declarations and mailed to the address shown in this policy will be sufficient notice to effect cancellation of this policy.

P.    When Loss Is Payable

Coverage under this policy will not apply unless and until the Insured or the Insured's underlying insurer is obligated to pay the Retained Limit.

When the amount of loss has finally been determined, we will promptly pay on behalf of the Insured the amount of loss falling within the terms of this policy.

You shall promptly reimburse us for any amount within the Self Insured Retention paid by us on behalf of an Insured.

In Witness Whereof, we have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by one of our duly authorized representatives, where required by law.

*Elizabeth M. Tuck*
SECRETARY

*K___*
PRESIDENT

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.   01/01/99    FORMS A PART OF

POLICY NO: 357-43-43                          ISSUED TO:  INTEGRATED HEALTH SERVICES INC

BY  NAITONAL UINION FIRE INSURANCE FOMPANY OF PITTSBURGH, PA

### BROAD NAMED INSURED-AMENDATORY

The definition of Named Insured (IV E) a and b) is amended to include any partnership, interest in a joint venture,* subsidiary controlled or propriety company, corporation, firm, organization or other entity as now exists or may hereafter be constituted, formed or acquired where the Named Insured has at least 50% ownership interest or management control.

However, this policy shall exclude all coverage and limits for the exposure of Integrated Health Services of Lester, Inc. and its interests in other entities.

*See Joint Venture Endorsement for additional conditions.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22303A.000

_____
AUTHORIZED REPRESENTATIVE

## ENDORSEMENT

This endorsement, effective 12:01 A.M. 01/01/1999            forms a part of

Policy No BE      387-43-43      issued to INTEGRATED HEALTH SERVICES INC

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### WAIVER OF SUBROGATION

In the event of any payment under this policy for a loss for which you have waived the right of recovery in a written contract entered into prior to the loss, we hereby agree to also waive our right of recovery. This waiver shall only apply with respect to a loss occurring due to operations undertaken as per the specific contract in which you waived the right of recovery.

All other terms and conditions of this policy remain unchanged.

                                    AUTHORIZED REPRESENTATIVE

90417 (5/94)

## ENDORSEMENT

This endorsement, effective 12:01 A.M. 01/01/1999          forms a part of

policy No. BE    357-43-43    issued to INTEGRATED HEALTH SERVICES INC

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### JOINT VENTURE ENDORSEMENT

In the event of any Occurrence caused by or arising out of any joint venture, co-venture, joint lease, joint operating agreement or partnership (hereinafter joint venture) in which the insured has an interest, our Limits of insurance under this policy shall be limited to the product of:

1.    The percentage interest of the insured in the said joint venture; and

2.    The total liability coverage afforded the insured by this policy.

Where the percentage interest of the insured in said joint venture is not set forth in writing the percentage to be applied shall be that which would be imposed by law at the inception of the joint venture. Such percentage shall not be increased by the insolvency of others' interest in the said joint venture.

It is further agreed that where the limits of insurance of the underlying insurance(s) have been reduced by an endorsement similar to the paragraph above, our liability under this Schedule as limited by the paragraph above shall be excess of the sum of:

1    Such reduced limits of underlying insurance(s), and

2.    The limit of any underlying insurance not reduced.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

60434 (5/94)

ENDORSEMENT

This endorsement, effective 12:01 A.M. 01/01/1999          forms a part of

policy No. BE   357-43-43    issued to INTEGRATED HEALTH SERVICES INC

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

## UNINTENTIONAL ERRORS OR OMISSIONS ENDORSEMENT

Your failure to disclose all hazards existing as of the inception date of the policy shall not prejudice you with respect to the coverage afforded by this policy provided such failure or any omission is not intentional.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

R???? (REDRK)

ENDORSEMENT

This endorsement, effective 12:01 A.M. 01/01/1999    forms a part of

policy No. BE    357-43-43    issued to INTEGRATED HEALTH SERVICES INC

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### KNOWLEDGE OF OCCURRENCE ENDORSEMENT

