# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Defendant. | Adv. Pro. No. 05-51318 (MFW) |
| IHS LIQUIDATING LLC,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, GENERAL STAR INDEMNITY COMPANY, and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Third-Party Defendants. | |

**ANSWER AND AFFIRMATIVE
<u>DEFENSES TO THIRD-PARTY COMPLAINT</u>**

        Defendant–Third Party Defendant, ACE Indemnity Insurance Company, f/k/a Indemnity Insurance Company of North America ("IICNA"), by its attorneys, sets forth its

Answer and Affirmative Defenses to the Third-Party Complaint filed by IHS Liquidating LLC, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted.

6. Admitted.

7. Denied to the extent that paragraph 7 attempts to characterize the Plan which is a document that speaks for itself.

8. Denied to the extent that paragraph 8 attempts to characterize the Plan which is a document that speaks for itself.

9. Denied to the extent that paragraph 9 attempts to characterize the Plan which is a document that speaks for itself.

10. Denied to the extent that paragraph 10 attempts to characterize the Plan which is a document that speaks for itself.

11. Admitted, except to the extent that paragraph 11 attempts to characterize the National Union Policy which is a document that speaks for itself. Moreover, as to the authenticity of Exhibit A, strict proof thereof is demanded.

12. Denied. By way of further answer, upon information and belief, Exhibit B is not a true, correct and complete copy of the National Union policy issued to IHS of Lester, Inc.

13. IICNA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 13, and strict proof thereof is demanded.

14. Admitted, except to the extent that paragraph 14 attempts to characterize paragraphs 48 and 49 of the Counterclaim which is a document that speaks for itself.

15. Admitted.

16. Admitted.

17. IICNA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 17, and strict proof thereof is demanded.

18. IICNA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 18, and strict proof thereof is demanded.

19. Paragraph 19 sets forth conclusions of law to which no responsive pleading is required.

20. Paragraph 20 sets forth conclusions of law to which no responsive pleading is required.

21. Denied to the extent that paragraph 21 attempts to characterize the letter which is a document that speaks for itself.

22. Admitted, except to the extent that paragraph 22 attempts to characterize the letter which is a document that speaks for itself.

23. IICNA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 23, and strict proof thereof is demanded.

24. Admitted, except to the extent that paragraph 24 attempts to characterize the letter which is a document that speaks for itself.

25. IICNA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 25, and strict proof thereof is demanded.

26. Admitted; however, the letter is a document that speaks for itself.

27. Denied to the extent that paragraph 27 attempts to characterize the letters which are documents that speak for themselves.

28. Denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied to the extent that paragraph 35 attempts to characterize the policies referred to, which are documents that speak for themselves, and/or attempts to characterize any coverage afforded thereby.

36. Denied to the extent that paragraph 36 attempts to characterize the IICNA Policy which is a document that speaks for itself.

37. Denied to the extent that paragraph 37 attempts to characterize any coverage provided by IICNA.

38. Denied to the extent that paragraph 38 attempts to characterize any coverage provided by IICNA.

39. Denied to the extent that paragraph 39 attempts to characterize any coverage provided by IICNA.

40. Denied to the extent that paragraph 40 attempts to characterize any coverage provided by IICNA.

41. IICNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41, and strict proof thereof is demanded.

42. Denied.

43. Denied.

### First Claim For Relief

44. Paragraphs 1 through 43 are hereby incorporated by reference as if more fully set forth at length.

45. Paragraph 45 sets forth a conclusion of law to which no responsive pleading is required.

46. Admitted.

47. It is admitted that these controversies impact the 1999 Insured Tort Claims; it is denied that they impact the Plan and the proceedings related thereto.

48. Denied to the extent that the declaratory relief sought is the subject matter of a prior pending action.

49. Paragraph 49 sets forth a conclusion of law to which no responsive pleading is required.

50. Denied to the extent that the declaratory relief sough is the subject matter of a prior pending action.

51. Denied. To the extent that paragraph 51 sets forth a conclusion of law, no responsive pleading is required.

### Second Claim For Relief

52. Paragraphs 1 through 51 hereof are hereby incorporated by reference as if more fully set forth at length.

53. Denied. To the extent that paragraph 53 sets forth a conclusion of law, no responsive pleading is required.

### Third Claim for Relief

54. Paragraphs 1 through 53 hereof are hereby incorporated by reference as if more fully set forth at length.

55. Denied. To the extent that paragraph 54 sets forth a conclusion of law, no responsive pleading is required.

### Fourth Claim for Relief

56. Paragraphs 1 through 55 hereof are hereby incorporated by reference as if more fully set forth at length.

57. Denied.

58. Denied. To the extent that paragraph 58 sets forth a conclusion of law, no responsive pleading is required.

### Affirmative Defenses

59. The Third-Party Complaint fails to state a claim upon which relief can be granted.

60. The relief requested by this Third-Party Complaint is barred by the doctrines of waiver and estoppel.

61. This Court should abstain in favor of the prior pending action in the district court styled *Indemnity Insurance Company of North America v. Integrated Health Services, Inc. and Abe Briarwood Corporation*, C.A. No. 04-1262-GMS, into which Liquidating LLC has moved to intervene without opposition from IICNA.

62. The Third-Party Complaint misstates the extent and nature of the insurance coverage provided, and is without any basis in fact or in law.

63. Liquidating LLC has suffered no prejudice by IICNA's failure to join National Union and GenStar; and this Court lacks jurisdiction over any claim that IICNA may have against National Union and/or GenStar.

64. Liquidating LLC's Sixth Affirmative Defense is without any basis in fact or in law.

65. IICNA incorporates by reference its Answer, Affirmative Defenses and Counterclaim to the Complaint, along with its Motion for Withdrawal of Reference, that have been previously filed in this adversary proceeding.

WHEREFORE, IICNA respectfully requests that the Third-Party Complaint be dismissed with prejudice; and for such other and further relief as is just.

Dated: September 19, 2005

STEVENS & LEE, P.C.

/s/ Thomas G. Whalen, Jr.
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3304
Telecopier: (610) 371-8512
E-mail: tgw@stevenslee.com

and

Leonard P. Goldberger, Esquire
(Member of PA Bar)
1818 Market Street
29th Floor
Philadelphia, PA  19103
Telephone:  (215) 864-7000
Telecopier:  (215) 864-7123
E-mail: lpg@stevenslee.com

and

Francis J. Deasey, Esquire
Gerald J. Valentini, Esquire
Ward A. Rivers, Esquire
(Members of PA Bar)
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA  19103
Telephone:  (215) 587-9400
Telecopier:  (215) 587-9456

*Attorneys for Indemnity Insurance Company of North America*

## CERTIFICATE OF SERVICE

I, Thomas G. Whalen, Jr., hereby certify that on September 19, 2005, I caused true and correct copies of the foregoing *Answer and Affirmative Defenses to Third-Party Complaint* to be served via United States First Class Mail, postage pre-paid on the parties listed below:

Ian Connor Bifferato Esq.
Garvan F. McDaniel, Esq.
Bifferato, Bifferato & Gentilotti
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165

Lee W. Stremba, Esq.
Clement H. Berne, Esq.
Troutman Sanders, LLP
405 Lexington Avenue
New York, NY 10174

General Star Indemnity Company
695 Main Street
Stamford, T 06901

Arthur Steinberg Esq.
Marc D. Rosenberg, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, NY 10022-3598

National Union Fire Insurance Company
of Pittsburgh, PA
175 Water Street
New York, NY 10038

/s/ *Thomas G. Whalen, Jr.*
Thomas G. Whalen, Jr.

SL1 572228v2/020037.00001