# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Integrated Health Services, Inc., et. al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 00-389 (MFW) |
| | ) | Jointly Administered |
| ----------------------------------------- | ) | |
| | ) | |
| INTEGRATED HEALTH SERVICES, | ) | |
| INC., Debtor and Debtor-in-Possession, | ) | Adv. Pro. No. 03-52081 (MFW) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA., | ) | |
| | ) | |
| Defendant. | ) | |
| ----------------------------------------- ) | | |

## ORDER GRANTING DEBTORS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT

This matter having come before the Court on the Motion (the "Motion") of Integrated Health Services, Inc. ("IHS"), on behalf of itself and the other debtors and debtors in possession in these chapter 11 cases (together with IHS, the "Debtors"), filed pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, by which IHS has requested an award of partial summary judgment in its favor: (a) granting the declaratory relief sought in the First Claim for Relief in the Debtors' Complaint in this adversary proceeding; (b) denying the declaratory relief sought by defendant National Union Fire Insurance Company of Pittsburgh Pa. ("National Union") in Count 1 of its counterclaims (the "Counterclaim") in this adversary proceeding; and (c) dismissing Count II of the Counterclaim as moot; and upon consideration of the Motion and the arguments contained therein, and the opposition thereto; and it appearing that due notice of the

NEWYORK 911760v5 59273-00100 10/20/03

Motion has been given to the Office of the U.S. Trustee for the District of Delaware, counsel for the Debtors' prepetition lenders, counsel for the Debtors' postpetition lenders, counsel for the Creditors' Committee, counsel for certain major holders of the Debtors' subordinated indebtedness, all parties-in interest having filed a request for notice pursuant to Bankruptcy Rule 2002, and counsel for National Union and that no other or further notice need be given; and sufficient cause appearing therefor; it is

ORDERED, that the Motion is granted it its entirety; and it is further

ORDERED, that the Clerk is directed to enter judgment herein:

(i) severing the First Claim for Relief in the Complaint and granting the relief requested therein;

(ii) declaring, decreeing and adjudging that, under the provisions of National Union Commercial Umbrella policy numbered BE 357-43-43 (the "Policy"), the "Retained Limit" is exhausted and National Union's obligation to pay IHS for liabilities covered by the Policy commences accordingly when the "Insured" or the "Insured's underlying carrier" becomes legally obligated to pay "sums in excess of the Retained Limit" (as the foregoing quoted terms are used in the Policy), irrespective of whether such sums have been or ever will be paid;

(iii) denying the relief requested in Count I of the Counterclaim, with prejudice;

(iv) dismissing Count II of the counterclaim as moot; and

and it is further

2

ORDERED that this Order does not address coverage issues that may arise under the Policy nor does this Order determine whether in fact the "Retained Limit" has been exhausted, and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
October 23, 2003

*[signature]*
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

NEWYORK 911760v5 59273-00100 10/20/03