UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> INTEGRATED HEALTH SERVICES, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 00-389 (MFW) <br><br> (Jointly Administered) |
| IHS LIQUIDATING LLC, <br><br> Plaintiff, <br><br> v. <br><br> ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | Adv. Pro. No. 05-51318(MFW) |
| IHS LIQUIDATING LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., GENERAL STAR INDEMNITY COMPANY, and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, <br><br> Third-Party Defendants. | |

**ORDER GRANTING DEBTORS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

This matter having come before the Court on the motion (the "Motion") of IHS Liquidating LLC (the "Liquidating LLC"), filed pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, by which the Liquidating LLC has requested an award of partial summary judgment in its favor: (a) granting the declaratory relief sought in the First Claim for

Relief in the Liquidating LLC's Complaint in this Adversary Proceeding; (b) denying the declaratory relief sought by defendant its counterclaim (the "Counterclaim") in this Adversary Proceeding; and upon consideration of the Motion and the arguments contained therein, and the opposition thereto; and it appearing that due notice of the Motion has been given to the Office of the U.S. Trustee for the District of Delaware, all parties-in interest having filed a request for notice pursuant to Bankruptcy Rule 2002, and counsel for the parties hereto, and that no other or further notice need be given; and sufficient case appearing therefore; it is

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Clerk is directed to enter judgment herein:

(i) severing the First Claim for Relief in the Complaint and granting the relief requested therein;

(ii) declaring, decreeing and adjudging that Excess Liability Catastrophe Policy XLX G19545507 (the "Policy") issued by Indemnity Insurance Company of North America now known as Ace Indemnity Insurance Company ("IICNA") obligates IICNA to pay covered claims that have been liquidated in amount, by judgment or settlement, to the extent that such liquidated claims are in excess of the applicable per occurrence or aggregate limits of the Debtors' underlying primary and excess insurance coverage, notwithstanding that the full limits of the Debtors' underlying primary coverage have not been paid out in cash due to the bankruptcy and insolvency of the insured and its primary insurer;

(iii) denying the relief requested in the Counterclaim, with prejudice;

(iv) dismissing the Counterclaim with prejudice; and it is further

ORDERED, that this Order does not address coverage issues that may arise under the Policy nor does this Order determine whether in fact the "Retained Limit" has been exhausted, and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
       January __, 2006

                                                       _____
                                                       THE HONORABLE MARY F. WALRATH
                                                       UNITED STATES BANKRUPTCY JUDGE