IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>　　　　　Debtors. | Case No. 00-389(MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　　Defendant, | Civil Action No. 05-376 (GMS)<br><br>**Related to Docket No. 26** |
| IHS LIQUIDATING LLC,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　　　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., GENERAL STAR INDEMNITY COMPANY, and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　　Third-Party Defendants. | |

## REPLY TO COUNTERCLAIM OF GENERAL STAR INDEMNITY COMPANY

Plaintiff IHS Liquidating LLC (the "Liquidating LLC"), by its undersigned attorneys, for its Reply to the Counterclaim (the "Counterclaim") of General Star Indemnity Company ("GenStar"), respectfully alleges as follows.

### In Response to Nature of the Countreclaim

1. Admits the allegations contained in Paragraph 1 of the Counterclaim.

### In Response to The Parties

2. Admits the allegations contained in Paragraph 2 of the Counterclaim.

### In Response to Jurisdiction and Venue

3. Admits the allegations contained in Paragraph 3 of the Counterclaim.

4. Admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Admits the allegations contained in Paragraph 5 of the Counterclaim.

### In Response to General Allegations

6. Denies each and every allegation contained in Paragraph 6 of the Counterclaim, except admits that IHS directly or through its subsidiaries owned and operated nursing homes.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Counterclaim, except admits that Integrated Health Services of Lester, Inc. ("IHS of Lester"), a subsidiary of Integrated Health Services, Inc. ("IHS"), was a nursing home operator.

### In Response to IHS's First Layer of Excess Insurance

8. Admits the allegations contained in Paragraph 8 of the Counterclaim insofar as those allegations refer to professional liability and general liability claims arising during 1999 from the operation of the businesses of IHS and its subsidiaries (the "1999 Insured Tort Claims").

9. Admits the allegations contained in Paragraph 9 of the Counterclaim insofar as those allegations refer to 1999 Insured Tort Claims.

10. Admits the allegations contained in Paragraph 10 of the Counterclaim insofar as

those allegations refer to 1999 Insured Tort Claims.

11. Admits the allegations contained in Paragraph 11 of the Counterclaim.

12. Admits the allegations contained in Paragraph 12 of the Counterclaim.

13. Denies each and every allegation contained in Paragraph 13 of the Counterclaim.

**In Response to IHS'S Second Layer of Excess Insurance**

14. Admits the allegations contained in the first sentence of Paragraph 14 of the Counterclaim and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 14 of the Counterclaim

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaim.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaim.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Counterclaim.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Counterclaim concerning GenStar's basis for issuing the GenStar Policy and admits the remaining allegations contained in Paragraph 18 of the Counterclaim.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Counterclaim.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 21 of the Counterclaim.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Counterclaim.

23.    Admits the allegations contained in Paragraph 23 of the Counterclaim.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Counterclaim.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Counterclaim.

**In Response to IHS'S Third Layer of Excess Insurance and need for Reformation**

26.    Admits the allegations contained in Paragraph 26 of the Counterclaim insofar as those allegations refer to 1999 Insured Tort Claims.

27.    Admits the allegations contained in Paragraph 27 of the Counterclaim.

28.    Admits the allegations contained in Paragraph 28 of the Counterclaim.

29.    Admits the allegations contained in Paragraph 29 of the Counterclaim.

30.    Admits the allegations contained in Paragraph 30 of the Counterclaim.

31.    Admits the allegations contained in Paragraph 31 of the Counterclaim.

Wherefore the Court should award judgment granting the full relief requested in the Complaint and Third-Party Complaint of IHS Liquidating LLC, dismissing the Counterclaim of Indemnity Insurance Company of North America ("IICNA") and granting the costs and disbursements of this action to the full extent permitted by law.

Dated: Wilmington, Delaware
October 19, 2006

                           BIFFERATO GENTILOTTI BIDEN
                           & BALICK LLC

                           /s/ [signature]
                           Ian Connor Bifferato (#3273)
                           Garvan F. McDaniel (#4167)
                           1308 Delaware Avenue
                           Wilmington, Delaware 19806
                           (302) 429-1900

                           -and-

                           KAYE SCHOLER LLP
                           Arthur Steinberg
                           Marc D. Rosenberg
                           Ana Alfronso
                           425 Park Avenue
                           New York, New York 10022-3598
                           (212) 836-8000

                           -and-

                           TROUTMAN SANDERS LLP
                           Lee W. Stremba
                           Clement H. Berne
                           The Chrysler Building
                           405 Lexington Avenue
                           New York, New York 10174
                           (212) 704-6000

                           Attorneys for IHS Liquidating LLC