**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>               Debtors. | | Chapter 11<br><br>Case No. 00-389 (MFW)<br><br>(Jointly Administered) |
| IHS LIQUIDATING LLC,<br><br>            Plaintiff,<br><br>            v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>            Defendant | | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>            Third-Party Plaintiff<br><br>            v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>GENERAL STAR INDEMNITY COMPANY,<br>and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA<br><br>           Third-Party Defendants | | |

**DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S
MOTION TO AMEND ITS ANSWER TO THE THIRD-PARTY COMPLAINT**

## PRELIMINARY STATEMENT

Defendant, Indemnity Insurance Company of North America (hereinafter "IICNA"), by and through its attorneys, moves this Honorable Court for an order approving an amendment to its pleadings pursuant to Federal Rule of Civil Procedure 15(a) and D.Del. LR 15.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, as follows:

## BACKGROUND

### A.     Procedural History

1.      IICNA instituted an adversarial proceeding against Integrated Health Services, Inc. (hereinafter "IHS") and ABE Briarwood Corp. (hereinafter "Briarwood") by filing a Complaint in the United States Bankruptcy Court for the District of Delaware (hereinafter "Bankruptcy Court") on August 15, 2003.  (Bankruptcy Adversary Docket No. 1).  This adversarial proceeding sought a declaration of IICNA's rights and obligations under IICNA's Excess Catastrophe Liability policy No. XLX G20108034, effective January 1, 2000 (hereinafter the "2000 policy") only.

2.      On November 11, 2003, defendants IHS and Briarwood filed an Answer to the Complaint (Bankruptcy Adversary Docket No. 6).

3.      By Order dated December 2, 2004, this Honorable Court granted IICNA's Motion for Withdrawal of the Reference and withdrew the reference of IICNA's adversary proceeding from the Bankruptcy Court.  (Civil Action No. 04-1262 (GMS), District Court Docket No. 7).

4.      No scheduling order has been entered in this adversary proceeding.

5.      In early 2005, IICNA was informed that the aggregate limits to the policy directly underlying IICNA's Excess Catastrophe Liability policy No. XLX G1952413, effective January 1, 1999, were nearing exhaustion.

6.      IICNA investigated the status of the underlying aggregate erosion and informed counsel for IHS Liquidating LLC that IICNA's coverage may not have been triggered and that it intended to file a Declaratory Judgment action to have IICNA's rights and obligations under its Excess Catastrophe Liability policy No. XLX G1952413, effective January 1, 1999 (hereinafter the "1999 Policy") judicially determined.

7.      Pursuant to this Honorable Court's local rules, on April 13, 2005, IICNA provided counsel for IHS Liquidating LLC (hereinafter the "Liquidating LLC") with a copy of a proposed Amended Complaint for Declaratory Judgment for review and approval.  The proposed Amended Complaint retained all of IICNA's prior averments related to its 2000 Policy and added certain averments related to its 1999 Policy.

8.      Counsel for the Liquidating LLC refused to give its consent, therefore IICNA filed its Motion to Amend with a copy of the Amended Complaint on May 6, 2005.

9.      On or about that same date, the Liquidating LLC filed a Complaint in the Bankruptcy Court seeking a declaration of IICNA's rights and obligations under its 1999 Policy.

10.      IICNA responded by filing a Motion to Withdraw the Reference and a Motion For Determination Pursuant to Del.Bankr.L.R. 5011-1 For Determination Whether Proceeding Is Core.  Separately, IICNA filed an Answer to the Liquidating LLC's Complaint and Counter-Claim.

11.     The Liquidating LLC Answered IICNA's Counter-Claim and filed a Third-Party Complaint against IICNA, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Union") and General Star Indemnity Company (hereinafter "GenStar").

12.     IICNA, National Union and GenStar filed Answers to the Liquidating LLC's Third-Party Complaint.

13.     Shortly thereafter, the Liquidating LLC filed a Motion for Partial Summary Judgment, to which IICNA responded.  The Liquidating LLC then filed a Reply Brief and Request for Oral Argument.

