

**HEALTH CARE MEDICAL PROFESSIONAL LIABILITY &
GENERAL LIABILITY INSURANCE POLICY**

rior Policy Number:    NEW

olicy Number:    NGB 0151564-00

 **Reliance**

Insuring Company and Location.
RELIANCE NATIONAL INDEMNITY CO.
PHILA., PA.

Producer Code, Name and Address  80904

LOCKTON INSURANCE BROKERS
725 S. FIGUEROA ST., 35TH FLOOR
LOS ANGELES, CA. 90017

A Stock Insurance Company
herein called the Company.

NOTICE: This policy may contain claims-made coverage. Except as may be otherwise provided herein, specified coverages of this insurance are limited generally to liability for injury or damage for which claim is first made during the policy period. Please review the policy carefully.

## DECLARATIONS

**Item 1.  Named Insured and Address:**

INTEGRATED HEALTH SERVICES, INC.
10065 RED RUN BLVD.
OWINGS MILLS, MD  21117

**Item 2.  Policy Period: From  JAN 1, 1999          To  JAN 1, 2000**
12:01 A.M. Standard Time at the address of the Named Insured stated herein

**Item 3.  Form of Business:**
☐ Individual     ☐ Partnership     ☒ Corporation
☐ Joint Venture  ☐ Other_____
Business Description: INTEGRATED HEALTHCARE DELIVERY SYSTEM

**Item 4.  Retroactive Date(s):**
Medical Professional Liability  PER SCHEDULE
Commercial General Liability (CG 0002 only)_____

This insurance does not apply to any medical incident or occurrence which takes place before the retroactive date(s) shown above.

**Item 5.  Insurance is afforded only with respect to the Coverage Part(s) indicated below:**
☒ Hospital Professional Liability
☐ Physicians, Surgeons, and Dentists Professional Liability
☒ Commercial General Liability
☐ _____

**Item 6.  Limits of Liability:**

| Medical Professional Liability | Commercial General Liability | |
|---|---|---|
| $ 2,000,000.  Each Medical Incident | $ 1,000,000. | Each Occurrence Limit |
| $ 4,500,000.  Aggregate | $ 2,500,000. | General Aggregate Limit |
| | $ 2,500,000. | Products/Completed Operations Aggregate Limit |
| | $ 1,000,000. | Personal & Advertising Injury Limit |
| | $ 100,000. | Fire Damage Limit (Any One Fire) |
| | $ 5,000. | Medical Expense Limit (Any One Person) |

**Item 7.  Deductible:**
Professional Liability:  $ 2,000,000.  Each Medical Incident  $ N/A  Aggregate

Commercial General Liability:  $ 1,000,000.  Each Claim  Per Occurrence

**Item 8.  Policy Premium:**  $ 65,000.

**Item 9.  Form(s)/Endorsement(s) effective at inception:  ATTACHED**

_____          _____
Date              Countersigned by: _____
                                    Authorized Representative

GU 267
(11-85)

IL 00 17 11 85

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

### A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

### B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

### C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

### D. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

### E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

### F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the cause of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Copyright, Insurance Services Office, Inc., 1982, 1983

CG 00 01 01 96

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (Section II).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (Section V).

## SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

**2. Exclusions.**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

CL 182 (1-96)
CG 00 01 01 96

Copyright, Insurance Services Office, Inc., 1994

d. **Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

    (b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

f. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

    (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

    (b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

    (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

    (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

        (i) If the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

        (ii) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any

way respond to, or assess the effects of pollutants.

Subparagraph (d)(i) does not apply to "bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are intentionally discharged, dispersed or released, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

    (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

    (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

g. **Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

    (a) Less than 26 feet long; and

    (b) Not being used to carry persons or

Copyright, Insurance Services Office, Inc., 1994

CL 182 (1-96)
CG 00 01 01 96

property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment."

h.  Mobile Equipment

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition or stunting activity.

i.  War

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j.  Damage to Property

"Property damage" to:

(1) Property you own, rent or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-

completed operations hazard."

k.  Damage to Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.  Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.  Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.  Recall of Products, Work or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (Section III).

COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

1.  Insuring Agreement.

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have

no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS—COVERAGES A AND B.

b. This insurance applies to:

(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

2. Exclusions.

This insurance does not apply to:

a. "Personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

(4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement; or

(5) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

b. "Advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

(2) The failure of goods, products or services to conform with advertised quality or perfor-

mance;

(3) The wrong description of the price of goods, products or services; or

(4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

c. Any loss, cost or expense arising our of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

COVERAGE C. MEDICAL PAYMENTS

1. Insuring Agreement.

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

2. Exclusions.

We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of

Copyright, Insurance Services Office, Inc., 1994

CL 182 (1-96)
CG 00 01 01 96

any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard."

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

**SUPPLEMENTARY PAYMENTS — COVERAGES A AND B**

We will pay, with respect to any claim we investigate or settle or any "suit" against an insured we defend:

1. All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

5. All costs taxed against the insured in the "suit."

6. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit," we will defend that indemnitee if all the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense

of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit."

So long as the above conditions are met, attorneys fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph 2.b.(2) of COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I — Coverages), such payments will not be deemed to be damages for "bodily injury" and "property damages" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgements or settlements; or

b. The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

**SECTION II — WHO IS AN INSURED**

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the

conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

(1) "Bodily injury" or "personal injury":

(a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

(b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs (1)(a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

(a) Owned, occupied or used by,

(b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees," any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b. Any person (other than your "employee"), or any organization while acting as your real estate manager.

c. Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed. 

d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

SECTION III — LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a. Insureds;

b. Claims made or "suits" brought; or

c. Persons or organizations making claims or bringing "suits."

Copyright, Insurance Services Office, Inc., 1994

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence."

6. Subject to 5. above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one fire.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS

1. Bankruptcy.

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit.

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

     (1) How, when and where the "occurrence" or offense took place;

     (2) The names and addresses of any injured persons and witnesses; and

     (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

     (1) Immediately record the specifics of the claim or "suit" and the date received; and

     (2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

     (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

     (2) Authorize us to obtain records and other information;

     (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

     (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3. Legal Action Against Us.

   No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

   A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4. Other Insurance.

   If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

   a. Primary Insurance

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**b. Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire Insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit.**

a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations.**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations you made to us; and

c. We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds.**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us.**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew.**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V — DEFINITIONS**

1. "Advertising injury" means injury arising out of one or more of the following offenses:

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication of material that violates

Copyright, Insurance Services Office, Inc., 1994

CL 162 (1-96)
CG 00 01 01 96

a person's right of privacy;

   c. Misappropriation of advertising ideas or style of doing business; or

   d. Infringement of copyright, title or slogan.

2. "Auto" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

   c. All parts of the world if:

     (1) The injury or damage arises out of:

       (a) Goods or products made or sold by you in the territory described in a. above; or

       (b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and

     (2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

8. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or

temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   e. An elevator maintenance agreement;

   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

     (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

     (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

       (a) Preparing, approving or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications; or

       (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

     (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

9. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

10. "Loading or unloading" means the handling of property:

   a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   b. While it is in or on an aircraft, watercraft or "auto"; or

Copyright, Insurance Services Office, Inc., 1994

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

11. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

(1) Equipment designed primarily for:

(a) Snow removal;

(b) Road maintenance, but not construction or resurfacing; or

(c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy.

14. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

    Copyright, Insurance Services Office, Inc., 1994    CL 162 (1-96)
CG 00 01 01 96

15. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16. "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

17. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

18. "Your product" means:

    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (1) You;

        (2) Others trading under your name; or

        (3) A person or organization whose business or assets you have acquired; and

    b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19. "Your work" means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    b. The providing of or failure to provide warnings or instructions.

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on

Policy No. NGB 0151564-00                of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

at 12:01 A.M. standard time, forms a part of

_____
Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SUPPLEMENTARY PAYMENTS-ERODE LIMITS OF INSURANCE AMENDMENT

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

" SUPPLEMENTARY PAYMENTS" IS MODIFIED SUCH THAT ALL PAYMENTS WILL REDUCE THE LIMITS OF INSURANCE. THE FOLLOWING CHANGES ARE MADE TO THE COVERAGE FORMS:

" INSURING AGREEMENT" , SECTION I, COVERAGE A AND COVERAGE B, PARAGRAPH 1.a.(1) IS REPLACED WITH:

(1) THE AMOUNT WE WILL PAY FOR DAMAGES AND OUR RIGHT AND DUTY TO DEFEND IS LIMITED AND ENDS AS DESCRIBED IN LIMITS OF INSURANCE (SECTION III).

