# EXHIBIT "A"



**HEALTH CARE MEDICAL PROFESSIONAL LIABILITY &
GENERAL LIABILITY INSURANCE POLICY**

Prior Policy Number: __NEW__
Policy Number: __NGB 0151564-00__



Insuring Company and Location.
RELIANCE NATIONAL INDEMNITY CO.
PHILA., PA.

A Stock Insurance Company
herein called the Company.

Producer Code, Name and Address 80904
LOCKTON INSURANCE BROKERS
725 S. FIGUEROA ST., 35TH FLOOR
LOS ANGELES, CA. 90017

NOTICE: This policy may contain claims-made coverage. Except as may be otherwise provided herein, specified coverages of this insurance are limited generally to liability for injury or damage for which claim is first made during the policy period. Please review the policy carefully.

## DECLARATIONS

**Item 1. Named Insured and Address:**
INTEGRATED HEALTH SERVICES, INC.
10065 RED RUN BLVD.
OWINGS MILLS, MD  21117

**Item 2. Policy Period: From** JAN 1, 1999 **To** JAN 1, 2000
12:01 A.M. Standard Time at the address of the Named Insured stated herein

**Item 3. Form of Business:**
☐ Individual   ☐ Partnership   ☒ Corporation
☐ Joint Venture   ☐ Other_____
Business Description: INTEGRATED HEALTHCARE DELIVERY SYSTEM

**Item 4. Retroactive Date(s):**
Medical Professional Liability __PER SCHEDULE__
Commercial General Liability (CG 0002 only)_____

This insurance does not apply to any medical incident or occurrence which takes place before the retroactive date(s) shown above.

**Item 5.** Insurance is afforded only with respect to the Coverage Part(s) indicated below:
☒ Hospital Professional Liability
☐ Physicians, Surgeons, and Dentists Professional Liability
☒ Commercial General Liability
☐

**Item 6. Limits of Liability:**

| Medical Professional Liability | Commercial General Liability | |
|---|---|---|
| $ 2,000,000. Each Medical Incident | $ 1,000,000. | Each Occurrence Limit |
| $ 4,500,000. Aggregate | $ 2,500,000. | General Aggregate Limit |
| | $ 2,500,000. | Products/Completed Operations Aggregate Limit |
| | $ 1,000,000. | Personal & Advertising Injury Limit |
| | $ 100,000. | Fire Damage Limit (Any One Fire) |
| | $ 5,000. | Medical Expense Limit (Any One Person) |

**Item 7. Deductible:**
Professional Liability: $ 2,000,000. Each Medical Incident   $ N/A Aggregate

Commercial General Liability: $ 1,000,000. Each Claim Per Occurrence

**Item 8. Policy Premium:** $ 65,000.

**Item 9.** Form(s)/Endorsement(s) effective at inception: __ATTACHED__

_____   Countersigned by: _____
Date                              Authorized Representative

IL 00 17 11 85

GU 267
(11-85)

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the cause of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

GU 267 (11-85)
IL 00 17 11 85

Copyright, Insurance Services Office, Inc., 1982, 1983

Page 1 of 1

CG 00 01 01 96

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (Section II).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (Section V).

## SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

**2. Exclusions.**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

Copyright, Insurance Services Office, Inc., 1994

**d. Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

   (a) Employment by the insured; or

   (b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

**f. Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

   (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

   (b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

   (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

   (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

      (i) if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

      (ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any

way respond to, or assess the effects of pollutants.

Subparagraph (d)(i) does not apply to "bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are intentionally discharged, dispersed or released, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

   (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

   (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**g. Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

   (a) Less than 26 feet long; and

   (b) Not being used to carry persons or

Copyright, Insurance Services Office, Inc., 1994

CL 182 (1-96)
CG 00 01 01 96

property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment."

h. **Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition or stunting activity.

i. **War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. **Damage to Property**

"Property damage" to:

(1) Property you own, rent or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k. **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (Section III).

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have

no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to:

(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions.**

This insurance does not apply to:

a. "Personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

(4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement; or

(5) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

b. "Advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

(2) The failure of goods, products or services to conform with advertised quality or perfor-

mance;

(3) The wrong description of the price of goods, products or services; or

(4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

c. Any loss, cost or expense arising our of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**COVERAGE C. MEDICAL PAYMENTS**

1. **Insuring Agreement.**

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

2. **Exclusions.**

We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of

Copyright, Insurance Services Office, Inc., 1994

CL 182 (1-96)
CG 00 01 01 96

any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard."

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

**SUPPLEMENTARY PAYMENTS—COVERAGES A AND B**

We will pay, with respect to any claim we investigate or settle or any "suit" against an insured we defend:

1. All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $250 a day because of time off from work.

5. All costs taxed against the insured in the "suit."

6. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit," we will defend that indemnitee if all the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense

of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit."

So long as the above conditions are met, attorneys fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph 2.b.(2) of COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I — Coverages), such payments will not be deemed to be damages for "bodily injury" and "property damages" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgements or settlements; or

b. The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

**SECTION II—WHO IS AN INSURED**

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the

conduct of your business.

  c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

  d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

  a. Your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

   (1) "Bodily injury" or "personal injury":

    (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

    (b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of paragraph (1)(a) above;

    (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs (1)(a) or (b) above; or

    (d) Arising out of his or her providing or failing to provide professional health care services.

   (2) "Property damage" to property:

    (a) Owned, occupied or used by,

    (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

  you, any of your "employees," any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

  b. Any person (other than your "employee"), or any organization while acting as your real estate manager.

  c. Any person or organization having proper temporary custody of your property if you die, but only:

   (1) With respect to liability arising out of the maintenance or use of that property; and

   (2) Until your legal representative has been appointed. ·

  d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

  a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

  b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

  a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

  b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

  c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III—LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

  a. Insureds;

  b. Claims made or "suits" brought; or

  c. Persons or organizations making claims or bringing "suits."

Copyright, Insurance Services Office, Inc., 1994

CL 182 (1-96)
CG 00 01 01 96

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence."

6. Subject to 5. above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one fire.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS

1. Bankruptcy.

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit.

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3. Legal Action Against Us.

   No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

   A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4. Other Insurance.

   If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

   a. Primary Insurance

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**b. Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit.**

a. We will compute all premiums for this Coverage

Part in accordance with our rules and rates.

b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations.**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations you made to us; and

c. We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds.**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us.**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew.**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V — DEFINITIONS**

1. "Advertising injury" means injury arising out of one or more of the following offenses:

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication of material that violates

Copyright, Insurance Services Office, Inc., 1994

a person's right of privacy;

  c. Misappropriation of advertising ideas or style of doing business; or

  d. Infringement of copyright, title or slogan.

2. "Auto" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

  a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

  b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

  c. All parts of the world if:

    (1) The injury or damage arises out of:

      (a) Goods or products made or sold by you in the territory described in a. above; or

      (b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and

    (2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

  a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

  a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

  b. Your fulfilling the terms of the contract or agreement.

8. "Insured contract" means:

  a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

  b. A sidetrack agreement;

  c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

  d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

  e. An elevator maintenance agreement;

  f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

  (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

  (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    (a) Preparing, approving or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change order or drawings and specifications; or

    (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

  (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

9. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

10. "Loading or unloading" means the handling of property:

  a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

  b. While it is in or on an aircraft, watercraft or "auto"; or

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

11. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   (1) Power cranes, shovels, loaders, diggers or drills; or

   (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   (2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   (1) Equipment designed primarily for:

      (a) Snow removal;

      (b) Road maintenance, but not construction or resurfacing; or

      (c) Street cleaning;

   (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy.

14. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

      (a) When all of the work called for in your contract has been completed.

      (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include "bodily injury" or "property damage" arising out of:

   (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you and that condition was created by the "loading or unloading" of that vehicle by any insured;

   (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

   (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

Copyright, Insurance Services Office, Inc., 1994

CL 162 (1-96)
CG 00 01 01 96

15. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16. "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

17. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

18. "Your product" means:

   a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (1) You;

      (2) Others trading under your name; or

      (3) A person or organization whose business or assets you have acquired; and

   b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   "Your product" includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   b. The providing of or failure to provide warnings or instructions.

   "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19. "Your work" means:

   a. Work or operations performed by you or on your behalf; and

   b. Materials, parts or equipment furnished in connection with such work or operations.

   "Your work" includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

   b. The providing of or failure to provide warnings or instructions.

