# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>        Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Defendant. | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., GENERAL STAR INDEMNITY COMPANY, and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Third-Party Defendants. | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Fourth-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and GENERAL STAR INDEMNITY COMPANY,<br><br>        Fourth-Party Defendants. | |

1

# FOURTH-PARTY DEFENDANT GENERAL STAR INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

Fourth-Party Defendant General Star Indemnity Company ("GenStar") hereby submits its Answer and Affirmative Defenses to the Fourth-Party Complaint of the Fourth-Party Plaintiff, Indemnity Insurance Company of North America.

### A.  THE PARTIES

1. GenStar admits that IICNA is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania. As to the remaining allegations of Paragraph 1, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Fourth-Party Plaintiff to its proof.

2. GenStar admits that National Union is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania. As to the remaining allegations of Paragraph 2, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Fourth-Party Plaintiff to its proof.

3. Paragraph 3 is admitted.

### B.  JURISDICTION AND VENUE

4. GenStar admits that jurisdiction and venue are proper. The remaining allegations of Paragraph 4 state legal conclusions and, accordingly, GenStar does not respond to them.

### C.  THE POLICIES

*The 1999 Policies*

5. GenStar admits that IHS was a health care corporation organized under the laws of Delaware and having its principal place of business in Maryland. GenStar denies the

remaining allegations of Paragraph 5 insofar as they purport to characterize the terms of insurance policies, which policies speak for themselves.

6. GenStar admits that IHS was insured by the Reliance National Insurance Company from January 1, 1999 to January 1, 2000 under a Health Care Medical Professional Liability and General Liability policy bearing No. NGB 0151564-00. GenStar denies the remaining allegations of Paragraph 6 insofar as they purport to characterize the terms of the Reliance National policy, which policy speaks for itself. GenStar is without knowledge or information sufficient to form a belief as to the accuracy or genuineness of Exhibit A and, therefore, leaves Fourth-Party Plaintiff to its proof.

7. GenStar denies the allegations of Paragraph 7 insofar as they purport to characterize the terms of the Reliance National policy, which policy speaks for itself.

8. GenStar admits that the Reliance National Insurance Company was placed into liquidation by the Insurance Commissioner for the Commonwealth of Pennsylvania. As to the remaining allegations of Paragraph 8, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Fourth-Party Plaintiff to its proof.

9. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, leaves Fourth-Party Plaintiff to its proof.

10. Paragraph 10 is admitted.

11. GenStar denies the allegations of Paragraph 11 insofar as they purport to characterize the terms of the National Union and Reliance National policies, which policies speak for themselves.

12. GenStar denies the allegations of Paragraph 12 insofar as they purport to characterize the terms of the National Union policies, which policies speak for themselves.

13. GenStar denies the allegations of Paragraph 13 insofar as they purport to characterize the terms of the National Union policies, which policies speak for themselves.

14. GenStar denies the allegations of Paragraph 14 insofar as they purport to characterize the terms of the 1999 Lester Policy, which policy speaks for itself.

15. GenStar denies the allegations of Paragraph 15 insofar as they purport to characterize the terms of the National Union policies, which policies speak for themselves.

16. GenStar admits that IHS filed an adversary proceeding in the United States Bankruptcy Court for the District of Delaware styled Integrated Health Services, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA, which proceeding bore Adversary Proceeding No. 03-52081. GenStar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, leaves Fourth-Party Plaintiff to its proof.

17. Paragraph 17 is admitted.

18. GenStar denies that National Union filed a Cross-Motion for Summary Judgment. GenStar admits that National Union filed a document with the Bankruptcy Court that purported to be a copy of the 1999 IHS Main Policy. GenStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and, therefore, leaves Fourth-Party Plaintiff to its proof.

19. GenStar denies the allegations of Paragraph 19 insofar as they purport to characterize the terms of the National Union policy, which policy speaks for itself.

