IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>　　　　　　　Debtors. | | Chapter 11<br><br>Case No. 00-389 (MFW)<br><br>(Jointly Administered) |
| IHS LIQUIDATING LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>　　　　　　　Defendant | | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>　　　　　　　Third-Party Plaintiff<br><br>　　　　　　　v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>GENERAL STAR INDEMNITY COMPANY,<br>and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA<br><br>　　　　　　　Third-Party Defendants | | |
| ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA<br><br>　　　　　　　Third-Party Defendant and<br>　　　　　　　Fourth-Party Plaintiff<br><br>　　　　　　　v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA, and<br>GENERAL STAR INDEMNITY COMPANY, | | |

**JOINT BRIEFING SCHEDULE**

This Joint Status Report is respectfully submitted by the parties in accordance with the Order Setting Scheduling Conference as discussed issued by this Court on February 28, 2007. The parties have conferred with respect to each of the agenda items enumerated in the Court's Order and Notice, and the parties hereby report with respect to each such agenda item, as follows:

1. The parties anticipate filling Motions For Summary Judgment related to the following issues:

   A. IHS Liquidating LLC does not presently anticipate filing any motions for summary judgment in addition to its motion for partial summary judgment dated December 15, 2005.

   B. IICNA:

   (i) That the 1999 National Union "main" policy excludes coverage for IHS of Lester;

   (ii) That expenses under the 1999 National Union "main" policy are in addition to limits;

   (iii) Other issues as identified through discovery.

   As discovery related to the 2000 coverage period has just begun, IICNA cannot take a position as to the likelihood of IICNA including or excluding the similar issues for the 2000 National Union "main" policy in its Motion for Summary Judgment. Similarly, as discovery is ongoing IICNA cannot take a position as to the likelihood of IICNA including or excluding any issues related to Genstar's 1999 or 2000 coverage in its Motion for Summary Judgment.

In the event that this Honorable Court returns a ruling favorable to IICNA with respect to the coverage issues identified in (i) and (ii) above, IICNA anticipates that a finder of fact will be needed to determine the amount of any damages.

IICNA anticipates filing its Motion For Summary Judgment in accordance with the Court's Scheduling Order. As IICNA's position is in opposition to the other defendants, IICNA anticipates that it will file its Motion For Summary Judgment separately from the other defendants.

Filing of Answers to any Motions For Summary Judgment on the part of IICNA are anticipated to be separate from the other defendants.

C.     National Union:

After the completion of discovery, National Union expects to file a motion for summary judgment in its favor on the cross claim by IICNA dealing with the 1999 and 2000 policy years and, to the extent that IHS Liquidating asserts any claims for the 1999 policy year.

National Union assumes that, if IHS Liquidating, LLC continues to assert any claims against National Union, the claims would be identical to the claims against it by IICNA for the 1999 policy year.

Since discovery has just started on the 2000 policy year, National Union is not in a position to state with specificity whether all arguments that will be made about the claims related to the 1999 policy year will be identical to the arguments to be made about the claims related to the 2000 policy year.

Subject to further discovery on issues related to the 2000 policy year and subject to the possibility of voluntary dismissals of some claims by IICNA, National Union expects to make the following arguments.

    (i)    National Union will move for summary judgment on the cross claim by IICNA that alleges the defense costs improperly eroded the limits of coverage under the 1999 and 2000 National Union policies.

    (ii)    National Union will move for summary judgment on the cross claims by IICNA that National Union improperly paid claims for Integrated Health Services of Lester, Inc., for the 1999 policy year.

    (iii)    National Union will move to dismiss claims in the cross claim by IICNA that alleges the payments of what are called Chapter 400 fees in settlements of cases in Florida improperly eroded the limits of coverage of the 1999 and 2000 National Union policies.

    (iv)    National Union will move to dismiss claims in the cross claim by IICNA that alleges the payments to a third-party administrator improperly eroded the limits of coverage of the 1999 National Union policy.

