**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

```
---------------------------------------------------------)
                                                         )
In Re:                                                   )
                                                         )
INTEGRATED HEALTH SERVICES, INC., et al, )    Chapter 11
              Debtors.                   )    Case No. 00-389 (MFW)
---------------------------------------------------------)
                                                         )    (Jointly Administered)
IHS LIQUIDATING, LLC,                    )
                                                         )
              Plaintiff,                 )    Civil Action No. 05-376 (GMS)
v.                                                       )
                                                         )
ACE INDEMNITY INSURANCE COMPANY          )
f/k/a INDEMNITY INSURANCE COMPANY        )
OF NORTH AMERICA                         )
                                                         )
              Defendant.                 )
---------------------------------------------------------)
                                                         )
IHS LIQUIDATING, LLC,                    )
                                                         )
              Third-Party Plaintiff      )
v.                                                       )    ANSWER TO CROSSCLAIM
                                                         )
NATIONAL UNION FIRE INSURANCE            )
OF PITTSBURGH, PA,                       )
GENERAL STAR INDEMNITY COMPANY           )
and ACE INDEMNITY INSURANCE COMPANY)
f/k/a INDEMNITY INSURANCE COMPANY        )
OF NORTH AMERICA                         )
                                                         )
              Third-Party Defendants.    )
---------------------------------------------------------)
```

Cross-Claim Defendant National Union Fire Insurance of Pittsburgh, PA, says by way of answer to the Cross Claim of Ace Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America:

**A.   THE PARTIES**

　　1.　　Admitted.

2. Admitted.

3. Admitted.

**B.    JURISDICTION AND VENUE**

4. Admitted.

**C.    THE POLICIES**

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that Reliance National Insurance Company was placed into liquidation on October 2, 2001. Otherwise, denied.

9. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

10. Admitted.

11. Admitted that National Union issued a first layer of excess coverage to Integrated Health Services, Inc., (IHS) and a separate policy to Integrated Health Services of Lester, Inc. Otherwise denied.

12. a. Admitted that National Union issued a policy to IHS; otherwise denied.

b. National Union admits that Policy No. BE 357-43-44 identifies Integrated Health Services of Lester, Inc., as the insured. Otherwise denied, as the policy speaks for itself.

13. Admitted.

14. Admitted that the policy contains an endorsement, which speaks for itself.

15. National Union admits that Endorsement 19 to the 1999 policy issued to Integrated Health Services of Lester, Inc., which speaks for itself. Otherwise, denied.

16. Admitted that IHS filed an adversary action, which speaks for itself. Otherwise, denied.

17. Admitted.

18. National Union admits that, in connection with its motion for summary judgment in the adversary proceeding in the Bankruptcy Court, it filed an incorrect version of the 1999 policy issued to Integrated Health Services, Inc. Otherwise, denied.

19. National Union admits that the Broad Named Insured endorsement in the incorrect version of the 1999 policy issued to Integrated Health Services, Inc., is accurately quoted in this paragraph. Otherwise, denied.

20. National Union admits that the Amendatory Endorsement in the 1999 policy issued to Integrated Health Services of Lester, Inc., is accurately quoted in this paragraph. Otherwise, denied.

21. Denied.

22. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

23. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

24. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

25. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

26. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

27. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

28. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

29. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

30. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

31. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

32. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

33. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

34. Admitted.

35. Admitted.

36. Admitted that Endorsement 3 is attached, and speaks for itself. Otherwise, denied.

37. Admitted.

38. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

39. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

40. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

41. National Union admits that it issued policy No. BE 357-43-86 to Integrated Health Services of Lester, Inc. The policy attached as Exhibit F to the cross claim of ACE is not the policy issued to Integrated Health Services of Lester, Inc. Otherwise, denied.

42. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

43. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

44. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

45. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

46. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

47. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

48. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

49. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

50. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

51. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore, denied.

52. The allegation in this paragraph is a legal conclusion about the extent of coverage of the 2000 IICNA Policy based upon a reading of the 2000 IHS Main Policy; therefore, denied.

53. Admitted that National Union paid H&B for administering claim. Otherwise denied.

54. Admitted that National Union paid H&B for administering claim. Otherwise, denied.

55. National Union admits that Section II(B) is quoted accurately, but denies that Section II(B) was in force and effect.

