IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>       Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>       Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>       Defendant. | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., GENERAL STAR INDEMNITY COMPANY, and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>       Third-Party Defendants. | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>       Fourth-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and GENERAL STAR INDEMNITY COMPANY,<br><br>       Fourth-Party Defendants. | |

41759091.1

## NOTICE OF DEPOSITION

To:  Francis J. Deasey, Esq.  
     Ward A. Rivers, Esq.  
     Deasey, Mahoney & Bender, Ltd.  
     Suite 1300  
     1800 John F. Kennedy Blvd.  
     Philadelphia, PA    19103-2978

Benjamin C. Wetzel, III, Esq.  
1100 N. Grant Ave., Suite 201  
Wilmington, DE    19805

     PLEASE TAKE NOTICE that General Star Indemnity Company ("GenStar") will take the deposition of ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America ("IICNA"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, at 10:00 a.m. on Wednesday, April 18, 2007, at the offices of Cohen, Seglias, Pallas, Greenhall & Furman, P.C., 30 South 17th St., 19th Floor, Philadelphia, Pennsylvania, 19103, before a notary or other competent authority authorized to administer oaths. The examination will continue from day to day until completed. The testimony shall be recorded by stenographic means.

     Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, IICNA shall designate one or more of its officers, directors, or managing agents, or such other persons who consent to testify on its behalf, to testify on the following matters:

     1.    IICNA's receipt, investigation, handling, adjustment, and disposition of liability claims made against Integrated Health Services, Inc. and Integrated Health Services of Lester, Inc.

     2.    The investigation and formation of, and bases for, IICNA's claim that the policy of insurance issued by GenStar to Integrated Health Services, Inc., covering the period from January 1, 1999 to January 1, 2000, is not properly exhausted.

     3.    The investigation and formation of, and bases for, IICNA's claim that the policy of insurance issued by GenStar to Integrated Health Services, Inc., covering the period from January 1, 2000 to January 1, 2001, is not properly exhausted.

     4.    The investigation and formation of, and bases for, IICNA's claim that the policies of insurance issued by third-party defendant/fourth-party defendant National Union Insurance Company of Pittsburgh, PA to Integrated Health Services, Inc., and Integrated Health Services of Lester, Inc., covering the period from January 1, 1999 to January 1, 2000, are not properly exhausted.

     5.    The investigation and formation of, and bases for, IICNA's claim that the policies of insurance issued by third-party defendant/fourth-party defendant National Union Insurance Company of Pittsburgh, PA to Integrated Health Services, Inc., and Integrated Health Services of Lester, Inc., covering the period from January 1, 2000 to January 1, 2001, are not properly exhausted.

6. The underwriting and formation of the policy of insurance issued by IICNA to Integrated Health Services, Inc. for the period January 1, 1999 to January 1, 2000.

7. The underwriting and formation of the policy of insurance issued by IICNA to Integrated Health Services, Inc. for the period January 1, 2000 to January 1, 2001.

8. The measures undertaken by IICNA to comply with GenStar's First Set of Interrogatories and Requests for Production.

9. The present physical locations of any and all documents responsive to GenStar's First Set of Interrogatories and Requests for Production.

10. IICNA's receipt, access to, review, auditing, maintenance, storage, and/or destruction of original files reflecting the handling of liability claims against Integrated Health Services, Inc. by Hamlin & Burton Liability Management, Inc. under the insurance policies issued by GenStar.

    COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC

    /S/ James F. Harker
    James F. Harker, Esquire, Bar I.D. No. 255
    Nemours Building, Suite 1130
    1007 North Orange Street
    Wilmington, DE 19801
    (302) 425-5089

    and

    DAY PITNEY LLP
    Daniel L. FitzMaurice, Esquire
    Thomas O. Farrish, Esquire
    CityPlace I
    185 Asylum Street
    Hartford, CT 06103-3499
    (860) 275-0100

    *Attorneys for Third-Party Defendant/ Fourth Party Defendant, General Star Indemnity Company*