

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

James F. Harker
Attorney At Law

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

T: 302.425.5089 | F: 302.425.5097
jharker@cohenseglias.com
www.cohenseglias.com

April 18, 2007

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE    19801

RE:   IHS Liquidating LLC v. Indemnity Insurance Co. of North America, C.A. No. 05-376;
*consolidated for discovery with* Indemnity Insurance Co. of North America v.
Integrated Health Services, Inc. and Abe Briarwood Corp., C.A. No. 04-1262 (GMS)

Dear Judge Sleet:

In anticipation of the discovery teleconference scheduled for Friday, April 20, 2007 at 11:00 a.m. in the above-captioned matter, the parties jointly submit the following items to be presented to the Court:

   **I.   General Star's Issues**
   General Star submits that IICNA has failed to comply with discovery as follows:
1. IICNA improperly withheld documents from production under claims of privilege, without providing a privilege log as required by Rule 26(b)(5);
2. IICNA objected to General Star's interrogatories and requests for production, and withheld information and documents; yet IICNA waived all objections by failing to respond within the thirty days provided by Rules 33(b)(4) and 34(b);
3. IICNA's response to Requests for Production 1 through 7 is incomplete; and it did not produce any documents responsive to Requests 8 through 20;
4. IICNA's limited document production did not comply with Rule 34(b) because the documents were neither produced as kept in the ordinary course of business nor organized and labeled to correspond to General Star's production requests;
5. IICNA produced incomplete copies of many documents and provided no redaction log;
6. IICNA failed to answer General Star's interrogatories under oath, as required by Rule 33(b)(1), and failed to sign its interrogatory answers as required by Rule 33(b)(2);
7. IICNA's attorney failed to sign its purported objections to General Star's interrogatories as required by Rule 33(b)(2);
8. IICNA refused to produce a corporate designee to testify on certain topics specified in General Star's Rule 30(b)(6) deposition notice; and
9. IICNA's counsel instructed a deposition witness not to answer a number of questions to which counsel had objected solely on grounds of relevance.

If the Court grants General Star's request for an order compelling IICNA to cure the deficiencies listed above, General Star will also ask for associated modifications to the scheduling order.

**II.    National Union's Issues**

National Union submits that IICNA has failed to comply with discovery as follows:
1. IICNA has not responded to the document production requests that National Union served on January 26, 2007;
2. IICNA refused to produce a corporate designee to testify on certain topics specified in National Union's Rule 30(b)(6) deposition notice; and
3. IICNA's counsel instructed a deposition witness not to answer a number of questions to which counsel had objected solely on grounds of relevance.

National Union and General Star both oppose IICNA's request to continue the deposition of Donna DiTuri.

**III.    IICNA's Issues:**

1. GenStar's Requests for Production of Claims documents are no longer relevant and are not reasonably calculated to lead to the discovery of admissible evidence due to the fact that IICNA has withdrawn its claims against National Union and GenStar regarding the improper exhaustion of the underlying coverage by payment of Chapter 400 attorneys' fees and the payment of third-party administrative fees. IICNA has also withdrawn its claim with regard to GenStar regarding improper exhaustion through the payment of defense expenses from policy limits (except with respect to "IHS of Lester" claims).
2. GenStar and National Union's Demand for a 30 (b)(6) Underwriting Corporate Designee: Federal Rules of Civil Procedure require that a party subject to a 30 (b)(6) notice must provide a designee who can testify to "matters known or reasonably available to the organization". IICNA has complied with this requirement. Both parties had an opportunity to address IICNA's efforts to preserve the documents during deposition of Mr. Dennis Hecht on April 17, 2007 and April 18, 2007.
3. IICNA seeks the continued deposition of Ms. Donna DiTuri, whom National Union produced as both an individual witness and as a 30 (b)(6) claims designee, limited solely to testimony related to the material to be produced by National Union in response to discovery requests.

This letter has been reviewed by Attorney Ward Rivers on behalf of IICNA and by Attorney George G. Campion on behalf of National Union, both of whom consent to its filing. IHS Liquidating LLC and Abe Briarwood Corporation are parties to this and the consolidated action, but not parties to this discovery dispute, and have accordingly declined opportunities to contribute to this letter.

Respectfully submitted,

/S/ James F. Harker, Esquire  (ID No. 255)
*Attorney for General Star Indemnity Co.*

cc:    Clerk of the Court
       Counsel of Record (via e-filing)