# EXHIBIT 1
# GENERAL STAR'S
# INTERROGATORIES AND REQUESTS FOR
# PRODUCTION TO IICNA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>                Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |

| | |
|---|---|
| IHS LIQUIDATING LLC,<br><br>              Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>              Defendant. | Civil Action No. 05-376 (GMS) |

| |
|---|
| IHS LIQUIDATING LLC,<br><br>              Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY<br>OF PITTSBURGH, PA., GENERAL STAR<br>INDEMNITY COMPANY, and ACE INDEMNITY<br>INSURANCE COMPANY f/k/a INDEMNITY<br>INSURANCE COMPANY OF NORTH AMERICA,<br><br>              Third-Party Defendants. |

## THIRD-PARTY DEFENDANT GENERAL STAR INDEMNITY COMPANY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACE INDEMNITY INSURANCE COMPANY F/K/A INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the third-party

defendant General Star Indemnity Company hereby requests that the defendant, ACE Indemnity

Insurance Company, f/k/a Indemnity Insurance Company of North America, answer the following Interrogatories and comply with the following Requests for Production separately and fully in writing and under oath within thirty days of the date of service hereof.

## DEFINITIONS

As used in these Interrogatories and Requests for Production, the following terms have the meanings indicated below:

1.    "ACE Counterclaim" refers to the counterclaim filed in the instant action by ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America on July 25, 2005.

2.    "ACE," "IICNA", "you" and "your" are synonymous and shall mean ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America.

3.    "Reliance" shall mean the Reliance Insurance Company and any of its subsidiaries or successors, including but not limited to the Reliance National Indemnity Company and the Reliance Insurance Company in Liquidation.

4.    "National Union" shall mean the National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

5.    "GenStar" shall mean the General Star Indemnity Company.

6.    "Underlying Carriers" shall mean Reliance, National Union, and GenStar collectively.

7.    "IHS" shall mean Integrated Health Services, Inc., its trustee(s), and its successor(s), including but not limited to IHS Liquidating LLC.

8.    "IHS of Lester" shall mean Integrated Health Services of Lester, Inc., its trustee(s), and its successor(s).

2

9.      "Hamlin & Burton" shall mean Hamlin & Burton Liability Management, Inc.

10.     "1999 GenStar Policy" shall mean the Excess Liability Policy issued by GenStar to IHS for the policy period January 1, 1999 to January 1, 2000 under policy number IXG-347714B.

11.     "1999 National Union Policy" shall mean the commercial umbrella policy, issued by National Union to IHS for the policy period January 1, 1999 to January 1, 2000 under policy number BE357-43-43.

12.     "1999 National Union Lester Policy" shall mean the commercial umbrella policy issued by National Union to IHS of Lester for the policy period January 1, 1999 to January 1, 2000 under policy number BE 357-43-44.

13.     "1999 IICNA Policy" shall mean the excess liability catastrophe policy issued by IICNA to IHS for the policy period January 1, 1999 to January 1, 2000 under policy number XLXG19545507.

14.     "Document" includes writings, drawings, graphs, charts, photographs, sound recordings, images, notes and memoranda from meetings, notes and memoranda from telephone conversations, telephone records and logs, telephone messages, agreements, contracts, accounting and bank records, correspondence, notes, and transcriptions. The term "document" also includes "electronically stored information" as hereinafter defined. A draft or non-identical copy is a separate "document" within the meaning of this term.

15.     "Electronically stored information" including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, including all data or documentation that is stored in a computer or other storage device and can be printed on paper or tape, such as drafts of

3

documents that are stored in a computer or word processor and information that has been input into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

16.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means including, but not limited to, telephone, electronic mail, letter, memorandum, facsimile or recording.

17.    "Person" or "persons" means all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business and/or governmental entity or agency (public or private) having a separate identification, recognized in law or in fact.

18.    The term "identify,"

a.    when referring to a person, means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

b.    when referring to documents, means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and, (iv) author(s), addressee(s) and recipient(s);

c.    when referring to communications or representations, means to provide, to the extent known, (i) the person or persons who made the communication or representation; (ii) the person or persons to whom the communication or representation was made; (iii) the date and

4

time of the communication or representation; and, (iv) the method of communication or representation (e.g., written, oral, telephonic).

19.    "Concerning" means concerning, relating to, referring to, describing, supporting, refuting, evidencing, or constituting.

20.    "Or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

21.    "And" means and/or to make it inclusive rather than exclusive.

22.    "All" means any and all and/or each and every, to make it inclusive rather than exclusive.

23.    "Any" means any and all and/or each and every, to make it inclusive rather than exclusive.

24.    "Each" includes the term "each and every."

25.    Reference to the singular is to be construed to include the plural, and reference to the plural is to be construed to include the singular.

26.    All verbs are to be construed to include all tenses.

## INSTRUCTIONS

The following instructions apply to these Interrogatories and Requests for Production:

1.    You must furnish all information and documents available to you, regardless of whether such information or documents are possessed directly or indirectly by you, your attorneys, their investigators, or any other person acting or purporting to act on your behalf, and not merely such information or documents as are known of your own personal knowledge or under your direction or control.

5

2.    If you cannot answer any part of these Interrogatories and Requests for Production in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as possible, stating whatever information or knowledge you have concerning the unanswered or partially answered portion.

3.    If you elect to produce business records in lieu of providing a written answer to any Interrogatory, specification of records must be in sufficient detail to permit GenStar to reasonably locate and identify the records from which the answer may be ascertained.

4.    If any document requested to be produced or identified was, but is no longer in your possession or control, or is no longer in existence state:

a.    whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others and, if so, to whom; or, (iv) otherwise disposed of;

b.    with respect to each such document and disposition, explain the circumstances surrounding an authorization for such disposition and the approximate date thereof; and

c.    state any information available to you which might be helpful in locating originals or copies of the document in question.

5.    For any document that you withhold under a claim of privilege, or under a claim of work product protection, and for every Interrogatory that you refuse to answer in whole or in part on account of a claim of privilege or work product protection, state the following:

a.    the nature of the document or communication (*e.g.*, conversation, e-mail, memorandum, etc.);

b.    the date of the document or communication;

c.    the author of the document or communication;

d.    the recipients of the communication;

e.    the nature of your privilege or work product claim; and

f.    such other information as will enable GenStar to assess the applicability of

the privilege or work product protection.

6.    These Interrogatories and Requests for Production are to be considered to be
continuing; you are requested to provide, by way of supplementary answers, such additional
information or documents as you or any person acting on your behalf may obtain which will
augment or modify your initial answers. Such supplementary responses are to be served upon
GenStar within thirty (30) days of the receipt of such information.

## INTERROGATORIES

1    If you contend that National Union paid any amount of money with respect to the 1999 National Union Policy that, for any reason, did not properly exhaust the policy limits:

    a.    Identify, by date, dollar amount paid, and recipient, each payment that you contend included, in whole or in part, any amount that did not constitute a proper payment for purposes of exhausting the policy limits;

    b.    For each improper payment identified in response to paragraph 1.a above, state the amount you claim was improperly paid and reason(s) you contend the payment was improper;

    c.    For each improper payment and reason identifed in response to paragraph 1.b above, state the facts which form the basis of or relate to your contention that the payment was improper, the reason(s) the payment was improper, or both;

    d.    For each improper payment identified in response to paragraph 1.b above, identify each person with knowledge of the facts that form the basis of or relate to your contention that the payment was improper.

