Issued To:     INTEGRATED HEALTH SERVICES OF LESTER                Policy Number:    BE 357-43-86

**INSURER**

| TYPE OF COVERAGE | POLICY NUMBER POLICY PERIOD | RETAINED LIMIT |
|---|---|---|
| GENERAL AND PROFESSIONAL LIABILITY | SELF INSURED | NON PROFESSIONAL LIABILITY |
| | NO NUMBER | $1,000,000  EACH OCCURRENCE |
| | JANUARY 01, 2000 | $5,000,000  GENERAL AGGREGATE |
| | JANUARY 01, 2001 | $5,000,000  PRODUCTS/COMPLETED OPERATIONS AGGREGATE |
| | SELF INSURED | PROFESSIONAL LIABILITY |
| | NO NUMBER | $2,000,000  EACH MEDICAL INCIDENT |
| | JANUARY 01, 2000 | $12,000,000  AGGREGATE |
| | JANUARY 01, 2001 | |

Authorized Representative _____

ENDORSEMENT #1

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.    01/01/00        FORMS A PART OF

POLICY NO: BE 357-43-86            ISSUED TO:  INTEGRATED HEALTH SERVICES OF LESTER

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

<u>RETAINED LIMIT AMENDMENT ENDORSEMENT</u>

1. In Section III, Limits of Insurance, Paragraph E, Retained Limit, is deleted in its entirety and replaced by the following:

    E.    Retained Limit

        We will be liable only for that portion of damages in excess of the Limits stated in the Schedule of Retained Limits attached to this policy and then up to an amount not exceeding the Each Occurrence Limits as stated in the Declarations.  The Retained Limits shown in the attached Schedule shall apply whether or not the Insured maintains applicable underlying insurance.

        Coverage is limited to apply only in excess of the Retained Limits shown in the attached Schedule and only for those coverages for which a Retained Limit is shown; these Retained Limits shall not include "Defense Expenses".

2. Section II, Defense, is hereby deleted in its entirety and replaced by the following:

    II.    Defense

        A.    We shall have the right and duty to defend any claim or suit seeking damages covered by the terms and conditions of this policy when the applicable Limits shown in the Schedule of Retained Limits have been exhausted by payment of claims to which this policy applies.
        B.    When we assume the defense of any claim or suit:
            1.    We will defend any suit against the Insured seeking damages on account of Bodily Injury, Property Damage, Personal Injury or Advertising Injury even if such suit is groundless, false or fraudulent, but we have the right to investigate, defend and settle the claim as we deem expedient.

            2.    We will pay the following:

                a.    premiums on bonds to release attachments for amounts not exceeding our Limits of Insurance, but we are not obligated to apply or furnish any such bond;
                b.    premiums on appeal bonds required by law to appeal any claim or suit we defend, but we are not obligated to apply for or furnish such bond;
                c.    all costs taxed against the Insured in any claim or suit we defend;
                d.    pre-judgment interest awarded against the Insured on that part of the judgment we pay.  If we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest based on that period of time after the offer;
                e.    all interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court the part of the judgment that is within our applicable Limit of Insurance;

f.      the Insured's expenses incurred at our request.

We will not defend any suit or claim after our applicable Limits of Insurance have been exhausted by payment of judgments or settlements.

All expenses we incur in the defense of a suit or claim are in addition to our Limits of Insurance.

C.   In all other instances except A. above, we will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the Insured. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, suits or proceedings relative to any Occurrence which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, we will do so at our own expense.

3.   Additional Definition

"Defense Expenses" means a payment allocated to a specific loss, claim or suit for its investigation, settlement or defense, including, but not limited to:

a.   attorneys' fees and all other investigation, loss adjustment and litigation expenses;
b.   premiums on bonds to release attachments;
c.   premiums on appeal bonds required by law to appeal any claim or suit;
d.   costs taxed against the Insured in any claim or suit;
e.   pre-judgment interest awarded against the Insured;
f.   interest that accrues after entry of judgment.

