# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re:

Integrated Health Services, Inc., *et al.*,   Case No. 00-389 (MFW)
                                                                                                                                         Jointly Administered

      Debtors.

_____/

IHS LIQUIDATING LLC,

      Plaintiff,

v.   Civil Action No. 05-376 (GMS)

ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

      Defendant.

_____/

IHS LIQUIDATING LLC,   Civil Action No. 04-1262 (GMS)

      Third Party Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, GENERAL STAR
INDEMNITY COMPANY and ACE INDEMNITY
INSURANCE COMPANY f/k/a INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA

      Third-Party Defendants.

_____/

ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

      Third-Party Defendant and
      Fourth-Party Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
GENERAL STAR INDEMNITY COMPANY,

      Fourth-Party Defendants.       /

*Cover page cont. on next page.*

_____

**CROSS-CLAIM DEFENDANT NATIONAL UNION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON IICNA'S EXISTING CROSS-CLAIM COMPLAINT**

_____

Christopher Page Simon (No. 3697)
CROSS & SIMON, LLC
913 N. Market Street, 11th Floor
Wilmington, DE  19801
Telephone:     (302) 777-4200
Facsimile:      (302) 777-4224

George G. Campion
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ  07054-0438
Telephone:     (973) 403-1100
Facsimile:      (973) 403-0010

Gwynne A. Young
Florida Bar No. 185582
Frederick T. Hawkes
Florida Bar No. 307629
Carlton Fields, P.A.
P.O. Drawer 190
Tallahassee, FL  32302
Telephone:     (850) 224-1585
Facsimile:      (850) 222-0398

Counsel for Cross-Claim Defendant
National Union Fire Insurance Co. of
Pittsburgh, PA

## **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................. ii

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................ 1

ARGUMENT:

I.    IICNA DOES NOT DISPUTE THAT THE CLAIMS IN ITS EXISTING CROSS-CLAIM HAVE BEEN WITHDRAWN OR OTHERWISE RESOLVED ............................................. 3

II.    EVEN IF AMENDMENT WERE NOW ALLOWED TO ASSERT A NEW CLAIM, SUMMARY JUDGMENT SHOULD BE ENTERED ON THE EXISTING CLAIMS IN IICNA'S CROSS-CLAIM THAT ARE THE SUBJECT OF NATIONAL UNION'S PENDING MOTION FOR SUMMARY JUDGMENT ................................................................. 4

III.    IICNA'S NEWLY PROPOSED CLAIM CHALLENGING THE NON-PYRAMIDING ENDORSEMENTS OF THE 2000 POLICIES IS WITHOUT MERIT AS A MATTER OF LAW ......................... 5

    A.    Maryland Prohibits Consideration Of Extrinsic Evidence To Invalidate Unambiguous Endorsements ........................................... 6

    B.    IICNA Stands In The Shoes Of IHS For Purposes Of The Statute of Limitations For A Subrogation Claim, And There Is No Dispute That IHS Knew About The Supposedly Mistaken Inclusion Of The Non-Pyramiding Endorsements At Least By April, 2000 ...................... 8

CONCLUSION .............................................................................................................. 12

# TABLE OF CITATIONS

## FEDERAL CASES

Analytical Measurements, Inc. v. Keuffel & Esser Co.,
    843 F. Supp. 920 (D.N.J. 1993) .................................................................................. 5

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955(2007) ................................................................................................ 3

Bissell v. Reno,
    74 F. Supp. 2d 521 (D. Md. 1999) ............................................................................. 5

BMC Industries, Inc. v. Barth Industries, Inc.,
    160 F.3d 1322, 1337 n.28, (11th Cir. 1998) .............................................................. 6

Bridgeway Corp. v. Citibank,
    201 F.3d 134, 142 (2d Cir. 2000) ............................................................................... 8

Carver v. Condie,
    169 F.3d 469 (7th Cir. 1999) ..................................................................................... 5

Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.,
    988 F.2d 386 (3d Cir. 1993) ...................................................................................... 8

Fatir v. Dowdy,
    No. Civ. A. 95-677-GMS, 2002 WL 2018824 (D. Del. Sept. 4, 2002) .................... 4

G.E. Tignall & Co., Inc. v. Reliance Nat'l Ins. Co.,
    102 F. Supp. 2d 300 (D. Md. 2000) ........................................................................... 7

