# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:

Integrated Health Services, Inc., *et al.*,                    Case No. 00-389 (MFW)
                                                               Jointly Administered

      Debtors.

_____/

IHS LIQUIDATING LLC,
      Plaintiff,
v.                                                             Civil Action No. 05-376
                                                               (GMS)
ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

      Defendant.

_____/

IHS LIQUIDATING LLC,                                           Civil Action No. 04-1262 (GMS)

      Third Party Plaintiff,
v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, GENERAL STAR
INDEMNITY COMPANY and ACE INDEMNITY
INSURANCE COMPANY f/k/a INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA

      Third-Party Defendants.

_____/

ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

      Third-Party Defendant and
      Fourth-Party Plaintiff,
v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
GENERAL STAR INDEMNITY COMPANY,

      Fourth-Party Defendants.                          /

*Cover page cont. on next page.*

---

## CROSS-CLAIM DEFENDANT NATIONAL UNION'S BRIEF IN OPPOSITION TO IICNA'S MOTION TO AMEND

---

Christopher Page Simon
Delaware I.D. No. 3697
Cross & Simon, LLC
913 N. Market Street, 11th Floor
Wilmington, Delaware  19801
Telephone:     (302) 777-4200
Facsimile:     (302) 777-4224

George C. Campion
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ  07054-0438
Telephone:     (973) 403-1100
Facsimile:     (973) 403-0010

Gwynne A. Young
Florida Bar No. 185582
Frederick T. Hawkes
Florida Bar No. 307629
Carlton Fields, PA
P.O. Drawer 190
Tallahassee, FL  32302
Phone:         (850) 224-1585
Facsimile:     (850) 222-0398

Filed July 30, 2007, on behalf of
Cross-Claim Defendant National Union Fire
Insurance Co. of Pittsburgh, PA

## <u>TABLE OF CONTENTS</u>

TABLE OF CITATIONS ............................................................................ii

STATEMENT OF THE NATURE AND STATE
OF PROCEEDINGS ...................................................................................1

INTRODUCTION AND SUMMARY OF THE ARGUMENT ..................1

<u>ARGUMENT</u>:

A.  IICNA Has Failed To Demonstrate Good Cause For Allowing
    Amendment Of Its Cross-Claim............................................................4

B.  IICNA's Motion Is Not A Motion To Amend Pleadings To
    Conform To The Evidence As Such A Motion Is Only Recognized
    During Or After Completion Of Trial ...................................................8

C.  IICNA Has Offered No Legally Sufficient Reason For Its Undue
    Delay In Seeking To Amend Its Cross-Claim .......................................9

D.  IICNA's Proposed Amendment Challenging The Non-Pyramiding
    Endorsements Of the 2000 Policies Is Futile As The Proposed
    New Claim Is Without Merit As A Matter Of Law...............................13

E.  IICNA Should Not Be Allowed To Raise This New Claim By
    Amendment Because It Is Prejudicial To National Union .....................15

CONCLUSION .......................................................................................16

CERTIFICATE OF SERVICE ..................................................................17

<u>**TABLE OF CITATIONS**</u>

**FEDERAL CASES**

<u>Agrizap, Inc. v. Woodstream Corp.</u>,
  No. 04-3925, 2007 WL 119987 (E.D. Pa. Jan. 9, 2007) .............................6, 7, 11

<u>Ali v. Intertek Testing Servs. Caleb Brett</u>,
  332 F. Supp. 2d 827 (D.V.I. 2004).........................................................11, 12, 14

<u>Alpha Iota Omega Christian Fraternity v. Moeser</u>,
  No. 1:04CV00765, 2006 WL 1286186 (M.D.N.C. May 4, 2006) ......................... 5

<u>Cureton v. N.C.A.A.</u>,
  252 F.3d 267 (3d Cir. 2001).................................................................................11

<u>Dimensional Commc'n, Inc. v. Oz Optics, Ltd.</u>,
  148 Fed.Appx. 82 (3d Cir. Aug. 12, 2005) .......................................................... 6

