## *BIFFERATO GENTILOTTI LLC*
*Attorneys at Law*

800 N. KING STREET, FIRST FLOOR
POST OFFICE BOX 2165
WILMINGTON, DE 19899-2165

(302) 429-1900
TELECOPIER: (302) 429-8600

WRITER'S E-MAIL: CTOMS@BGLAWDE.COM

August 14, 2007

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801

    RE:   IHS Liquidating LLC v. Indemnity Insurance Co. of
             North America, C.A. No. 05-376 (GMS)

Dear Chief Judge Sleet:

      This firm is counsel to plaintiff IHS Liquidating LLC ("IHS"). With the consent of counsel to the other two parties to the action, Defendant/Third-Party Plaintiff Indemnity Insurance Company of North America ("IICNA") and Third-Party Defendant/Fourth Party Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), I respectfully submit this letter to request that the Court schedule a telephonic scheduling conference at its earliest convenience.

      The parties are currently obligated to file a Joint Pre-Trial Order on August 20, 2007, and there is a pre-trial conference scheduled for September 11, 2007. However, the parties believe that, under the circumstances set forth below, there is good reason to postpone the filing of a Joint Pre-Trial Order pending (a) the outcome of a mediation process presently scheduled to commence on August 24, 2007 and (b) the determination of dispositive motions filed by the three remaining parties in the action. Accordingly, the parties respectfully request that the Court schedule a brief telephonic status conference prior to the August 20, 2007 deadline for filing the Joint Pre-Trial Statement. Alternatively, the parties request that the Court suspend the deadline for filing a Joint Pre-Trial Statement until the conference scheduled for September 11, 2007, at which time the Court could consider whether such a submission is warranted, and if so, fix a new date for such submission.

      This action is currently scheduled for a court-ordered mediation on August 24, 2007. To the extent that there are issues remaining in the action which can be addressed by the mediator, the parties respectfully submit that the submission of the Joint Pre-Trial Order should be postponed until after the mediation so that the parties will have the benefit of the mediation process in further limiting or resolving the remaining issues in the action.

The Honorable Gregory M. Sleet
August 14, 2007
Page 2

     Moreover, as the Court is aware, the issues in this action have been significantly narrowed by agreement of the parties during the discovery process. As a consequence, Third Party Defendant General Star Indemnity Company has been dismissed from the action. In addition, IICNA has withdrawn all of its 1999 claims against National Union but one. As to that remaining 1999 claim, IICNA and National Union have agreed to resolve the claim subject only to the consent of IHS, which consent IHS believes must await the Court's ruling on its pending motion for summary judgment, as discussed below.

     IICNA has also withdrawn all of its 2000 claims against National Union other than a purported claim to invalidate non-pyramiding of limits endorsements contained in the 2000 National Union policies. IICNA and National Union have recently filed summary judgment motions against each other with respect to the remaining year 2000 dispute, and those motions are fully briefed. A related motion by IICNA to amend its pleading against National Union is also fully briefed. The central issue raised in the Motions for Summary Judgment filed by IICNA and National Union is whether IICNA has pleaded a claim challenging the validity of the non-pyramiding endorsements in its existing crossclaim. National Union contends it has not and therefore National Union is entitled to Summary Judgment on the existing crossclaim. IICNA contends that the claim is subsumed in its existing crossclaim. As an alternative, IICNA has moved to amend its crossclaim to add the non-pyramiding of limits claim. National Union has opposed that motion. Should this Court grant the Motion to Amend, the case would not be at issue as National Union would need to have a reasonable time to answer the amended crossclaim and assert its defenses to the new claim.

     In addition to the recent summary judgment motions filed by National Union and IICNA, earlier in the action Plaintiff IHS filed a motion for partial summary judgment against IICNA. IHS's motion addresses issues as to whether IICNA must provide coverage under its $50 million excess policy for 1999 in light of the insolvencies of IHS and Reliance Insurance, IHS's primary insurance carrier for 1999, and the consequent failure of IHS or Reliance to pay out in full the $9 million primary layer of coverage for 1999. Both IHS and IICNA have advised the Court previously that they believe the issues raised in IHS's motion may be resolved by the Court on the motion papers.

     The parties respectfully submit that until the mediation process is completed and the foregoing motions are resolved, the parties do not know what issue, if any, remains to be tried. It is difficult to prepare a proposed Final Pretrial Order which meets the Court's requirements until these motions are determined. Under these circumstances, the parties would like the opportunity to discuss with the Court whether further pre-trial proceedings are warranted pending a determination of the pending motions. The parties therefore request a conference with the Court at its convenience.

                                                  Respectfully submitted,

                                                  Chad J. Toms (DE ID# 4155)

The Honorable Gregory M. Sleet
August 14, 2007
Page 3


cc:     Christopher P. Simon, Esquire (via Electronic Mail)
        Benjamin C. Wetzel, III, Esquire (via Electronic Mail)