UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:

Integrated Health Services, Inc., et al.,                    Case No. 00-389 (MFW)
                                                             Jointly Administered
    Debtors.
_____/

IHS LIQUIDATING LLC,

    Plaintiff,
v.                                                           Civil Action No. 05-376 (GMS)

ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

IHS LIQUIDATING LLC,                                         Civil Action No. 04-1262 (GMS)

    Third Party Plaintiff,
v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, GENERAL STAR
INDEMNITY COMPANY and ACE INDEMNITY
INSURANCE COMPANY f/k/a INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA

    Third-Party Defendants.
_____/

ACE INDEMNITY INSURANCE COMPANY
f/k/a INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

    Third-Party Defendant and
    Fourth-Party Plaintiff,
v.

*Cover page cont. on next page.*

TPA#2403190.3

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
GENERAL STAR INDEMNITY COMPANY,

    Fourth-Party Defendants.    /

---

## CROSS-CLAIM DEFENDANT NATIONAL UNION'S SUR-REPLY BRIEF IN OPPOSITION TO IICNA'S MOTION TO AMEND

---

Christopher Page Simon (No. 3697)
CROSS & SIMON, LLC
913 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone:  (302) 777-4200
Facsimile:  (302) 777-4224

George G. Campion
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ 07054-0438
Telephone:  (973) 403-1100
Facsimile:  (973) 403-0010

Gwynne A. Young
Florida Bar No. 185582
Frederick T. Hawkes
Florida Bar No. 307629
Carlton Fields, P.A.
P.O. Drawer 190
Tallahassee, FL 32302
Telephone:  (850) 224-1585
Facsimile:  (850) 222-0398

Counsel for Cross-Claim Defendant
National Union Fire Insurance Co. of
Pittsburgh, PA.

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF THE ARGUMENT ................................................... 1

ARGUMENT ................................................................................................................................ 1

CONCLUSION ............................................................................................................................. 4

CERTIFICATE OF SERVICE ..................................................................................................... 6

-ii-

# TABLE OF AUTHORITIES

**CASES**

Admiral Ins. Co. v. John Stromburg & Assoc.,
  551 A.2d 923 (Md. Ct. Spec. App. 1989).................................................................3

GEICO v. Ins. Commissioner,
  389 A.2d 422 (Md. Ct. Spec. App. 1978)..................................................................3

GEICO v. Ropka,
  536 A.2d 1214 (Md. Ct. Spec. App. 1988)................................................................3

Munday v. Lumberman's Mut. Cas. Co.,
  783 F.2d 21 (1st Cir. 1986).......................................................................................4

**OTHER**

Maryland Insurance Code § 27-605.................................................................................1, 2

Maryland Insurance Code § 27-612....................................................................................1

Maryland Insurance Code § 11-206....................................................................................2

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

In its Reply Brief to National Union's Opposition to IICNA's Motion to Amend, IICNA raises for the first time a claim that National Union included the non--pyramiding endorsements in the 2000 Policies without notice and hence was obligated to continue the coverage provided in the 1999 Policies. This new claim is not only belated and nowhere pleaded in IICNA's existing cross-claim, or its motion to amend that cross-claim, it is also legally meritless.

## ARGUMENT

IICNA mistakenly relies on Maryland Insurance Code section 27-605 to support its new claim. This provision provides, in part, that an insurer seeking to cancel or avoid renewing a policy must provide written notice to the insured, with an explanation of its reasons for cancelling or refusing to renew the insured's policy. See § 27-605, Md. Code Ins. If there is a failure to comply with section 27-605, the insurer is liable to the applicant for the coverage that was requested, or that would have become effective, had proper notice been given. See § 27-612, Md. Code Ins. IICNA argues that because National Union refused to remove the non--pyramiding endorsements from the 2000 Policies after it was requested to do so, it violated section 27-605, and was therefore obligated in the 2000 Policies to continue the coverage as it was originally written in the 1999 Policies.

Section 27-605, however, does not apply to IHS' 2000 Policies for three independent reasons. First, section 27-605 only applies where the policy was cancelled or non-renewed altogether. This case does not involve either of these two scenarios. IHS' policies were renewed, with the 2000 Policies containing the non--pyramiding endorsements. Thus, that was merely a change in policy terms, and section 27-605 has no applicability to that issue.

Second, the provision did not take effect until January 1, 2007. This is well after the issuance of the 2000 Policies with the endorsements. Section 27-605, therefore, does not govern the policies at issue.

Third, IHS is expressly exempt from the notice requirements of section 27-605. Section 27-605(a)(2) states, in part: "This section does not apply to: (ii) policies issued to exempt commercial policyholders under § 11-206 of this article, if the policies provide for written notice of not less than 30 days of the insurer's intent to cancel or nonrenew." (emphasis added). IHS is an exempt commercial policyholder under section 11-206(j)(1), Maryland Insurance Code.