As respects any loss reporting requirements under this policy, it is understood and agreed that knowledge of an accident or incident by an agent, servant or employee of yours or any other person shall not in itself constitute knowledge by you, unless a corporate officer of yours shall have received notice from said agent, servant, employee or any other person.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

62224 (03/95)

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.    01/01/99    FORMS A PART OF

POLICY NO. 357-43-43    ISSUED TO. INTEGRATED HEALTH SERVICES INC

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### FOLLOW-FORM ENDORSEMENT

### (CLAIMS MADE VERSION)

### PROVIDES CLAIMS MADE COVERAGE - PLEASE READ CAREFULLY

This insurance does not apply to Bodily Injury, Property Damage, Personal Injury or Advertising Injury arising out of:

### PROFESSIONAL HEALTH CARE LIABILITY

However, if insurance for a negligent act, error or omission in the performance of the insured's professional services as insurance agent or broker is provided by a policy listed in the Schedule of Underlying Insurance:

1.    This exclusion shall not apply;

2.    The insurance provided by your policy will follow form to such policy but will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance; and

3.    Solely as respects this endorsement, we will only provide coverage for a claim made against the insured during our policy period.

This follows from endorsement shall be subject to any claims made conditions endorsed to this policy.

All Other Terms And Conditions Of This Policy Remain Unchanged.

62662 (5/95)

_____
AUTHORIZED REPRESENTATIVE

## ENDORSEMENT

This endorsement, effective 12:01 A.M. 01/01/1999    forms a part of

policy No. BE    357-43-43    issued to INTEGRATED HEALTH SERVICES INC

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### NAMED PERIL AND TIME ELEMENT POLLUTION ENDORSEMENT
(Defense Expenses Outside S.I.R.)
(Version 4)

Exclusion M of this policy is hereby deleted in its entirety and replaced by the following:

This insurance does not apply to:

1. **Bodily Injury, Property Damage or Personal Injury** arising out of the actual or threatened discharge, dispersal, seepage, migration, release or escape of pollutants anywhere in the world;

2. Any loss, cost or expense arising out of any governmental direction or request that we, the Insured or any other person or organization test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or assess the effects of pollutants; or

3. Any loss, cost or expense, including but not limited to costs of investigation or attorneys' fees, incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants.

As used in this exclusion, pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material. Waste material includes materials which are intended to be or have been recycled, reconditioned or reclaimed.

However, this exclusion does not apply to Bodily Injury, Property Damage or Personal Injury arising out of:

1. Any discharge, dispersal, seepage, migration, release or escape directly or indirectly caused by fire, explosion, lightning, windstorm, vandalism or malicious mischief, riot and civil commotion, flood, earthquake, collision or upset of a motor vehicle, mobile equipment or aircraft, automatic sprinkler leakage;

2. The Products - Completed Operations Hazard; or

3. Any discharge, dispersal, seepage, migration, release or escape of pollutants that meets all of the following conditions:

   a. It was accidental and neither expected nor intended by the Named Insured. This condition would not serve to deny coverage for a specific incident where such discharge, dispersal, seepage, migration, release or escape of pollutants was a result of an attempt by the Insured to mitigate or avoid a situation where substantial third party Bodily Injury, Property Damage or Personal Injury could occur; and

   b. It was demonstrable as having commenced on a specific date during the term of this policy; and

   c. Its commencement became known to the Named Insured within seven (7) calendar days and was further reported to the Risk Management Department within a reasonable time frame; and

   d. Its commencement was reported in writing to us within twenty-one (21) calendar days of becoming known to the Risk Management Department; and

   e. Reasonable effort was expended by the Named Insured to terminate the situation as soon as conditions permitted.

However, nothing contained in this provision 3. shall operate to provide any coverage with respect to:

   a. Any site or location principally used by the Insured, or by others on the Insured's behalf, for the handling, storage, disposal, dumping, processing or treatment of waste material;

   b. Any fines or penalties;

67874 (5/97)    Page 1 of 2

c. Any clean-up costs ordered by the Superfund Program, or any federal, state or local governmental authority. However, this specific exclusion c. shall not serve to deny coverage for third party clean-up costs otherwise covered by this endorsement simply because of the involvement of a governmental authority;

d. Acid rain;

e. Clean-up, removal, containment, treatment, detoxification or neutralization of pollutants situated on premises the Insured owns, rents or occupies at the time of the actual discharge, dispersal, seepage, migration, release or escape of said pollutants; or

f. Water pollution caused by oil or its derivatives.