14.     On March 16, 2006 this Honorable Court granted IICNA's Motion to Withdraw the Reference.

15.     On August 31, 2006, a Scheduling Order was issued.

**B.     Relationship of Defendants**

16.     The defendants are all insurance carriers which issued policies to Integrated Health Services, Inc.  Each carrier's policy is unique, with different coverage, limits, terms, definitions, exclusions and endorsements.

**C.     Insurance Coverage**

17.     Integrated Health Services, Inc. (hereinafter "IHS") was a health care corporation organized under the laws of Delaware and having its principal place of business in Maryland.  At the times relevant hereto, coverage was provided to IHS on a calendar year basis.

18.     From January 1, 1999 through January 1, 2000, IHS was insured at the primary level by Reliance National Insurance Company under a matching deductible Health Care

Medical Professional Liability and General Liability policy No. NGB 0151564-00 (the "Reliance Policy").

19.     National Union issued a Commercial Umbrella policy to IHS providing both professional liability and general liability coverage also for the period January 1, 1999 to January 1, 2000.  The National Union policy contains limits of $25 million per occurrence/aggregate in excess of the Reliance Policy.

20.     GenStar issued an Excess Liability policy providing coverage to IHS with limits of $25 million per occurrence/aggregate in excess of the National Union umbrella policy.  The GenStar policy is a second layer excess policy providing coverage in excess of the Reliance Policy and National Union's Commercial Umbrella coverage.

21.     IICNA issued a Catastrophe Excess Liability policy providing excess coverage to IHS with limits of $50 million per occurrence/aggregate.  The IICNA policy is a third layer excess policy providing coverage in excess of the Reliance Policy, National Union's Commercial Umbrella coverage and GenStar's Excess Liability policy.

22.     On March 26, 2003, IHS filed an adversary proceeding in the Bankruptcy Court styled *Integrated Health Services, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA*, adv. proc. no. 03-52081, in an effort to enforce coverage under the National Union Commercial Umbrella policy (the "National Union Adversary").  Through this action, IHS sought to compel National Union to assume administration and defense of any remaining open professional liability and general liability claims alleging residency or injury occurring during the 1999 calendar year ("1999 Claims").  IHS further alleged in the National Union Adversary that the settlement value of the open 1999 Claims was in excess of the limits of the National

Union Policy and would reach, at a minimum, the next layer of coverage which is provided by GenStar.

23.    The Bankruptcy Court entered partial summary judgment in favor of IHS by Order Granting Debtors' Motion for Partial Summary Judgment dated October 23, 2003 (the "Summary Judgment Order").  The Summary Judgment Order held, *inter alia*, that National Union's Commercial Umbrella policy was triggered because IHS had entered into settlement agreements in excess of the Reliance Policy limits.  The Court held that such settlements constituted a "legal obligation to pay", which satisfied the conditions precedent to coverage under the National Union policy regardless of whether underlying insurance or IHS's own funds were actually paid for such claims.

24.    National Union did not appeal from the Summary Judgment Order.  On information and belief, after the issuance of the Summary Judgment Order, National Union assumed the administration and defense of the 1999 Claims.

25.    At some point, National Union tendered the administration and defense of the 1999 Claims to GenStar.  GenStar assumed the administration and defense of the 1999 Claims.

26.    In or about May 2005, GenStar tendered the administration and defense of the 1999 Claims to IICNA.

27.    Coverage under IICNA's Excess Catastrophe Liability policy differs significantly from that provided by National Union under its Commercial Umbrella policy in that coverage under the IICNA's Excess Catastrophe Liability policy is triggered ***only by actual payment*** of underlying insurance coverage and not simply upon the insured becoming "legally obligated to

pay" a liability. Since the Reliance Policy was not exhausted by actual payment of policy proceeds, the 1999 IICNA Policy is not triggered.