" INSURING AGREEMENT" , SECTION I, COVERAGE A AND COVERAGE B, PARAGRAPH 1.a.(2) IS DELETED.

" LIMITS OF INSURANCE" , SECTION III IS AMENDED AS FOLLOWS:

FOR THE PURPOSES OF DETERMINING THE LIMITS OF INSURANCE, DAMAGES INCLUDE AMOUNTS PAID UNDER SUPPLEMENTARY PAYMENTS. OUR RIGHT AND DUTY TO DEFEND ENDS WHEN WE HAVE USED UP THE APPLICABLE LIMIT OF INSURANCE.

" SUPPLEMENTARY PAYMENTS" , SECTION I IS DELETED AND REPLACED WITH THE FOLLOWING:

GU 207 (6-78)

he Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

ENDORSEMENT

his endorsement, effective on _____                    at 12:01 A.M. standard time, forms a part of

olicy No. NGB 0151564-00 _____          of the

ssued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

SUPPLEMENTARY PAYMENTS COVERAGES A AND B

WE WILL PAY, WITH RESPECT TO ANY CLAIM WE INVESTIGATE OR SETTLE, OR ANY " SUIT"
AGAINST AN INSURED WE DEFEND:

1. ALL EXPENSES WE INCUR.

2. UP TO $250 FOR COST OF BAIL BONDS REQUIRED BECAUSE OF ACCIDENTS OR TRAFFIC LAW
   VIOLATIONS ARISING OUT OF THE USE OF ANY VEHICLE TO WHICH THE BODILY INJURY
   LIABILITY COVERAGE APPLIES. WE DO NOT HAVE TO FURNISH THESE BONDS.

3. THE COST OF BONDS TO RELEASE ATTACHMENTS, BUT ONLY FOR BOND AMOUNTS WITH IN THE
   APPLICABLE LIMIT OF INSURANCE. WE DO NOT HAVE TO FURNISH THESE BONDS.

4. ALL REASONABLE EXPENSES INCURRED BY THE INSURED AT OUR REQUEST TO ASSIST US IN THE
   INVESTIGATION OR DEFENSE OF THE CLAIM OR " SUIT" , INCLUDING ACTUAL LOSS OF
   EARNINGS UP TO $250 A DAY BECAUSE OF TIME OFF FROM WORK.

5. ALL COST TAXED AGAINST THE INSURED IN THE " SUIT" .

6. PREJUDGMENT INTEREST AWARDED AGAINST THE INSURED ON THAT PART OF THE JUDGMENT WE
   PAY. IF WE MAKE AN OFFER TO PAY THE APPLICABLE LIMIT OF INSURANCE, WE WILL NOT PAY
   ANY PREJUDGMENT INTEREST BASED ON THAT PERIOD OF TIME AFTER THE OFFER.

7  ALL INTEREST ON THE FULL AMOUNT OF ANY JUDGMENT THAT ACCRUES AFTER ENTRY OF THE
   JUDGMENT AND BEFORE WE HAVE PAID. OFFERED TO PAY, OR DEPOSITED IN COURT THE PART OF
   THE JUDGMENT THAT IS WITHIN THE APPLICABLE LIMIT OF INSURANCE.

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

**GU 207**
**(6-78)**

### ENDORSEMENT

This endorsement, effective on                                          at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                    of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

THESE PAYMENTS WILL BE CONSIDERED PART OF DAMAGES AND WILL REDUCE THE LIMITS OF INSURANCE.

IF WE DEFEND AN INSURED AGAINST A " SUIT"  AND AN INDEMNITEE OF THE INSURED IS ALSO NAMED AS A PARTY TO THE " SUIT" , WE WILL DEFEND THAT INDEMNITEE IF ALL OF THE FOLLOWING CONDITIONS ARE MET:

a.  THE " SUIT"  AGAINST THE INDEMNITEE SEEKS DAMAGES FOR WHICH THE INSURED HAS ASSUMED THE LIABILITY OF THE INDEMNITY IN A CONTRACT OR AGREEMENT THAT IS AN " INSURED CONTRACT" ,

b.  THIS INSURANCE APPLIES TO SUCH LIABILITY ASSUMED BY THE INSURED;

c.  THE OBLIGATION TO DEFEND, OR THE COST OF THE DEFENSE OF, THAT INDEMNITEE, HAS ALSO BEEN ASSUMED BY THE INSURED IN THE SAME " INSURED CONTRACT" ;