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on                              at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SUPPLEMENTARY PAYMENTS-ERODE LIMITS OF INSURANCE AMENDMENT

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

" SUPPLEMENTARY PAYMENTS" IS MODIFIED SUCH THAT ALL PAYMENTS WILL REDUCE THE LIMITS OF INSURANCE. THE FOLLOWING CHANGES ARE MADE TO THE COVERAGE FORMS:

" INSURING AGREEMENT" , SECTION I, COVERAGE A AND COVERAGE B, PARAGRAPH 1.a.(1) IS REPLACED WITH:

(1) THE AMOUNT WE WILL PAY FOR DAMAGES AND OUR RIGHT AND DUTY TO DEFEND IS LIMITED AND ENDS AS DESCRIBED IN LIMITS OF INSURANCE (SECTION III).

" INSURING AGREEMENT" , SECTION I, COVERAGE A AND COVERAGE B, PARAGRAPH 1.a.(2) IS DELETED.

" LIMITS OF INSURANCE" , SECTION III IS AMENDED AS FOLLOWS:

FOR THE PURPOSES OF DETERMINING THE LIMITS OF INSURANCE, DAMAGES INCLUDE AMOUNTS PAID UNDER SUPPLEMENTARY PAYMENTS. OUR RIGHT AND DUTY TO DEFEND ENDS WHEN WE HAVE USED UP THE APPLICABLE LIMIT OF INSURANCE.

" SUPPLEMENTARY PAYMENTS" , SECTION I IS DELETED AND REPLACED WITH THE FOLLOWING:

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on _____                      at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00 _____ of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

SUPPLEMENTARY PAYMENTS COVERAGES A AND B

WE WILL PAY, WITH RESPECT TO ANY CLAIM WE INVESTIGATE OR SETTLE, OR ANY " SUIT"
AGAINST AN INSURED WE DEFEND:

1. ALL EXPENSES WE INCUR.

2. UP TO $250 FOR COST OF BAIL BONDS REQUIRED BECAUSE OF ACCIDENTS OR TRAFFIC LAW
   VIOLATIONS ARISING OUT OF THE USE OF ANY VEHICLE TO WHICH THE BODILY INJURY
   LIABILITY COVERAGE APPLIES. WE DO NOT HAVE TO FURNISH THESE BONDS.

3. THE COST OF BONDS TO RELEASE ATTACHMENTS, BUT ONLY FOR BOND AMOUNTS WITH IN THE
   APPLICABLE LIMIT OF INSURANCE. WE DO NOT HAVE TO FURNISH THESE BONDS.

4. ALL REASONABLE EXPENSES INCURRED BY THE INSURED AT OUR REQUEST TO ASSIST US IN THE
   INVESTIGATION OR DEFENSE OF THE CLAIM OR " SUIT" , INCLUDING ACTUAL LOSS OF
   EARNINGS UP TO $250 A DAY BECAUSE OF TIME OFF FROM WORK.

5. ALL COST TAXED AGAINST THE INSURED IN THE " SUIT" .

6. PREJUDGMENT INTEREST AWARDED AGAINST THE INSURED ON THAT PART OF THE JUDGMENT WE
   PAY. IF WE MAKE AN OFFER TO PAY THE APPLICABLE LIMIT OF INSURANCE, WE WILL NOT PAY
   ANY PREJUDGMENT INTEREST BASED ON THAT PERIOD OF TIME AFTER THE OFFER.

7  ALL INTEREST ON THE FULL AMOUNT OF ANY JUDGMENT THAT ACCRUES AFTER ENTRY OF THE
   JUDGMENT AND BEFORE WE HAVE PAID, OFFERED TO PAY, OR DEPOSITED IN COURT THE PART OF
   THE JUDGMENT THAT IS WITHIN THE APPLICABLE LIMIT OF INSURANCE.

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

**GU 207**
**(6-78)**

### ENDORSEMENT

This endorsement, effective on _____    at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00 _____ of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
**Authorized Representative**

THESE PAYMENTS WILL BE CONSIDERED PART OF DAMAGES AND WILL REDUCE THE LIMITS OF INSURANCE.

IF WE DEFEND AN INSURED AGAINST A " SUIT" AND AN INDEMNITEE OF THE INSURED IS ALSO NAMED AS A PARTY TO THE " SUIT", WE WILL DEFEND THAT INDEMNITEE IF ALL OF THE FOLLOWING CONDITIONS ARE MET:

a.  THE " SUIT" AGAINST THE INDEMNITEE SEEKS DAMAGES FOR WHICH THE INSURED HAS ASSUMED THE LIABILITY OF THE INDEMNITY IN A CONTRACT OR AGREEMENT THAT IS AN " INSURED CONTRACT" ;

b.  THIS INSURANCE APPLIES TO SUCH LIABILITY ASSUMED BY THE INSURED;

c.  THE OBLIGATION TO DEFEND, OR THE COST OF THE DEFENSE OF, THAT INDEMNITEE, HAS ALSO BEEN ASSUMED BY THE INSURED IN THE SAME " INSURED CONTRACT" ;

d.  THE ALLEGATIONS IN THE " SUIT" AND THE INFORMATION WE KNOW ABOUT THE " OCCURRENCE" ARE SUCH THAT NO CONFLICT APPEARS TO EXIST BETWEEN THE INTERESTS OF THE INSURED AND THE INTERESTS OF THE INDEMNITEE;

e.  THE INDEMNITEE AND THE INSURED ASK US TO CONDUCT AND CONTROL THE DEFENSE OF THAT INDEMNITEE AGAINST SUCH " SUIT" AND AGREE THAT WE CAN ASSIGN THE SAME COUNSEL TO DEFEND THE INSURED AND THE INDEMNITEE; AND

f.  THE INDEMNITEE:

(1) AGREES IN WRITING TO:

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

### ENDORSEMENT

This endorsement, effective on                                  at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                    of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

(a) COOPERATE WITH US IN THE INVESTIGATION, SETTLEMENT OR DEFENSE OF THE " SUIT" ;

(b) IMMEDIATELY SEND US COPIES OF ANY DEMANDS, NOTICES, SUMMONSES OR LEGAL PAPERS RECEIVED IN CONNECTION WITH THE " SUIT" ;

(c) NOTIFY ANY OTHER INSURER WHOSE COVERAGE IS AVAILABLE TO THE INDEMNITEE; AND

(d) COOPERATE WITH US WITH RESPECT TO COORDINATING OTHER APPLICABLE INSURANCE AVAILABLE TO THE INDEMNITEE; AND

(2) PROVIDES US WITH WRITTEN AUTHORIZATION TO:

(a) OBTAIN RECORDS AND OTHER INFORMATION RELATED TO THE " SUIT" ; AND

(b) CONDUCT AND CONTROL THE DEFENSE OF THE INDEMNITEE IN SUCH " SUIT" .

SO LONG AS THE ABOVE CONDITIONS ARE MET, ATTORNEYS FEES INCURRED BY US IN THE DEFENSE OF THAT INDEMNITEE, NECESSARY LITIGATION EXPENSES INCURRED BY US AND NECESSARY LITIGATION EXPENSES INCURRED BY THE INDEMNITEE AT OUR REQUEST WILL BE PAID AS SUPPLEMENTARY PAYMENTS. NOTWITHSTANDING THE PROVISIONS OF PARAGRAPH 2.b.(2) OF COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY (SECTION I-COVERAGES), SUCH PAYMENTS WILL BE DEEMED TO BE PART OF DAMAGES AND WILL REDUCE THE LIMITS OF INSURANCE.

OUR OBLIGATION TO DEFEND AN INSURED'S INDEMNITEE AND TO PAY FOR ATTORNEYS FEES AND NECESSARY LITIGATION EXPENSES AS SUPPLEMENTARY PAYMENTS ENDS WHEN:

a. WE HAVE USED UP THE APPLICABLE LIMIT OF INSURANCE; OR

b. THE CONDITIONS SET FORTH ABOVE, OR THE TERMS OF THE AGREEMENT DESCRIBED IN PARAGRAPH f, ABOVE, ARE NO LONGER MET.

GU 207 (6-78)

NGB 0151564-00                                    INTEGRATED HEALTH SERVICES, INC.

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

CG 22 69 01 96

## DRUGGISTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  The following is added to paragraph 1. of COVER-AGE A–BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I–Coverages):

"Bodily injury" or "property damage" arising out of the rendering or failure to render professional health care services as a pharmacist shall be deemed to be caused by an "occurrence."

B.  The following exclusion is added to paragraph 2.. Exclusions of COVERAGE A–BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I–Cover-ages):

This insurance does not apply to "bodily injury" or "property damage" caused by the willful violation of a penal statute or ordinance relating to the sale of pharmaceuticals by or with the knowledge or consent of any insured.