20. GenStar denies those allegations of Paragraph 20 that purport to characterize the terms of the National Union policy, which policy speaks for itself. As to the remaining allegations of Paragraph 20, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Fourth-Party Plaintiff to its proof.

21. GenStar denies the allegations of Paragraph 21 insofar as they purport to characterize the terms of the National Union policies, which policies speak for themselves

22. GenStar admits that it issued an Excess Liability Policy bearing policy number IXG-347714B for the policy period January 1, 1999 to January 1, 2000, which policy speaks for itself. GenStar denies the remaining allegations of Paragraph 22 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself.

23. GenStar denies the allegations of Paragraph 23 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself.

24. GenStar denies the allegations of Paragraph 24 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself.

25. GenStar denies the allegations of Paragraph 25 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself.

26. GenStar denies the allegations of Paragraph 26 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself.

27. GenStar denies the allegations of Paragraph 27 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself.

28. GenStar denies the allegations of Paragraph 28 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

29. GenStar denies the allegations of Paragraph 29 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

30. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, leaves Fourth-Party Plaintiff to its proof.

31. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, leaves Fourth-Party Plaintiff to its proof.

32. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, leaves Fourth-Party Plaintiff to its proof.

33. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, leaves Fourth-Party Plaintiff to its proof.

**The 2000 Policies**

34. Paragraph 34 is admitted.

35. GenStar denies the allegations of Paragraph 35 insofar as they purport to characterize the terms of the 2000 IHS Main Policy, which policy speaks for itself.

36. GenStar denies the allegations of Paragraph 36 insofar as they purport to characterize the terms of the 2000 IHS Main Policy, which policy speaks for itself.

37. The allegations of Paragraph 37 are not directed to GenStar and, accordingly, GenStar does not respond to them.

38. GenStar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, leaves Fourth-Party Plaintiff to its proof.

39. GenStar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, leaves Fourth-Party Plaintiff to its proof.

40. GenStar denies the allegations of Paragraph 40 insofar as they purport to characterize the terms of the National Union policy, which policy speaks for itself.

41. GenStar denies the allegations of Paragraph 41 insofar as they purport to characterize the terms of the National Union policy, which policy speaks for itself.

42. GenStar admits that it issued an Excess Liability Policy bearing policy number IXG-347714C for the policy period January 1, 2000 to January 1, 2001, which policy speaks for itself. GenStar denies the remaining allegations of Paragraph 42 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself.

43. GenStar denies the allegations of Paragraph 43 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself.

44. GenStar denies the allegations of Paragraph 44 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself.

45. GenStar denies the allegations of Paragraph 45 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

46. GenStar denies the allegations of Paragraph 46 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself.

47. GenStar denies the allegations of Paragraph 47 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

48. GenStar admits that it contracted with Hamlin & Burton to act as its agent for the purpose of adjusting certain claims asserted against IHS and administering GenStar's 1999 and 2000 policies. GenStar denies that the document attached to the Fourth-Party Complaint as Exhibit G is a true and correct copy of the 2000 GenStar Policy. As to the remaining allegations of Paragraph 48, GenStar is without knowledge or information sufficient to support a belief as to their truth and, therefore, leaves Fourth-Party Plaintiff to its proof.

49. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, leaves Fourth-Party Plaintiff to its proof.

50. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, leaves Fourth-Party Plaintiff to its proof.

51. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, leaves Fourth-Party Plaintiff to its proof.

52. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, leaves Fourth-Party Plaintiff to its proof.

**Hamlin & Burton**

53. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and, therefore, leaves Fourth-Party Plaintiff to its proof.

54. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, leaves Fourth-Party Plaintiff to its proof.

55. GenStar denies the allegations of Paragraph 55 insofar as they purport to characterize the terms of the 1999 IHS Main Policy, which policy speaks for itself.

56. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, therefore, leaves Fourth-Party Plaintiff to its proof.

57. GenStar denies the allegations of Paragraph 57 insofar as they purport to characterize the terms of the 1999 IHS Main Policy, which policy speaks for itself.