D.    General Star presently anticipates a motion for summary judgment encompassing the following issues:

    (i)    IHS' claim that General Star improperly eroded the limits of the insurance policy it issued to IHS for the 1999 policy year by applying defense costs to its limit of liability;

4

    (ii)  IICNA's claim that General Star improperly eroded the limits of the insurance policies it issued to IHS for the 1999 and 2000 policy years by paying claims on behalf of IHS of Lester, Inc., an entity that IICNA claims is excluded from coverage under the National Union policy;

    (iii)  IICNA's claim that General Star improperly eroded the limits of the insurance policies it issued to IHS for the 1999 and 2000 policy years by allegedly considering so-called "Chapter 400 fees" in its payments to tort claimants; and

    (iv)  IICNA's claim that General Star improperly eroded the limits of the insurance policies it issued to IHS for the 1999 and 2000 policy years by applying claim administration fees to its limits of liability.

2. National Union and General Star presently expect that they will be able to submit a joint brief on IICNA's claim that National Union and General Star improperly eroded the limits of the insurance policies they issued to IHS for the 1999 and 2000 policy years by allegedly considering so-called "Chapter 400 fees" in its payments to tort claimants.

3. The parties presently anticipate that they will be able to collaborate on a joint appendix of trial exhibits.

4. This Joint Briefing Schedule has been reviewed by Lee W. Stremba, Esq., counsel for IHS Liquidating LLC; Ward A. Rivers, Esq., counsel for IICNA; George G. Campion, Esq., counsel for National Union; and Thomas O. Farrish, Esq., counsel for General Star, all of whom join in it.

| CROSS & SIMON, LLC | BIFFERATO GENTILOTTI, LLC |
|---|---|
| By: /s/ Christopher P. Simon<br>Christopher P. Simon (No. 3697)<br>913 North Market Street, 11th Floor<br>Wilmington, Delaware 19899-1380<br>(302) 777-4200<br>(302) 777-4224 (Facsimile)<br><br>-and-<br><br>George G. Campion, Esquire<br>WEINER LESNIAK, LLP<br>629 Parsippany Road<br>Parsippany, New Jersey 07054-0438<br>(973) 403-1100<br>(973) 403-0010 (Facsimile)<br><br>***Counsel for National Union Fire Insurance Company of Pittsburgh, PA*** | By: /s/ Garvan F. McDaniel<br>Garvan F. McDaniel (No. 4167)<br>800 King Street<br>Wilmington, Delaware 19801<br>(302) 429-1900<br>(302) 429-8600 (Facsimile)<br><br>-and-<br><br>Lee W. Stremba, Esquire<br>TROUTMAN SANDERS, LLP<br>The Chrysler Bldg., 405 Lexington Ave.<br>New York, NY 10174<br>(212) 704-6000<br>(212) 704-6288 (Facsimile)<br><br>***Counsel for HIS Liquidating, LLC*** |
| WETZEL & ASSOCIATES, P.A. | COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C. |
| By: /s/ Natalie M. Ippolito (No. 3845)<br>For Benjamin C. Wetzel, III (No. 985)<br>The Carriage House<br>1100 North Grant Avenue, Suite 201<br>Wilmington, DE 19805<br>(302) 652-1200<br>(302) 652-1900 (Facsimile)<br><br>-and-<br><br>Ward A. Rivers<br>DEASEY, MAHONEY & BENDER, LTD.<br>1800 John F. Kennedy Blvd., Suite 1300<br>Philadelphia, PA 19103-2978<br>(215) 587-9400<br>(215) 587-9456 (Facsimile)<br><br>***Counsel for IICNA*** | By: /s/ James F. Harker<br>James F. Harker (No. 255)<br>Nemours Building<br>1007 N. Orange Street, Suite 1130<br>Wilmington, Delaware 19801<br>(302) 425-5089<br>(302) 425-5097 (Facsimile)<br><br>-and-<br><br>Thomas Farrish, Esquire<br>DAY PITNEY, LLP<br>CityPlace I<br>Hartford, CT 06103-3499<br>(860) 275-0397<br>(860) 275-0343 (Facsimile)<br><br>***Counsel for General Star Indemnity Co.*** |

Dated: March 28, 2007