56. Denied.

57. Denied.

58. Denied.

59. Admitted that the policy contains Endorsement No. 1, which speaks for itself. Otherwise, denied.

60. Denied.

61. Denied.

62. Denied.

63. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

64. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

65. National Union admits that some claims for the 1999 and 2000 policy years were asserted in Florida, and that at one time section 400.023 provided certain remedies. Otherwise, denied.

66. Denied.

67. Denied.

68. Denied.

**D.   GENERAL ALLEGATIONS.**

69. Admitted that National Union defended IHS and IHS of Lester. Otherwise, denied.

70. Admitted.

71. Admitted that National Union and its third-party administrator appropriately settled some claims. Otherwise, denied.

72. Admitted that, once its policies were exhausted, National Union tendered the defense to General Star Indemnity Company. Otherwise, denied.

73. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

74. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

75. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

76. Denied.

77. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

78. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

79. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

80. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

81. Denied.

82. Denied.

83. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

84. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

85. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

86. Denied.

87. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

**COUNT I**

88. National Union repeats the answers to the allegations in Paragraph 1 through Paragraph 87 as if stated here in full.

89. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

90. Denied.

91. National Union admits that, in connection with its motion for summary judgment in the adversary proceeding in the Bankruptcy Court, it filed an incorrect version of the 1999 policy issued to Integrated Health Services, Inc. Otherwise, denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

97. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

98. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

WHEREFORE, National Union demands judgment as follows:

a. An order dismissing Count I of the cross claim of ACE with prejudice;

b. Costs of the suit and attorneys' fees incurred in defense of the cross claim;

c. Such other relief as the Court deems just and equitable.

### COUNT II

99. National Union repeats the answers to the allegations in Paragraph 1 through Paragraph 98 as if stated here in full.

100. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

101. National Union lacks knowledge and information needed to answer the allegations about which policy was provided by Hamlin & Burton to IICNA. Otherwise, denied.

102. Denied.

103. Denied.

104. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

105. National Union lacks knowledge and information needed to answer the allegations in this paragraph; therefore denied.

WHEREFORE, National Union demands judgment as follows:

a. An order dismissing Count II of the cross claim of ACE with prejudice;

b. Costs of the suit and attorneys' fees incurred in the defense of the cross claim;

c. Such other relief as the Court deems just and equitable.

### **Affirmative Defenses**

1. The complaint fails to state a claim against National Union for which relief can be granted.

2. National Union has met all of its obligations to the insureds, IHS and IHS of Lester, under the insurance policies.

3. To the extent that Ace Indemnity Insurance Company alleges that any terms of the insurance policies issued by National Union to IHS and by National Union to IHS of Lester are at variance with the intentions of National Union and IHS and National Union and IHS of Lester, those policies can be reformed to meet the intentions of National Union and IHS and National Union and IHS of Lester.

4. Ace Indemnity Insurance Company lacks standing to question the intentions of National Union and IHS and National Union and IHS of Lester about the terms of the insurance policies issued by National Union to IHS and by National Union to IHS of Lester.

5.	The rights of Ace Indemnity Insurance Company against National Union, if any, are derivative of the rights of IHS and IHS of Lester, and, accordingly, the claims of Ace Indemnity Insurance Company against National Union are subject to all of the rights and defenses, in law and equity, that National Union may have against IHS and IHS of Lester.

6.	To the extent that relief is sought against National Union, any such relief is barred by the doctrines of waiver or estoppel or laches.

7.	The complaint is barred by the applicable statute of limitations.

8.	The claims are barred by the doctrine of accord and satisfaction.

9.	The claims are barred by the doctrine of *res judicata*.

Dated: April 3, 2007				CROSS & SIMON, LLC
Wilmington, Delaware


By:  /s/ Christopher P. Simon
Christopher P. Simon, Esq. (No. 3697)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380

	-and-

Gwynne A. Young, Esq.
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard
Tampa, Fl 33607-5736

	-and-

George G. Campion, Esq.
WEINER LESNIAK, LLP
629 Parsippany Road
Parsippany, New Jersey 07054-0438
Telephone: 973-403-1100
Attorneys for Third-Party Defendant
National Union Fire Insurance Company of
Pittsburgh, PA