    **ANSWER:**

2.    If you contend that GenStar paid any amount of money with respect to the 1999 GenStar Policy that, for any reason, did not properly exhaust the policy limits:

8

a. Identify, by date, dollar amount paid, and recipient, each payment that you contend included, in whole or in part, any amount that did not constitute a proper payment for purposes of exhausting the policy limits;

b. For each improper payment identified in response to paragraph 2.a above, state the amount you claim was improperly paid and reason(s) you contend the payment was improper;

c. For each improper payment and reason identifed in response to paragraph 2.b above, state the facts which form the basis of or relate to your contention that the payment was improper, the reason(s) the payment was improper, or both;

d. For each improper payment identified in response to paragraph 2.b above, identify each person with knowledge of the facts that form the basis of or relate to your contention that the payment was improper.

**ANSWER:**

3. Identify each and every contract or policy of insurance that you believe constitutes "Underlying Insurance" with respect to the 1999 IICNA Policy.

**ANSWER:**

9

4.    If you contend that the 1999 National Union Policy does not provide coverage to IHS of Lester, state each and every fact that forms the basis for that contention.

**ANSWER:**

5.    If you contend that the 1999 GenStar Policy does not provide coverage to IHS of Lester, state each and every fact that forms the basis for that contention.

**ANSWER:**

6.    If you contend that IHS and GenStar intended for the 1999 GenStar Policy to treat IHS and IHS of Lester differently in any respect, state each and every fact that forms the basis for that contention.

**ANSWER:**

7.    Identify each and every source of information that is, or has been, within your possession and control regarding the underwriting and formation of the 1999 GenStar Policy.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.    Complete copies of all insurance policies issued by IICNA to IHS that provided coverage to IHS at any point during the period beginning January 1, 1999 and ending January 1, 2000, including but not limited to the 1999 IICNA Policy.

2.    All documents concerning the underwriting of any insurance policy issued by IICNA to IHS that provided coverage to IHS at any point during the period beginning January 1, 1999 and ending January 1, 2000, including but not limited to documents concerning the underwriting of the 1999 IICNA Policy.

3.    All documents concerning your notice, investigation, adjustment, handling, evaluation, and disposition of claims handled under insurance policies that provided coverage to IHS at any point during the period beginning January 1, 1999 and ending January 1, 2000, including but not limited to claims handled under the 1999 IICNA Policy.

4.    All correspondence or other communications between you and IHS concerning IHS' coverage for claims handled under insurance policies that provided coverage to IHS at any point during the period beginning January 1, 1999 and ending January 1, 2000. This document production request includes, but is not limited to, coverage disclaimers, reservation of rights letters, and advice or demands that IHS take action with respect to the Underlying Carriers.

5.    All correspondence or other communications between you and National Union concerning IHS or IHS of Lester.

6.    All correspondence or other communications between you and GenStar concerning IHS or IHS of Lester.

7.    All correspondence or other communications between you and Hamlin & Burton concerning IHS or IHS of Lester.

11

8.    To the extent not already inquired after by Requests for Production Nos. 5 through 7, all correspondence or other communications between you and any person concerning any insurance contract or policy providing coverage to IHS or IHS of Lester during the period beginning January 1, 1999 and ending January 1, 2000.

9.    All insurance policies issued by Reliance to IHS or IHS of Lester that provided coverage to IHS or IHS of Lester at any point during the period beginning January 1, 1999 and ending January 1, 2000.

10.    All documents concerning insurance policies issued by National Union to IHS or IHS of Lester that provided coverage to IHS or IHS of Lester at any point during the period beginning January 1, 1999 and ending January 1, 2000.

11.    All documents concerning IHS' or IHS of Lester's payment or satisfaction of any deductible or self-insured retention under any insurance policy that provided coverage to IHS or IHS of Lester at any point during the period beginning January 1, 1999 and ending January 1, 2000.

12.    All documents concerning your allegation in Paragraph 47 of the ACE Counterclaim that "coverage under the 1999 IICNA Policy is triggered by actual payment of the underlying limits of the Reliance Policy and is not simply predicated on the insured becoming 'legally obligated' to pay."

13.    All documents concerning your allegation in Paragraph 48 of the ACE Counterclaim that "[t]he underlying aggregate policy limits of the National Union Policy are improperly exhausted because of National Union improperly charging against the underlying aggregate policy limits (i) payments of defense costs and expenses; and (ii) payments made

12

pursuant to judgments or settlements of claims against facilities owned and/or operated by Integrated Health Services of Lester, Inc."

14.    All documents concerning your allegation in Paragraph 49 of the ACE Counterclaim that "[t]he underlying aggregate limits of the GenStar Policy are improperly exhausted because of GenStar improperly charging against the underlying aggregate policy limits (i) payment of defense costs and expenses; and (ii) payments made pursuant to judgments or settlements of claims against facilities owned and/or operated by Integrated Health Services of Lester, Inc."

15.    All documents concerning to your allegation in Paragraph 24 of the ACE Counterclaim that "IICNA has been placed on notice by IHS and/or the underlying carriers that the aggregate coverage limits of the underlying insurance to the 1999 IICNA Policy may be exhausted."

16.    All documents, data compilations, and/or tangible things referenced in Paragraph 2(b) of your Disclosure Pursuant to Rule 26 of the Federal Rules of Civil Procedure dated October 31, 2006.

17.    All documents, data compilations, and/or tangible things referenced in Paragraph 2(c) of your Disclosure Pursuant to Rule 26 of the Federal Rules of Civil Procedure dated October 31, 2006.

18.    All documents, data compilations, and/or tangible things referenced in Paragraph 2(d) of your Disclosure Pursuant to Rule 26 of the Federal Rules of Civil Procedure dated October 31, 2006.

19.    All documents concerning the underwriting and formation of the GenStar Policy.

20.    To the extent not already inquired after by Requests for Production 1 through 19,

any and all documents referenced in your answers to Interrogatories 1 through 7.

COHEN SEGLIAS PALLAS GREENHALL &
FURMAN, PC

James F. Harker, Esquire, Bar I.D. 255
Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 425-5089

Of Counsel:

DAY, BERRY & HOWARD, LLP
Thomas O. Farrish, Esquire
Daniel L. FitzMaurice, Esquire
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 274-0100

DATED:    January 23, 2007

25037-001/11

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC.,<br>*et al.*<br><br>          Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>          Defendant. | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>GENERAL STAR INDEMNITY COMPANY,<br>and ACE INDEMNITY INSURANCE<br>COMPANY f/k/a INDEMNITY INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>          Third-Party Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed Third-Party Defendant General

Star Indemnity Company's First Set of Interrogatories and Request for Production of Documents to

Defendant Ace Indemnity Insurance Company, f/k/a Indemnity Insurance Company of North

America, with the Clerk of the Court using CM/ECF and by first class mail to the following:

Thomas G. Whalen, Jr., Esquire
Leonard P.Goldberg, Esquire
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
tgw@stevenslee.com
lpg@stevenslee.com

Christopher Page Simon, Esquire
Cross & Simon, LLC
913 Market Square, Suite 1001
Wilmington, DE 19801
csimon@crosslaw.com

Francis J. Deasey, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA 19103

Lee W. Stremba, Esquire
Clement H. Berne, Esquire
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Gerald J. Valentini, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA 19103

Arthur Steinberg, Esquire
Marc D. Rosenberg, Esquire
Ana Alfronso, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Garvan F. McDaniel, Esquire
Bifferato, Gentilotti & Biden
The Buckner Building
1308 Delaware Avenue
Wilmington, DE 19899

Benjamin C. Wetzel III, Esquire
Wetzel & Associates, P.A.
The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, DE 19805

Of Counsel:

DAY, BERRY & HOWARD, LLP
Thomas O. Farrish, Esquire
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 274-0100

COHEN SEGLIAS PALLAS GREENHALL &
FURMAN, PC

James F. Harker, Esq. (I.D. No. 255)
1007 North Orange Street, Suite 1130
Wilmington, Delaware 19801
Phone: (302)425-5089
*Attorneys for General Star Indemnity Company*

25037-001/13

**IN THE JUSTICE OF THE PEACE COURT OF
THE STATE OF DELAWARE, IN AND FOR _____ COUNTY
COURT NO. _____**

**COURT ADDRESS:**

_____        **CIVIL ACTION NO. _____**

_____

**PLAINTIFF(S):**        **VS.**        **DEFENDANT(S):**

_____        _____

_____        _____

## DEFENDANT'S ANSWER TO THE COMPLAINT

Check all that are appropriate:

A._____        I admit that I owe the debt or claim in the Complaint and <u>DO</u> <u>NOT</u> want a trial. (This means that you agree to a judgment being entered against you for the amount claimed plus interest and costs. Any money owed should be paid directly to the Plaintiff. **You will be giving up your right to a trial and <u>will not have a right to appeal your decision to admit this debt or claim</u>.**)

B._____        I WANT A TRIAL.