4.   In addition to our duties in the event of an Occurrence, claim or suit, as set forth in the conditions section of the policy, you must:

a.   Notify us in writing as soon as practicable, but not later than sixty (60) days after you receive notice of any Occurrence, claim or suit involving:

1.   a fatality;
2.   dismemberment or amputation
3.   paraplegia or quadriplegia;
4.   loss or impairment of eyesight or hearing;
5.   a sexual assault or battery, including, but not limited to, rape, molestation or sexual abuse; or
6.   which in your reasonable judgment, taking into account past or anticipated "defense expenses" in connection with such Occurrence, claim or suit may result in payments equal to or exceeding 25% of the Retained Limit.

With respect to any claim or suit, you must notify us of any settlement demands by a claimant which exceeds 50% of your Retained Limit and any settlement offers in any amount made by you or on your behalf.

b.   With respect to any claim or suit as set forth in paragraph (a) above, you must forward us, as soon as practicable:

1.   all reports prepared by your loss adjustment representative;
2.   all reports prepared by your defense counsel if the matter is in suit;

c. On a quarterly basis, you or your loss adjustment representative must provide us with a written summary of all Occurrences, Claims or suits which have or may result in payments within the Retained Limit. This written summary must show:

1. the date of Occurrence
2. the name(s) of the injured person(s) or identification of the damaged property;
3. a description of the injury or damage; and
4. the amount paid or set aside as a reserve, including "defense expenses" on account of the Occurrence, claim or suit.

The duty to provide the information set forth above shall continue until you have paid the full amount of the Self Insured Retention for the claim or suit.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

ENDORSEMENT #2

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.   01/01/00        FORMS A PART OF

POLICY NO: BE 357-43-84            ISSUED TO:  INTEGRATED HEALTH SERVICESOF LESTER.

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

<u>RETAINED LIMIT</u>

The Retained Limit for Comprehensive General Liability including Professional Liability shall be determined by the policy addendum entitled "Health Care Medical Professional Liability & General Liability".

The Retained Limits for Automobile Liability and Employers Liability shall be determined by the respective policies listed on the Schedule of RetainedLimits.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

ENDORSEMENT #3

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.     01/01/00     FORMS A PART OF

POLICY NO: BE 357-43-86     ISSUED TO:  INTEGRATED HEALTH SERVICES OF LESTER.

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## Item #3-Limits of Insurance

The Limits of Insurance:

| | | |
|---|---|---|
| A. | $2,000,000 | Each Occurrence |
| B. | $2,000,000 | General Aggregate (in accordance with Section III, Limits of Insurance) |
| C. | $2,000,000 | Products-Completed Operations Aggregate (in accordance with Section III, Limits of Insurance) |
| D. | See Schedule of Retained Limits     Self Insured Retention | |
| E. | $2,000,000 | Each Medical Incident-Professional |
| F. | $2,000,000 | Aggregate Medical -Professional |

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

ENDORSEMENT #4

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.    01/01/00        FORMS A PART OF

POLICY NO: BE 357-43-86            ISSUED TO:  INTEGRATED HEALTH SERVICES OF LESTER

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## NON-PYRAMIDING OF LIMITS ENDORSEMENT

If damages covered by this policy are also covered in whole or part by Policy Numbers 357-43-84 and 357-43-88, our total Limits of Insurance under all policies combined shall be:

| | |
|---|---|
| $25,000,000 | Each Occurrence Limit |
| $25,000,000 | Each Medical Incident Limit |
| $25,000,000 | Products Completed Operations Aggregate Limit |
| $25,000,000 | Medical Professional Aggregate Limit |
| $25,000,000 | General Aggregate Limit |

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

ENDORSEMENT #5

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.    01/01/00    FORMS A PART OF

POLICY NO: BE 357-43-86                    ISSUED TO:  INTEGRATED HEALTH SERVICES OF LESTER

BY   NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### BROAD NAME INSURED-AMENDATORY

The definition of Named Insured (IV EI a and b) is amended to include any partnership, interest in a joint venture*, subsidiary controlled or propriety company, corporation, firm, organization or other entity as now exists or may hereafter be constituted, formed or aquired where the Named Insured has at least 50% ownership interest or management control.

However, this policy shall exclude all coverage and limits for the exposure of **Integrated Health Services of Lester**, Inc. and its interests in other entitites.