Kennedy v. Josephthal & Co.,
    814 F.2d 798, 806 (1st Cir. 1987) ............................................................................. 4

Kolling, III v. Am. Power Conversion Corp.,
    347 F.3d 11 (1st Cir. 2003) ........................................................................................ 4

Miller v. Pacific Shore Funding,
    224 F. Supp. 2d 977 (D. Md. 2002) ......................................................................... 10

Pamintuan, M.D. v. Nanticoke Memorial Hosp.,
    192 F.3d 378 (3d Cir. 1999) ...................................................................................... 8

Resnick v. Copyright Clearance Ctr., Inc.,
    422 F. Supp. 2d 252 (D. Mass. 2006) ........................................................................ 5

Satterfield v. Borough of Schuylkill Haven,
    12 F. Supp. 2d 423, 444 (E.D. PA 1998) .................................................................... 6

Sperle v. Michigan Department of Corrections,
    297 F.3d 483, 495 (6th Cir. 2002) ............................................................................. 8

Tidelands Marine Service v. Patterson,
    719 F.2d 126, 129 n3 (5th Cir. 1983) ....................................................................... 6

**STATE CASES**

Boudin v. Residential Essentials, LLC.,
    No. 07-0018-WS-C, 2007 WL 2023466 (S.D. Ala. July 10, 2007) ........................ 5

Brodsky v. Princemont Constr. Co.,
    354 A.2d 440 (Md. Ct. Spec. App. 1976) ................................................................ 9

Bullock v. Rehrig Int'l, Inc.,
    No. 3:05 CV 697, 2006 WL 1303124 (E.D. Va. May 10, 2006) ............................ 5

Calomiris v. Woods,
    727 A.2d 358 (Md. 1999) ......................................................................................... 7

Castleman v. Du Val,
    43 A. 821 (Md. 1899) ............................................................................................... 7

Catholic Univ. of America v. Bragunier Masonry Contractors, Inc.,
    775 A.2d 458 (Md. Ct. Spec. App. 2001) ................................................................ 9

Erie Ins. Exchange v. Calvert Fire Ins. Co.,
    252 A.2d 840 (Md. 1969) ......................................................................................... 9

Hesson v. Hesson,
    89 A. 107 (Md. 1913) ............................................................................................... 8

Higgins v. Barnes,
    530 A.2d 724 (Md. 1987) ..................................................................................... 6, 7

Maryland Ins. Guaranty Ass'n v. Muhl,
    504 A.2d 637 (Md. Ct. Spec. App. 1986) ................................................................ 9

Moreland v. Aetna U.S. Healthcare, Inc.,
    831 A.2d 1091 (Md. Ct. Spec. App. 2003) ............................................................ 10

Poe v. Philadelphia Cas. Co.,
 84 A. 476 (Md. 1912) ........................................................................................................ 9

Schotzberger v. State of Delaware Dep't of Corr.,
 No. Civ. A. 03-151-JJF, 2004 WL 758354 (D. Del. Jan. 30, 2004) .................................... 5

Williams v. N.Y. Life Ins. Co.,
 89 A. 97 (Md. 1913) .......................................................................................................... 7

**OTHER**

Md. Code § 5-101 ............................................................................................................ 10

## INTRODUCTION AND SUMMARY OF ARGUMENT

IICNA does not assert that any of the claims pled in its existing cross-claim are still at issue. Thus, summary judgment in favor of National Union on the existing cross-claim is appropriate. By the same token, no claim attacking the validity of the non-pyramiding endorsements is asserted in IICNA's current cross-claim, and the key facts surrounding the supposedly improper inclusion of these endorsements are not alleged therein. Hence, that claim cannot be asserted without amendment of the cross-claim. As demonstrated by separate filing, any such amendment should be denied as untimely, prejudicial to National Union, and futile.

Even if IICNA were allowed to amend, however, National Union is still entitled to summary judgment on the claims in the existing cross-claim. The proposed amendment only raises the validity of the non-pyramiding endorsements. The proposed amendment abandons all claims raised in the existing cross-claim.