<u>Eastern Minerals & Chemicals Co. v. Mahan</u>,
  225 F.3d 330 (3d Cir. 2000)..............................................................................5, 7

<u>Fatir v. Dowdy</u>,
  No. Civ.A. 95-677-GMS, 2002 WL 2018824 (D. Del. Sept. 4, 2002) ...........11, 12

<u>Harrison v. Christopher</u>,
  489 F.Supp.2d 375 (D. Del. 2007) ......................................................................11

<u>Hayes v. Rule</u>,
  No. 1:03 CV 1196, 2005 WL 2136946 (M.D.N.C. Aug. 19, 2005) ...................6, 7

<u>J.E. Mamiye & Sons, Inc. v. Fidelity Bank</u>,
  813 F.2d 610 (3d Cir. 1987)................................................................................11

<u>Josey v. John. R. Hollingsworth Corp.</u>,
  996 F.2d 632 (3d Cir. 1993)................................................................................12

<u>Leary v. Daeschner</u>,
  349 F.3d 888 (6th Cir. 2003) .............................................................................6, 7

<u>Luna v. Weiner</u>,
  2006 WL 2570837 (D.N.J. Sept. 5, 2006)...........................................................11

<u>McGee v. The Proctor & Gamble Distrib. Co.</u>,
  445 F. Supp. 2d 481 (E.D. Pa., 2006)..................................................................12

Parker v. Columbia Pictures Indus.,
   204 F.3d 326 (2d Cir. 2000) ............................................................................... 6, 7

Rice v. City of Chicago,
   333 F.3d 780 (7th Cir. 2003) ................................................................................. 4

Slusarski v. U.S. Lines Co.,
   224 F. Supp. 495 (E.D. Pa. 1963) .......................................................................... 8

Thoman v. Philips Med. Sys.,
   Civ. No. 04-3698 (GEB), 2007 WL 203943 (D. N.J. Jan 24, 2007) ...................... 5

U.S. v. 2001 Honda Accord Ex Vin # 1HGCG22561A035829,
   245 F. Supp. 2d 602 (M.D. Pa. 2003) .................................................................... 8

Vosgerichian v. Commodore Int'l Ltd.,
   1998 WL 966026 (E.D. Pa. Nov. 6, 1998) ............................................................. 8

**STATE CASES**

Higgins v. Barnes,
   530 A.2d 724 (Md. 1987) .....................................................................................13

Maryland Ins. Guaranty Ass'n v. Muhl,
   504 A.2d 637 (Md. Ct. Spec. App. 1986) ............................................................14

**OTHER**

Fed. R. Civ. P. 16(b) ...................................................................................... 2, 3, 4, 5

Fed. R. Civ. P. 15(a) .................................................................................... 2, 3, 8, 16

Fed. R. Civ. P. 15(b) .......................................................................................... 2, 8

Md. Code § 5-101 ...............................................................................................14

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The nature and stage of the proceedings has been discussed in depth in National Union's Brief in Support of its Motion for Summary Judgment [D.I. No. 96], National Union's Reply to IICNA's Opposition to its Motion for Summary Judgment [D. I. No 107] and in National Union's Brief in Opposition to IICNA's Motion for Summary Judgment. [D.I. No. 100]. Those pleadings are incorporated herein by reference.

For purposes of this Brief, however, it is important to note that this Court entered a scheduling order in September 2006, which required that all motions to amend the pleadings be filed on or before October 31, 2006. [D.I. No. 22]. On October 31, 2006, IICNA filed a Motion to Amend its Answer to assert a cross-claim against National Union, claiming improper exhaustion of the 2000 policies based on certain specific provisions and endorsements in the policies. [D. I. No. 29]. The proposed cross-claim did not assert any claim based on the non-pyramiding of limits endorsements.

Shortly before the dispositive motions were due, the parties filed a Stipulation to Extend the Dispositive Motion Deadline in which IICNA advised this Court that it intended to file a motion to amend its cross-claim. [D.I. No 93]. This Court orally denied that motion the day it was filed. Thereafter, IICNA chose not to seek leave to amend at that time, and instead only filed a motion to amend after summary judgment motions were filed and briefed, long after the deadline to amend pleadings.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

IICNA has incorrectly characterized its motion to amend as a Motion to Amend Pleadings to Conform to the Evidence developed through discovery. This is a misnomer.