Section 11-206(j)(1) defines an "exempt commercial policyholder" as a person that:

> (i) pays annual aggregate property and casualty premiums for commercial insurance policies issued in the State during the current or preceding calendar year of $25,000 or more; and
> (ii) meets any two of the following criteria:
>     1. generates annual revenues or sales in excess of $10,000,000;
>     2. possesses a net worth in excess of $5,000,000;
>     3. employs at least 25 full-time employees;
>     4. is a nonprofit organization or public body with an annual budget of at least $10,000,000; or
>     5. is a municipal corporation with a population of at least 15,000.

IHS has paid more than $25,000 in annual aggregate property and casualty premiums; the 2000 IHS Main Policy alone cost about $1 million in premiums annually. Moreover, IHS had both a net worth of more than $5 million and more than 25 employees. As the IHS policies required a 90-day action to cancel (IHS 2000 Policy at p. 12), the commercial policyholder exemption is met. Thus, even were section 27-605 applicable here, National Union would have had no duty to provide notice of cancellation or non-renewal to IHS.

IICNA also cites to three Maryland cases, all of which are inapplicable. Two of the cases involve statutes relating to private automobile policy cancellations, not a commercial umbrella policy sold to a sophisticated insured using a professional broker to negotiate the insurance

purchase. See GEICO v. Ropka, 536 A.2d 1214 (Md. Ct. Spec. App. 1988) (auto policy cancellation); GEICO v. Ins. Commissioner, 389 A.2d 422 (Md. Ct. Spec. App. 1978) (same).

Second, IICNA also cites to Admiral Ins. Co. v. John Stromburg & Assoc., 551 A.2d 923 (Md. Ct. Spec. App. 1989) for the proposition that insurers are obligated to continue coverage if they fail to send notice of cancellation or non-renewal. Although the statute addressed in Admiral did deal with commercial insurance, the case only addressed situations where there was an absolute refusal to replace the coverage, so that an insured was left completely without coverage. Specifically, in Admiral, claims arising within 45 days of the insured's discovery of the non-renewal were deemed covered. But, when a replacement policy is issued that the insured accepts, the statute enforced in Admiral does not apply. Id. at 930-31. Thus, Admiral only dealt with the complete failure to have any coverage in place, due to a non-noticed non-renewal. It has no bearing here where the Insured was covered by a policy whose benefits, as here, it had accepted.

Finally, it is unclear whether Maryland now has common law notice requirements in light of the statutory notice scheme. But, any such notice requirements would be satisfied where, as here, the changes in the new policy are clear and the insured was actually aware of the changes, allowing it to procure other coverage if it so desired. Here, IHS, had actual notice of the inclusion of the non--pyramiding endorsements within eight weeks of the Policies being delivered to its broker. That is established by the Wu Memo of April 12, 2000. If IHS had wanted different coverage from another insurer, it was free to cancel the Policies immediately (see Cancellation, p. 12 of the Policies). Hence, since the Policies conspicuously included a new endorsement, which the Insured's broker immediately noticed, any principles of common-law notice to the insured were more than satisfied. Moreover, since the Insured was fully aware of

TPA#2403190.3                                   3

the new provision, it cannot equitably assert it was nonetheless surprised, after accepting $25 million in coverage, when subsequent claims were limited by the non--pyramiding endorsements clearly contained in the policies.

It warrants only to further note that these common-law notice cases typically deal with unsophisticated insureds, not national companies such as IHS, which hire national commercial brokers such as Lockton to review every provision in a commercial policy. The cases cited by IICNA all assume the insured will not read a "renewal" policy, and could then be caught unaware of the changes. That was not the case here, as the change was immediately discovered by the Insured's broker. Thus, IHS had actual notice of the changes and was not lulled by them. See Munday v. Lumberman's Mut. Cas. Co., 783 F.2d 21 (1st Cir. 1986) (where face of policy made change clear, notice was adequate).

## CONCLUSION

For these reasons, IICNA's newly minted claim is meritless and its motion to amend should be denied.

Dated: August 20, 2007
      Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ Christopher Page Simon
Christopher Page Simon (No. 3697)
913 N. Market Street, 11th Floor
Wilmington, Delaware  19801
Telephone:    (302) 777-4200
Facsimile:     (302) 777-4224

-and-

George G. Campion, Esquire
Weiner Lesniak, LLP
629 Parsippany Road
Parsippany, NJ  07054-0438
Telephone:    (973) 403-1100
Facsimile:     (973) 403-0010

TPA#2403190.3                                                              4

-and-

Gwynne A. Young (FBN: 185582)
Frederick T. Hawkes (FBN: 307629)
Carlton Fields, PA
P.O. Drawer 190
Tallahassee, FL  32302
Telephone:    (850) 224-1585
Facsimile:    (850) 222-0398

Counsel for Cross-Claim Defendant
National Union Fire Insurance Co. of
Pittsburgh, PA.