It is further agreed that solely as respects any coverage granted by this endorsement:

1. The Self Insured Retention in Item 3. D. of the Declarations is amended to $ 1,000,000 ;

2. The Self Insured Retention shall not include "Defense Expenses."

"Defense Expenses" means a payment allocated to a specific loss, claim or suit for its investigation, settlement or defense, including but not limited to:

a. attorneys' fees and all other investigation, loss adjustment and litigation expenses;

b. premiums on bonds to release attachments;

c. premiums on appeal bonds required by law to appeal any claim or suit;

d. costs taxed against the Insured in any claim or suit;

e. pre-judgment interest awarded against the Insured;

f. interest that accrues after entry of judgment;

3. In Section II, Defense, provision A. 2. is hereby deleted in its entirety; and

4. We will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the Insured. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, suits or proceedings relative to any Occurrence which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, we will do so at our own expense.

All other terms and conditions of this policy remain unchanged.

67674 (5/97)                    Page 2 of 2              AUTHORIZED REPRESENTATIVE

## ENDORSEMENT

This endorsement, effective   12:01   A.M.   01/01/99        forms a part of

Policy No: 357-43-43    Issued to: INTEGRATED HEALTH SERVICES INC

By      NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### EXCESS/UMBRELLA DATE RECOGNITION ENDORSEMENT

This insurance does not apply to Bodily Injury, Property Damage, Personal Injury or Advertising Injury arising directly or indirectly out of:

A.  Any actual or alleged failure, malfunction or inadequacy of:

1.  Any of the following, whether belonging to any Insured or to others:

a. Computer hardware, including microprocessors:

b. Computer application software;

c. Computer operating systems and related software;

d. Computer networks,

e. Microprocessors (computer chips) not part of any computer system; or

f. Any other computerized or electronic equipment or components; or

2.  Any other products, and any services, data or functions that directly or indirectly use or rely upon, in any manner, any of the items listed in Paragraph A.1. of this endorsement due to the inability to correctly recognize, process, distinguish, interpret or accept the year 2000 and beyond.

B. Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement or supervision provided or done by you or for you to determine, rectify or test for any potential or actual problems described in paragraph A. of this endorsement.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

70633 (5/98)

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE   12:01 A.M.   01/01/99    FORMS A PART OF

POLICY NO: 357-43-43              ISSUED TO: INTEGRATED HEALTH SERVICES INC

BY  NAITONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## CLUBS

"Insured" includes any association, club or other organizaion and employees who are members thereof provided such entity is formed for or by employees for social or recreational purposes w'** **vledge and consent.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22302A.000

AUTHORIZED REPRESENTATIVE

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.  01/01/99    FORMS A PART OF

POLICY NO: 357-43-43                    ISSUED TO:  INTEGRATED HEALTH SERVICES INC

BY  NAITONAL UNION FIRE INSURANCE FOMPANY OF PITTSBURGH, PA

## CONTRACTUAL-AUTOMOBILE

Insured contract, policy definitions IV F is amended to provide coverage for automobile contracts on a follow form basis.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22303A.DOO

AUTHORIZED REPRESENTATIVE

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.   01/01/99     FORMS A PART OF

POLICY NO: 357-43-43                      ISSUED TO:  INTEGRATED HEALTH SERVICES INC

BY  NAITONAL UINION FIRE INSURANCE FOMPANY OF PITTSBURGH, PA

### INTENTIONAL INJURY-AMENDATORY

Exclusion O of the policy is amended as follows:

Bodily Injury or Property Damage expected or intended from the standpoint of the insured.  However, this exclusion does not apply to Bodily Injury or Property Damage resulting from the use of reasonable force to protect persons or property.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22303A.D00

AUTHORIZED REPRESENTATIVE

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE    12:01 A.M.   01/01/99    FORMS A PART OF