## RELIEF REQUESTED

30.     IICNA seeks to amend its Answer And Affirmative Defenses to Third-Party Complaint to assert cross-claims for improper exhaustion of the underlying limits and to, *inter alia*, seek a declaration from this Court that IICNA's Catastrophe Excess Liability policy is not triggered due to the improper exhaustion of the underlying insurance coverage.[1]

31.     "Federal Rule of Civil Procedure 15(a) allows courts to freely permit amendments to complaints as justice requires." *PE Corporation v. Affymetrix, Inc*., 2001 WL 1180280, Robinson, C.J., *1 (D.Del. Sept. 27, 2001)(citing FRCP 15(a)). Such amendments should relate back to the date of the original filing where the claims in the amended pleading arose from the same conduct, transaction or occurrence set forth in the original pleading. *Yorden v. Flaste*, 374 F.Supp. 516, 519 (D.Del. 1974); *Finley Associates, Inc. v. Sea & Pines Consolidated Corp*., 714 F.Supp. 110, 116 (D.Del. 1989); FRCP 15(c).

32.     IHS has sought coverage under IICNA's Catastrophe Excess Liability policy. Given the pleadings already filed in this matter, the Defendants have been well aware since the inception of this adversary proceeding of the disputes over insurance coverage for the 1999 Claims. The Defendants therefore cannot genuinely claim undue prejudice by the proposed amendments.

---

[1] The proposed amendments to the Complaint are summarized herein for sake of brevity and are not intended to limit the scope of such amendments. IICNA respectfully directs this Court to the proposed amended Complaint attached hereto as Exhibit "1" pursuant to D.Del. LR 15.1 for a complete recitation of the proposed amendments.

33.    IICNA's amended pleading does not contain new or different allegations than have already been asserted against National Union and GenStar in the Liquidating LLC's Third-Party Complaint, which allegations are already before this Honorable Court.

34.    Additionally, neither National Union nor GenStar can claim undue prejudice by the proposed amendments because this matter has only recently been transferred to this Honorable Court and amendments to the pleadings were contemplated by this Honorable Court's Scheduling Order.  Moreover, the National Union and GenStar are able to conduct discovery to fully explore the claims contained in the amended Complaint.  These circumstances warrant exercise of this Court's discretion to approve amendment of the Complaint so that all relevant issues are determined on the merits.

**WHEREFORE**, Plaintiff, Indemnity Insurance Company of North America, respectfully requests entry of an order in the form attached approving an amendment to the Complaint as set forth at Exhibit "2" and any other relief the Court deems appropriate.

WETZEL & ASSOCIATES, P.A.

/s/ Benjamin C. Wetzel, III
Benjamin C. Wetzel, III, ID No. 985
Natalie M. Ippolito, ID No. 3845
The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, DE 19805
nippolito@wetzellaw.com
(302) 652-1200
*Attorney for Defendant ACE  Indemnity*
*Insurance Company f/k/a Indemnity*
*Insurance Company of North America*

DATED:  October 31, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin C. Wetzel, III, certify that the foregoing Defendant Indemnity Insurance Company of North America's Motion to Amend Its Answer to the Third-Party Complaint was served on October 31, 2006 on the following individuals via electronic filing:

Marc S. Casarino, Esquire
White and Williams, LLP
824 N. Market Street
Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Garven F. McDaniel, Esquire
Bifferato Gentilotti Biden & Balick
P.O. Box 2165
Wilmington, DE 19899

James F. Harker, Esquire
Cohen, Seglias, Pallas, Greenhill & Furman, P.C.
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

Christopher P. Simon, Esquire
Cross & Simon, LLC
913 N. Market Street, 11th Floor
Wilmington, DE 19801

WETZEL & ASSOCIATES, P.A.

/s/ Benjamin C. Wetzel, III
Benjamin C. Wetzel, III, ID No. 985
Natalie M. Ippolito, ID No. 3845
The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, DE 19805
nippolito@wetzellaw.com
(302) 652-1200
*Attorney for Defendant ACE  Indemnity*
*Insurance Company f/k/a Indemnity*
*Insurance Company of North America*

cc:     Francis J. Deasey, Esq.
        Gerald J. Valentini, Esq.
        Ward A. Rivers, Esq.
        Deasey, Mahoney & Bender, Ltd.
        1800 John F. Kennedy Blvd.
        Suite 1300
        Philadelphia, PA 19103
        (215) 587-9400