d.  THE ALLEGATIONS IN THE " SUIT"  AND THE INFORMATION WE KNOW ABOUT THE " OCCURRENCE" ARE SUCH THAT NO CONFLICT APPEARS TO EXIST BETWEEN THE INTERESTS OF THE INSURED AND THE INTERESTS OF THE INDEMNITEE;

e.  THE INDEMNITEE AND THE INSURED ASK US TO CONDUCT AND CONTROL THE DEFENSE OF THAT INDEMNITEE AGAINST SUCH " SUIT"  AND AGREE THAT WE CAN ASSIGN THE SAME COUNSEL TO DEFEND THE INSURED AND THE INDEMNITEE; AND

f.  THE INDEMNITEE:

    (1) AGREES IN WRITING TO:

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

ENDORSEMENT

This endorsement, effective on            at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00       of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

(a) COOPERATE WITH US IN THE INVESTIGATION, SETTLEMENT OR DEFENSE OF THE " SUIT" ;

(b) IMMEDIATELY SEND US COPIES OF ANY DEMANDS, NOTICES, SUMMONSES OR LEGAL PAPERS RECEIVED IN CONNECTION WITH THE " SUIT" ;

(c) NOTIFY ANY OTHER INSURER WHOSE COVERAGE IS AVAILABLE TO THE INDEMNITEE; AND

(d) COOPERATE WITH US WITH RESPECT TO COORDINATING OTHER APPLICABLE INSURANCE AVAILABLE TO THE INDEMNITEE; AND

(2) PROVIDES US WITH WRITTEN AUTHORIZATION TO:

(a) OBTAIN RECORDS AND OTHER INFORMATION RELATED TO THE " SUIT" ; AND

(b) CONDUCT AND CONTROL THE DEFENSE OF THE INDEMNITEE IN SUCH " SUIT" .

SO LONG AS THE ABOVE CONDITIONS ARE MET, ATTORNEYS FEES INCURRED BY US IN THE DEFENSE OF THAT INDEMNITEE, NECESSARY LITIGATION EXPENSES INCURRED BY US AND NECESSARY LITIGATION EXPENSES INCURRED BY THE INDEMNITEE AT OUR REQUEST WILL BE PAID AS SUPPLEMENTARY PAYMENTS. NOTWITHSTANDING THE PROVISIONS OF PARAGRAPH 2.b.(2) OF COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY (SECTION I-COVERAGES), SUCH PAYMENTS WILL BE DEEMED TO BE PART OF DAMAGES AND WILL REDUCE THE LIMITS OF INSURANCE.

OUR OBLIGATION TO DEFEND AN INSURED'S INDEMNITEE AND TO PAY FOR ATTORNEYS FEES AND NECESSARY LITIGATION EXPENSES AS SUPPLEMENTARY PAYMENTS ENDS WHEN:

a. WE HAVE USED UP THE APPLICABLE LIMIT OF INSURANCE; OR

b. THE CONDITIONS SET FORTH ABOVE, OR THE TERMS OF THE AGREEMENT DESCRIBED IN PARAGRAPH f., ABOVE, ARE NO LONGER MET.

GU 207 (6-78)

NGB 0151564-00                                      INTEGRATED HEALTH SERVICES, INC.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 22 69 01 96

## DRUGGISTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following is added to paragraph 1. of COVERAGE A–BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I–Coverages):

"Bodily injury" or "property damage" arising out of the rendering or failure to render professional health care services as a pharmacist shall be deemed to be caused by an "occurrence."

B. The following exclusion is added to paragraph 2., Exclusions of COVERAGE A–BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I–Coverages):

This insurance does not apply to "bodily injury" or "property damage" caused by the willful violation of a penal statute or ordinance relating to the sale of pharmaceuticals by or with the knowledge or consent of any insured.

C. Paragraph 2.a.(1)(d) under WHO IS AN INSURED (Section II) is replaced by the following:

However, none of these "employees" is an insured for:

(1) "Bodily injury" or "personal injury":

   (d) arising out of his or her providing or failing to provide professional health care services, other than professional health care services performed in his or her capacity as a pharmacist.

D. For the purpose of determining the limits of insurance for the coverage provided by this endorsement, any act or omission together with all related acts or omissions in the furnishing of these services to any one person will be considered one "occurrence."