C.  Paragraph 2.a.(1)(d) under WHO IS AN INSURED (Section II) is replaced by the following:

However, none of these "employees" is an insured for:

(1)  "Bodily injury" or "personal injury":

(d)  arising out of his or her providing or failing to provide professional health care services, other than professional health care services performed in his or her capacity as a phar-macist.

D.  For the purpose of determining the limits of insurance for the coverage provided by this endorsement, any act or omission together with all related acts or omis-sions in the furnishing of these services to any one person will be considered one "occurrence."

CL 824 (1-96)
CG 22 69 01 96                    Copyright, Insurance Services Office, Inc., 1994                    Page 1 of 1

NGB 0151564-00                              INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## BROAD NAMED INSURED ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that:

1. Paragraph 4. of Section II of the Policy ("Who Is An Insured") is deleted and replaced with the following:

   4. Any subsidiary, affiliate or organization, other than a partnership or joint venture, as may now exist or hereafter be constituted over which you assume active management or maintain ownership or majority interest, provided that you notify us within ninety (90) days from the date that any such subsidiary or affiliate is acquired or formed and that there is no other similar insurance available to that organization. However:

      a. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization.

      b. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

   No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

2. Nothing in this Endorsement shall affect the responsibilities, duties or obligations of either the first Named Insured or of the Company under the Policy.

GL 00 R061 00 0394

NGB 0151564—00                    INTEGRATED HEALTH SERVICES, INC.

CL 263
(11-85)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

CG 20 28 11 85

## ADDITIONAL INSURED—LESSOR OF LEASED EQUIPMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

Name of Person or Organization:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability arising out of the maintenance, operation or use by you of equipment leased to you by such person(s) or organization(s), subject to the following additional exclusions:

This insurance does not apply:

1.  To any "occurrence" which takes place after the equipment lease expires;

2.  To "bodily injury" or "property damage" arising out of the sole negligence of the person or organization shown in the Schedule.

CL 263 (11-85)
CG 20 28 11 85

Copyright, Insurance Services Office, Inc., 1984

Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

CG 20 11 01 96

## ADDITIONAL INSURED — MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | | Policy No. |
|---|---|---|
| | 12:01 A.M. standard time | NGB 0151564–00 |
| Named Insured | | Countersigned by |
| INTEGRATED HEALTH SERVICES, INC. | | |

(Authorized Representative)

### SCHEDULE

1. Designation of Premises (Part Leased to You):

2. Name of Person or Organization (Additional Insured):

3. Additional Premium:

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CL 806 (1-96)
CG 20 11 01 96

Copyright, Insurance Services Office, Inc., 1994

Page 1 of 1

CL 681
(10-93)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 22 44 10 93

## EXCLUSION—SERVICES FURNISHED BY HEALTH CARE PROVIDERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | Policy No. |
|---|---|
| 12:01 A.M. standard time | NGB 0151564--00 |
| Named Insured INTEGRATED HEALTH SERVICES, INC. | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Description of Operations:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to Paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages) and paragraph 2., Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY (Section I – Coverages):

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of:

1. The rendering or failure to render:

   a. Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

   b. Any health or therapeutic service, treatment, advice or instruction; or

   c. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

2. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

3. The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

CL 681 (10-93)
CG 22 44 10 93            Copyright, Insurance Services Office, Inc., 1992            Page 1 of 1

NGB 0151564-00                                    INTEGRATED HEALTH SERVICES, INC.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

IL 00 21 04 98

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (Broad Form)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT OF TRANSPORTATION
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

GU 507 (4-98)
IL 00 21 04 98                    Copyright, Insurance Services Office, Inc., 1997                    Page 1 of 2

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

(a) Any "nuclear reactor";

(b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel", or (3) handling, processing or packag-ing "waste";

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Copyright, Insurance Services Office, Inc., 1997

GU 507 (4-98)
IL 00 21 04 98

NGB 0151564-00

INTEGRATED HEALTH SERVICES, INC.

CL 701
(10-93)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 21 47 10 93

## EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to:

"Bodily Injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to paragraph 2., Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY (Section I – Coverages):

This insurance does not apply to:

"Personal Injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal injury" to that person at whom any of the employment-related practices described in paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CL 701 (10-93)
CG 21 47 10 93                    Copyright, Insurance Services Office, Inc., 1992                    Page 1 of 1

CL 694
(10-93)

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

CG 22 52 10 93

## EXCLUSION—MEDICAL PAYMENTS COVERAGE
## (INMATES, PATIENTS OR PRISONERS)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | Policy No. |
|---|---|
| 12:01 A.M. standard time | NGB 0151564-00 |
| Named Insured<br>INTEGRATED HEALTH SERVICES, INC. | Countersigned by |
| | (Authorized Representative) |

### SCHEDULE

Health Care Facilities
Mission, Settlement or Halfway Houses
Penal Institutions

The following exclusions are added to Paragraph 2., Exclusions of COVERAGE C—MEDICAL PAYMENTS (Section I—Coverages):

We will not pay expenses for:

1.  "Bodily injury" to any inmate, patient or prisoner who is being treated, cared for, detained or imprisoned in any of the facilities shown in the Schedule.

2.  Medical services rendered to anyone by you or your "employees" or any person or organization under contract with you to provide these medical services.

CL 694 (10-93)
CG 22 52 10 93

Copyright, Insurance Services Office, Inc., 1992

Page 1 of 1

NGB 0151564-00                              INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NOTICE OF OCCURRENCE ENDORSEMENT

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

If you report an injury to an employee to your worker's compensation carrier and if it is subsequently determined that the injury is one to which this insurance may apply, any failure to comply with Section IV, Commercial General Liability Conditions, duties in the event of an occurrence, claim or suit, will be waived if you provide us with the required notice as soon as possible after you know or reasonably should have known that this insurance may apply.

All other terms and conditions of this policy remain unchanged.

GL 00 R058 00 0394

NGB 0151564-00                                    INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NON-PYRAMIDING OF LIMITS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to bodily injury, property damage, advertising injury or personal injury arising out of an occurrence for which coverage is available under:

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

Nor shall coverage provided under this insurance be excess over coverage provided under any of the policies listed above.

CGBI 77 11 08 90-S
GL 00 R055 00 0394

CL. 648
(10-93)

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

CG 02 24 10 93

## EARLIER NOTICE OF CANCELLATION PROVIDED BY US

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | Policy No. |
|---|---|
| 12:01 A.M. standard time | NGB 0151564-00 |
| Named Insured<br>Integrated Health Services, Inc. | Countersigned by |

(Authorized Representative)

### SCHEDULE

Number of Days' Notice   10 DAYS FOR NONPAYMENT REASONS
                         90 DAYS FOR ALL OTHER REASONS

(If no entry appears above, information required to complete this Schedule will be shown in the Declarations as applicable to this endorsement.)

For any statutorily permitted reason other than nonpayment of premium, the number of days required for notice of cancellation, as provided in paragraph 2. of either the CANCELLATION Common Policy Condition or as amended by an applicable state cancellation endorsement, is increased to the number of days shown in the Schedule above.

Copyright, Insurance Services Office, Inc., 1992

**Reliance** 

## EMPLOYEE BENEFIT LIABILITY COVERAGE PART DECLARATIONS

**\*\*EFFECTIVE**

| POLICY NUMBER | POLICY PERIOD | AGENCY NUMBER |
|---|---|---|
| NGB 0151564-00 | FROM   1-1-99   TO 1-1-00 | 80904 |

NAMED INSURED   INTEGRATED HEALTH SERVICES, INC.

**THIS IS A CLAIMS-MADE COVERAGE PART - READ YOUR POLICY CAREFULLY**

THIS ENDORSEMENT PROVIDES SUPPLEMENTARY INFORMATION TO BE USED WITH THE FOLLOWING:
EMPLOYEE BENEFIT LIABILITY COVERAGE FORM.

### LIMITS OF INSURANCE

Aggregate Limit                                                   $   1,000,000.

Each Employee Limit\*                                          $   1,000,000.