58. GenStar denies the allegations of Paragraph 58 insofar as they purport to characterize the terms of the 1999 IHS Main Policy, which policy speaks for itself.

59. GenStar denies the allegations of Paragraph 59 insofar as they purport to characterize the terms of the 2000 IHS Main Policy, which policy speaks for itself.

60. GenStar is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and, therefore, leaves Fourth-Party Plaintiff to its proof.

61. GenStar denies the allegations of Paragraph 61 insofar as they purport to characterize the terms of the 2000 IHS Main Policy, which policy speaks for itself.

62. GenStar denies the allegations of Paragraph 59 insofar as they purport to characterize the terms of the 2000 IHS Main Policy, which policy speaks for itself.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

*Chapter 400 fees*

65. GenStar admits that some tort claims relating to both the 1999 and 2000 policy years were filed in Florida. GenStar further admits that a Florida statute allowed attorneys' fees as a possible remedy under the terms set forth in the statute, which speaks for itself. GenStar denies the remaining allegations of Paragraph 65.

66. GenStar denies the allegations of Paragraph 66 insofar as they purport to characterize the terms of insurance policies, which policies speak for themselves.

67. GenStar denies that the payment of Chapter 400 fees was a component of the amount it paid to settle 1999 Insured Tort Claims and/or 2000 claims in Florida cases. As to the

remaining allegations of Paragraph 67, GenStar is without knowledge or information sufficient to form a belief as to their truth and, therefore, leaves Fourth-Party Plaintiff to its proof.

68.  GenStar denies those allegations of Paragraph 68 that are addressed to it. The remaining allegations of Paragraph 68 are not addressed to GenStar and, accordingly, GenStar does not respond to them.

### D. GENERAL ALLEGATIONS
**1999 Allegations**

69.  GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and, therefore, leaves Fourth-Party Plaintiff to its proof.

70.  The allegations of Paragraph 70 are not directed to GenStar and, accordingly, GenStar does not respond to them.

71.  Paragraph 71 is admitted.

72.  GenStar admits that upon the exhaustion of the 1999 IHS Main Policy, Hamlin & Burton transmitted certain information to GenStar regarding claims and lawsuits brought against IHS and certain of its subsidiaries, and that GenStar thereafter accepted the defense of certain lawsuits. GenStar denies the remaining allegations of Paragraph 72.

73.  GenStar admits that it retained Hamlin & Burton to act as its agent for the purpose of adjusting certain claims asserted against IHS. GenStar denies the remaining allegations of Paragraph 73.

74.  GenStar admits that on GenStar's behalf, Hamlin & Burton entered into compromise settlements of certain claims brought against IHS and certain of its business units,

which settlements were funded from the 1999 GenStar Policy. GenStar denies the remaining allegations of Paragraph 74.

75. GenStar admits that upon the exhaustion of the 1999 GenStar Policy, Hamlin & Burton tendered open tort claims to IICNA. GenStar denies the remaining allegations of Paragraph 75.

76. The allegations of Paragraph 76 are not directed to GenStar and, accordingly, GenStar does not respond to them.

77. Paragraph 77 is denied.

**2000 Allegations**

78. GenStar admits that Hamlin & Burton tendered open tort claims to IICNA. GenStar denies the remaining allegations of Paragraph 78.

79. GenStar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, leaves Fourth-Party Plaintiff to its proof.

80. GenStar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and, therefore, leaves Fourth-Party Plaintiff to its proof.

81. GenStar denies the allegations of Paragraph 81 insofar as they purport to characterize the terms of the 2000 IHS Main Policy, which policy speaks for itself.

82. GenStar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and, therefore, leaves Fourth-Party Plaintiff to its proof.

83. GenStar denies the allegations of Paragraph 83 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

84. GenStar denies the allegations of Paragraph 84 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

85. As to the allegation that Hamlin & Burton "defended and settled IHS of Lester claims," GenStar is without knowledge or information sufficient to form a belief as to its truth and, therefore, leaves Fourth-Party Plaintiff to its proof. GenStar denies the remaining allegations of Paragraph 85 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself. Moreover, GenStar specifically denies that the parties to the 1999 GenStar Policy ever intended for the 1999 GenStar Policy to exclude coverage for IHS of Lester.