_____        **DEBT ACTIONS ONLY**: In addition to a trial, I request that the Plaintiff provide me with a more detailed statement of the claim (Bill of Particulars).

DATED:_____

_____        _____
(Signature of Defendant)        (Defendant's Address/Phone No.

_____        _____
(Defendant's Attorney, if any)        (Attorney's Address/Phone No.)

**If you are a corporation (or other artificial entity or public body):**

- This Answer MUST be signed by an attorney or person designated by a Certificate of Representation (Form 50) for the corporation or entity prior to the filing of this Answer.
- Only an attorney or a person designated in a Form 50 may represent you in JP court.
- YOU MAY OBTAIN A FORM 50 and further information from the Court's website at http://courts.state.de.us/jpcourt. (Click on Form 50). Or, you may obtain a Form 50 from your nearest JP Civil Court.

Mail this completed form (Answer) to the Justice of the Peace Court at the address above as soon as possible. This signed document must be received by the Court within 15 days after the date you received it or a default judgment may be entered against you.

**IN THE JUSTICE OF THE PEACE COURT OF**
**THE STATE OF DELAWARE, IN AND FOR _____ COUNTY**
**COURT NO. _____**

**COURT ADDRESS:**

_____       **CIVIL ACTION NO. _____**

_____


**PLAINTIFF(S):**          **VS.**       **DEFENDANT(S):**


_____        _____

_____        _____


## DEFENDANT'S ANSWER TO THE COMPLAINT

Check all that are appropriate:

A. _____     I admit that I owe the debt or claim in the Complaint and <u>DO</u> <u>NOT</u> want a trial. (This means that you agree to a judgment being entered against you for the amount claimed plus interest and costs. Any money owed should be paid directly to the Plaintiff. **You will be giving up your right to a trial and <u>will not have a right to appeal your decision to admit this debt or claim</u>.**)

B. _____     I WANT A TRIAL.

_____     **DEBT ACTIONS ONLY**: In addition to a trial, I request that the Plaintiff provide me with a more detailed statement of the claim (Bill of Particulars).

DATED: _____


_____       _____
(Signature of Defendant                (Defendant's Address/Phone No.


_____       _____
(Defendant's Attorney, if any)          (Attorney's Address/Phone No.)

**If you are a corporation (or other artificial entity or public body):**

- This Answer MUST be signed by an attorney or person designated by a Certificate of Representation (Form 50) for the corporation or entity prior to the filing of this Answer.
- Only an attorney or a person designated in a Form 50 may represent you in JP court.
- YOU MAY OBTAIN A FORM 50 and further information from the Court's website at http://courts.state.de.us/jpcourt. (Click on Form 50). Or, you may obtain a Form 50 from your nearest JP Civil Court.

Mail this completed form (Answer) to the Justice of the Peace Court at the address above as soon as possible. This signed document must be received by the Court within 15 days after the date you received it or a default judgment may be entered against you.


J.P. Civ. Form No. 7 (Rev. 2/2/04)            Doc. No. 02-13-04-02-12

# EXHIBIT 2
# IICNA'S RESPONSES TO GENERAL STAR'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>Debtors. | | Chapter 11<br><br>Case No. 00-389 (MFW)<br><br>(Jointly Administered) |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>Defendant | | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>Third-Party Plaintiff<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>GENERAL STAR INDEMNITY COMPANY,<br>and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA<br><br>Third-Party Defendants | | |

| | | |
|---|---|---|
| ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA<br><br>     Third-Party Defendant and<br>     Fourth-Party Plaintiff<br><br>       v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and GENERAL STAR INDEMNITY COMPANY, | | |

**THIRD-PARTY DEFENDANT ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OBJECTIONS AND ANSWERS TO THIRD-PARTY DEFENDANT, GENERAL STAR INDEMNITY COMPANY'S FIRST SET OF INTERROGATORIES**

## I. GENERAL OBJECTIONS

1. Third-Party Defendant Indemnity Insurance Company of North America, improperly identified as ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America (hereinafter "IICNA"), objects to Third-Party Defendant General Star Indemnity Company's (hereinafter "GenStar") Interrogatories to the extent that Third-Party Defendant General Star Indemnity Company's Interrogatories are (i) sought in bad faith, (ii) would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or (iii) would require the making of an unreasonable investigation.

2. IICNA objects to Third-Party Defendant General Star Indemnity Company's Interrogatories to the extent that the information sought is within the scope of any privilege or limitation, including, but not limited to, those privileges and limitations

established by the Federal Rules of Civil Procedure and/or the attorney work product or attorney-client privilege, and/or trade secrets.

3. IICNA objects to Third-Party Defendant General Star Indemnity Company's Interrogatories, to the extent that Third-Party Defendant General Star Indemnity Company's Interrogatories are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. IICNA objects to Third-Party Defendant General Star Indemnity Company's Interrogatories to the extent the instructions contained at their outset require this Plaintiff to comply in any manner other than as required under the Federal Rules of Civil Procedure.

5. IICNA objects to Third-Party Defendant General Star Indemnity Company's Interrogatories to the extent that they seek information or materials beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or exceed the requirements of the Federal Rules of Evidence.

6. IICNA objects to Third-Party Defendant General Star Indemnity Company's Interrogatories to the extent that they seek information or documents previously provided to Defendant by Plaintiff or some other entity.

7. IICNA objects to the Third-Party Defendant General Star Indemnity Company's Interrogatories to the extent that they seek information that addresses purely legal issues, contain legal conclusions or seek admissions of liability from Plaintiff.

8. IICNA object to the Third-Party Defendant General Star Indemnity Company's Interrogatories to the extent that providing answers in light of the Third-Party Defendant General Star Indemnity Company's definitions and instructions would cause

unreasonable burden.

9.      IICNA objects to the Third-Party Defendant General Star Indemnity Company's document requests on the grounds that they are overly broad as to time and place.

Subject to these objections, Defendant object and answer as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

IICNA's responses to Interrogatories may, for brevity, use identified terms as defined by GenStar, without adopting or making representation as to the accuracy of such definitions.

1.      If you content that National Union paid any amount of money with respect to the 1999 National Union Policy that, for any reason, did not properly exhaust the policy limits:

a.      Identify by date, dollar amount paid, and recipient, each payment that you contend included, in whole or in part, any amount that did not constitute a proper payment for purposes of exhausting the policy limits;

b.      For each improper payment identified in response to paragraph 1.a. above state the amount you claim was improperly paid and reason(s) you contend the payment was improper;

c.      For each improper payment and reason identified in response to paragraph 1.b above, state the facts which form the basis of or relate to your contention that the payment was improper, the reason(s) the payment was improper, or both;

        d.      For each improper payment identified in response to paragraph 1.b above, identify each person with knowledge of the facts that form the basis of or relate to your contention that the payment was improper.