*See Joint Venture Endorsement for additional conditions.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22303A.D00

AUTHORIZED REPRESENTATIVE

## ENDORSEMENT #6

This endorsement, effective 12:01 A.M.  01/01/2000          forms a part of

policy No. BE     357-43-86      issued to INTEGRATED HEALTH SERVICES OF LESTER

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### WAIVER OF SUBROGATION

In the event of any payment under this policy for a loss for which you have waived the right of recovery in a written contract entered into prior to the loss, we hereby agree to also waive our right of recovery.  This waiver shall only apply with respect to a loss occurring due to operations undertaken as per the specific contract in which you waived the right of recovery.

All other terms and conditions of this policy remain unchanged.

_____
**AUTHORIZED REPRESENTATIVE**

60417 (5/94)

**ENDORSEMENT # 7**

This endorsement, effective 12:01 A.M.  01/01/2000          forms a part of

policy No. BE    357-43-86    issued to INTEGRATED HEALTH SERVICES OF LESTER

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### JOINT VENTURE ENDORSEMENT

In the event of any **Occurrence** caused by or arising out of any joint venture, co-venture, joint lease, joint operating agreement or partnership (hereinafter joint venture) in which the **Insured** has an interest, our Limits of Insurance under this policy shall be limited to the product of:

1.    The percentage interest of the **Insured** in the said joint venture; and

2.    The total liability coverage afforded the **Insured** by this policy.

Where the percentage interest of the **Insured** in said joint venture is not set forth in writing the percentage to be applied shall be that which would be imposed by law at the inception of the joint venture.  Such percentage shall not be increased by the insolvency of others' interest in the said joint venture.

It is further agreed that where the limits of insurance of the underlying insurance(s) have been reduced by an endorsement similar to the paragraph above, our liability under this Schedule as limited by the paragraph above shall be excess of the sum of:

1.    Such reduced limits of underlying insurance(s), and

2.    The limits of any underlying insurance not reduced.

All other terms and conditions of this policy remain unchanged.

_____
**AUTHORIZED REPRESENTATIVE**

60434 (5/94)

ENDORSEMENT # 8

This endorsement, effective 12:01 A.M. 01/01/2000          forms a part of

policy No. BE    357-43-86        issued to INTEGRATED HEALTH SERVICES OF LESTER

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

## UNINTENTIONAL ERRORS OR OMISSIONS ENDORSEMENT

Your failure to disclose all hazards existing as of the inception date of the policy shall not prejudice you with respect to the coverage afforded by this policy provided such failure or any omission is not intentional.

All other terms and conditions of this policy remain unchanged.

_____
**AUTHORIZED REPRESENTATIVE**

62222 (03/95)

ENDORSEMENT # 9

This endorsement, effective 12:01 A.M.  01/01/2000          forms a part of

policy No. BE     357-43-86          issued to INTEGRATED HEALTH SERVICES OF LESTER

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### KNOWLEDGE OF OCCURRENCE ENDORSEMENT

As respects any loss reporting requirements under this policy, it is understood and agreed that knowledge of an accident or incident by an agent, servant or employee of yours or any other person shall not in itself constitute knowledge by you, unless a corporate officer of yours shall have received notice from said agent, servant, employee or any other person.

All other terms and conditions of this policy remain unchanged.

_____
**AUTHORIZED REPRESENTATIVE**

62224 (03/95)

## ENDORSEMENT #10

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M. 01/01/00      FORMS A PART OF

POLICY NO. BE 357-43-86      ISSUED TO: INTEGRATED HEALTH SERVICES OF LESTER

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### FOLLOW-FORM ENDORSEMENT

### (CLAIMS MADE VERSION)

### PROVIDES CLAIMS MADE COVERAGE - PLEASE READ CAREFULLY

This insurance does not apply to **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** arising out of:

### PROFESSIONAL HEALTH CARE LIABILITY

However, if insurance for a negligent act, error or omission in the performance of the Insured's professional services as Healthcare Providers is provided by a policy listed in the Schedule of Retained Limits:

1.    This exclusion shall not apply;

2.    The insurance provided by our policy will follow form to such policy but will not be broader than the insurance coverage provided by the policy listed in the Schedule of Retained Limits; and

3.    Solely as respects this endorsement, we will only provide coverage for a claim made against the Insured during our policy period.