As to the proposed amendment itself, IICNA's proposed new claim fails as a matter of law. First, IICNA does not dispute that the non-pyramiding endorsements were in fact issued as part of the 2000 Policies, nor does it dispute that those endorsements are clear on their face and limit coverage to $25 million. Absent a claim of mutual mistake, fraud, or duress – which is not alleged in the proposed amendment – Maryland law does not permit consideration of extrinsic evidence to vary the express terms of an unambiguous contract. Second, IICNA's new claim challenging the non-pyramiding endorsements is barred by Maryland's three-year statute of limitations. IHS, whose knowledge binds IICNA as its subrogee, indisputably had knowledge of the operative facts – i.e., the supposedly mistaken issuance of these endorsements – it

1

needed to bring such a claim in April, 2000.  Hence, IICNA's new claim in subrogation is over four years too late.

Case 1:05-cv-00376-GMS    Document 107    Filed 07/23/2007    Page 8 of 18

**ARGUMENT**

**I.**

**IICNA DOES NOT DISPUTE THAT THE CLAIMS IN ITS EXISTING CROSS-CLAIM HAVE BEEN WITHDRAWN OR OTHERWISE RESOLVED.**

In its response to National Union's motion for summary judgment, IICNA makes no argument that any of the four existing claims in Count I of its cross-claim as to the 1999 IHS Policies, or its three existing claims in Count II as to the 2000 IHS Policies, are still at issue. In short, IICNA does not dispute that all of its claims <u>as currently pled</u> have been withdrawn or otherwise resolved, as its corporate representative previously conceded. <u>See</u> Hecht Dep. at 34 (June 5, 2007). [ D.I. No. 98] Instead, IICNA argues that its proposed new claim – which challenges entirely different endorsements than those placed at issue in its existing cross-claim – is encompassed within its existing cross-claim.[1] It is not. Contrary to IICNA's assertion, its existing complaint does not meet the pleading requirements of <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007)

The non-pyramiding endorsements, and the facts surrounding their issuance and IHS's subsequent request to have these endorsements deleted from the policies (which was not done), are nowhere referenced in IICNA's existing cross-claim.[2] Since no claim based on the supposed invalidity of those endorsements is raised in IICNA's existing cross-claim and no facts pertaining to it are alleged therein, as is required to

---

[1] Notwithstanding that assertion, IICNA has now sought leave to amend to assert that claim. National Union will oppose any such belated amendment by a separate filing.

[2] A complete discussion of the allegations of the existing cross-claim complaint as compared to the proposed new claim is set forth in National Union's Brief in Opposition to IICNA's Motion for Summary Judgment. [D.I. No. 100]

give proper notice of a claim, National Union is entitled to summary judgment on the cross-claim as currently pled.

## II.

**EVEN IF AMENDMENT WERE NOW ALLOWED TO ASSERT A NEW CLAIM, SUMMARY JUDGMENT SHOULD BE ENTERED ON THE EXISTING CLAIMS IN IICNA'S CROSS-CLAIM THAT ARE THE SUBJECT OF NATIONAL UNION'S PENDING MOTION FOR SUMMARY JUDGMENT.**

Having belatedly requested leave to amend to raise its new claim seeking reformation of the non-pyramiding endorsements, IICNA now contends that its effort to amend precludes summary judgment on its existing cross-claim. Quite to the contrary, IICNA cannot avoid summary judgment on its <u>existing</u> claims by moving to amend after summary judgment has been sought by National Union. <u>See, e.g.</u>, <u>Fatir v. Dowdy</u>, No. Civ. A. 95-677-GMS, 2002 WL 2018824 (D. Del. Sept. 4, 2002) (stating that "the timing of the motion to amend in response to the defendant's motion raises an inference that the plaintiff is attempting to bolster his legal position-and therefore avoid summary judgment-by amending the complaint. This is an <u>unacceptable reason to amend</u>." (emphasis added) (<u>citing</u> <u>Kennedy v. Josephthal & Co.</u>, 814 F.2d 798, 806 (1st Cir. 1987) (affirming district court's denial of leave to amend where amendment was attempted to avoid adverse ruling on summary judgment)).