A motion to amend to conform to the evidence is a motion to be asserted only at trial, pursuant to Rule 15(b). Such a motion is not appropriate at the pretrial stage. A pretrial motion such as IICNA has filed is, however denominated, nothing more than a motion to amend under Rule 15(a). As such, it is governed by the standards established in that rule. Moreover, because IICNA seeks to amend its cross-claim long after the deadline set by the Court for filing motions to amend the pleadings, the "good cause" standard set forth in Rule 16(b) would be controlling here.

IICNA not only seeks to amend its cross-claim after the deadline for moving to amend pleadings, it seeks to do so after the close of discovery, after the date for filing of dispositive motions, and after summary judgment motions have been filed and briefed by both parties. Yet IICNA had knowledge of the non-pyramiding of limits claim and could have included it in the Motion to Amend it filed on October 31, 2006, the deadline for moving to amend. IICNA likewise could have moved for leave to amend its cross-claim before the dispositive motion deadline. IICNA, as a tactical matter, chose not to do so.

IICNA's knowledge of this potential claim cannot be disputed. Jennie Wu, IHS's broker, was deposed on February 12, 2007. In her deposition, she asserted that the non-pyramiding endorsements were included in the 2000 Policies in error. [Wu depo at 96-97 (February 12, 2007)] That deposition took place before this Court granted IICNA's Motion to Amend. Nonetheless, IICNA did not seek to add a claim challenging the non-pyramiding endorsements. Nor did IICNA move to amend before the dispositive motion deadline, despite advising the Court of its intention to do so.

IICNA's failure to move to amend in the face of its knowledge of the issue and its numerous prior opportunities to amend demonstrates that it has not and cannot

demonstrate good cause under Rule 16(b) as to why the amendment should be allowed at this late date, long after the deadline for amendment and the other deadlines set by the Court's scheduling order have passed. On this basis alone, the Motion to Amend should be denied.

Even under the more liberal standards of Rule 15(a), IICNA's motion must still be denied. IICNA's failure to amend despite having the knowledge and opportunities to amend also makes the delay here undue. To the extent IICNA seeks to avoid National Union's motion for summary judgment by seeking to amend its cross-claim now, case law establishes this is an unacceptable reason to amend. That is especially so since any amendment at this late date would be prejudicial to National Union. Indeed, because IICNA's existing cross-claim claiming improper exhaustion of the 2000 IHS Main Policy failed to put National Union on notice of any challenge to the entirely distinct non-pyramiding of limits endorsements, National Union could not and did not plead its valid affirmative defenses to this claim.

Finally, the amendment should be denied in all events because it would be futile. Although IICNA states it is not seeking reformation of the 2000 Policies, its claim necessarily requires that this Court reform the National Union Policy to delete the non-pyramiding of limits endorsements. Such a claim fails as a matter of law.

First, IICNA does not dispute that the non-pyramiding endorsements were in fact issued as part of the 2000 Policies, nor does it dispute that those endorsements are clear on their face and limit coverage to $25 million. Absent a claim of mutual mistake, fraud or duress -- which is not pled as a basis for reformation of the Policies here -- Maryland law does not permit consideration of extrinsic evidence to vary their express terms.

Second, IICNA's new claim challenging the non-pyramiding endorsements is barred by

Maryland's three-year statute of limitations.  IHS, whose knowledge binds IICNA as its

subrogee, indisputably had knowledge of the operative facts it needed to bring such a

claim in April, 2000.  Hence, IICNA's suit in subrogation is over four years too late.

## ARGUMENT

### I.

### IICNA'S MOTION TO AMEND SHOULD BE DENIED

**A.    IICNA Has Failed To Demonstrate Good Cause For Allowing Amendment Of Its Cross-Claim.**

Given our judicial system's rules, which require claims to be pled – not simply be

the subject of questioning during a deposition – a litigant is entitled to reply on the claims

as pled, as it prepares for trial.  Here, having abandoned or resolved all of its claims as

pleaded, IICNA now seeks to start anew with a different, unpled claim.  It cannot do that

in light of this Court's explicit scheduling orders.