POLICY NO: 357-43-43                ISSUED TO:  INTEGRATED HEALTH SERVICES INC

BY  NAITONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## NOTICE OF OCCURRENCE

The Company shall not deny coverage as the result of an unintentional failure to give notice as respects  to any occurrence, provided notice is given as soon as practicable after becoming aware that this policy may apply to such occurrence.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22302A.DOO

AUTHORIZED REPRESENTATIVE

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.   01/01/99   FORMS A PART OF

POLICY NO. 357-43-43   ISSUED TO. INTEGRATED HEALTH SERVICES INC

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## EXTENDED REPORTING PERIOD OPTION
### (CLAIMS MADE ONLY)

1.  We will provide an Extended Reporting Period only if the policy is either cancelled or not renewed by the Insured or by us for any reason except non-payment of premium. Non-renewal shall mean the refusal by us to renew the policy on any terms. Non-renewal shall not mean change in premium, retained amounts, or any other terms and conditions.

2.  A Claim first made, in writing, during the Extended Reporting Period will be deemed to have been made on the last day of the policy period, provided that the Claim is for damages because of Personal Injury or Property Damage or Advertising Injury that occurred before the end of the policy period but not before any applicable retroactive date.

3.  The Extended Reporting Period will not reinstate or increase the limits of liability or extend the policy period.

4.  The Extended Reporting Period will be as set forth below:

    a.  If no other insurance the Insured purchases to replace this policy applies to the Claim or would apply but for the exhaustion of its applicable limits of liability, an Extended Reporting Period of 60 days from the end of the policy period will apply. This Extended Reporting Period may not be cancelled and requires no additional premium.

    b.  If the Insured makes a written request for an Extended Reporting Period within 30 days after the expiration of the policy period and pays additional premium within 30 days after said request, we will issue an Extended Reporting Endorsement for a period of twelve (12) months from the end of the policy period.

    The Extended Reporting Period Endorsement will not take effect unless the additional premium is paid when due. If that premium is paid when due, the endorsement may not be cancelled.

    The Extended Reporting Period Endorsement will also amend the Other Insurance condition so that the insurance provided will be excess over any other valid and collectible insurance available to the insured whether primary, excess, contingent or on any other basis, whose policy period begins or continues after the endorsement takes effect.

5.  The premium for the Extended Reporting Period Endorsement (Section 4b above) will not exceed 200% if the annual premium for this policy and will be fully earned when the endorsement takes effect.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.  01/01/99    FORMS A PART OF

POLICY NO. 357-43-43                           ISSUED TO.  INTEGRATED HEALTH SERVICES INC

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## AMENDED INSURING AGREEMENT AND RETROSPECTIVE DATE
### (CLAIMS MADE ONLY)

The first paragraph of the insuring agreements Coverage is amended as follows:

We will pay on behalf of the insured those sums in excess of the Retained Limit that the Insured becomes legally Obligated to pay by reason of liability imposed by law because of injury to which this insurance applies.  The Injury must be caused by a "medical incident" that takes place after the Retrospective Date, but before the expiration Date on the policy, and for which a claim is first made during our policy period.

Medical incident shall mean that definition found in the underlying policy.

| ENTITY | RETRO DATE |
|---|---|
| Bay Area Partners | 07/26/86 |
| Lithotripsy Partners of Cincinnati | 01/01/93 |
| Lithotripsy Management Services | 01/01/93 |
| Service Trends | 09/11/93 |
| North Georgia Lithotripsy Partners of Atlanta | 08/12/90 |
| North Georgia Lithotripsy, LP | 08/12/90 |
| North Georgia Lithotripsy Associates, Inc. | 12/12/94 |
| North Georgia Lithotripsy Partners of Augusta | 02/11/91 |
| Cobb Regional Lithotripsy Partners | 06/25/90 |
| Midwest Urologic Stone Limited Partnership | 04/01/93 |
| Mobile Lithotripter of Indiana, Inc. | 02/01/93 |
| Mobile Lithotripter of Indiana, LTD | 02/01/93 |
| Mobile Lithotripter of Indiana Limited Partnership | 02/01/93 |
| New Jersey Litho, LP | 09/14/90 |
| Northeast Indiana Stonecare, LLC | 03/01/94 |
| Southwest Lithotripter Partners, Ltd. | 12/31/93 |
| Gulf South Lithotripsy | 12/01/90 |
| Gulf South Cyrogenics | 12/01/90 |