CL 824 (1-96)
CG 22 69 01 96                    Copyright, Insurance Services Office, Inc., 1994                    Page 1 of 1

NGB 0151564-00                    INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## BROAD NAMED INSURED ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that:

1.  Paragraph 4. of Section II of the Policy ("Who Is An Insured") is deleted and replaced with the following:

    4.  Any subsidiary, affiliate or organization, other than a partnership or joint venture, as may now exist or hereafter be constituted over which you assume active management or maintain ownership or majority interest, provided that you notify us within ninety (90) days from the date that any such subsidiary or affiliate is acquired or formed and that there is no other similar insurance available to that organization. However:

        a.  Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization.

        b.  Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

    No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

2.  Nothing in this Endorsement shall affect the responsibilities, duties or obligations of either the first Named Insured or of the Company under the Policy.

GL 00 R061 00 0394

NGB 0151564-00                          INTEGRATED HEALTH SERVICES, INC.

CL 263
(11-85)

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

CG 20 28 11 85

## ADDITIONAL INSURED—LESSOR OF LEASED EQUIPMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

Name of Person or Organization:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability arising out of the maintenance, operation or use by you of equipment leased to you by such person(s) or organization(s), subject to the following additional exclusions:

This insurance does not apply:

1.  To any "occurrence" which takes place after the equipment lease expires;

2.  To "bodily injury" or "property damage" arising out of the sole negligence of the person or organization shown in the Schedule.

CL 263 (11-85)
CG 20 28 11 85
Copyright, Insurance Services Office, Inc., 1984

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 20 11 01 96

## ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | | Policy No. | |
|---|---|---|---|
| | 12:01 A.M. standard time | | NGB 0151564–00 |
| Named Insured INTEGRATED HEALTH SERVICES, INC. | | Countersigned by | |
| | | | (Authorized Representative) |

### SCHEDULE

1.  Designation of Premises (Part Leased to You):

2.  Name of Person or Organization (Additional Insured):

3.  Additional Premium:

    (If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1.  Any "occurrence" which takes place after you cease to be a tenant in that premises.
2.  Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CL 808 (1-96)
CG 20 11 01 96                           Copyright, Insurance Services Office, Inc., 1994                           Page 1 of 1

CL 681
(10-93)

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

CG 22 44 10 93

## EXCLUSION—SERVICES FURNISHED BY HEALTH CARE PROVIDERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | Policy No. |
|---|---|
| 12:01 A.M. standard time | NGB 0151564-00 |
| Named Insured INTEGRATED HEALTH SERVICES, INC. | Countersigned by |
| | (Authorized Representative) |

### SCHEDULE

Description of Operations:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to Paragraph 2., Exclusions of COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I—Coverages) and paragraph 2., Exclusions of COVERAGE B—PERSONAL AND ADVERTISING INJURY LIABILITY (Section I—Coverages):

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of:

1. The rendering or failure to render:

    a. Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

    b. Any health or therapeutic service, treatment, advice or instruction; or

    c. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

2. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

3. The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

Copyright, Insurance Services Office, Inc., 1992

NGB 0151564–00

INTEGRATED HEALTH SERVICES, INC.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

IL 00 21 04 98

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (Broad Form)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT OF TRANSPORTATION
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, sr. "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

GU 507 (4-98)
IL 00 21 04 98                     Copyright, Insurance Services Office, Inc., 1997                     Page 1 of 2

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

(a) Any "nuclear reactor";

(b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel", or (3) handling, processing or packaging "waste";

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Copyright, Insurance Services Office, Inc., 1997

GU 507 (4-98)
IL 00 21 04 98

NGB 0151564-00                                    INTEGRATED HEALTH SERVICES, INC.

CL 701
(10-93)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

CG 21 47 10 93

## EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B. The following exclusion is added to paragraph 2.,

Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY (Section I – Coverages):

This insurance does not apply to:

"Personal injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal injury" to that person at whom any of the employment-related practices described in paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CL 701 (10-93)
CG 21 47 10 93                    Copyright, Insurance Services Office, Inc., 1992                    Page 1 of 1

CL 694
(10-93)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 22 52 10 93

## EXCLUSION – MEDICAL PAYMENTS COVERAGE
### (INMATES, PATIENTS OR PRISONERS)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | Policy No. |
|---|---|
| 12:01 A.M. standard time | NGB 0151564–00 |
| Named Insured | Countersigned by |
| INTEGRATED HEALTH SERVICES, INC. | |

(Authorized Representative)

### SCHEDULE

Health Care Facilities
Mission, Settlement or Halfway Houses
Penal Institutions

The following exclusions are added to Paragraph 2., Exclusions of COVERAGE C – MEDICAL PAYMENTS (Section I – Coverages):

We will not pay expenses for:

1.  "Bodily injury" to any inmate, patient or prisoner who is being treated, cared for, detained or imprisoned in any of the facilities shown in the Schedule.