\*Subject to the Aggregate Limit

Coverage Form Applicable:   GL 00 R033

Deductible Amount   $ 1,000. FOR _____ Each Employee  1,000,000. Per claim plus all ALAE

Retroactive Date

Section 1 of this Insurance does not apply to negligent Acts, Errors or Omissions which occurred prior to the retroactive date. If any, shown below:

Retroactive Date: _____

Covered employee benefit programs other than those listed in Section VII Definitions:

_____

_____

_____

_____

Premium Computation:

| Estimated No. of Employees | Estimated Premium | Minimum Premium |
|---|---|---|
| _____ | $ _____ | $ _____ |

The following form a part of this coverage part at issuance:

GL 00 R033        Employee Benefit Liability Coverage Form

_____    _____

_____    _____

CG 7020 1093

**QUICK REFERENCE**

**EMPLOYEE BENEFIT LIABILITY COVERAGE PART**

**READ YOUR POLICY CAREFULLY**

|  | Beginning on Page |
|---|---|
| **SECTION I - COVERAGES** | 1-4 |
| Insuring Agreement | 1 |
| Exclusions | 2 |
| Supplementary Payments | 3-4 |
| **SECTION II - WHO IS AN INSURED** | 4 |
| **SECTION III - LIMITS OF INSURANCE** | 4-5 |
| **SECTION IV - DEDUCTIBLE** | 5 |
| **SECTION V - CONDITIONS** | 5-7 |
| Bankruptcy | 5 |
| Duties in the Event of An Act, Error or Omission, Claim or Suit | 5 |
| Other Insurance | 6 |
| Legal Action Against Us | 6 |
| Premium Audit | 7 |
| Arbitration | 7 |
| Separation of Insureds | 7 |
| Transfer Of Rights Of Recovery Against Others To Us | 7 |
| **SECTION VI - EXTENDED REPORTING PERIOD** | 7-8 |
| **SECTION VII - DEFINITIONS** | 8-10 |

CGBP 73 20 10 93
GL 00 R033 02 0396

**THIS IS CLAIMS MADE COVERAGE - PLEASE READ THE ENTIRE FORM CAREFULLY.**

## EMPLOYEE BENEFIT LIABILITY COVERAGE PART

This coverage form explains your coverage for Employee Benefit Liability.

No obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for:

1. under the insuring agreements applicable to these coverages; or

2. under the SUPPLEMENTARY PAYMENTS.

These coverages are subject to exclusions that restrict coverage. The amount we will pay is limited as described under LIMITS OF INSURANCE. Read the entire Coverage Part carefully to determine rights, duties and what is and is not covered.

## SECTION I - COVERAGES

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of acts, errors or omissions arising out of the administration of your employee benefit program.

    b. We will have the right and duty to defend any suit to which this insurance applies, seeking damages, but:

        (1) We may investigate and settle any claim or suit at our discretion; and

        (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

    c. This insurance applies to damages because of a negligent act, error or omission in the administration of your employee benefit program only if:

        (1) The negligent act, error or omission out of which damages arise is committed in the coverage territory; and

        (2) The claim for damages because of a negligent act, error or omission is first made during the policy period or any Extended Reporting Period we provide under EXTENDED REPORTING PERIODS (Section VI) by:

            (a) an employee;

            (b) a former employee; or

            (c) The beneficiaries or legal representatives of an employee or a former employee.

    d. A claim by a person or organization will be deemed to have been made when notice of such claim is received and recorded by any insured or by us whichever comes first.

    e. All claims for damages by the same person and due to the same negligent act, error or omission will be deemed to have been made at the time the first of those claims is made against any insured.

    f. Written notice given by the insured during the policy period of an act, error or omission taking place during the policy period which may result in a claim will be considered a claim made against the insured during the policy period.

CGBP 73 20 10 93
GL 00 R033 02 0306

Page 2



2. Exclusions.

This insurance does not apply:

a.  To loss arising out of any dishonest, fraudulent, criminal or malicious act or omission, committed by any insured.

b.  To bodily injury, property damage, personal injury or advertising injury.

c.  To loss arising out of the failure of performance of contract by any insurer.

d.  To loss arising out of an insufficiency of funds to meet any obligations under any plan included in the employee benefit program.

e.  To any claim or suit based upon:

(1)  Failure of any investment to perform as represented by any insured; or

(2)  Advice given to any person to participate or not to participate in any plan included in the employee benefit program.

f.  To loss arising out of your failure to comply with the mandatory provisions of any law concerning workers' compensation, unemployment insurance, social security or disability benefits.

g.  To loss for which the insured is liable because of a liability imposed on a fiduciary by the Employee Retirement Income Security Act of 1974, as now or hereafter amended.

h.  To loss or damage for which benefits have accrued under the terms of an employee benefit plan to the extent that such benefits are available from funds accrued by the insured for such benefits or from collectible insurance, notwithstanding the insured's act, error or omission in administering the plan which precluded the claimant from receiving such benefits.

i.  If as of the effective date of this policy, the insured had knowledge or could reasonably foresee any circumstances which might result in a claim.

j.  To fines, penalties or taxes.

k.  To damage for acts, errors or omissions which were committed before the Retroactive Date shown in the schedule.

l.  To loss of money, banknotes, bullion, checks, money orders, and all other negotiable and nonnegotiable instruments representing money.

m.  To loss as a result of actual or alleged discrimination or humiliation.

3.  Supplementary Payments.

We will pay, with respect to any claim or suit we defend:

a.  All expenses we incur.

b.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

c.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings up to $100 a day because of time off from work.

CGBP 73 20 10 03
GL 00 R033 02 0396

Page 3

---

We will pay, with respect to any claim or suit we defend:

a.  All expenses we incur.

b.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

c.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings up to $100 a day because of time off from work.

CGBP 73 20 10 03
GL 00 R033 02 0396

Page 3

We will pay, with respect to any claim or suit we defend:

    d.   All costs taxed against the insured in the suit.

    e.   Prejudgment interest awarded against the insured on the part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on the period of time following the offer.

    f.   All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

## SECTION II - WHO IS AN INSURED

1.   If you are designated in the Declarations as:

    a.   An individual, **you, your** spouse, and your family members are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b.   A partnership or joint venture, you are an insured.

    c.   An organization other than a partnership or joint venture, **you** are an insured. Your directors and stockholders are also insureds, but only with respect to their liability as your directors or stockholders.

2.   The following is also an insured:

    a.   Each of your partners, executive officers and employees who is authorized to administer your employee benefit program.

3.  Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    a.   Coverage under this provision is afforded only until the 90th day after you acquire, or form the organization or the end of the policy period, whichever is earlier;

    b.   Coverage under this provision does not apply to any negligent act, error or omission that was committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1.   The Limits of Insurance shown in the Declarations and the rules below determine the most we will pay regardless of the number of:

    a.   Insureds;

    b.   Claims made or suits brought;

    c.   Persons or organizations making claims or bringing suits.

2.   The "Aggregate Limit" is the most we will pay for all damages under this coverage.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 4

3.  Subject to 2. above, the 'Each Employee Limit' is the most we will pay for all damages to any one employee including dependents and beneficiaries.

The limits of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after one or more 12 month periods for a period of less than 12 months. In that case the additional period will be deemed as part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - DEDUCTIBLE

1.  Our obligation to pay damages on behalf of the insured applies only to the amount of damages in excess of the deductible amount stated in Item 4 of the Declarations as applicable to 'Each Employee'. The limits of insurance applicable to 'Each Employee' will not be reduced by the amount of this deductible. The 'Aggregate Limit' shall not be reduced by the application of such deductible amount.

2.  Claims resulting from the same negligent act(s), error(s) or omission(s) of one or more of the insureds are a single claim, and only one deductible applies.

3.  We may pay all or part of the deductible in order to settle any claim. You will pay us promptly for any deductible amount we pay.

## SECTION V - CONDITIONS

1.  Bankruptcy

    If you or your estate becomes bankrupt or insolvent, we will still be bound by the provisions of this Coverage Part.

2.  Duties in the Event Of An Act, Error or Omission, Claim or Suit

    a.  You must see to it that we are notified as soon as practicable of an act, error or omission which may result in a claim. To the extent possible, notice should include:

        (1)  How, when and where the act, error or omission took place; and

        (2)  The names and addresses of any employees who may suffer damages as a result of the act, error or omission.

    b.  If a claim is received by any insured you must:

        (1)  Immediately record the specifics of the claim and the date received; and

        (2)  Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim as soon as practicable.

    c.  You and any other involved insured must:

        (1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a suit;

        (2)  Authorize us to obtain records and other information;

        (3)  Cooperate with us in the investigation, settlement or defense of the claim or suit; and

        (4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of damages to which this insurance may also apply.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 5

    d.   No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

3.   Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under this Coverage Part, our obligations are limited as follows:

    a.   Primary Insurance

This insurance is primary except when (b) below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in (c) below.

    b.   Excess Insurance

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:

    (1)   That is effective prior to the effective date of the insurance and that applies to damages on other than a claims-made basis, if;

        (i)   no Retroactive Date is shown in the Declarations of this insurance; or

        (ii)   the other insurance has a policy period which continues after the Retroactive Date shown in the Declarations page of this Coverage Part.

When this insurance is excess, we will have no duty to defend any claim or suit that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to exercise the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (2)   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (3)   The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    c.   Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow the method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the Loss remains, whichever comes first.