86. The allegations of Paragraph 86 are not directed to GenStar and, accordingly, GenStar does not respond to them.

87. Paragraph 87 is denied.

## COUNT I
## CROSS-CLAIM FOR IMPROPER EXHAUSTION OF THE 1999 POLICIES

88. GenStar incorporates its responses to Paragraphs 1 through 87 as if fully set forth herein.

89. GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and, therefore, leaves Fourth-Party Plaintiff to its proof.

90. GenStar denies the allegations of Paragraph 90 insofar as they purport to characterize the terms of National Union's policies, which policies speak for themselves.

91. GenStar denies that National Union filed a Motion for Summary Judgment in the Bankruptcy Court. GenStar denies the remaining allegations of Paragraph 91 insofar as they purport to characterize the terms of National Union's policy, which policy speaks for itself.

92. The allegations of Paragraph 92 are not directed to GenStar, and state legal conclusions. Accordingly, GenStar does not respond to them.

93. The allegations of Paragraph 93 are not directed to GenStar, and state legal conclusions. Accordingly, GenStar does not respond to them.

94. The allegations of Paragraph 94 are not directed to GenStar, and state legal conclusions. Accordingly, GenStar does not respond to them.

95. The allegations of Paragraph 95 are not directed to GenStar, and state legal conclusions. Accordingly, GenStar does not respond to them.

96. GenStar denies the allegations of Paragraph 96 insofar as they purport to characterize the terms of the 1999 GenStar Policy, which policy speaks for itself.

97. Paragraph 97 is denied.

98. Paragraph 98 is denied.

## COUNT II
## CROSS-CLAIM FOR IMPROPER EXHAUSTION OF THE 2000 POLICIES

99.     GenStar incorporates its responses to Paragraphs 1 through 98 as if fully set forth herein.

100.    GenStar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and, therefore, leaves Fourth-Party Plaintiff to its proof.

101.    GenStar denies the allegations of Paragraph 101 insofar as they purport to characterize the terms of National Union's policy, which policy speaks for itself.

102.    The allegations of Paragraph 102 are not directed to GenStar, and state legal conclusions. Accordingly, GenStar does not respond to them.

103.    The allegations of Paragraph 103 are not directed to GenStar, and state legal conclusions. Accordingly, GenStar does not respond to them.

104.    GenStar denies the allegations of Paragraph 104 insofar as they purport to characterize the terms of the 2000 GenStar Policy, which policy speaks for itself.

105.    Paragraph 105 is denied.

## **GENERAL STAR INDEMNITY COMPANY'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Fourth-Party Plaintiff's claims are barred by the doctrine of waiver and estoppel.

**SECOND AFFIRMATIVE DEFENSE**

Fourth-Party Plaintiff's claims are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Fourth-Party Plaintiff lacks standing to bring the claims alleged in the Fourth-Party Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Fourth-Party Plaintiff's claims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Fourth-Party Plaintiff's rights against GenStar, if any, are derivative of IHS' rights against GenStar, and accordingly Fourth-Party Plaintiff's claims are subject to all of the rights and defenses, in law and equity, that GenStar may have against IHS.

        COHEN SEGLIAS PALLAS GREENHILL &
        FURMAN P.C.


        /s/ James F. Harker
        James F. Harker, Esq. (DE Bar ID 255)
        Nemours Building Suite 1130
        1007 Orange Street
        Wilmington, DE 19801
        Phone: (302) 425-5089

        Daniel L. FitzMaurice
        Thomas O. Farrish
        Day Pitney LLP
        CityPlace I
        185 Asylum Street
        Hartford, CT 06103-3499
        Phone: (860) 275-0100

        *Attorneys for General Star Indemnity Company*