        **ANSWER:** IICNA objects to this Interrogatory on the grounds that it is unreasonably cumulative or duplicative and overly burdensome. Without waiving the foregoing objection, for answers a. through d., see attached spreadsheet titled AIG 1999 IHS All Transactions provided by National Union's agent, Hamlin & Burton Liability Management and attached 1999 National Union Policy, filed by National Union in the United States Bankruptcy Court for the District of Delaware as part of National Union's response to IHS' Motion For Partial Summary Judgment.

        Each and every payment identified as "legal fees" as such payments are in addition to the policy limits, see attached policy. All other expenses incurred by National Union in the defense of any suit or claim are in addition to the policy limits.

        Payment dated 11/07/2003 to Deluxe Business Forms for check order, $158.91, 3/11/2004 check reorder payment, $159.33, 4/9/2004 payment of Misc. Fees to plaintiff's counsel, Wilkes & McHugh, $58.00 as such payments do not fall within those items expressly listed under II – Defense, see attached policy.

        Indemnity payments made to satisfy settlements of claims filed by or on behalf of Audrey Cuoco, Mary F. Jones and Joseph Rollin. Each of these individuals was a resident of an IHS of Lester facility, coverage of which is expressly excluded pursuant to the Broad Named-Insured Amendatory, form 22303A.000. In addition all expenses paid for the defense of lawsuits filed by or on behalf of Ezzie Braszley, Kevin Broderick, Recelia Calloway, Allen Connor, Irene Cormier, Audrey Cuoco, Jerry Dorsey, Sidney

Greene, Lawrence Henklel, Mary Jones, Willie Mae Jones, Ella Lucas, Billy Morrison, Luis Navarro, David Piotter, Early Robinson, Joseph Rollin, Margaret Schoelles, Deborah Smith, Dorthea Still, Zoe Stronstorff, Mabel Sweeney, Wilbur Thomas and Richard Younger are all expressly excluded pursuant to the Broad Named-Insured Amendatory, form 22303A.000 as each was a resident of an IHS of Lester facility.

Information as to the facility residency of each of these individuals is available in the file materials of National Union's agent and GenStar's agent, Hamlin & Burton Liability Management, Inc.

    2.    If you content that GenStar paid any amount of money with respect to the 1999 GenStar Policy that, for any reason, did not properly exhaust the policy limits:

        a.    Identify by date, dollar amount paid, and recipient, each payment that you contend included, in whole or in part, any amount that did not constitute a proper payment for purposes of exhausting the policy limits;

        b.    For each improper payment identified in response to paragraph 2.a. above state the amount you claim was improperly paid and reason(s) you contend the payment was improper;

        c.    For each improper payment and reason identified in response to paragraph 2.b above, state the facts which form the basis of or relate to your contention that the payment was improper, the reason(s) the payment was improper, or both;

        d.    For each improper payment identified in response to paragraph 2.b above, identify each person with knowledge of the facts that form the basis of or relate to your contention that the payment was improper.

**ANSWER:** IICNA objects to this Interrogatory on the grounds that it is unreasonably cumulative or duplicative and overly burdensome. Without waiving the foregoing objection, for answers a. through d., see attached spreadsheet titled General Star Indemnity 1999 All Activity As of 4/7/2006 provided by GenStar's agent, Hamlin & Burton Liability Management. See also, the 1999 GenStar Policy, a copy of which is not included (as GenStar produced the copy of the policy in this litigation).

> 5/29/2003 reimbursement of costs for IHS audit $4,814.24
> 1/7/2005 HBLM Fees Reserve of $439,190.08
> 4/6/2005 HBLM Fees Reserve of $15,779.13
> 4/13/2005 HBLM Fees Reserve of $7,531.76
> 4/19/2005 HBLM Fees Reserve of $26,950.00
> 5/31/2005 HBLM Fees Reserve of $9,800.00
> 7/7/2005 HBLM Fees Reserve of $205.74

None of the $504,270.95 identified above falls within the policy definition of Costs.

Indemnity payments made to satisfy settlements of claims filed by or on behalf of Kevin Broderick, Gladys Brooks, Recelia Calloway, Edna Cedar, Nellie Greene, Sidney Green, Lawrence Henkel, Luis Navarro, Margaret Schoelles, Deborah Smith, Wilbur Thomas and Belva Van Povac. Each of these individuals was a resident of an IHS of Lester facility. GenStar's policy is a follow form policy, which incorporates by reference all of the terms, conditions, definitions, exclusions and endorsements which are not inconsistent with the terms of the 1999 GenStar Policy (see GenStar Policy, II. Application of Underlying Coverage). Pursuant to the 1999 National Union Policy, Broad Named-Insured Amendatory, form 22303A.000, coverage is expressly excluded for IHS of Lester "and its interests in other entities." Nothing in the 1999 GenStar Policy

-6-

is inconsistent with the 1999 National Union Policy, Broad Named-Insured Amendatory, form 22303A.000, therefore same is incorporated into the GenStar Policy by reference.

Even if, as GenStar has contended, its intent was to provide coverage for IHS of Lester, GenStar's policy was not triggered as to IHS of Lester. GenStar's policy states under IV. Limits of Liability:

> "The limits of the Company's liability under this policy apply only after the underlying insurers have paid or have been held legally liable to pay the full amount of their respective limits . . ."

GenStar's policy also states under III Investigation, Defense or Settlement, subparagraph (b), that:

> "if a claim or suit is settled for not more than the limits of underlying insurance, no costs shall be payable by the Company."

In the instant matter, the separate policy limits available to IHS of Lester from National Union have *not* been paid nor has National Union become "legally obligated to pay" the policy limits available to IHS of Lester from National Union as of the date of IICNA's response to GenStar's Interrogatories. As such, assuming *arguendo*, that GenStar's policy does, in fact, provide coverage to IHS of Lester, GenStar's policy was not triggered and GenStar was under no legal or contractual obligation to defend or indemnify IHS of Lester at the time GenStar's payments were made. All such payments made by GenStar for IHS of Lester are, therefore, voluntary and do not erode the limits.

-7-

Similarly, all expenses paid for the defense of lawsuits filed by or on behalf of Lena Bell, Kevin Broderick, Ezzie Braszley, Gladys Brooks, Clarence Burk, Recelia Calloway, Edna Cedar, Allen Connor, Irene Cormier, Audrey Cuoco, Nellie Greene, Sidney Greene, Ella Mae Hughley, Willie Jones, Willie Mae Jones, Fannie Martin, Billy Morrison, Luis Navarro, Early Robinson, Margaret Schoelles, Dorthea Still, Deborah Smith, Zoe Stronstorff, Mabel Sweeney, Wilbur Thomas and Belva Van Povac are improper and do not erode the policy limits.

Information as to the facility residency of each of these individuals is available in the file materials of GenStar's agent, Hamlin & Burton Liability Management, Inc.

By way of further response, pursuant to IV. Limits of Liability of GenStar's policy, the GenStar policy is not triggered unless and until "the underlying insurers have paid or have been held legally liable to pay the full amount of their respective limits". Since the underlying limits of the 1999 National Union Policy were never properly exhausted, as set forth more fully in response to Interrogatory #1 above, GenStar's policy was never triggered. As such, all of the payments made under the GenStar policy are improper and/or voluntary and do not erode the underlying limits. GenStar compounded its error by claiming that GenStar's limits were exhausted and its agent provided IICNA with a spreadsheet titled General Star Indemnity 1999 All Activity As of 4/7/2006 in support of GenStar's purported exhaustion of its policy limits.

3.      Identify each and every contract or policy of insurance that you believe constitutes "Underlying Insurance" with respect to the 1999 IICNA Policy.