All Other Terms And Conditions Of This Policy Remain Unchanged.

62662 (5/95)

_____

AUTHORIZED REPRESENTATIVE

ENDORSEMENT #11

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M. 01/01/00      FORMS A PART OF

POLICY NO: BE357-43-86      ISSUED TO:  INTEGRATED HEALTH SERVICES OF LESTER

BY  NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

<u>CLUBS</u>

"Insured" includes any association, club or other organizaion and employees who are members thereof provided such
entily is formed for or by employees for social or recreational purposes with knowledge and consent.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22302A.D00

_____
AUTHORIZED REPRESENTATIVE

**ENDORSEMENT #12**

**THIS ENDORSEMENT, EFFECTIVE** 12:01 A.M.    01/01/00    **FORMS A PART OF**

**POLICY NO:** BE 357-43-86.    **ISSUED TO:** INTEGRATED HEALTH SERVICES OF LESTER

BY    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

**INTENTIONAL INJURY-AMENDATORY**

Exclusion O of the policy is amended as follows:

> Bodily Injury or Property Damage expected or intended from the standpoint of the Insured. However, this exclusion does not apply to Bodily Injury or Property Damage resulting from the use of reasonable force to protect persons or property.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

AUTHORIZED REPRESENTATIVE

## ENDORSEMENT #13

THIS ENDORSEMENT, EFFECTIVE     12:01 A.M.   01/01/00     FORMS A PART OF

POLICY NO: BE 357-43-86           ISSUED TO:   INTEGRATED HEALTH SERVICES OF LESTER

BY  NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### NOTICE OF OCCURRENCE

The Company shall not deny coverage as the result of an unintentional failure to give notice as respects to any occurrence, provided notice is given as soon as practicable after becoming aware that this policy may apply to such occurrence.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

**ENDORSEMENT #14**

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.    01/01/00    FORMS A PART OF

POLICY NO.  BE 357-43-86                ISSUED TO.  INTEGRATED HEALTH SERVICES OF LESTER

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

<u>AMENDED INSURING AGREEMENT AND RETROSPECTIVE DATE</u>
<u>(CLAIMS MADE ONLY)</u>

The first paragraph of the insuring agreements Coverage is amended as follows:

We will pay on behalf of the insured those sums in excess of the Retained Limit that the Insured becomes legally Obligated to pay by reason of liability imposed by law because of injury to which this insurance applies.  The Injury must be caused by a "medical incident" that takes place after the Retrospective Date, but before the expiration date on the policy, and for which a claim is first made during our policy period.

Medical incident shall mean that definition found in the underlying policy.

| <u>ENTITY</u> | <u>RETRO DATE</u> |
|---|---|
| INTEGRATED HEALTH SERVICES OF LESTER | 01/01/99 |

This policy does not apply to any claim for injury arising from a "medical incident";

1.    That was first made to any insurer prior to the effective date of acquisition;

2.    That is made against this policy because of the limits of liability under any previous policy, whether issued by us or any
other Insurer, are insufficient or have been exhausted due to the payment of claims arising from a "medical incident";

3.    That is made against this policy because of the insolvency or bankruptcy of any insurer;

4.    That was known by or reported to, prior to the effective date of the acquisition, any "Insured", prior insurer or its agents and that arose from a "medical incident" that occurred subsequent to the retroactive date of our policy.

5.    That is covered by any other insurance, including any coverage afforded by any "extended reporting peroid" provisions;or

6.    For which any other insurance does not apply because the amount of the claim is solely within a deductible or self-insured retention.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**ENDORSEMENT #15**

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.    01/01/00    FORMS A PART OF

POLICY NO.  BE 357-43-86                 ISSUED TO.  INTEGRATED HEALTH SERVICES OF LESTER

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## EXTENDED REPORTING PERIOD OPTION
### (CLAIMS MADE ONLY)

1.  We will provide an Extended Reporting Period only if the policy is either cancelled or not renewed by the Insured or by us for any reason except non-payment of premium.  Non-renewal shall mean the refusal by us to renew the policy on any terms.  Non-renewal shall not mean change in premium, retained amounts, or any other terms and conditions.