Indeed, if IICNA were granted leave to amend, all claims pled in its current cross-claim complaint against National Union, but omitted from the proposed amended cross-claim, would be deemed abandoned by the filing of the amended cross-claim. <u>See</u> <u>Kolling, III v. Am. Power Conversion Corp.</u>, 347 F.3d 11 (1st Cir. 2003) (plaintiff's

4

omission of claim from amended complaint constituted abandonment of claim); <u>Carver v. Condie</u>, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed, however, it became the governing document in the case and any allegations and parties not brought forward fell by the wayside."); <u>Resnick v. Copyright Clearance Ctr., Inc.</u>, 422 F. Supp. 2d 252 (D. Mass. 2006) (filing of amended complaint constituted abandonment of omitted claim pled in original complaint); <u>Boudin v. Residential Essentials, LLC.</u>, No. 07-0018-WS-C, 2007 WL 2023466 (S.D. Ala. July 10, 2007) (holding that claim asserted in original complaint but omitted from amended complaint was abandoned).

In that case, judgment must be entered for National Union on all claims deemed abandoned by the putative amended complaint IICNA seeks leave to file. See <u>Schotzberger v. State of Delaware Dep't of Corr.</u>, No. Civ. A. 03-151 JJF, 2004 WL 758354 (D. Del. Jan. 30, 2004) (granting summary judgment on abandoned claim); <u>Analytical Measurements, Inc. v. Keuffel & Esser Co.</u>, 843 F. Supp. 920 (D.N.J. 1993) (same); <u>Bissell v. Reno</u>, 74 F. Supp. 2d 521 (D. Md. 1999) (same); <u>Bullock v. Rehrig Int'l, Inc.</u>, No. 3:05 CV 697, 2006 WL 1303124 (E.D. Va. May 10, 2006) (same). IICNA cannot have it both ways.

### III.

**IICNA'S NEWLY PROPOSED CLAIM CHALLENGING THE NON-PYRAMIDING ENDORSEMENTS OF THE 2000 POLICIES IS WITHOUT MERIT AS A MATTER OF LAW.**

IICNA contends that its proposed new claim would not be futile and would withstand summary disposition. To the contrary, two basic requirements of Maryland law preclude that claim: (1) extrinsic evidence is not permitted under Maryland law to

5

alter the unambiguous non-pyramiding endorsements to the 2000 Policies, and (2) any claim for relief from the legal effect of those endorsements is barred by Maryland's statute of limitations.

### A. Maryland Prohibits Consideration Of Extrinsic Evidence To Invalidate Unambiguous Endorsements.

IICNA concedes that the non-pyramiding endorsements are clear on their face, acknowledging that those endorsements "effectively cap[] National Union's coverage limits at $25,000,000." IICNA Memo In Support of Its Motion to Amend at 2 [D.I. No. 103]. Thus, IICNA does not question that these unambiguous endorsements, as issued, cap coverage at those explicit limits. Rather, IICNA seeks to have these endorsements invalidated as part of the 2000 Policies. That is a claim for reformation of the Policies, which requires explicit allegations of mutual mistake, fraud or duress to vary the terms of an unambiguous contract. See, e.g., Higgins v. Barnes, 530 A.2d 724, 726-27 (Md. 1987) (describing the requirements of a claim for reformation and under what circumstances such claim should be made).

IICNA asserts that it is not seeking reformation. But then, it is bound by these unambiguous endorsements; it can only obtain greater policy limits if those endorsements are deleted from the policy, and reformation would be required to accomplish that result. The true nature of IICNA's proposed claim cannot be avoided by calling it something else or using artful pleading. See, e.g., BMC Indus., Inc. v. Barth Indus., Inc., 160 F.3d 1322, 1337, n.28 (11th Cir. 1998) (applying "time-tested adage that: if it walks like a duck, quacks like a duck and looks like a duck, then it's a duck," and noting that this "duck test" has received wide support from the courts); Tidelands Marine Service v. Patterson, 719 F.2d 126, 129 n.3 (5th Cir. 1983) (applying

6

"duck test"); Satterfield v. Borough of Schuylkill Haven, 12 F. Supp. 2d 423, 444 (E.D. Pa. 1998) (applying "duck test").  But IICNA has neither pled nor come forward with legally admissible evidence to provide a basis to reform the 2000 Policies by deleting the unambiguous non-pyramiding endorsements from the policies.

Maryland law, which IICNA concedes controls this case, generally precludes use of parol evidence to vary an unambiguous contract.  See Higgins, 530 A.2d at 726 (parol evidence is inadmissible to vary, alter, or contradict unambiguous contract); Williams v. N.Y. Life Ins. Co., 89 A. 97, 98 (Md. 1913) (parol evidence is inadmissible to confirm the terms of a written insurance policy where no ambiguity is alleged); Castleman v. Du Val, 43 A. 821, 822 (Md. 1899) ("The general and well-established rule undoubtedly is that, where no fraud or mistake is alleged, parol evidence will not be admitted to aid in the construction of a sealed instrument").