"The court must set prescribed time, dates, and deadlines, and the attorneys <u>must</u>

respect and comply with these deadlines, which need to be enforced <u>if the court is going</u>

<u>to properly manage its calendar</u>."  <u>Rice v. City of Chicago</u>, 333 F.3d 780, 785 (7th Cir.

2003) (emphasis added).  One significant way a court manages its calendar is through

Federal Rule of Civil Procedure 16(b), which authorizes a district court to enter a

scheduling order that, in part, sets a deadline for amending the pleadings.  <u>See</u> Fed. R.

Civ. P. 16(b).  This rule is designed to ensure that "at some point both the parties and the

pleadings will be fixed."  Fed. R. Civ. P.16, 1983 advisory committee's notes.  For this

reason, rule 16(b) expressly states that the schedule deadlines set by the court "shall not

be modified except upon a showing of good cause."  <u>Id.</u>

4

Accordingly, after a scheduling order has been entered setting a cut-off date for amending the pleadings, the parties are required to make all necessary amendments prior to that date.  If a party wants to amend a pleading <u>after</u> the deadline has passed, it has the burden of showing there is "good cause" to extend the scheduling order deadline and permit the amendment.  <u>See</u> <u>Eastern Minerals & Chemicals Co. v. Mahan</u>, 225 F.3d 330 (3d Cir. 2000) (affirming district court's denial of motion to amend where moving party did not show good cause under Rule 16(b) to modify the scheduling order deadline and permit amendment); <u>Thoman v. Philips Med. Sys.</u>, Civ. No. 04-3698 (GEB), 2007 WL 203943 (D. N.J. Jan 24, 2007) (when leave to amend is untimely, Rule 16(b) governs and movant is required to establish good cause before he/she will be allowed to amend).  If good cause is not shown under Rule 16(b), there is no need for the court to evaluate the merits of the movant's motion to amend.  <u>See, e.g.</u>, <u>Mahan</u>, 225 F.3d at 340; <u>see also</u> <u>Alpha Iota Omega Christian Fraternity v. Moeser</u>, No. 1:04CV00765, 2006 WL 1286186 *8 (M.D.N.C. May 4, 2006) (where plaintiffs failed to show good cause under Rule16(b), the court could disallow the motion to amend, even without reaching the arguments in plaintiffs' briefs).

A showing of "good cause" under Rule 16(b) is a higher standard than to <u>timely</u> amend under Federal Rule of Civil Procedure 15.  <u>Id.</u> ("good cause" under Rule 16(b) is a "higher" standard than what is required under Rule 15).  In fact, "Whether good cause exists depends on the diligence of the moving party."  <u>Thoman</u>, 2007 WL 203943 at *10. "The focus of the inquiry is upon the moving party's reasons for seeking modification…If that party was not diligent, the inquiry should end."  <u>Agrizap, Inc. v.</u> <u>Woodstream Corp.</u>, No. 04-3925, 2007 WL 119987, *2 (E.D. Pa. Jan. 9, 2007).  In order

to show good cause, the moving party must ultimately show that, "despite its diligence, it could not have met the scheduling order deadline." Id.; see also Fed. R. Civ. P. 16, 1983 advisory committee's notes (a court choosing to modify the scheduling order upon a showing of good cause may do so only "if it cannot reasonably be met despite the diligence of the party seeking the extension").

For this reason, "good cause" will not be found where, as here, the moving party could have timely amended. See, e.g., Dimensional Commc'n, Inc. v. Oz Optics, Ltd., 148 Fed.Appx. 82 (3d Cir. Aug. 12, 2005) (good cause was not shown because moving party was in possession of the facts underlying proposed claim before the amendment deadline expired); Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000) (affirming denial of motion to amend for lack of good cause where, despite plaintiff's assertions otherwise, plaintiff had information needed to raise claim in a timely manner); Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003) (affirming denial of motion to amend for lack of good cause where plaintiffs were aware of basis of the claim for many months prior to the deadline); Hayes v. Rule, No. 1:03 CV 1196, 2005 WL 2136946 *4 (M.D.N.C. Aug. 19, 2005) ("[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made.").