This policy does not apply to any claim for injury arising from a "medical incident";

1.     That was first made to any insurer prior to the effective date of acquisition;

2.     That is made against this policy because of the limits of liability under any previous policy, whether issued by us or any other insurer, are insufficient or have been exhausted due to the payment of claims arising from a "medical incident";

3.     That is made against this policy because of the insolvency or bankruptcy of any insurer;

4.     That was known by or reported to, prior to the effective date of the acquisition, any "Insured", prior insurer or its agents and that arose from a "medical incident" that occurred subsequent to the retroactive date of our policy.

5.   That is covered by any other insurance including any coverage afforded by any "extended reporting period" provisions; or

6.   For which any other insurance does not apply because the amount of the claim is solely within a deductible or self-insured retention.


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.


22302A.DOO

_____
AUTHORIZED REPRESENTATIVE

ENDORSEMENT

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.01/01/99        FORMS A PART OF

POLICY NO:   357-43-43            ISSUED TO:  INTEGRATED HEALTH SERVICES INC

BY   NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## LIMITS OF LIABILITY

It is understood and agreed the inclusion of claims made coverage to this policy shall not
act to increase the limits of liability stated on the policy declarations page.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22302A.DOO

_____
AUTHORIZED REPRESENTATIVE

AMERICAN INTERNATIONAL GROUP

PREMIUM STATISTICAL REPORTING

REPORT 10400 AAPN3028 -
FOR THE PERIOD: 01/28/99

PAGE NO. 00100 F
RUN DATE 01/28/99

INTEGRATED HEALTH 00000

ACCT DUN & BRAD

TOTAL 1ST PREM:    725,000.00

REPORT 1230 AAP4POB1 -

PERIOD ENDED 01/28/88

AMERICAN INTERNATIONAL GROUP

UPS REINSURANCE LAYOFF

DATE RUN: 01/28/88 PAGE 1

PREF   POLICY NO   SUFF    POL. EFF: 01/01/88   REINS EFF: 01/01/88   INS NAME: INTEGRATED HEALTH SERVICES INC        PROD REGION: D
BE   003874343              POL. EXP: 01/01/00   REINS EXP: 01/01/00   COV CD :195   TYPE COV: EXCESS UMBR1   PROD BRANCH: 04   SEQ NO: 01
RENEW OF :

LIMITS --                  COVERAGE        MAJOR CLASS CODES:                DOSP: DIV: 30 DEPT: 09 SECT: B   PROFIT UNIT: 0240
OCCURRENCE:   25,000,000   0052 0353 0352 0353 0714
AGGREGATE:    25,000,000

REINSURANCE LAYER TOTALS:
LAYER NO      CEILING       CEDED PREMIUM
01            26,000,000    $725,600

REINSURANCE DETAILS:
REINS        CERTIFICATE   CEDED      PERCENTAGE
COMP  TYPE EDIARY   NUMBER  PERCENTAGE  COMMISSION   CEILING   CEDED PREMIUM   LAYER NO   CEILING   CEDED PREMIUM

NET                                     LAYER: 01            FLOOR:                       CEILING:

                                        100.000000   0.000000            1,000,000                  26,000,000

## CERTIFICATE OF SERVICE

I, Thomas G. Whalen, Jr., hereby certify that on July 26, 2005, I caused true and correct copies of the foregoing *Answer, Affirmative Defenses and Counterclaims* to be served via United States First Class Mail, postage pre-paid on the parties listed below:

Robert S. Brady Esq.
Edmon L. Morton, Esq.
Joseph M. Barry, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street
Brandywine Bldg., 17th Floor
Wilmington, DE 19801

Arthur Steinberg Esq.
Marc D. Rosenberg, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, NY 10022-3598

/s/ Thomas G. Whalen, Jr.
Thomas G. Whalen, Jr.

18