2.  Medical services rendered to anyone by you or your "employees" or any person or organization under contract with you to provide these medical services.

CL 694 (10-93)
CG 22 52 10 93

Copyright, Insurance Services Office, Inc., 1992

Page 1 of 1

NGB 0151564-00                                    INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NOTICE OF OCCURRENCE ENDORSEMENT

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

If you report an injury to an employee to your worker's compensation carrier and if it is subsequently determined that the injury is one to which this insurance may apply, any failure to comply with Section IV, Commercial General Liability Conditions, duties in the event of an occurrence, claim or suit, will be waived if you provide us with the required notice as soon as possible after you know or reasonably should have known that this insurance may apply.

All other terms and conditions of this policy remain unchanged.

GL 00 R058 00 0394

NGB 0151564-00                              INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NON-PYRAMIDING OF LIMITS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to bodily injury, property damage, advertising injury or personal injury arising out of an occurrence for which coverage is available under:

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

Nor shall coverage provided under this insurance be excess over coverage provided under any of the policies listed above.

CGBI 77 11 08 90-S
GL 00 R055 00 0394

CL 648
(10-93)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 02 24 10 93

## EARLIER NOTICE OF CANCELLATION PROVIDED BY US

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | Policy No. |
|---|---|
| 12:01 A.M. standard time | NGB 0151564-00 |
| Named Insured<br>Integrated Health Services, Inc. | Countersigned by |
| | (Authorized Representative) |

### SCHEDULE

Number of Days' Notice   10 DAYS FOR NONPAYMENT REASONS
                                            90 DAYS FOR ALL OTHER REASONS

(If no entry appears above, information required to complete this Schedule will be shown in the Declarations as applicable to this endorsement.)

For any statutorily permitted reason other than nonpayment of premium, the number of days required for notice of cancellation, as provided in paragraph 2. of either the CANCELLATION Common Policy Condition or as amended by an applicable state cancellation endorsement, is increased to the number of days shown in the Schedule above.

**Reliance** 

## EMPLOYEE BENEFIT LIABILITY COVERAGE PART DECLARATIONS

**EFFECTIVE

| POLICY NUMBER | POLICY PERIOD | AGENCY NUMBER |
|---|---|---|
| NGB 0151564-00 | FROM  1-1-99  TO 1-1-00 | 80904 |

NAMED INSURED   INTEGRATED HEALTH SERVICES, INC.

### THIS IS A CLAIMS-MADE COVERAGE PART - READ YOUR POLICY CAREFULLY

THIS ENDORSEMENT PROVIDES SUPPLEMENTARY INFORMATION TO BE USED WITH THE FOLLOWING:
EMPLOYEE BENEFIT LIABILITY COVERAGE FORM.

### LIMITS OF INSURANCE

Aggregate Limit                                    $   1,000,000.

Each Employee Limit*                            $   1,000,000.

*Subject to the Aggregate Limit

Coverage Form Applicable:    GL 00 R033

Deductible Amount    $ 1,000. FOR _____ Each Employee  1,000,000. Per claim plus all ALAE
Retroactive Date

Section 1 of this Insurance does not apply to negligent Acts, Errors or Omissions which occurred prior to the retroactive date. If any, shown below:

Retroactive Date: _____

Covered employee benefit programs other than those listed in Section VII Definitions:

_____

_____

_____

_____

Premium Computation:

| Estimated No. of Employees | Estimated Premium | Minimum Premium |
|---|---|---|
| _____ | $ _____ | $ _____ |

The following form a part of this coverage part at issuance:

GL 00 R033            Employee Benefit Liability Coverage Form

_____            _____

_____            _____

CG 7020 1093

**QUICK REFERENCE**

**EMPLOYEE BENEFIT LIABILITY COVERAGE PART**

**READ YOUR POLICY CAREFULLY**

| | Beginning on Page |
|---|---|
| **SECTION I - COVERAGES** | 1-4 |
| Insuring Agreement | 1 |
| Exclusions | 2 |
| Supplementary Payments | 3-4 |
| **SECTION II - WHO IS AN INSURED** | 4 |
| **SECTION III - LIMITS OF INSURANCE** | 4-5 |
| **SECTION IV - DEDUCTIBLE** | 5 |
| **SECTION V - CONDITIONS** | 5-7 |
| Bankruptcy | 5 |
| Duties in the Event of An Act, Error or Omission, Claim or Suit | 5 |
| Other Insurance | 6 |
| Legal Action Against Us | 6 |
| Premium Audit | 7 |
| Arbitration | 7 |
| Separation of Insureds | 7 |
| Transfer Of Rights Of Recovery Against Others To Us | 7 |
| **SECTION VI - EXTENDED REPORTING PERIOD** | 7-8 |
| **SECTION VII - DEFINITIONS** | 8-10 |

CGBP 73 20 10 93
GL 00 R033 02 0306

Page 1

**THIS IS CLAIMS MADE COVERAGE - PLEASE READ THE ENTIRE FORM CAREFULLY.**

**EMPLOYEE BENEFIT LIABILITY COVERAGE PART**

This coverage form explains your coverage for Employee Benefit Liability.

No obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for:

1.  under the insuring agreements applicable to these coverages; or

2.  under the SUPPLEMENTARY PAYMENTS.

These coverages are subject to exclusions that restrict coverage. The amount we will pay is limited as described under LIMITS OF INSURANCE. Read the entire Coverage Part carefully to determine rights, duties and what is and is not covered.

**SECTION I - COVERAGES**

1.  Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of acts, errors or omissions arising out of the administration of your employee benefit program.

    b.  We will have the right and duty to defend any suit to which this insurance applies, seeking damages, but:

        (1)  We may investigate and settle any claim or suit at our discretion; and

        (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

    c.  This insurance applies to damages because of a negligent act, error or omission in the administration of your employee benefit program only if:

        (1)  The negligent act, error or omission out of which damages arise is committed in the coverage territory; and

        (2)  The claim for damages because of a negligent act, error or omission is first made during the policy period or any Extended Reporting Period we provide under EXTENDED REPORTING PERIODS (Section VI) by:

            (a)  an employee;

            (b)  a former employee; or

            (c)  The beneficiaries or legal representatives of an employee or a former employee.

    d.  A claim by a person or organization will be deemed to have been made when notice of such claim is received and recorded by any insured or by us whichever comes first.

    e.  All claims for damages by the same person and due to the same negligent act, error or omission will be deemed to have been made at the time the first of those claims is made against any insured.

    f.  Written notice given by the insured during the policy period of an act, error or omission taking place during the policy period which may result in a claim will be considered a claim made against the insured during the policy period.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 2



2.  Exclusions.

This insurance does not apply:

a.  To loss arising out of any dishonest, fraudulent, criminal or malicious act or omission, committed by any insured.

b.  To bodily injury, property damage, personal injury or advertising injury.

c.  To loss arising out of the failure of performance of contract by any insurer.

d.  To loss arising out of an insufficiency of funds to meet any obligations under any plan included in the employee benefit program.

e.  To any claim or suit based upon:

(1)  Failure of any investment to perform as represented by any insured; or

(2)  Advice given to any person to participate or not to participate in any plan included in the employee benefit program.

f.  To loss arising out of your failure to comply with the mandatory provisions of any law concerning workers' compensation, unemployment insurance, social security or disability benefits.

g.  To loss for which the insured is liable because of a liability imposed on a fiduciary by the Employee Retirement Income Security Act of 1974, as now or hereafter amended.

h.  To loss or damage for which benefits have accrued under the terms of an employee benefit plan to the extent that such benefits are available from funds accrued by the insured for such benefits or from collectible insurance, notwithstanding the insured's act, error or omission in administering the plan which precluded the claimant from receiving such benefits.

i.  If as of the effective date of this policy, the insured had knowledge or could reasonably foresee any circumstances which might result in a claim.

j.  To fines, penalties or taxes.

k.  To damage for acts, errors or omissions which were committed before the Retroactive Date shown in the schedule.

l.  To loss of money, banknotes, bullion, checks, money orders, and all other negotiable and nonnegotiable instruments representing money.

m.  To loss as a result of actual or alleged discrimination or humiliation.