If any other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

4.   Legal Action Against Us

You may not bring any suit or legal action against us to recover a claim unless the terms of this policy have been complied with. Nor can suit be brought against us until the amount of a claim against you has been determined or agreed upon.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 6

5. **Premium Audit**

We will compute all premiums for this policy in accordance with our rules and rates. Premiums shown in this policy as "advance premium" are deposit premiums only. The premiums developed by the audit are due and payable on notice to the first Named Insured. If the total advance and audit premiums paid for the policy period are greater than the earned premium, we will return the excess amount.

The first Named Insured:

a. Is responsible for the creation and maintenance of records of the information we need for premium computation; and

b. Must send us copies of records we request.

6. **Arbitration**

If a claim against any insured goes to arbitration, we shall be entitled to exercise the insured's rights in the choice of arbitrators.

7. **Separation of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or suit is brought.

8. **Transfer of Rights of Recovery Against Others To Us**

Any person to whom or for whom we make payment must transfer to us his or her rights of recovery against any other party. This person must do everything needed to secure and preserve these rights. He or she must do nothing after the loss that would jeopardize them.

## SECTION VI - EXTENDED REPORTING PERIOD

1. We will provide an automatic Extended Reporting Period as described in paragraph 3. or, if you purchase it, an Extended Reporting Period Endorsement as described in paragraph 4. only if:

   a. This Coverage Part is cancelled or not renewed for any reason; or

   b. We renew or replace this Coverage Part with other insurance that has a Retroactive Date later than the one shown in this Coverage Part's Declarations.

2. If we provide an Extended Reporting Period, the following is added to paragraph 1.b. of INSURING AGREEMENT - SECTION 1:

   a. A claim first made during the Extended Reporting Period will be deemed to have been made on the last day of the policy period provided that the claim is for damages because of an act, error or omission that occurred before the end of the policy period of this policy (but not before any applicable Retroactive Date).

   The Extended Reporting Period will not reinstate or increase the Limits of Insurance or extend the policy period.

3. The automatic Extended Reporting Period will be for 60 days, starting with the end of the policy period of this policy.

   This automatic Extended Reporting Period applies only if no subsequent insurance you purchase applies to the claim, or would apply but for the exhaustion of its applicable limit of insurance.

CGBP 73 20 10 93
GL 00 R033 02 0396

Page 7

This automatic Extended Reporting Period may not be cancelled.

4.  If you purchase the optional Extended Reporting Period Endorsement, the Extended Reporting Period will be for one year, starting with the end of the policy period of this policy. We will issue that Endorsement if the first Named Insured shown in the Declarations:

    a.  Makes a written request for it which we receive within 60 days after the end of the policy period; and

    b.  Promptly pays the additional premium when due.

    The Extended Reporting Period Endorsement will not take effect unless the additional premium is paid when due. If that premium is paid when due, the endorsement may not be cancelled.

    The Extended Reporting Period Endorsement will also amend Paragraph 3, Other Insurance of CONDITIONS (Section V) so that the insurance provided will be excess over any other valid and collectible insurance available to the insured, whether primary, excess, contingent or on any other basis, whose policy period begins or continues after the Endorsement takes effect.

5.  We will determine the actual premium for the Extended Reporting Period Endorsement in accordance with our rules and rates. In doing so, we may take into account the following:

    a.  The exposures insured;

    b.  Premiums, types and amounts of insurance;

    c.  Limits of Insurance available under this Coverage Part for future payment of damages; and

    d.  Other related factors.

    The premium for the Extended Reporting Period Endorsement will not exceed 200% of the annual premium for the Coverage Part to which the endorsement would be attached and will be fully earned when the Endorsement takes effect.

6.  If the optional Extended Reporting Endorsement is in effect, we will provide a separate aggregate limit of Insurance equal to the dollar amount shown in the declarations in effect at the end of the policy period. The separate aggregate limit shall only apply to claims first received and recorded during the Optional Extended Reporting Period.

## SECTION VII - DEFINITIONS

1.  **Administration -**

    a.  Counseling employees, including their dependents and beneficiaries, with respect to the employee benefit program;

    b.  Handling records in connection with the employee benefit program; or

    c.  Effecting or terminating any employee's participation in a plan included in the employee benefit program.

2.  **Advertising Injury -** Injury arising out of one or more of the following offenses:

    a.  oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

    b.  oral or written publication of material that violates a person's right of privacy;

    c.  misappropriation of advertising ideas or style of doing business; or

CGBP 73 20 10 93
GL 00 R033 02 0396

   d.   infringement of copyright, title or slogan;

        arising out of advertising activities.

3.   **Bodily injury** - Bodily injury, sickness or disease sustained by a person, including care, loss of services or death resulting from any of these at any time.

4.   **Coverage Territory** - the United States of America (including its territories and possessions), Puerto Rico and Canada.

5.   **Employee(s)** - your officers, partners and employees whether actively employed, disabled or retired.

6.   **Employee benefit program** - the following plans:

     a.   Group life insurance, group accident or health insurance, **profit sharing plans**, IRS qualified pension plans and **stock subscription plans**, provided that no one other than an employee may subscribe to such insurance or plans;

     b.   Unemployment insurance, social security benefits, workers' compensation and disability benefits;

     c.   Any other similar plan designated in the Declarations or added thereto by endorsement.

7.   **Insured** - any person or organization qualifying as such under WHO IS AN INSURED.

8.   **Leased Worker** - a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. Leased worker does not include a temporary worker.

9.   **Occurrence** - an accident, including continuous or repeated exposure to substantially the same general harmful conditions. Property Damage that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the accident that caused it.

10.  **Personal injury** - injury other than bodily injury, arising out of one or more of the following offenses:

     a.   False arrest, detention or imprisonment;

     b.   Malicious prosecution;

     c.   Wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of:

          1)   a room;

          2)   a dwelling; or

          3)   a premises;

     that a person occupies by on behalf of its owner, landlord or lessor;

     d.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

     e.   Oral or written publication of material that violates a person's right of privacy.

11.  **Profit sharing plans** - only such plans that are IRS qualified and equally available to all full time employees.

12. **Property damage -**

    a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

13. **Stock subscription plans** - only such plans that are IRS qualified and equally available to all full time employees.

14. **Suit** - a civil proceeding in which damage because of an act, error or omission to which this insurance applies are alleged. suit includes:

    a.   An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

    b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

15. **Temporary Worker** - a person who is furnished to you to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions.

CL 395
(1-86)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

GL 23 27 01 86

# CHANGES IN PROFESSIONAL LIABILITY FORMS
## FOR COMMERCIAL PACKAGE POLICIES

This endorsement modifies insurance provided under the following:

HOSPITAL PROFESSIONAL LIABILITY POLICY

LAWYERS PROFESSIONAL LIABILITY POLICY

PHYSICIANS, SURGEONS AND DENTISTS PROFESSIONAL LIABILITY POLICY

A. The following substitution of terms shall apply without any change in the insurance coverage provided:

The term:

"Company" is replaced by the terms "we," "us" or "our."

"Named Insured" is replaced by the terms "you" or "your."

"Policy" is replaced by the term "Coverage Part."

"Policy territory" is replaced by the term "coverage territory."

B. If this Coverage Part is written with a Commercial General Liability "claims-made" coverage form, SECTION V—Extended Reporting Periods in that form does not apply to this Coverage Part. The Extended Reporting Period contained in the ADDITIONAL CONDITIONS of this Coverage Part applies.

C. The "suit" definition is replaced by the following:

"Suit" means a civil proceeding in which damages to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit or submit with our consent.

D. The following Conditions are replaced by the Common Policy Conditions:

1. Premium.

2. Inspection and Audit.

3. Changes.

4. Assignment.

5. Cancellation.

Copyright, Insurance Services Office, Inc., 1986

PROFESSIONAL LIABILITY
PR 00 03 12 97

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

Various provisions in the policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGE

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of injury to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for injury to which this insurance does not apply. We may at our discretion investigate any "medical incident" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

b. This insurance applies to injury only if:

(1) The injury is caused by a "medical incident" that takes place in the "coverage territory"; and

(2) The injury occurs during the policy period.

### 2. Exclusions

This insurance does not apply to:

a. Criminal Acts

Injury arising out of a criminal act, including but not limited to sexual abuse or molestation or fraud, committed by or at the direction of the insured.

b. Contractual Liability

Injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

c. Violation Of An Antitrust Law

Any claim for damages arising out of the violation of an antitrust law.

d. Workers Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. Employers' Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligations to share damages with or repay someone else who must pay damages because of the injury.

f. Aircraft, Auto Or Watercraft

Injury arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and loading or unloading.