-8-

**ANSWER:** IICNA objects to this Interrogatory on the grounds that it is unreasonably cumulative or duplicative and overly burdensome. Without waiving the foregoing objection the "Underlying Insurance" is comprised Reliance National Indemnity Company policy NGB 0151564-00; National Union Fire Insurance Company of Pittsburgh, PA policy BE 357-43-43 (identified in the Definitions to these Interrogatories by definition 11) and General Star Indemnity Company policy IXG-347714B (identified in the Definitions to these Interrogatories by definition 10).

4.      If you contend that the 1999 National Union Policy does not provide coverage to IHS of Lester, state each and every fact that forms the basis for that contention.

**ANSWER:** See the 1999 National Union Policy, Broad Named-Insured Amendatory, form 22303A.000. See also, Integrated Health Services Insurance Program History, Summary of IHS' Policies 1995-2000, prepared by Risk Strategies Company, Print Date May 14, 2004 and marked as Exhibit "4" at the deposition of Kenneth Llano.

5.      If you contend that the 1999 GenStar Policy does not provide coverage to IHS of Lester, state each and every fact that forms the basis for that contention.

**ANSWER:** See the 1999 National Union Policy, specifically Broad Named-Insured Amendatory, form 22303A.000. See also, 1999 National Union Lester Policy, the 1999 GenStar Policy and Integrated Health Services Insurance Program History, Summary of IHS' Policies 1995-2000, prepared by Risk Strategies Company, Print Date May 14, 2004 and marked as Exhibit "4" at the deposition of Kenneth Llano.

6.    If you contend that IHS and GenStar intended to treat IHS and IHS of
Lester differently in any respect, state each and every fact that forms the basis for that
contention.

ANSWER: IICNA objects to this Interrogatory on the grounds that it is
unreasonably cumulative or duplicative and overly burdensome. Without waiving the
foregoing objections, see the 1999 National Union Policy, specifically Broad Named-
Insured Amendatory, form 22303A.000. See also, 1999 National Union Lester Policy,
Amendatory Endorsement, which states "It is hereby understood and agreed that this
policy shall not respond to any insureds, named insureds or additional insureds covered
under policy number BE 357-43-43 for Integrated Health Services, Inc." See also the
1999 GenStar Policy and Integrated Health Services Insurance Program History,
Summary of IHS' Policies 1995-2000, prepared by Risk Strategies Company, Print Date
May 14, 2004 and marked as Exhibit "4" at the deposition of Kenneth Llano.

7.    Identify each and every source of information that is, or has been, within
you possession and control regarding the underwriting and formation of the 1999 GenStar
Policy.

ANSWER: IICNA objects to this Interrogatory on the grounds that it is
unreasonably cumulative or duplicative and overly burdensome. IICNA further objects
on the grounds that this Interrogatory is ambiguous and is not reasonably calculated to
produce relevant information. Without waiving the foregoing objections see all
documents produced by GenStar pursuant to its Rule 26 disclosures.

-10-

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | | Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., *et al.*, | | Case No. 00-389 (MFW) |
| Debtors. | | (Jointly Administered) |
| IHS LIQUIDATING LLC, | | |
| Plaintiff, | | Civil Action No. 05-376 (GMS) |
| v. | | |
| ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | | |
| Defendant | | |
| IHS LIQUIDATING LLC, | | |
| Third-Party Plaintiff | | |
| v. | | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, GENERAL STAR INDEMNITY COMPANY, and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA | | |
| Third-Party Defendants | | |

| ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA<br><br>               Third-Party Defendant and<br>               Fourth-Party Plaintiff<br><br>               v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and GENERAL STAR INDEMNITY COMPANY, | |
| --- | --- |

**THIRD-PARTY DEFENDANT ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S OBJECTIONS AND ANSWERS TO THIRD-PARTY DEFENDANT, GENERAL STAR REQUEST FOR PRODUCTION OF DOCUMENTS**

## I.  GENERAL OBJECTIONS

1.  Third-Party Defendant Indemnity Insurance Company of North America, improperly identified as ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America (hereinafter "IICNA"), objects to Third-Party Defendant General Star Indemnity Company's (hereinafter "GenStar") Request For Production of Documents to the extent that Third-Party Defendant General Star Indemnity Company's Request For Production of Documents are (i) sought in bad faith, (ii) would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or (iii) would require the making of an unreasonable investigation.

2.  IICNA objects to Third-Party Defendant General Star Indemnity Company's Request For Production of Documents to the extent that the information sought is within the scope of any privilege or limitation, including, but not limited to,

those privileges and limitations established by the Federal Rules of Civil Procedure and/or the attorney work product or attorney-client privilege, and/or trade secrets.

3.    IICNA objects to Third-Party Defendant General Star Indemnity Company's Request For Production of Documents, to the extent that Third-Party Defendant General Star Indemnity Company's Request For Production of Documents are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.    IICNA objects to Third-Party Defendant General Star Indemnity Company's Request For Production of Documents to the extent the instructions contained at their outset require this Plaintiff to comply in any manner other than as required under the Federal Rules of Civil Procedure.

5.    IICNA objects to Third-Party Defendant General Star Indemnity Company's Request For Production of Documents to the extent that they seek information or materials beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or exceed the requirements of the Federal Rules of Evidence.

6.    IICNA objects to Third-Party Defendant General Star Indemnity Company's Request For Production of Documents to the extent that they seek information or documents previously provided to Defendant by Plaintiff or some other entity.

7.    IICNA objects to the Third-Party Defendant General Star Indemnity Company's Request For Production of Documents to the extent that they seek

-2-

information that addresses purely legal issues, contain legal conclusions or seek admissions of liability from Plaintiff.

     8.    IICNA object to the Third-Party Defendant General Star Indemnity Company's Request For Production of Documents to the extent that providing answers in light of the Third-Party Defendant General Star Indemnity Company's definitions and instructions would cause unreasonable burden.

     9.    IICNA objects to the Third-Party Defendant General Star Indemnity Company's document requests on the grounds that they are overly broad as to time and place.

     Subject to these objections, Defendant object and answer as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

     IICNA's responses to Request For Production of Documents may, for brevity, use identified terms as defined by GenStar, without adopting or making representation as to the accuracy of such definitions.

     1.    Complete copies of all insurance policies issued by IICNA to IHS that provided coverage to IHS at any point during the period beginning January 1, 1999 and ending January 1, 2000, including but not limited to the 1999 IICNA Policy.

     **ANSWER:** IICNA objects to this Request on the grounds that it is unreasonably cumulative or duplicative and overly burdensome. Without waiving the foregoing objection, a copy of IICNA's 1999 policy was provided as part of its amended pleading. By way of further response, IICNA's 2000 policy is attached.

     2.    All documents concerning the underwriting of any insurance policy issued by IICNA to IHS that provided coverage to IHS at any point during the period beginning

January 1, 1999 and ending January 1, 2000, including but not limited to the 1999 IICNA
Policy.

ANSWER: IICNA objects to this Request on the grounds that it is
unreasonably cumulative or duplicative and overly burdensome. Without waiving the
foregoing objections, see attached underwriting material.

3.    All documents concerning your notice, investigation, adjustment,
handling, evaluation and disposition of claims handled under insurance policies that
provided coverage to IHS at any point during the period beginning January 1, 1999 and
ending January 1, 2000, including but not limited to the 1999 IICNA Policy.

ANSWER: IICNA objects to this Request on the grounds that it is overly
broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.
Without waiving the foregoing objections, see attached.

4.    All correspondence or other communications between you and IHS
concerning IHS' coverage for claims handled under insurance policies that provided
coverage to IHS at any point during the period beginning January 1, 1999 and ending
January 1, 2000. This document production request includes, but is not limited to,
coverage disclaimers, reservation of rights letters, and advice or demands that IHS take
action with respect to the Underlying Carriers.