2.  A Claim first made, in writing, during the Extended Reporting Period will be deemed to have been made on the last day of the policy period, provided that the Claim is for damages because of Personal Injury or Property Damage or Advertising Injury that occurred before the end of the policy period but not before any applicable retoractive date.

3.  The Extended Reporting Period will not reinstate or increase the limits of liability or extend the policy period.

4.  The Extended Reporting Period will be as set forth below:

    a.  If no other insurance the Insured purchases to repalce this policy applies to the Claim or would apply but for the exhaustion of its applicable limits of liability, an Extended Reporting Period of 60 days from the end of the policy period will apply. This Etended Reporting Period may not be cancelled and requires no additional premium.

    b.  If the Insured makes a written request for an Extended Reporting Period within 30 days after the expiration of the policy period and pays additional premium within 30 days after said request, we will issue an Extended Reporting Endorsement for a period of twelve (12) months from the end of the policy period.

        The Extended Reporting Period Endorsement will not take effect unless the additional premium is paid when due.  If that premium is paid when due, the endorsement may not be cancelled.

        The Extended Reporting Period Endorsement will also amend the Other Insurance condition so that the insurance provided will be excess over any other valid and collectible insurance available to the insured whether primary, excess, contingent or on any other basis, whose policy period begins or continues after the endorsement takes effect.

5.  The premium for the Extended Reporting Period Endorsement (Section 4b above) will not exceed  200% if the annual premium for this policy and will be fully earned when the endorsement takes effect.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

## ENDORSEMENT #16

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M. 01/01/00     FORMS A PART OF

POLICY NO. BE 357-43-86     ISSUED TO: INTEGRATED HEALTH SERVICES OF LESTER

BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### LIMITS OF LIABILITY

It is understood and agreed that the inclusion of claims made coverage to this policy shall not act to increase the limits of liability stated on the policy declarations page.

All Other Terms And Conditions Of This Policy Remain Unchanged.

_____
AUTHORIZED REPRESENTATIVE

# ENDORSEMENT #17

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M  01/01/00          FORMS A PART OF

POLICY NO:   BE 357-43-86   ISSUED TO:  INTEGRATED HEALTH SERVICES OF LESTER

BY:    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

## EXCESS/UMBRELLA DATE RECOGNITION ENDORSEMENT

This insurance does not apply to Bodily Injury, Property Damage, Personal Injury or Advertising Injury arising out of:

A.     Any actual or alleged failure, malfunction or inadequacy of:

1.     Any of the following, whether belonging to any Insured or to others:

     a.     Computer hardware, including microprocessors;
     b.     Computer application software;
     c.     Computer operating systems and related software;
     d.     Computer networks;
     e.     Microprocessors (computer chips) not part of any computer system; or
     f.     Any other computerized or electronic equipment or components; or

2.     Any other products, and any services, data or functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph A.1. of this endorsement.

     Due to the inability to correctly recognize, process, distinguish, interpret or accept the year 2000 and beyond.

B.     Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair replacement or supervision provided or done by you or for you to determine, rectify or test for any potential or actual problems described in paragraph A. of this endorsement.

ALL OTHER TERMS AND CONDITONS OF THIS POLICY REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

71762 (9/98)

## ENDORSEMENT #18

This endorsement, effective        01/01/00      forms a part of

Policy No: BE 357-43-86 Issued to: INTEGRATED HEALTH SERVICES OF
                                                    LESTER

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### NAMED PERIL AND TIME ELEMENT POLLUTION ENDORSEMENT
(Defense Expenses Outside Retained Limit, Version 2)

Exclusion M of this policy is hereby deleted in its entirety and replaced by
the following:

This insurance does not apply to:

1.   **Bodily Injury, Property Damage** or **Personal Injury** arising out of
     the actual or threatened discharge, dispersal, seepage, migration,
     release or escape of pollutants anywhere in the world;

2.   Any loss, cost or expense arising out of any governmental direction
     or request that we, the **Insured** or any other person or organization
     test for, monitor, clean-up, remove, contain, treat, detoxify,
     neutralize or assess the effects of pollutants; or

3.   Any loss, cost or expense, including but not limited to costs of
     investigation or attorneys' fees, incurred by a governmental unit or
     any other person or organization to test for, monitor, clean-up,
     remove, contain, treat, detoxify or neutralize pollutants.