Moreover, Maryland law is equally clear that parol evidence cannot be used to create an ambiguity in a contract that is facially unambiguous.  G.E. Tignall & Co., Inc. v. Reliance Nat'l Ins. Co., 102 F. Supp. 2d 300 (D. Md. 2000) (under Maryland law, parol evidence is admissible only if insurance policy is ambiguous); Calomiris v. Woods, 727 A.2d 358 (Md. 1999) (admission of extrinsic evidence of contractual intent is barred when written language is unambiguous).

Although parol evidence can be used to establish mutual mistake, fraud, or duress as a basis for reformation, IICNA has neither alleged nor sought to prove any of those grounds as a basis to invalidate the non-pyramiding endorsements.  It offers no evidence that National Union did not intend to include these endorsements as part of the 2000 Policies.  See Higgins, 530 A.2d at 726 (reformation claim must be based on

7

mutual mistake, fraud, or duress; mutual mistake must be shown by proving exact agreement parties intended "beyond a reasonable doubt"). Rather, at best, IICNA asserts a <u>unilateral</u> mistake on the part of IHS, which is <u>not</u> a basis for admitting parol evidence to vary these facially unambiguous endorsements. See <u>Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.</u>, 988 F.2d 386 (3d Cir. 1993) (reformation is permitted when there is <u>mutual</u> mistake); <u>Hesson v. Hesson</u>, 89 A. 107 (Md. 1913) (to warrant reformation, mistake must be <u>mutual</u>, or unilateral and fraudulently induced ).

Because IICNA's extrinsic evidence is inadmissible, it cannot be considered in opposition to National Union's motion for summary judgment. See, e.g., <u>Pamintuan, M.D. v. Nanticoke Mem. Hosp.</u>, 192 F.3d 378 (3d Cir. 1999) (it is not proper to consider, on summary judgment, evidence that would not be admissible at trial); <u>Bridgeway Corp. v. Citibank</u>, 201 F.3d 134, 142 (2d Cir. 2000) (summary judgment cannot be granted on the basis of inadmissible evidence); <u>Cf</u>. <u>Sperle v. Michigan Dep't of Corr.</u>, 297 F.3d 483, 495 (6th Cir. 2002) ("A party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact.").

**B.    IICNA Stands In The Shoes Of IHS For Purposes Of The Statute Of Limitations For A Subrogation Claim, And There Is No Dispute That IHS Knew About The Inclusion Of The Non-Pyramiding Endorsements At Least By April, 2000.**

IICNA asserts that accrual of Maryland's three-year statute of limitations for its subrogation claim is triggered only when IICNA itself discovered the allegedly improper inclusion of the non-pyramiding endorsements, not when IHS, its insured, discovered it. To the contrary, Maryland law is well-established that:

> the only element of substitution in subrogation is of one *person* in the place of another; and that the person so

8

> substituted can exercise no right not possessed by his predecessor, and can only exercise such right under the <u>same conditions and limitations as were binding on his predecessor.</u>

Poe v. Philadelphia Cas. Co., 84 A. 476, 478 (Md. 1912) (emphasis added). As Maryland courts have made clear: "[T]he insurer stands in the shoes of its insured and succeeds to his claim. That is the essence of subrogation." Maryland Ins. Guaranty Ass'n v. Muhl, 504 A.2d 637, 646 (Md. Ct. Spec. App. 1986).

As such, this "may work to [the subrogee's] detriment if a statute of limitations has already run against" the party with the original claim. Id. As the Maryland court concluded in Muhl, the insurer's rights are entirely dependent on its insured's rights, to which it seeks to subrogate:

> To the extent of its payment, the insurer succeeds to the rights of its insured: if the insured has filed a timely claim, the insurer may pursue it; <u>if the insured failed to file a timely claim, the insurer is out of luck</u>.