Here, the scheduling order entered by this Court imposed an October 31, 2006, deadline for amending the pleadings. IICNA moved to amend its answer at that time to assert a cross-claim that included the 2000 policy year. That cross-claim did not, however, include allegations related to the non-pyramiding of limits claim, even though IICNA was well aware of the existence of such a claim. Indeed, IICNA had in its

possession the facts underlying its newly proposed amended claim as early as January of 2006, when the National Union underwriting files were first produced to IICNA. [Young affidavit, App at    ].  Those files contained the Wu memorandum asking for these non-pyramiding endorsements to be removed from the policies, just as IICNA now asks this Court to do.

IICNA had numerous other opportunities to seek leave to amend its cross-claim before the discovery cutoff and dispositive motions deadline.  Although this Court refused the parties' request to extend the dispositive motions deadline to allow IICNA  to file a Motion to Amend,  thus confirming the importance of compliance with those deadlines, IICNA still did not, for its own tactical reasons, file its motion to amend within that deadline.  Instead, IICNA filed its Motion to Amend its Cross-Claim over eight months after the deadline for amending set in this Court's scheduling order, and after summary judgment motions were filed and briefed by both parties.  Under these circumstances, there is no excuse for IICNA's lack of diligence.

Because the claim could have been timely amended, IICNA cannot meet its burden of showing good cause for extending the scheduling order deadline to permit amendment.  See Oz Optics, 148 Fed. Appx. 82; Parker, 204 F.3d at 341; Leary, 349 F.3d at 906; Rule, 2005 WL 2136946.  Since IICNA cannot show good cause, this Court should deny IICNA's motion to amend for that reason, without addressing the actual merits of the motion.  Mahan, 225 F.3d 330 (affirming denial of motion to amend where moving party did not show good cause); Agrizap, 2007 WL 119987 (if a party was not diligent, good faith has not been shown and the inquiry should end); Moeser, 2006 WL

1286186 (where good cause was not shown, the court could deny motion to amend without reaching merits of motion).

**B.   IICNA'S Motion Is Not A Motion To Amend Pleadings To Conform To The Evidence As Such A Motion Is Only Recognized During Or After Completion Of Trial**

The Federal Rules of Civil Procedure do not provide for a motion to amend pleadings to conform to the evidence obtained in discovery.  The purpose of a motion to amend a pleading to conform to the evidence under Federal Rule of Civil Procedure 15(b) is to bring the pleadings in line with the actual issues upon which a case was actually tried.  Slusarski v. U.S. Lines Co., 224 F. Supp. 495, 496 (E.D. Pa. 1963); U.S. v. 2001 Honda Accord Ex Vin # 1HGCG22561A035829, 245 F. Supp. 2d 602, 612 (M.D. Pa. 2003); see also Vosgerichian v. Commodore Int'l Ltd., 1998 WL 966026 at *3 (E.D. Pa. Nov. 6, 1998) ("Rule 15(b) . . . is limited to situations where the issue has been tried. Where no trial has occurred, plaintiff can find no solace in Rule 15(b)") (internal citation, quotation and punctuation omitted).

A motion to conform the pleadings to the evidence is therefore not appropriate at the summary judgment (pre-trial) stage.  See 2001 Honda, 245 F. Supp. 2d at 612 (claimant could not move to amend pleadings under Rule 15(b) when motion was made in response to summary judgment motion and no trial had occurred; court instead construed motion as motion to amend under Rule 15(a)); Vosgerichian, 1998 WL 966026 at *3 (denying motion to conform under Rule 15(b) where plaintiff moved to amend claiming that he uncovered during discovery, but moved to amend in response to defendant's motion for summary judgment where no trial had occurred; court addressed issues as if they were raised under Rule 15(a)).