3.  Supplementary Payments.

We will pay, with respect to any claim or suit we defend:

a.  All expenses we incur.

b.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

c.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings up to $100 a day because of time off from work.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 3

We will pay, with respect to any claim or suit we defend:

a.  All expenses we incur.

b.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

c.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings up to $100 a day because of time off from work.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 3

We will pay, with respect to any claim or suit we defend:

d.  All costs taxed against the insured in the suit.

e.  Prejudgment interest awarded against the insured on the part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on the period of time following the offer.

f.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

## SECTION II - WHO IS AN INSURED

1.  If you are designated in the Declarations as:

   a.  An individual, **you**, your spouse, and your family members are insureds, but only with respect to the conduct of a business of which **you** are the sole owner.

   b.  A partnership or joint venture, you are an insured.

   c.  An organization other than a partnership or joint venture, you are an insured. Your directors and stockholders are also insureds, but only with respect to their liability as **your** directors or stockholders.

2.  The following is also an insured:

   a.  Each of your partners, executive officers and employees who is authorized to administer **your** employee benefit program.

3.  Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a.  Coverage under this provision is afforded only until the 90th day after you acquire, or form the organization or the end of the policy period, whichever is earlier;

   b.  Coverage under this provision does not apply to any negligent act, error or omission that was committed before **you** acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1.  The Limits of Insurance shown in the Declarations and the rules below determine the most we will pay regardless of the number of:

   a.  Insureds;

   b.  Claims made or suits brought;

   c.  Persons or organizations making claims or bringing suits.

2.  The "Aggregate Limit" is the most we will pay for all damages under this coverage.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 4

3.   Subject to 2. above, the 'Each Employee Limit' is the most we will pay for all damages to any one employee including dependents and beneficiaries.

The limits of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after one or more 12 month periods for a period of less than 12 months. In that case the additional period will be deemed as part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - DEDUCTIBLE

1.   Our obligation to pay damages on behalf of the insured applies only to the amount of damages in excess of the deductible amount stated in Item 4 of the Declarations as applicable to 'Each Employee'. The limits of insurance applicable to 'Each Employee' will not be reduced by the amount of this deductible. The 'Aggregate Limit' shall not be reduced by the application of such deductible amount.

2.   Claims resulting from the same negligent act(s), error(s) or omission(s) of one or more of the insureds are a single claim, and only one deductible applies.

3.   We may pay all or part of the deductible in order to settle any claim. You will pay us promptly for any deductible amount we pay.

## SECTION V - CONDITIONS

1.   Bankruptcy

If you or your estate becomes bankrupt or insolvent, we will still be bound by the provisions of this Coverage Part.

2.   Duties in the Event Of An Act, Error or Omission, Claim or Suit

a.   You must see to it that we are notified as soon as practicable of an act, error or omission which may result in a claim. To the extent possible, notice should include:

(1)   How, when and where the act, error or omission took place; and

(2)   The names and addresses of any employees who may suffer damages as a result of the act, error or omission.

b.   If a claim is received by any insured you must:

(1)   Immediately record the specifics of the claim and the date received; and

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim as soon as practicable.

c.   You and any other involved insured must:

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a suit;

(2)   Authorize us to obtain records and other information;

(3)   Cooperate with us in the investigation, settlement or defense of the claim or suit; and

(4)   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of damages to which this insurance may also apply.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 5

    d.   No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

**3.   Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under this Coverage Part, our obligations are limited as follows:

    a.   Primary Insurance

    This insurance is primary except when (b) below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in (c) below.

    b.   Excess Insurance

    This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:

      (1)  That is effective prior to the effective date of the insurance and that applies to damages on other than a claims-made basis, if:

         (i)   no Retroactive Date is shown in the Declarations of this insurance; or

         (ii)  the other insurance has a policy period which continues after the Retroactive Date shown in the Declarations page of this Coverage Part.

      When this insurance is excess, we will have no duty to defend any claim or suit that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to exercise the insured's rights against all those other insurers.

      When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

      (2)  The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

      (3)  The total of all deductible and self-insured amounts under all that other insurance.

      We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    c.   Method of Sharing

    If all of the other insurance permits contribution by equal shares, we will follow the method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the Loss remains, whichever comes first.

    If any other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**4.   Legal Action Against Us**

You may not bring any suit or legal action against us to recover a claim unless the terms of this policy have been complied with. Nor can suit be brought against us until the amount of a claim against you has been determined or agreed upon.

CGBP 73 20 10 93
GL 00 R033 02 0396