However, this exclusion does not apply to loading or unloading of patients from any "ambulance".

3. **Supplementary Payments**

We will pay, with respect to any claim we investigate or settle or any "suit" against an insured we defend:

a. All expenses we incur.

b. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

c. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

d. All costs taxed against the insured in the "suit".

e. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

f. All interest on the full amount of the judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the Limits of Insurance.

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members and partners and their spouses are also insureds, but only with respect to that member's or partner's liability as such.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers", directors, trustees and governors are insureds, but only with respect to their duties as your officers, directors, trustees or governors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Your "employees" are also insureds, but only for acts or omissions within the scope of their employment by you or while performing duties related to the conduct of your business.

3. If an insured dies or is adjudged incompetent, this insurance will terminate for that insured. But the insured's legal representative will be an insured for any "medical incident" previously committed and covered by this policy.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The Aggregate Limit is the most we will pay for the sum of all damages because of injury.

3. Subject to the Aggregate Limit, the Each Medical Incident Limit is the most we will pay for all damages because of all injury arising out of any one "medical incident".

   All related "medical incidents" arising out of the providing of or failure to provide professional health care services to any one person shall be considered one "medical incident".

The limits of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – CONDITIONS

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

Copyright, Insurance Services Office, Inc., 1996

PR 00 03 12 97     □

2. **Duties In The Event Of A Medical Incident, Claim Or Suit**

 a. You must see to it that we are notified as soon as practicable of a circumstance which may result in a claim. To the extent possible, notice should include:

 (1) Specific circumstances surrounding the "medical incident";

 (2) The names and addresses of any injured persons and witnesses; and

 (3) The nature and location of any injury arising out of the "medical incident".

 b. If a claim is made or "suit" is brought against any insured, you must:

 (1) Immediately record the specifics of the claim or "suit" and the date received; and

 (2) Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 c. You and any other involved insured must:

 (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

 (2) Authorize us to obtain records and other information;

 (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

 (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply.

 d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

3. **Legal Action Against Us**

 No person or organization has a right under this Coverage Part:

 a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

 b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured, and the claimant or the claimant's legal representative.

4. **Other Insurance**

 If other valid and collectible insurance is available to the insured for a loss we cover under this Coverage Part, our obligations are limited as follows:

 a. **Primary Insurance**

 This insurance is primary. Our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph b. below.

 b. **Method Of Sharing**

 If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first. If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

5. **Premium Audit**

 a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

 b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy term is greater than the earned premium, we will return the excess to the first Named Insured.

 c. The first Named Insured must keep records of the information we need for premium computation and send us copies at such times as we may request.

6. **Representations**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations you made to us; and

c. We have issued this policy in reliance upon your representations.

7. **Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

8. **Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

9. **When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V – DEFINITIONS**

1. "Ambulance" means any aircraft, "auto" or watercraft equipped for transporting the sick or injured.

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada; and

b. All parts of the world if the insured's responsibility to pay damages is determined in a "suit" on the merits in the territory described in Paragraph a. above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

8. "Medical incident" means any act or omission:

a. In the providing of or failure to provide professional health care services to your patients, including:

(1) The providing or dispensing of food, beverages, medications or medical supplies or appliances in connection with such services; and

(2) The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

b. Arising out of the service by any person as a:

(1) Member of a formal accreditation, standards review or equivalent professional board or committee of the Named Insured; or

(2) Person charged with executing the directives of such board or committee.

9. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

(1) Equipment designed primarily for:

(a) Snow removal;

(b) Road maintenance, but not construction or resurfacing; or

(c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

10. "Suit" means a civil proceeding in which damages because of injury to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

11. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on                    at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00              of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_Authorized Representative_

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SUPPLEMENTARY PAYMENTS-ERODE LIMITS OF INSURANCE AMENDMENT

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

" SUPPLEMENTARY PAYMENTS" IS MODIFIED SUCH THAT ALL PAYMENTS WILL REDUCE THE LIMITS OF INSURANCE. THE FOLLOWING CHANGES ARE MADE TO THE COVERAGE FORMS:

" INSURING AGREEMENT" , SECTION I COVERAGE, PARAGRAPH 1.a.(1) IS REPLACED WITH:

(2)  THE AMOUNT WE WILL PAY FOR DAMAGES AND OUR RIGHT AND DUTY TO DEFEND IS LIMITED
     AND ENDS AS DESCRIBED IN LIMITS OF INSURANCE (SECTION III).

" INSURING AGREEMENT" , SECTION I, COVERAGE, PARAGRAPH 1.a.(2) IS DELETED.

" LIMITS OF INSURANCE" , SECTION III IS AMENDED AS FOLLOWS:

FOR THE PURPOSES OF DETERMINING THE LIMITS OF INSURANCE, DAMAGES INCLUDE AMOUNTS PAID UNDER SUPPLEMENTARY PAYMENTS. OUR RIGHT AND DUTY TO DEFEND ENDS WHEN WE HAVE USED UP THE APPLICABLE LIMIT OF INSURANCE.

" SUPPLEMENTARY PAYMENTS" , SECTION I IS DELETED AND REPLACED WITH THE FOLLOWING:

3.  SUPPLEMENTARY PAYMENTS

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on                                        at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                    of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

WE WILL PAY, WITH RESPECT TO ANY CLAIM WE INVESTIGATE OR SETTLE, OR ANY " SUITE"
AGAINST AN INSURED WE DEFEND:

1. ALL EXPENSES WE INCUR.

2. UP TO $250 FOR COST OF BAIL BONDS REQUIRED BECAUSE OF ACCIDENTS OR TRAFFIC LAW
   VIOLATIONS ARISING OUT OF THE USE OF ANY VEHICLE TO WHICH THE BODILY INJURY
   LIABILITY COVERAGE APPLIES. WE DO NOT HAVE TO FURNISH THESE BONDS.

3. THE COST OF BONDS TO RELEASE ATTACHMENTS, BUT ONLY FOR BOND AMOUNTS WITHIN THE
   APPLICATION LIMIT OF INSURANCE. WE DO NOT HAVE TO FURNISH THESE BONDS.

4. ALL REASONABLE EXPENSES INCURRED BY THE INSURED AT OUR REQUEST TO ASSIST US IN THE
   INVESTIGATION OR DEFENSE OF THE CLAIM OR " SUIT" , INCLUDING ACTUAL LOSS OF
   EARNINGS UP TO $250 A DAY BECAUSE OF TIME OFF FROM WORK.

5. ALL COSTS TAXED AGAINST THE INSURED IN THE " SUIT" .

6. PREJUDGMENT INTEREST AWARDED AGAINST THE INSURED ON THAT PART OF THE JUDGMENT WE
   PAY. IF WE MAKE AN OFFER TO PAY THE APPLICABLE LIMIT OF INSURANCE, WE WILL NOT PAY
   ANY PREJUDGMENT INTEREST BASED ON THAT PERIOD OF TIME AFTER THE OFFER.

7. ALL INTEREST ON THE FULL AMOUNT OF ANY JUDGMENT THAT ACCRUES AFTER ENTRY OF THE
   JUDGMENT AND BEFORE WE HAVE PAID, OFFERED TO PAY, OR DEPOSITED IN COURT THE PART OF
   THE JUDGMENT THAT IS WITHIN THE APPLICABLE LIMIT OF INSURANCE.

   THESE PAYMENTS WILL BE CONSIDERED PART OF DAMAGES AND WILL REDUCE THE LIMITS OF
   INSURANCE.