ANSWER: IICNA objects to this Request on the grounds that it is overly
broad, unreasonably cumulative or duplicative and unduly burdensome. See material
provided in response to No. 3, above.

5.    All correspondence or other communications between you and National
Union concerning IHS or IHS of Lester.

-4-

**ANSWER:** IICNA objects to this Request on the grounds that it is overly broad, unreasonably cumulative or duplicative and unduly burdensome. See attached.

6. All correspondence or other communications between you and GenStar concerning IHS or IHS of Lester.

**ANSWER:** IICNA objects to this Request on the grounds that it is overly broad, unreasonably cumulative or duplicative and unduly burdensome. See attached.

7. All correspondence or other communications between you and Hamlin & Burton concerning IHS or IHS of Lester.

**ANSWER:** IICNA objects to this Request on the grounds that it is overly broad, unreasonably cumulative or duplicative and unduly burdensome. See attached.

# EXHIBIT 3
# LIST OF DOCUMENTS THAT GENERAL STAR
# ALLEGES WERE ONLY PARTIALLY PRODUCED

**DP** DAY PITNEY LLP

**THOMAS O. FARRISH**
Attorney at Law

CityPlace I
Hartford, CT 06103
T: (860) 275 0397 F: (860) 275 0343
tofarrish@daypitney.com

April 3, 2007

**BY E-MAIL AND U.S. MAIL**

Francis J. Deasey, Esq.
Ward A. Rivers, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA   19103-2978

      Re:    IHS Liquidating LLC v. Indemnity Insurance Co. of North America ("IICNA")

Gentlemen:

This letter will supplement our previous communications regarding IICNA's non-compliance with General Star's First Set of Interrogatories and Requests for Production. In addition to the instances of non-compliance cited in those communications, General Star respectfully requests that IICNA promptly cure the following deficiencies:

1.    The document bearing Bates numbers IICNA 00019 through 00056 purports to be a seventy-six page document, yet IICNA produced only thirty-eight pages. Please produce the omitted pages.

2.    The document bearing Bates numbers IICNA 00103 through 00106 purports to be a seven page document, yet IICNA produced only four pages. Please produce the omitted pages.

3.    The document bearing Bates numbers IICNA 00107 through 00108 purports to be a six page document, yet IICNA produced only two pages. Please produce the omitted pages.

4.    The document bearing Bates numbers IICNA 00109 through 00110 purports to be a three page document, yet IICNA produced only two pages. Please produce the omitted pages.

5.    The document bearing Bates numbers IICNA 00117 through 00119 references a June 7, 2005 letter from you to a Mr. Arthur Steinberg. Please produce the referenced letter.

6.    The document bearing Bates numbers IICNA 00133 through 00134 recites that four insurance policies were attached. Please produce the referenced insurance policies.

41771133.1

**DAY PITNEY** LLP

Francis J. Deasey, Esq.
April 3, 2007
Page 2

7.    The document bearing Bates number IICNA 00175 references an attached audit report.  Please produce the referenced report.

8.    The document bearing Bates numbers IICNA 00217 through 00220 is missing pages.  Please produce the omitted pages.

9.    The document bearing Bates numbers IICNA 00400 through 00403 purports to be a seven page document, yet IICNA produced only four pages.  Please produce the omitted pages.

10.    At the Rule 30(b)(6) deposition of National Union on March 27th, you examined the witness on a number of purported insurance policies that you have yet to produce, in spite of the fact that such documents were inarguably responsive to at least one of General Star's Requests for Production.  Please produce all such documents.

As previously noted, this letter supplements, and does not replace, our earlier communications regarding IICNA's other instances of non-compliance with General Star's First Set of Interrogatories and Requests for the Production of Documents.  General Star reserves the right to identify additional areas of non-compliance as they arise.

Very truly yours,

Thomas O. Farrish

TF

41771133 1

# EXHIBIT 4
# NATIONAL UNION'S RQUESTS FOR
# PRODUCTION TO IICNA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**DAY PITNEY LLP**

**JAN 29 2007**

**RECEIVED**

|  |  |
|---|---|
| In re: | Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., *et al,* | Case No. 00-389 (MFW) |
| Debtors. | (Jointly Administered) |
| IHS LIQUIDATING, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 05-376 (GMS) |
| ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |
| IHS LIQUIDATING, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA, GENERAL STAR INDEMNITY COMPANY and ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY OF NORTH AMERICA | |
| Third-Party Defendants. | |

**FIRST REQUEST FOR DOCUMENTS OF NATIONAL UNION FIRE INSURANCE OF
PITTSBURGH, PA DIRECTED TO ACE INDEMNITY INSURANCE COMPANY**

Third-Party Defendant NATIONAL UNION FIRE INSURANCE OF PITTSBURGH,

PA, by and through undersigned counsel, hereby demands pursuant to Fed. R. Civ. P. 34 that

ACE INDEMNITY INSURANCE COMPANY f/k/a INDEMNITY INSURANCE COMPANY

("ACE" or "IICNA") produce the documents requested herein at the offices of Cross & Simon, LLC, 913 N. Market Street, 11th Floor, Wilmington, Delaware 19801, in the time and manner prescribed by Fed. R. Civ. P. 34.

## INSTRUCTIONS

1.      In construing this Discovery Request: (a) the singular shall include the plural and the plural shall include the singular and (b) the words "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this Discovery Request all information that might otherwise be construed to be outside its scope.

2.      This Discovery Request calls for the production of documents and disclosure of information that are in your possession, custody or control.

3.      Documents produced pursuant to this Discovery Request shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the paragraph(s) of this Discovery Request to which they are responsive.

4.      If a document or any information is withheld on the ground of any privilege or immunity, state the following:

(a)      The nature of the privilege or immunity being claimed;

(b)      The type of document or the nature of the information;

(c)      The general subject matter of the document or the information;

(d)      The identity of each person who created, sent, or received (i) the original of the document or any copy thereof, or (ii) the information;

(e)      The date(s) on which the document or information was created, sent, and/or received; and

(f)      A description of the document or information sufficient to identify it.

2

5.     These Discovery Requests are continuing in nature and you are required to promptly supplement your responses to this Discovery Request to the extent you locate additional documents or acquire additional information.

6.     National Union Fire Insurance of Pittsburgh, PA reserves the right to amend, supplement, and/or modify these Discovery Requests.

## DOCUMENTS REQUESTED

1.     A copy of IICNA Policy No. XLXG1 9524139.

2.     Copies of all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that were reviewed by or created by IICNA or its agents, employees or servants in connection with the underwriting of IICNA Policy No. XLXG1 9524139.

3.     Copies of all correspondence and e-mails between IICNA and its agents, employees and servants and the brokers, agents, employees or servants of Integrated Health Services, Inc., or Integrated Health Services of Lester, in connection with the underwriting of IICNA Policy No. XLXG1 9524139.

4.     Copies of all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that show when IICNA or its agents, employees or servants first obtained a copy of or information about Policy No. 357-43-43, issued by National Union Fire Insurance Company of Pittsburgh, PA, to Integrated Health Services.

5.     Copies of all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, in the possession of IICNA that concern or relate to the handling of claims by National Union Fire Insurance Co. of Pittsburgh, PA, for Integrated Health Services, Inc., under Policy No. 357-43-43.

6.     Copies of all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that show that the limits of Policy No. 357-43-43, issued by National Union Fire Insurance Company of Pittsburgh, PA, to Integrated Health Services, were improperly exhausted.

7.    Copies of all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that are referenced in the Rule 26 Disclosures of IICNA.