As used in this exclusion, pollutants means any solid, liquid, gaseous or
thermal irritant or contaminant, including smoke, vapor, soot, fumes,
acids, alkalis, chemicals and waste material.  Waste material includes
materials which are intended to be or have been recycled, reconditioned
or reclaimed.

However, this exclusion does not apply to **Bodily Injury, Property
Damage** or **Personal Injury** arising out of:

1. Any discharge, dispersal, seepage, migration, release or escape
   directly or indirectly caused by fire, explosion, lightning, windstorm,
   vandalism or malicious mischief, riot and civil commotion, flood,
   earthquake, collision or upset of a motor vehicle, mobile equipment or
   aircraft, automatic sprinkler leakage;

2. The **Products – Completed Operations Hazard**; or
3. Any discharge dispersal, seepage, migration, release or escape of
   pollutants that meets all of the following conditions:

65581 (06/96)                          Page 1 of 3

a. It was accidental and neither expected nor intended by the **Named Insured**. This condition would not serve to deny coverage for a specific incident where such discharge, dispersal, seepage, migration, release or escape of pollutants was a result of an attempt by the **Insured** to mitigate or avoid a situation where substantial third party **Bodily Injury**, **Property Damage** or **Personal Injury** could occur; and

b. It was demonstrable as having commenced on a specific date during the term of this policy; and

c. Its commencement became known to the **Named Insured** within seven (10) calendar days and was further reported to the Risk Management Department within a reasonable time frame; and

d. Its commencement was reported in writing to us within forty (40) calendar days of becoming known to the Risk Management Department; and

e. Reasonable effort was expended by the **Named Insured** to terminate the situation as soon as conditions permitted.

However, nothing contained in this provision 3. shall operate to provide any coverage with respect to:

a. Any site or location principally used by the **Insured**, or by others on the **Insured's** behalf, for the handling, storage, disposal, dumping, processing or treatment of waste material;

b. Any fines or penalties;

c. Any clean up costs ordered by the Superfund Program, or any federal, state or local governmental authority. However, this specific exclusion 3. shall not serve to deny coverage for third party clean up costs otherwise covered by this endorsement simply because of the involvement of a governmental authority;

d. Acid rain;

e. Clean up, removal, containment, treatment, detoxification or neutralization of pollutants situated on premises the **Insured** owns, rents or occupies at the time of the actual discharge, dispersal, seepage, migration, release or escape of said pollutants; or

f. Water pollution caused by oil or its derivatives.

It is further agreed that solely as respects any coverage granted by this endorsement:

1.   We shall only be liable for damages in excess of the Named Peril and Time Element Pollution retained limit as on the Schedule Retained Limits described.

65581 (06/9⊂5)                         Page 2 of 3

It is further agreed that in the event of a disagreement as to the interpretation of this endorsement, the disagreement shall be submitted to binding arbitration before a panel of three (3) arbitrators. Within thirty (30) days of a written request for arbitration by either you or us, each party will choose an arbitrator. If the two arbitrators are unable to agree within one month upon the third arbitrator, such arbitrator shall at the request of either party be selected by the American Arbitration Association in accordance with its rules and procedures.

The parties shall submit their cases to the panel by written and oral evidence at a hearing time and place selected by the third arbitrator. The panel shall be relieved of all judicial formality, shall not be obligated to adhere to the strict rules of law or of evidence, shall seek to enforce the intent of the parties hereto and may refer to, but are not limited to, relevant legal principles. The decision of at least two (2) of the three (3) panel members shall be binding and final and not subject to appeal except for grounds of fraud and gross misconduct by the arbitrators. The award will be issued within thirty (30) days of the close of the hearings. Each party shall bear the expenses of its designated arbitrator and shall jointly and equally share with the other the expense of the third arbitrator and of the arbitration.