Id. at 646 (emphasis added). See also Catholic Univ. of America v. Bragunier Masonry Contractors, Inc., 775 A.2d 458, 469 (Md. Ct. Spec. App. 2001) (because garnishment is statutory right of subrogation, the limitations period must be derived from the underlying right of action); Brodsky v. Princemont Constr. Co., 354 A.2d 440, 444 (Md. Ct. Spec. App. 1976) (subrogation is entirely derivative, so insurer is bound by insured's waiver); Erie Ins. Exchange v. Calvert Fire Ins. Co., 252 A.2d 840, 842 (Md. 1969) (insurer could not maintain subrogation claim because statute of limitations had run on the underlying tort claim).

Thus, accrual of the statute of limitations is triggered by <u>IHS's discovery</u> of the facts necessary to assert its claim that these endorsements to its 2000 Policies were

9

invalidly included as part of the Policies, <u>not</u> IICNA's discovery of those facts. Since IHS knew by April 2000 of the inclusion of those endorsements in the 2000 Policies, or at least was on notice of that through its broker's knowledge, the statute of limitations has expired. That is so whether IICNA's claim is for reformation or some other, unidentified claim to invalidate the endorsements that were enforced by National Union to limit coverage to $25 million. In Maryland, <u>all civil actions</u> are governed by the three-year statute of limitations. <u>See</u> Md. Code § 5-101.

    IICNA alternatively argues that even IHS's discovery of the facts relating to the issuance of those endorsements is inevitably factual. To the contrary, Maryland courts have made clear that where acquisition of the knowledge of facts necessary to assert a claim is not in dispute, the accrual date is "not a factual issue for resolution by a fact-finder; rather, it [is] a legal issue for the court to decide." <u>Moreland v. Aetna U.S. Healthcare, Inc.</u>, 831 A.2d 1091, 1097 (Md. Ct. Spec. App. 2003) (knowledge of facts necessary to assert claim triggers accrual of statute of limitation as a matter of law).

    In <u>Miller v. Pacific Shore Funding</u>, 224 F. Supp. 2d 977 (D. Md. 2002), the district court applied Maryland's three-year statue of limitation in granting a motion to dismiss for failure to state a claim against a lender for improper charges, rejecting the borrower's assertion that his discovery of his claim against the lender was necessarily factual. <u>Id.</u> at 985-91. The district court held that accrual was for judicial determination where there was no dispute regarding when the operative facts giving rise to a claim were discovered, and the claimant had notice of the injury. Since the borrower had notice of all fees charged at the loan closing, this triggered his claim, which was time-barred as a matter of law. <u>Id.</u> The same is true in this case as well.

10

IICNA raises no factual dispute as to when IHS had knowledge of facts that would have allowed it to bring a claim to invalidate these endorsements.  These facts are actually set forth in the Wu memo of April, 2000, in which IHS's agent specifically claimed that the non-pyramiding endorsements should be deleted as having been mistakenly issued as part of the 2000 Policies, a position National Union rejected when it refused to void the endorsements.  [D.I. No. 95, Ex. G]  As of that point, IHS (and IICNA as its subrogee) had knowledge of the key operative facts – the allegedly improper inclusion of the non-pyramiding endorsements in the 2000 Policies and the "injury" (total coverage limits of $25 million, rather than $27 million.)  Hence, the statute of limitations accrued at that time as a matter of law, and IICNA's effort to raise this new claim now is over four (4) years too late.

## CONCLUSION

National Union should be granted summary judgment on all claims in IICNA's existing cross-claim, as they have either been withdrawn, conceded, or otherwise resolved. Further, even if amendment were allowed to now challenge other endorsements, all of the extrinsic evidence that IICNA proffers is inadmissible to support this newly proposed claim, and it is in all events barred by Maryland's statute of limitations.

    Respectfully submitted,

    CROSS & SIMON, LLC

    By: /s/ Christopher P. Simon
       Christopher Page Simon (No. 3697)
       913 N. Market Street, 11th Floor
       Wilmington, DE 19801
       Telephone: (302) 777-4200
       Facsimile: (302) 777-4224

       -and-

    George G. Campion
    Weiner Lesniak, LLP
    629 Parsippany Road
    Parsippany, NJ 07054-0438
    Telephone: (973) 403-1100
    Facsimile: (973) 403-0010

       -and-

    Gwynne A. Young (FBN: 185582)
    Frederick T. Hawkes (FBN: 307629)
    Carlton Fields, P.A.
    P.O. Drawer 190
    Tallahassee, FL 32302
    Telephone: (850) 224-1585
    Facsimile: (850) 222-0398