**C.    IICNA Has Offered No Legally Sufficient Reason For Its Undue Delay In Seeking To Amend Its Cross-Claim**

IICNA asserts that there has been no undue delay in seeking this amendment because 1) its proposed amended cross-claim is purportedly already subsumed in its existing cross-claim and 2) National Union purportedly was on notice through discovery that IICNA's Insured and IICNA believed that the non-pyramiding endorsements were included in the 2000 Policies in error and should be deleted. These assertions are both without merit.

First, as National Union has previously demonstrated in its briefs filed in this case, IICNA's assertion that this newly-proposed claim is already subsumed in its existing cross-claim is patently incorrect. Indeed, if that were the case, there would be no need to amend. In actual fact, it is not already pled. Count II of IICNA's existing cross-claim asserts three specific grounds for its claim of improper exhaustion of the 2000 Policies: (1) payment of Hamlin and Burton administration costs, (2) payment of Chapter 400 fees, and (3) payment of defense costs and settlements for Lester facilities out of the $25 million limits of the 2000 IHS Main Policy [D.I. No. 57 at ¶94; 103]. This last claim is based on an earlier version of the Policy containing a Broad Named Insured endorsement, which incorrectly contained an exclusion for Lester claims. [D.I. No. 57 Exhibit E].[1]  None of those asserted grounds in any way involves the non-pyramiding of limits endorsements.

---

[1] Discovery revealed that National Union issued a corrective Broad Named Insured Amendatory endorsement to the IHS Main Policy, which deleted the Lester exclusion. (Cardamone Affidavit Exhibit B, Endorsement 5; App. at ___).  Given that endorsement, it was entirely proper for National Union to pay Lester claims out of the 2000 IHS Main Policy.

In stark contrast, the proposed amendment alleges that the non-pyramiding of limits endorsements should be deleted or invalidated from the 2000 Policies and that National Union should be required to provide $2 million in additional coverage for the 2000 policy year. No such relief is requested in the existing cross-claim. Even a cursory comparison of the proposed amendment with IICNA's existing cross-claim shows this is an entirely new claim that IICNA seeks to assert.

Second, IICNA also argues that National Union was on notice through discovery that IICNA's insured and IICNA contended that the non-pyramiding endorsements were included in the 2000 Policies in error, and that National Union could have sought to amend to assert defenses to that claim. But, IICNA cites no case saying a party is placed on notice by deposition testimony that the other party intends to assert a new, unpled claim based on that testimony. Litigants make tactical decisions all the time not to assert all the claims they could assert. Thus, if new claims are uncovered in the course of discovery, the plaintiff must affirmatively move to amend to assert them. That is how the other party is on notice to respond. No such motion to amend was filed by IICNA after that deposition, except for its current, belated motion filed long after the cutoff for amendments.

Furthermore, the law does not place the burden on National Union to assert defenses to an unpled claim. Rather, the burden is on the plaintiff to file a complaint that contains <u>all</u> claims it intends to assert. That is what puts the defendant on notice that those claims are at issue in the case, not deposition testimony.

IICNA does not dispute that it has itself been aware of the inclusion of these non-pyramiding of limits endorsements in the 2000 Policies for some time. As such, it had

numerous opportunities to amend its complaint to challenge the non-pyramiding of limits endorsements but chose not to do so -- even after telling this Court it intended to seek such leave to amend.  At this late date, after the close of discovery and the filing and briefing of summary judgment motions, and as discussed above, long after the deadline for amending pleadings in the scheduling order,  amendment to raise this new claim should not be permitted.

Delay becomes undue, where as here, a movant has had previous opportunities to amend a complaint.  Cureton v. N.C.A.A., 252 F.3d 267, 273 (3d Cir. 2001) (internal citations and quotations omitted).  "The question of undue delay . . . requires that [the court] focus on the plaintiffs' motives for not amending their complaint to assert [a] claim earlier . . . ."  J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 614 (3d Cir. 1987); Ali v. Intertek Testing Servs. Caleb Brett, 332 F. Supp. 2d 827, 829 (D.V.I. 2004) (the movant's delay may become undue after a motion for summary judgment is filed where the movant has had previous opportunities to amend a complaint but chose not to do so); Fatir v. Dowdy, No. Civ.A. 95-677-GMS 2002 WL 2018824 at *7 (D. Del. Sept. 4, 2002).