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

**ENDORSEMENT**

This endorsement, effective on

Policy No. NGB 0151564-00                     of the

Issued to: INTEGRATED HEALTH SERVICES, INC.

at 12:01 A.M. standard time, forms a part of

_____

Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMENDATORY ENDORSEMENT-INSURING AGREEMENT**
**PRIOR OCCURRENCE COVERAGE FOR SCHEDULED ENTITIES**

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

**HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM**

SECTION I-COVERAGE, PARAGRAPH 1.B.(2) OF THE INSURING AGREEMENT IS DELETED AND REPLACED
AS FOLLOWS:

(2)  THE INJURY OCCURS DURING THE POLICY PERIOD; OR THE INJURY OCCURS SUBSEQUENT TO
THE LISTED " RETROACTIVE DATE" FROM ONE OF THE SPECIFICALLY " SCHEDULE
INSUREDS" BELOW AND THE CLAIM IS FIRST MADE DURING THIS POLICY PERIOD AND NOT
ANY OF THE FOLLOWING:

a.  FIRST MADE TO ANY INSURER PRIOR TO THE EFFECTIVE DATE OF THE SCHEDULED
ENTITY BEING ACQUIRED BY INTEGRATED HEALTH SERVICES, INC.

b.  MADE AGAINST THIS POLICY BECAUSE THE LIMITS OF LIABILITY UNDER ANY
PREVIOUS POLICY, WHETHER ISSUED BY US OR NOT, ARE INSUFFICIENT OR HAVE
BEEN EXHAUSTED

c.  MADE AGAINST THIS POLICY BECAUSE OF INSOLVENCY OR BANKRUPTCY OF ANY
INSURER

d.  COVERED BY ANY OTHER INSURANCE, INCLUDING ANY COVERAGE AFFORDED BY AN
EXTENDED REPORTING PERIOD

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

### ENDORSEMENT

This endorsement, effective on

at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                 of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

| SCHEDULED INSUREDS | RETROACTIVE DATE |
|---|---|
| BARTON CREEK HEALTHCARE, INC. | SEPTEMBER 2, 1989 |
| BARTON CREEK INVESTMENT, INC. | SEPTEMBER 1, 1990 |
| BAY AREA PARTNERS | JULY 26, 1986 |
| LITHOTRIPSY PARTNERS OF CINCINNATI | JANUARY 1, 1993 |
| LITHOTRIPSY MANAGEMENT SERVICES | JANUARY 1, 1993 |
| SERVICE TRENDS | SEPTEMBER 11, 1993 |
| NORTH GEORGIA LITHOTRIPSY PARTNERS OF ATLANTA | JUNE 12, 1990 |
| NORTH GEORGIA LITHOTRIPSY, LP | JUNE 12, 1990 |
| NORTH GEORGIA LITHOTRIPSY ASSOCIATES, INC. | DECEMBER 12, 1994 |
| NORTH GEORGIA LITHOTRIPSY PARTNERS OF AUGUSTA | FEBRUARY 11, 1991 |
| COBB REGIONAL LITHOTRIPSY PARTNERS | JUNE 25, 1990 |
| MIDWEST UROLOGIC STONE LIMITED PARTNERSHIP | APRIL 1, 1993 |
| MOBILE LITHOTRIPSY OF INDIANA, INC. | FEBRUARY 1, 1993 |
| MOBILE LITHOTRIPSY OF INDIANA, LTD. | FEBRUARY 1, 1993 |
| MOBILE LITHOTRIPSY OF INDIANA LIMITED PARTNERSHIP | FEBRUARY 1, 1993 |
| NEW JERSEY LITHO, LP | SEPTEMBER 14, 1990 |
| NORTHEAST INDIANA STONECARE, LLC | MARCH 1, 1994 |
| SOUTHWEST LITHOTRIPSY PARTNERS, LTD. | DECEMBER 31, 1993 |
| GULF SOUTH LITHOTRIPSY | DECEMBER 1, 1990 |
| GULF SOUTH CRYOGENICS | DECEMBER 1, 1990 |

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on _____ at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00 _____ of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

THIS ENDORSEMENT CHANGES YOUR POLICY TO COMPLY WITH THE REQUIREMENTS OF SECTION 952 OF THE OMNIBUS RECONCILIATION ACT OF 1980. UPON WRITTEN REQUEST, WE WILL ALLOW THE SECRETARY OF HEALTH AND HUMAN SERVICES AND THE CONTROLLER GENERAL ACCESS TO THE POLICY AND NECESSARY BOOKS, DOCUMENTS AND RECORDS TO VERIFY THE COST OF THE POLICY, TO THE EXTENT REQUIRED BY LAW. ACCESS WILL ALSO BE ALLOWED TO SUBCONTRACTORS BETWEEN US AND ANY RELATED ORGANIZATION OF OURS AND TO ITS BOOKS, DOCUMENTS AND RECORDS. SUCH ACCESS WILL BE PROVIDED UP TO FOUR YEARS AFTER THE SERVICES FURNISHED UNDER THIS POLICY END.

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

ENDORSEMENT

This endorsement, effective on                                        at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                      of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AMENDATORY ENDORSEMENT-BEAUTY AND BARBERS LIABILITY

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

SECTION V-DEFINITIONS, PARAGRAPH 8. " MEDICAL INCIDENT" IS AMENDED AS FOLLOWS;

c.   IN THE PROVIDING OR FAILURE TO PROVIDE PERSONAL OR PROFESSIONAL SERVICES USUAL
     TO A BEAUTY PARLOR OR BARBER SHOP, INCLUDING:

     (1) THE RENDERING OR FAILURE TO RENDER ANY TREATMENT, SERVICE, ADVISE OR
         INSTRUCTION FOR THE PURPOSE OF APPEARANCE OR SKIN ENHANCEMENT, HAIR REMOVAL
         OR REPLACEMENT, OR PERSONAL GROOMING.

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on                                    at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                    of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### WHO IS AN INSURED-AMENDMENT

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

SECTION II-WHO IS AN INSURED, PARAGRAPH 2 IS AMENDED AS FOLLOWS:

2. EACH OF THE FOLLOWING IS ALSO AN INSURED:

a. YOUR " EMPLOYEES" , OTHER THAN EITHER YOUR " EXECUTIVE OFFICERS"  (IF YOU ARE AN
ORGANIZATION OTHER THAN A PARTNERSHIP, JOINT VENTURE OR LIMITED LIABILITY COMPANY),
YOUR MANAGERS (IF YOU ARE A LIMITED LIABILITY COMPANY), ANY ALLOPATHIC
PHYSICIANS/SURGEONS, OSTEOPATHIC PHYSICIANS/SURGEONS (INCLUDING BUT NOT LIMITED TO
RESIDENTS, EXTERNS, INTERNS, AND FELLOWS), PODIATRISTS, CHIROPRACTORS, DENTIST, OR
CERTIFIED REGISTERED NURSE ANESTHETIST; BUT, ONLY FOR ACTS WITHIN THE SCOPE OF THEIR
EMPLOYMENT BY YOU OR WHILE PERFORMING DUTIES RELATED TO THE CONDUCT OF YOUR BUSINESS.
    ANY VOLUNTEER WORKER AUTHORIZED BY THE " NAMED INSURED"  WHILE ACTING WITHIN THE
SCOPE OF THEIR DUTIES AS SUCH, EXCEPT ANY HEALTHCARE PROVIDERS LISTED IN THE ABOVE
PARAGRAPH.
    ANY STUDENT OF THE HEALTH CARE PROFESSION WHO IS IN TRAINING PROGRAMS SPONSORED AND
CONTROLLED BY THE " NAMED INSURED" .
    ANY PERSON OR MEMBER OF A FORMAL ACCREDITATION, STANDARDS REVIEW OR SIMILAR
PROFESSIONAL BOARD OR COMMITTEE OF THE " NAMED INSURED"  OR ANY PERSON EXECUTING THE
DIRECTIVES OF SUCH BOARD OR COMMITTEE, WHILE ACTING WITHIN THE SCOPE OF THEIR DUTIES AS
SUCH.
    ANY MEDICAL DIRECTOR OR ADMINISTRATOR, BUT SOLELY AS RESPECT THEIR ADMINISTRATIVE
DUTIES PERFORMED FOR AND ON BEHALF OF THE " NAMED INSURED" .

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

**GU 207**
**(6-78)**

ENDORSEMENT

This endorsement, effective on _____ at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00 _____ of the _____

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

HOWEVER, NONE OF THESE IS AN INSURED FOR:

(1) " BODILY INJURY" , " PERSONAL INJURY" OR " MEDICAL INCIDENTS" :

    (a) TO YOU, TO YOUR PARTNERS OR MEMBERS (IF YOU ARE A PARTNERSHIP OR JOINT
        VENTURE) , TO YOUR MEMBERS (IF YOU AR A LIMITED LIABILITY COMPANY) , OR TO A
        CO-" EMPLOYEE" WHILE THAT CO-" EMPLOYEE" IS EITHER IN THE COURSE OF HIS
        OR HER EMPLOYMENT OR PERFORMING DUTIES RELATED TO THE CONDUCT OF YOUR
        BUSINESS;

    (b) TO THE SPOUSE, CHILD, PARENT, BROTHER OR SISTER OF THAT CO-" EMPLOYER" AS
        A CONSEQUENCE OF PARAGRAPH (1)(a) ABOVE;

    (c) FOR WHICH THERE IS ANY OBLIGATION TO SHARE DAMAGES WITH OR REPAY SOMEONE
        ELSE WHO MUST PAY DAMAGES BECAUSE OF THE INJURY DESCRIBED IN PARAGRAPHS
        (1)(a) OR (b) ABOVE; OR

    (d) ARISING OUT OF HIS OR HER PROVIDING OR FAILING TO PROVIDE PROFESSIONAL
        HEALTH CARE SERVICES, MEDICAL CARE, OR PROFESSIONAL SERVICES TO PATIENTS.