Dated:    January 26, 2007
          Wilmington, Delaware

CROSS & SIMON, LLC

By:
Christopher P. Simon (No. 3697)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
Telephone: (302) 777-4200
Facsimile: (302) 777-4224

-and-

George G. Campion, Esquire
WEINER LESNIAK, LLP
629 Parsippany Road
Parsippany, New Jersey 07054-0438
Telephone: (973) 403-1100
Facsimile: (973) 403-0010

Attorneys for NATIONAL UNION FIRE
INSURANCE OF PITTSBURGH, PA

4

# EXHIBIT 5
# GENERAL STAR'S NOTICE OF DEPOSITION OF IICNA UNDER RULE 30(b)(6)

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Defendant. | Civil Action No. 05-376<br>(GMS) |
| IHS LIQUIDATING LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA., GENERAL STAR INDEMNITY<br>COMPANY, and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Third-Party Defendants. | |
| INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>Fourth-Party Plaintiff,<br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA and GENERAL STAR INDEMNITY<br>COMPANY,<br><br>Fourth-Party Defendants. | |

41759091.1

## NOTICE OF DEPOSITION

To:    Francis J. Deasey, Esq.                    Benjamin C. Wetzel, III, Esq.
       Ward A. Rivers, Esq.                       1100 N. Grant Ave., Suite 201
       Deasey, Mahoney & Bender, Ltd.            Wilmington, DE    19805
       Suite 1300
       1800 John F. Kennedy Blvd.
       Philadelphia, PA    19103-2978

PLEASE TAKE NOTICE that General Star Indemnity Company ("GenStar") will take the deposition of ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America ("IICNA"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, at 10:00 a.m. on Wednesday, April 18, 2007, at the offices of Cohen, Seglias, Pallas, Greenhall & Furman, P.C., 30 South 17th St., 19th Floor, Philadelphia, Pennsylvania, 19103, before a notary or other competent authority authorized to administer oaths. The examination will continue from day to day until completed. The testimony shall be recorded by stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, IICNA shall designate one or more of its officers, directors, or managing agents, or such other persons who consent to testify on its behalf, to testify on the following matters:

1.    IICNA's receipt, investigation, handling, adjustment, and disposition of liability claims made against Integrated Health Services, Inc. and Integrated Health Services of Lester, Inc.

2.    The investigation and formation of, and bases for, IICNA's claim that the policy of insurance issued by GenStar to Integrated Health Services, Inc., covering the period from January 1, 1999 to January 1, 2000, is not properly exhausted.

3.    The investigation and formation of, and bases for, IICNA's claim that the policy of insurance issued by GenStar to Integrated Health Services, Inc., covering the period from January 1, 2000 to January 1, 2001, is not properly exhausted.

4.    The investigation and formation of, and bases for, IICNA's claim that the policies of insurance issued by third-party defendant/fourth-party defendant National Union Insurance Company of Pittsburgh, PA to Integrated Health Services, Inc., and Integrated Health Services of Lester, Inc., covering the period from January 1, 1999 to January 1, 2000, are not properly exhausted.

5.    The investigation and formation of, and bases for, IICNA's claim that the policies of insurance issued by third-party defendant/fourth-party defendant National Union Insurance Company of Pittsburgh, PA to Integrated Health Services, Inc., and Integrated Health Services of Lester, Inc., covering the period from January 1, 2000 to January 1, 2001, are not properly exhausted.

6.    The underwriting and formation of the policy of insurance issued by IICNA to Integrated Health Services, Inc. for the period January 1, 1999 to January 1, 2000.

7.    The underwriting and formation of the policy of insurance issued by IICNA to Integrated Health Services, Inc. for the period January 1, 2000 to January 1, 2001.

8.    The measures undertaken by IICNA to comply with GenStar's First Set of Interrogatories and Requests for Production.

9.    The present physical locations of any and all documents responsive to GenStar's First Set of Interrogatories and Requests for Production.

10.    IICNA's receipt, access to, review, auditing, maintenance, storage, and/or destruction of original files reflecting the handling of liability claims against Integrated Health Services, Inc. by Hamlin & Burton Liability Management, Inc. under the insurance policies issued by GenStar.

COHEN SEGLIAS PALLAS GREENHALL &
FURMAN, PC


/S/ James F. Harker
James F. Harker, Esquire, Bar I.D. No. 255
Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 425-5089

and

DAY PITNEY LLP
Daniel L. FitzMaurice, Esquire
Thomas O. Farrish, Esquire
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0100

*Attorneys for Third-Party Defendant/*
*Fourth Party Defendant,*
*General Star Indemnity Company*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Defendant. | Civil Action No. 05-376<br>(GMS) |
| IHS LIQUIDATING LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA., GENERAL STAR INDEMNITY<br>COMPANY, and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Third-Party Defendants. | |
| INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>Fourth-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA and GENERAL STAR INDEMNITY<br>COMPANY,<br><br>Fourth-Party Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2007, I electronically filed a Notice of Deposition of ACE

Indemnity Insurance Company to take place on April 18, 2007, with the Clerk of the Court using

CM/ECF and by First Class Mail to the following:

Garvan F. McDaniel, Esquire
Bifferato Gentilotti LLC
800 North King Street
Plaza Level
Wilmington, DE 19801

Benjamin C. Wetzel III, Esquire
Wetzel & Associates, P.A.
The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, DE 19805

Christopher Page Simon, Esquire
Cross & Simon, LLC
913 North Market Street, 11th Floor
Wilmington, DE 19801

Frederick Brian Rosner, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

Abraham Backenroth, Esquire
Backenroth, Frankel & Krinsky, LLP
489 Fifth Avenue
New York, NY 10017

George C. Campion, Esquire
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ 07054

Francis J. Deasey, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA 19103

Lee W. Stremba, Esquire
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Arthur Steinberg, Esquire
Marc D. Rosenberg, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Of Counsel:

DAY PITNEY, LLP
Thomas O. Farrish, Esquire
CityPlace I
185 Asylum Street
Hartford, CT  06103-3499
(860) 274-0100

COHEN SEGLIAS PALLAS GREENHALL &
FURMAN, PC

/S/  James F. Harker
James F. Harker, Esq. (I.D. No. 255)
1007 North Orange Street, Suite 1130
Wilmington, Delaware 19801
Phone: (302)425-5089
*Attorneys for General Star Indemnity Company*

Dated: April 6, 2007

25037-001/36

# EXHIBIT 6
# NATIONAL UNION'S NOTICE OF DEPOSITION
# OF IICNA UNDER RULE 30(b)(6)

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 00-389 (MFW)<br>(Jointly Administered) |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>Defendant. | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>GENERAL STAR INDEMNITY COMPANY,<br>and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>Third-Party Defendants. | |
| ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>Third-Party Defendant and<br>Fourth-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA, and<br>GENERAL STAR INDEMNITY COMPANY,<br><br>Fourth-Party Defendants. | |

DOCKET NO. ___78___

DATE ___4-12-2007___

## NOTICE OF DEPOSITION

TO:    Francis J. Deasey, Esq.                      Benjamin C. Wetzel, III, Esq.
       Deasey, Mahoney & Bender, Ltd.              1100 North Grant Avenue
       1800 John F. Kennedy Boulevard             Suite 201
       Suite 1300                                  Wilmington, DE 19805
       Philadelphia, PA 19103-2978

PLEASE TAKE NOTICE THAT third-party defendant/fourth-party defendant, National

Union Fire Insurance Co. of Pittsburgh, PA, (National Union), will take the deposition of the

defendant/third-party defendant/fourth-party plaintiff ACE Indemnity Insurance Company f/k/a

Indemnity Insurance Company of North America (IICNA), pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure at 10 a.m., April 18, 2007, at the offices of Cohen, Seglias,

Pallas, Greehall & Furman, P.C. 30 South 17th Street, Philadelphia, PA, 19103, before a notary

or other competent authority authorized to administer oaths. The examination shall continue

from day to day until completed. The testimony shall be recorded by stenographic means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, IICNA shall designate

one or more of its officers, directors, or managing agents, or such other persons who consent to

testify on its behalf, to testify about the following matters:

1.      IICNA's receipt, investigation, handling, adjustment and disposition of liability

claims made against Integrated Health Services, Inc., and against Integrated Health Services of

Lester, Inc.;

2.      The investigation and formation of, and bases for, IICNA's claim that the policy

of insurance issued by National Union to Integrated Health Services, covering the period from

January 1, 1999, to January 1, 2000, is not properly exhausted;

3.      The investigation and formation of, and bases for, IICNA's claim that the policy

of insurance issued by National Union to Integrated Health Services, covering the period from

January 1, 2000, to January 1, 2002, is not properly exhausted;

2

4.    The underwriting of the policy of insurance issued by IICNA to Integrated Health Services Inc., for the period from January 1, 1999, to January 1, 2000;

5.    The underwriting of the policy of insurance issued by IICNA to Integrated Health Services Inc., for the period from January 1, 2000, to January 1, 2001;

6.    IICNA's receipt, access to, review, auditing, maintenance, storage, and/or destruction of original files reflecting the handling of liability claims against Integrated Health Services, Inc., and against Integrated Health Services of Lester, Inc.

Dated: April 12, 2007                    CROSS & SIMON, LLC
       Wilmington, Delaware

                                         By: _CPS_____

                                         Christopher P. Simon (No. 3697)
                                         913 North Market Street, 11th Floor
                                         Wilmington, Delaware 19899-1380
                                         (302) 777-4200
                                         (302) 777-4224 (Facsimile)

                                         -and-

                                         Gwynne A. Young, Esq.
                                         Carlton Fields, LLP
                                         Corporate Center Three at International Plaza
                                         4221 W. Boy Scout Boulevard
                                         Tampa, Fl 33607-5736
                                         (813) 229-4333
                                         (813) 229-4133 (Facsimile)

                                         -and-

                                         George G. Campion, Esquire
                                         WEINER LESNIAK, LLP
                                         629 Parsippany Road
                                         Parsippany, New Jersey 07054-0438
                                         (973) 403-1100
                                         (973) 403-0010 (Facsimile)

                                         *Counsel for National Union Fire
                                         Insurance Company of Pittsburgh, PA*

3

## CERTIFICATE OF SERVICE

I, Christopher P. Simon, Esquire do hereby certify that on this 12th day of April, 2007, I caused a copy of the **Notice of Deposition of ACE Indemnity Insurance Company f/k/a Indemnity Insurance Company of North America (IICNA)** to be served upon the parties listed below in the manner indicated:

**Via First Class U.S. Mail**
Thomas Farrish
Day Pitney LLP
CityPlace 1
Hartford, CT 06103-3499

Ward A. Rivers
Deasey Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA 19103-2978

Lee W. Stremba, Esq.
Clement H. Berne, Esq.
Troutman Sanders, LLP
405 Lexington Avenue
New York, NY 10174

George G. Campion, Esq.
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ 07054-0438

Benjamin C. Wetzel, III
The Carriage House
1100 North Grant Avenue, Suite 201
Wilmington, DE 19805

**Via Hand Delivery**
James F. Harker, Esq.
Herlihy Harker & Kavanaugh
1400 North Market Street, Suite 200
Wilmington, DE 19899

Garvan F. McDaniel, Esq.
Bifferato Gentilotti, LLC
800 King Street
Wilmington, DE 19801


Christopher P. Simon (No. 3697)

# EXHIBIT 7
# GENERAL STAR'S NOTICE OF DEPOSITION OF DENNIS HECHT

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Defendant. | Civil Action No. 05-376<br>(GMS) |

IHS LIQUIDATING LLC,

        Third-Party Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., GENERAL STAR INDEMNITY
COMPANY, and ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA,

        Third-Party Defendants.

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

        Fourth-Party Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA and GENERAL STAR INDEMNITY
COMPANY,

        Fourth-Party Defendants.

417790154.1

## NOTICE OF DEPOSITION

To:    Francis J. Deasey, Esq.              Benjamin C. Wetzel, III, Esq.
       Ward A. Rivers, Esq.               1100 N. Grant Ave., Suite 201
       Deasey, Mahoney & Bender, Ltd.    Wilmington, DE   19805
       Suite 1300
       1800 John F. Kennedy Blvd.
       Philadelphia, PA   19103-2978

PLEASE TAKE NOTICE that General Star Indemnity Company ("GenStar") will take the deposition of Mr. Dennis Hecht pursuant to Rule 30(a)(1) of the Federal Rules of Civil Procedure, at 10:00 a.m., on Tuesday, April 17, 2007, at the offices of Cohen Seglias Pallas Greenhall & Furman, PC., United Plaza, 30 South 17th St., 19th Floor, Philadelphia, Pennsylvania, 19103, before a notary or other competent authority authorized to administer oaths. The examination will continue from day to day until completed. The testimony shall be recorded by stenographic means.

                  COHEN SEGLIAS PALLAS GREENHALL &
                  FURMAN, PC


                  /S/ James F. Harker
                  James F. Harker, Esquire, Bar I.D. No. 255
                  Nemours Building, Suite 1130
                  1007 North Orange Street
                  Wilmington, DE 19801
                  (302) 425-5089


                        and

                  DAY PITNEY LLP
                  Daniel L. FitzMaurice, Esquire
                  Thomas O. Farrish, Esquire
                  CityPlace I
                  185 Asylum Street
                  Hartford, CT  06103-3499
                  (860) 275-0100


                  *Attorneys for Third-Party Defendant/*
                  *Fourth Party Defendant,*
                  *General Star Indemnity Company*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*<br><br>Debtors. | Case No. 00-389 (MFW)<br>Jointly Administered |
| IHS LIQUIDATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Defendant. | Civil Action No. 05-376<br>(GMS) |

| |
|---|
| IHS LIQUIDATING LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA., GENERAL STAR INDEMNITY<br>COMPANY, and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>Third-Party Defendants. |
| INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>Fourth-Party Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, PA and GENERAL STAR INDEMNITY<br>COMPANY,<br><br>Fourth-Party Defendants. |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2007, I electronically filed a Notice of Deposition of Mr.

Dennis Hecht to take place on April 17, 2007 with the Clerk of the Court using CM/ECF and by First

Class Mail to the following:

Garvan F. McDaniel, Esquire
Bifferato Gentilotti LLC
800 North King Street
Plaza Level
Wilmington, DE 19801

Benjamin C. Wetzel III, Esquire
Wetzel & Associates, P.A.
The Carriage House, Suite 201
1100 North Grant Avenue
Wilmington, DE 19805

Christopher Page Simon, Esquire
Cross & Simon, LLC
913 North Market Street, 11th Floor
Wilmington, DE 19801

Frederick Brian Rosner, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

Abraham Backenroth, Esquire
Backenroth, Frankel & Krinsky, LLP
489 Fifth Avenue
New York, NY 10017

George C. Campion, Esquire
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ 07054

Francis J. Deasey, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA 19103

Lee W. Stremba, Esquire
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Arthur Steinberg, Esquire
Marc D. Rosenberg, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Of Counsel:

DAY PITNEY, LLP
Thomas O. Farrish, Esquire
CityPlace I
185 Asylum Street
Hartford, CT  06103-3499
(860) 274-0100

COHEN SEGLIAS PALLAS GREENHALL &
FURMAN, PC

/S/  James F. Harker
James F. Harker, Esq. (I.D. No. 255)
1007 North Orange Street, Suite 1130
Wilmington, Delaware 19801
Phone: (302)425-5089
*Attorneys for General Star Indemnity Company*

Dated: April 6, 2007

25037-001/37