The arbitration proceedings shall take place in the state shown in Item 1 of the Declarations. The procedural rules applicable to this arbitration shall, except as provided otherwise herein, be in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

All other terms and conditions of this policy remain unchanged.

Authorized Representative

ENDORSEMENT #19

THIS ENDORSEMENT, EFFECTIVE    12:01 A.M.    01/01/99    FORMS A PART OF

POLICY NO: 357-43-46        ISSUED TO:    INTEGRATED HEALTH SERVICES OF LESTER

BY  NAITONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## AUTOMOBILE LIABILITY EXCLUSION

This insurance does not apply to **Bodily Injury** or **Property Damage** arising out of the ownership,
maintenance, operation, use, loading or unloading of any **auto.**

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

22302A.D00

AUTHORIZED REPRESENTATIVE

**ENDORSEMENT # 20**

This endorsement, effective 12:01 A.M.  01/01/2000                forms a part of

policy No. BE       357-43-86          issued to INTEGRATED HEALTH SERVICES OF LESTER

by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

**EMPLOYERS' LIABILITY EXCLUSION**

This insurance does not apply to **Bodily Injury** to any employee of the **Insured** arising out of and in the course of the employee's employment by the **Insured.**

All other terms and conditions of this policy remain unchanged.

_____

**AUTHORIZED REPRESENTATIVE**

62279 (03/95)

This endorsement, effective           12:01 A.M.,    January 1, 2000 forms a part of

policy number          357 43 86

issued to      INTEGRATED HEALTH SERVICES INC

By:    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

### AMENDATORY ENDORSEMENT

It is agreed that Endorsements 10, 14, 15 & 16 are deleted in their entirety.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

This endorsement, effective         12:01 A.M.,    January 1, 2000 forms a part of

policy number         357 43 86

issued to        INTEGRATED HEALTH SERVICES INC

By:    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

It is agreed that Endorsement No. 5 shall be declared null and void and replaced with the following:

### BROAD NAME INSURED – AMENDATORY

The definition of Named Insured (IV El a and b) is amended to include any partnership, interest in a joint venture*, subsidiary controlled or propriety company, corporation, firm, organization or other entity as now exists or may hereafter be constituted, formed or acquired where the Named Insured has at least 50% ownership interest or management control.

* See Joint Venture Endorsement for additional conditions.

All other terms and conditions remain unchanged.

_____
AUTHORIZED REPRESENTATIVE

This endorsement, effective          12:01 A.M.,    January 1, 2000 forms a part of

policy number          357 43 86

issued to      INTEGRATED HEALTH SERVICES INC

By:     NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## AMENDATORY ENDORSEMENT

It is hereby agreed that the Mailing Address of Item 1. Listed on the Declarations Page is
amended to read as follows:

910 Ridgebrook Road
Sparks, MD 21152

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

### ENDORSEMENT NO. 24

This endorsement, effective          12:01 A.M.,    January 1, 2000 forms a part of

policy number          357 43 86

issued to    INTEGRATED HEALTH SERVICES INC

By:    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

### DEFENSE IN LIMIT ENDORSEMENT

In Section II, Defense, the last paragraph in provision B, is hereby deleted in its entirety and replaced by the following:

All expenses we incur in the defense of any suit or claim are included within our Limits of Insurance.

Provision C of Section II, Defense, is hereby deleted in its entirety and replaced by the following:

C.    In all other instances excerpt A. above, we will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the Insured. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, suits, or proceedings relative to any Occurrence which, in our opinion, may create liability on our part under the terms of this policy.  If we exercise such right, any expenses we incur in the defense of any suit or claim are included within our Limits of Insurance.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

This endorsement, effective               12:01 A.M.,     January 1, 2000 forms a part of

policy number          357 43 86

issued to     INTEGRATED HEALTH SERVICES INC

By:     NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

It is agreed that Endorsement No. 1, Retained Limit Amendment Endorsement, shall be declared null and void and replaced with the following:

## RETAINED LIMIT AMENDMENT ENDORSEMENT

1.    In Section III, Limits of Insurance Paragraph E., Retained Limit, is deleted in its entirety and replaced by the following:

    E.  Retained Limit

        We will be liable only for that portion of damages in excess of the Limits stated in the Schedule of Retained Limits attached to this policy and then up to an amount not exceeding the Each Occurrence Limits as stated in the Declarations.  The Retained Limits shown in the attached Schedule shall apply whether or not the Insured maintains applicable underlying insurance.