Indeed, the timing of such a motion to amend -- after a defendant has moved for summary judgment - can raise "an inference that the plaintiff is attempting to bolster its legal position -- and therefore avoid summary judgment -- by amending the complaint. This is an unacceptable reason to amend."  Fatir, 2002 WL 2018824 at *8; see also Luna v. Weiner, 2006 WL 2570837 at *1 (D.N.J. Sept. 5, 2006) ("amending as a form of opposing a substantive motion is not proper").  Harrison v. Christopher, 489 F.Supp.2d 375, 377 n.2 (D. Del. 2007) (although plaintiff was on notice of need to file an amended

complaint and had ample opportunity to do so, but did not do so until response to motion for summary judgment and after close of discovery, court declined to allow amendment); McGee v. Proctor & Gamble Distrib. Co., 445 F. Supp. 2d 481 (E.D. Pa., 2006) (denying motion to amend for lack of diligence where plaintiff only attempted to raise new claim as part of response to defendant's motion for summary judgment 2 1/2 years after filing amended complaint, and offered no explanation for failure to bring new claim before that time); Fatir, 2002 WL 2018824 at *2 (fact that plaintiff filed motion to amend four days after filing response to motion for summary judgment supported a finding that motion to amend was product of undue delay, and for that reason, permitting amendment would unreasonably prejudice the defendant and the court); Josey v. John. R. Hollingsworth Corp., 996 F.2d 632 (3d Cir. 1993) (affirming district court's refusal to permit amendment after close of discovery; plaintiff should have amended claim during discovery when he discovered new claim; new claim would prejudice defendant because it would have different burdens and defenses).

Importantly, in the Third Circuit, motions to amend filed after a defendant moves for summary judgment are disfavored. Fatir, 2002 WL 2018824 at *8. Hence, the burden rests on IICNA to come forward with substantial reasons for its failure to move earlier and evidence to support its proposed amended claims. See, e.g., Ali, 332 F.Supp.2d at 830. IICNA has not done so, and its motion to amend should therefore be denied.

**D.     IICNA'S Proposed Amendment Challenging The Non-Pyramiding Endorsements Of The 2000 Policies Is Futile As The Proposed New Claim Is Without Merit As A Matter Of Law**

IICNA asserts that "its proposed amended cross-claim does not contain new or different allegations than its prior pleading."[2]  Even a cursory comparison shows that is absolutely incorrect.  A review of the facts pled in the existing cross-claim demonstrates that the proposed amended pleading does indeed set forth new allegations and seeks to invalidate endorsements not challenged at all in the existing cross-claim.

IICNA also argues that this new claim sets forth a claim upon which relief can be granted and hence is not futile.  To the contrary, as discussed at length in National Union's prior filings,  IICNA  asserts no facts that would allow the 2000 Policies to be reformed to delete these endorsements and their express limits on the coverage afforded under the 2000 Policies.

IICNA concedes that the non-pyramiding endorsements are clear on their face, acknowledging that those endorsements "effectively cap[] National Union's coverage limits at $25,000,000."  IICNA Memo In Support of Its Motion to Amend at 2 [D.I. No. 103].  Thus, IICNA does not question that these unambiguous endorsements, as issued, cap coverage at those explicit limits.  Rather, IICNA seeks to have these endorsements, and their limits on coverage, deleted from the 2000 Policies.  That, however, is a claim for reformation of the Policies, which must be properly pled in order to state a cause of

---

[2] National Union has dealt with this assertion more fully in its Brief in Support of its Motion for Summary Judgment [D.I. No. 97], its Reply to IICNA's Opposition to its Motion for Summary Judgment [D.I. No 107] and its Opposition to IICNA's Motion for Summary Judgment [100].  National Union incorporates and relies on these pleadings here.

action.  See, e.g., Higgins v. Barnes, 530 A.2d 724, 726-27 (Md. 1987) (describing the requirements of a claim for reformation and under what circumstances such claim should be made).  As demonstrated in National Union's prior filings, the proposed new claim does not set forth the necessary elements of a reformation claim.