(2) " PROPERTY DAMAGE" TO PROPERTY:

    (a) OWNED, OCCUPIED OR USED BY,

    (b) RENTED TO, IN THE CARE, CUSTODY OR CONTROL OF, OR OVER WHICH PHYSICAL
        CONTROL IS BEING EXERCISED FOR ANY PURPOSE BY

    YOU, ANY OF YOUR " EMPLOYEES" , ANY PARTNER OR MEMBER (IF YOU ARE A PARTNERSHIP
    OR JOINT VENTURE) , OR ANY MEMBER (IF YOU ARE A LIMITED LIABILITY COMPANY) .

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

## ENDORSEMENT

This endorsement, effective on

at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00            of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS -- ASBESTOS

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

THE FOLLOWING ADDITIONAL EXCLUSION APPLIES:

THIS INSURANCE DOES NOT APPLY TO MEDICAL INCIDENTS, BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY OR ADVERTISING INJURY ARISING OUT OF THE ACTUAL, ALLEGED OR THREATENED:

1.  INHALATION OF, INGESTION OF, OR PROLONGED PHYSICAL EXPOSURE TO ASBESTOS OR PRODUCTS OR WORK CONTAINING ASBESTOS; OR

2.  USE OF ASBESTOS IN YOUR WORK OR YOUR PRODUCT OR THE WORK OR PRODUCTS OF ANY PERSON OR ORGANIZATION FOR WHOM YOU MAY BE LEGALLY RESPONSIBLE; OR

3.  EXPOSURE TO ASBESTOS OR PRODUCTS CONTAINING ASBESTOS WHICH ARE AT ANY TIME REMOVED FROM A BUILDING OR A STRUCTURE, TRANSPORTED, HANDLED, STORED, TREATED, DISPOSED OF, PROCESSED OR MANUFACTURED BY YOU OR ANY PERSON OR ANY ORGANIZATION FOR WHOM YOU MAY BE LEGALLY RESPONSIBLE.

GU 207 (6-78)

NGB 0151564-00

INTEGRATED HEALTH SERVICES, INC.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## UNINTENTIONAL FAILURE TO DISCLOSE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

Your unintentional failure to disclose all hazards as of the inception date of the policy shall not prejudice any insured with respect to the coverage afforded by this policy.

ILBI 83 06 07 93-S
RN 00 R013 00 0394

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

### ENDORSEMENT

This endorsement, effective on                                    at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                    of the

Issued to. INTEGRATED HEALTH SERVICES, INC.


_____

Authorized Representative

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

KNOWLEDGE OF OCCURRENCE

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

HOSPITAL PROFESSIONAL LIABILITY COVERAGE FORM

IT IS AGREED THAT KNOWLEDGE OF AN OCCURRENCE BY THE AGENT, SERVANT OR EMPLOYEE OF THE INSURED SHALL NOT IN ITSELF CONSTITUTE KNOWLEDGE BY THE INSURED UNLESS THE NAMED INSURED OR ANY PARTNER OR ANY EXECUTIVE OFFICER OR ANY OTHER OFFICER OR PERSON RESPONSIBLE FOR INSURANCE MATTERS OF THE INSURED'S CORPORATION SHALL HAVE RECEIVED SUCH NOTICE FROM THE AGENT, SERVANT OR EMPLOYEE.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

GU 207 (6-78)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

GU 207
(6-78)

### ENDORSEMENT

This endorsement, effective on                                    at 12:01 A.M. standard time, forms a part of

Policy No. NGB 0151564-00                of the

Issued to. INTEGRATED HEALTH SERVICES, INC.

_____
Authorized Representative

#### UNINTENTIONAL ERRORS AND OMISSIONS

IT IS AGREED THAT UNINTENTIONAL ERRORS OR OMISSIONS IN YOUR DUTIES IN THE EVENT OF
OCCURRENCE, CLAIM OR SUIT AS STATED IN CONDITIONS SHALL NOT PREJUDICE INSURANCE AFFORDED
BY THIS POLICY.

GU 207 (6-78)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

## DEDUCTIBLE LIABILITY INSURANCE

(ALAE reduce Deductible)

INSURED:     INTEGRATED HEALTH SERVICES, INC.

POLICY NUMBER:     NGB 0151564-00

ENDORSEMENT NUMBER:

ENDORSEMENT EFFECTIVE:     1/1/99

This Endorsement modifies insurance provided under the Policy.

**SCHEDULE**

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| Bodily Injury Liability | $ | per "claim" |
| | $ | per "occurrence" |
| Property Damage Liability | $ | per "claim" |
| Medical Incident Liability | $ 2,000,000. | per "occurrence" |
| Bodily Injury Liability and Property | | |
| Damage Liability Combined | $ | per "claim" |
| | $ 1,000,000. | per "occurrence" |
| Personal and Advertising Injury | $ | per "claim" |
| | $ 1,000,000. | per "occurrence" |
| | $ | per any one perso or organization |
| Fire | $ Policy Limit | per fire |
| Medical Expenses | $ Policy Limit | per person |
| Deductible Aggregate | $   N/A | |
| Employee Benefits Liability | $1,000,000 | Per "Claim" |

(If no entry appears in the Schedule above, information required to complete tl
Endorsement will be shown in the Declarations as applicable to this Endorsemer.

Pag

## APPLICATION OF ENDORSEMENT

1.  Our obligation under the Policy to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the above Schedule as applicable to such coverages, and the Limits of Insurance set forth in the Declarations applicable to this Endorsement for such coverages will be reduced by the amount of such deductible. The "Aggregate" Limits of Insurance stated in the Declarations of the Policy for such coverages shall be reduced by the application of such deductible amount.

    "Allocated Loss Adjustment Expenses" for claims within the deductible shall be paid by you and shall reduce the deductible amounts stated in the above Schedule.

    "Allocated Loss Adjustment Expenses" is defined as those expenses under the "Supplementary Payments" section of the Policy which we directly allocate to a particular claim.

2.  The deductible amounts stated in the above Schedule on a "per claim" basis and a "per occurrence" basis apply as follows:

    A.  PER CLAIM BASIS - If the deductible is on a "per claim" basis, the deductible amount applies:

        1.  Under the Bodily Injury Liability or Property Damage Liability Coverage, respectively:

            a.  To all damages because of "bodily injury" sustained by one person, or

            b.  To all damages because of "property damage" sustained by one person or organization, as the result of any one "occurrence".

        2.  Under Bodily Injury Liability and Property Damage Liability Coverage combined, to all damages because of "bodily injury" and "property damage" sustained by one person or organization as the result of any one "occurrence".

        3.  Under the Personal and Advertising Injury Coverage, to all damages because of "personal injury" and "advertising injury" sustained by one person or organization as the result of any one "occurrence".

    B.  PER OCCURRENCE BASIS - If the deductible is on a "per occurrence" basis, the deductible amount applies:

        1.  Under Bodily Injury Liability or Property Damage Liability Coverage, respectively:

            a.  To all damages because of "bodily injury" as the result of any one "occurrence", or

            b.  To all damages because of "property damage" as the result of any one "occurrence"

            c.  To all damages because of "medical incident" as the result of any one "occurrence"

        regardless of the number of persons or organizations who sustain damages because of that "occurrence".

        2.  Under Bodily Injury Liability and Property Damage Liability Coverage combined, to all damages because of "bodily injury" and "property damage" as the re-

number of persons or organizations who sustain damages because of that "occurrence".

3. Under the Personal and Advertising Injury Coverage, to all damages because of "personal injury" and "advertising injury" as the result of any one "occurrence" regardless of the number of persons or organizations who sustain damages because of that "occurrence".

C. **DEDUCTIBLE AGGREGATE** - If a "Deductible Aggregate" is shown in the above Schedule:

1. When as a result of the application of deductibles, the total of all deductibles paid by you exceeds the amount shown as "Deductible Aggregate" in the above Schedule, we will then pay for all damages that would otherwise be payable without applying any further deductibles, but the amount we will pay is limited as described under all provisions of the Policy applying to the Limits of Insurance.

2. The "Deductible Aggregate" amount applies separately to each Policy year. Each Policy year:

   a. begins with the inception or anniversary date of the Policy; and

   b. ends at the next anniversary date or the expiration of the Policy.

3. The terms of this insurance, including those with respect to:

   A. Our right and duty to defend any "suits" seeking those damages; and

   B. Your duties in the event of an "occurrence", claim, or "suit"

   apply irrespective of the application of the deductible amount.

4. We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