        Coverage is limited to apply only in excess of the Retained Limits shown in the attached Schedule and only for those coverages for which a Retained Limit is shown; these Retained limits shall include "Defense Expenses".

2.    Section II, Defense, is hereby deleted in its entirety and replaced by the following:

    II.    Defense

        A.    We shall have the right and duty to defend any claim or suit seeking damages covered by the terms and conditions of this policy when the applicable Limits shown in the Schedule of Retained Limits have been exhausted by payment of claims to which this policy applies.

        B.    When we assume the defense of any claim or suit:

            1.    We will defend any suit against the Insured seeking damages on account of Bodily Injury, Property Damage, Personal Injury or Advertising Injury even if such suit is groundless, false or fradulent, but we have the right to investigate, defend and settle the claim as we deem expedient.

            2.    We will pay for the following:

                a.    premiums on bonds to release attachments for amounts not exceeding our Limits of Insurance, but we are not obligated to apply or furnish any such bond;

to apply for or furnish any such bond;

    c.    all costs taxed against the Insured in any claim or suit we defend;

    d.    pre-judgment interest awarded against the Insured on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest based on that period of time after the offer;

    e.    all interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court the part of the judgment that is within our Limits of Insurance;

    f.    the Insured's expenses incurred at our request.

We will not defend any suit or claim after our applicable Limits of Insurance have been exhausted by payment of judgments or settlements.

All expenses we incur in the defense of suit or claim are in addition to our Limits of Insurance.

    C.    In all other instances except A. above, we will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the Insured. We will however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, suits or proceedings relative to any Occurrence which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, any expenses we incur in the defense of any suit or claim are included within our Limits of Insurance.

3.    Additional Definition

"Defense Expenses" means payment allocated to a specific loss, claim or suit for its investigation, settlement or defense, including but not limited to:

    a.  attorneys' fees and all other investigation, loss adjustment and litigation expenses;

    b.  premiums on bonds to release attachments;

    c.  premiums on appeal bonds required by law to appeal any claim or suit;

    d.  costs taxed against the Insured in any claim or suit;

    e.  pre-judgment interest awarded against the Insured;

    f.  interest that accrues after entry of judgment.

the conditions section of policy, you must.

A.  Notify us in writing as soon as practicable, but no later than sixty (60) days after you receive notice of any Occurrence, claim or suit involving:

1.  A fatality;
2.  Dismemberment or amputation
3.  Paraplegia or quadriplegia;
4.  Loss or impairment of eyesight or hearing;
5.  A sexual assault or batter, including, but not limited to, rape, molestation or sexual abuse; or
6.  Which in your reasonable judgment, taking into account past anticipated "Defense Expenses" in connection with such Occurrence, claim or suit may result in payments equal to or exceeding 25% of the Retained Limit.

With respect to any claim or suit, you must notify us of any settlement demands by a claimant which exceeds 50% of your Retained Limit and any settlement offers in any amount made by you or on your behalf.

B.  With respect to any claim or suit as set forth in paragraph (a) above, you must forward us, as soon as practicable:

1.  all reports prepared by your loss adjustment representative;
2.  all reports prepared by your defense counsel if the matter is in suit;
3.  any other information pertaining to the claim or suit which we request from you, your loss adjustment representative or your defense counsel.

C.  On a quarterly basis, you or your loss adjustment representative must provide us with a written summary of all Occurrences, claims or suits which have or may result in payments within the Retained Limit. This written summary must show:

1.  the date of Occurrence
2.  the name(s) of the injured person(s) or identification of the damaged property;
3.  a description of the injury or damage; and
4.  the amount paid or set aside as a reserve, including "Defense Expenses" on account of the Occurrence, claim or suit.

The duty to provide the information set forth above shall continue until you have paid the full amount of the Self Insured Retention for the claim or suit.

All other terms and conditions remain unchanged.

_____
AUTHORIZED REPRESENTATIVE