Moreover, where, as here, a plaintiff moves to amend after a defendant has moved for summary judgment, the party seeking to amend must show that the proposed amendment has substantial merit and come forward with substantial convincing evidence to support the newly asserted claim.  Ali, 332 F.Supp. 2d at 830.  IICNA cannot meet that standard.  As National Union has explained in its earlier filings, the extrinsic evidence IICNA sets forth to support its claim is inadmissible at trial and cannot qualify as substantial convincing evidence to support the newly asserted claim.  IICNA has not met its burden and the amendment should be denied as futile.

IICNA also argues that the doctrine of equitable subrogation would allow it to bring this new claim, regardless of the statute of limitations.  To the contrary, equitable subrogation only allows IICNA to stand in the shoes of its insured, IHS, who has undisputedly known of the non-pyramiding of limits claim since April of 2000.  Maryland Ins. Guaranty Ass'n v. Muhl, 504 A.2d 637, 646 (Md. Ct. Spec. App. 1986).  It does not allow IICNA to assert a claim that would be barred as untimely if brought by its insured.  That is exactly the case here.

Since IHS knew by April 2000 of the inclusion of those endorsements in the 2000 Policies, or at least was on notice of that through its broker's knowledge, the statute of limitations has expired.  That is so whether IICNA's claim is for reformation or some other, unidentified claim to invalidate the endorsements that were enforced by National

14

Union to limit coverage to $25 million.  In Maryland, <u>all civil actions</u> are governed by the three-year statute of limitations.  <u>See</u> Md. Code § 5-101.

IICNA raises no factual dispute as to when IHS had knowledge of facts that would have allowed it to bring a claim to invalidate these endorsements.   Hence, the three-year statute of limitations accrued as a matter of law in April of 2000, and IICNA's effort to raise this new claim now is over four (4) years too late.  An amendment to assert a claim for reformation or some other unidentified claim to invalidate the endorsements is futile as it is time barred, and the motion to amend to add the claim should therefore be denied.

**E.     IICNA Should Not Be Allowed To Raise This New Claim By Amendment Because It Is Prejudicial To National Union**

IICNA's Insured, IHS, undisputedly knew about the inclusion of the non-pyramiding endorsements in April 2000, over seven (7) years ago, when those endorsements were issued as part of the 2000 Policies.  National Union has fully administered the IHS Policies based on the existence of these endorsements, exhausted its limits in the reliance of these endorsements, and appropriately tendered remaining claims to excess carriers above it.  This in and of itself would make any amendment to challenge those endorsements now highly prejudicial to National Union.

Furthermore, National Union has proceeded in this case in reliance upon and in compliance with the Court's scheduling order.  It would be prejudiced by having to start all over again to address a new claim not previously pled by IICNA, and thus not addressed in National Union's defenses.

**CONCLUSION**

IICNA's Motion to Amend is not a Motion to Amend Pleadings to Conform to the Evidence.  It is purely and simply a motion to amend under Rule 15(a).  Because the motion was made after the deadline for amending the pleadings, however, rule 16(b) mandates denial of IICNA's motion for lack of "good faith."  Although this Court need not reach the merits of the motion, the motion should likewise be denied for the foregoing reasons.

Respectfully submitted,

CROSS & SIMON, LLC

By:   /s/ Christopher P. Simon
Christopher Page Simon (No. 3697)
913 N. Market Street, 11th Floor
Wilmington, DE  19801
Telephone:     (302) 777-4200
Facsimile:     (302) 777-4224

George G. Campion
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ  07054-0438
Telephone:     (973) 403-1100
Facsimile:     (973) 403-0010

Gwynne A. Young (FBN: 185582)
Frederick T. Hawkes (FBN: 307629)
Carlton Fields, PA
P.O. Drawer 190
Tallahassee, FL  32302
Telephone:     (850) 224-1585
Facsimile:     (850) 222-0398