# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., *et al.*,<br><br>　　　　　　　　　　Debtors. | | Chapter 11<br><br>Case No. 00-389 (MFW)<br><br>(Jointly Administered) |
| IHS LIQUIDATING LLC,<br><br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>　　　　　　Defendant | | Civil Action No. 05-376 (GMS) |
| IHS LIQUIDATING LLC,<br><br>　　　　　　Third-Party Plaintiff<br><br>　　　　　　v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br>GENERAL STAR INDEMNITY COMPANY,<br>and ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA<br><br>　　　　　　Third-Party Defendants | | |
| ACE INDEMNITY INSURANCE COMPANY<br>f/k/a INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA<br><br>　　　　　　Third-Party Defendant and<br>　　　　　　Fourth-Party Plaintiff<br><br>　　　　　　v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA, and<br>GENERAL STAR INDEMNITY COMPANY, | | |

*Continued next page*

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S
BRIEF IN OPPOSITION TO CROSS-CLAIM DEFENDANT, NATIONAL
UNION'S MOTION FOR LEAVE TO FILE SURREPLY**

                                            WETZEL & ASSOCIATES, P.A.

                                            /s/ Benjamin C. Wetzel, III
                                            Benjamin C. Wetzel, III (I.D. No 985)
                                            Natalie M. Ippolito (I.D. No. 3845)
                                            The Carriage House, Suite 201
                                            1100 N. Grant Avenue
                                            Wilmington, DE 19805
                                            (302) 652-1200

Of Counsel:
Ward A. Rivers, Esquire
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street., Suite 3400
Philadelphia, PA  19103-2978

## TABLE OF CONTENTS

**Page No.**

**Table of Authorities** ................................................................................................................ ii

**PRELIMINARY STATEMENT** ........................................................................................... 1

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEDINGS** ............... 1

**ARGUMENT**

A.  IICNA Has Complied With the Federal Rules Regarding Sufficiency of Pleading ...... 2

**CONCLUSION** .................................................................................................................... 6

i

## TABLE OF AUTHORITIES

**Page No.**

### CASES

Atlantic Corp. v. Twombley,
    175 S.Ct. 1955......................................................................................................3

Koken v. GPC Int'l, Inc.,
    443 F. Supp.2d 631 (D. Del. 2006)..................................................................4

### STATUTES

Fed. R. Civ. P. 8(a)(2).............................................................................................2, 3

U.S. Dist. Court of Del. Local Rules 7.1.2(a)...........................................................4

**PRELIMINARY STATEMENT**

Defendant, Third-Party Defendant and Fourth-Party Plaintiff, Indemnity Insurance Company of North America (hereinafter "IICNA"), by and through its attorneys, files this Brief In Opposition to National Union Fire Insurance Company of Pittsburgh, PA's Motion For Leave to File a Surreply to IICNA's Motion to Amend.

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

The parties have briefed the Court with regard to the nature and stage of the proceedings over the course of numerous documents.  IICNA incorporates its statements addressing the nature and stage of the proceedings as set forth in its Motion For Summary Judgment [D.I. No. 94], its Response to Motion for Summary Judgment [D.I. No. 105], its Motion to Amend [D.I. No. 102] Reply Brief to Motion to Amend [D.I. No. 110] are incorporated herein by reference.

Upon the filing of IICNA's Reply Brief to Motion to Amend [D.I. No. 110], National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Union") filed a Motion Leave to File a Surreply [D.I. No. 112].  IICNA opposes this Motion.

**ARGUMENT**

**I.    IICNA Has Complied With The Federal Rules Regarding Sufficiency of Pleading, Therefore, Leave For Surreply Should Be Denied.**

Pursuant to Fed. R. Civ. P. 8(a)(2), IICNA need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief". In IICNA's proposed Amended Complaint, should this Honorable Court permit the filing of same, IICNA will aver that it is entitled to the proceeds of a Commercial Umbrella insurance policy issued by National Union and identified by policy number BE 357-43-86. The Named Insured on the policy was Integrated Health Services of Lester, Inc. IICNA has averred that the policy, as issued, was not in keeping with National Union's quote and binder both of which stated that the "terms and conditions" of policy BE 357-43-86 were to be the same as an "expiring" policy. National Union, however, chose to amend the terms of the coverage after the issuance of the quote and binder to include a "Non – Pyramiding of Limits" endorsement. IICNA's pleading disclosed that the addition of the "Non-Pyramiding of Limits" endorsement rendered the coverage illusory. As set forth in IICNA's pleading Integrated Health Services of Lester, Inc. (hereinafter IHS of Lester) paid $16,000.00 for $2,000,000 in coverage during the period January 1, 1999 to January 1, 2000 but, if the "Non-Pyramiding of Limits" endorsement was validated, would have paid $19,000.00 for $0.00 in coverage during the period January 1, 2000 to January 1, 2001.

As part of its pleading, IICNA has attached exhibits documenting the fact that the insured's broker never agreed to the inclusion of the "Non-Pyramiding of Limits" endorsement and that National Union never paid any amount under policy BE 357-43-86.

In paragraph 58 of the proposed Amended Complaint, IICNA avers:

> National Union has been on notice since April 12, 2000 that the Non-Pyramiding of Limits endorsements, as included in the 2000 IHS Main Policy and the 2000 IHS of Lester Policy are not consistent with a renewal of the prior year's coverage.

IICNA goes on to document that it is entitled to equitable subrogation due to National Union's failure to properly exhaust its coverage limits by its refusal to pay the limits of policy BE 357-43-86.

In setting forth the claim as it has, IICNA has complied with Fed. R. Civ. P. 8(a)(2). Moreover, IICNA has met the "heightened" pleading standards set forth in <u>Bell Atlantic Corp. v. Twombley</u>, 175 S.Ct. 1955, which was, at one time, an issue raised by National Union.

Nothing in either Fed. R. Civ. P. 8(a)(2) or <u>Bell Atlantic Corp. v. Twombley</u>, 175 S.Ct. 1955 requires a plaintiff to set forth in detail each and every possible statute, code, provision, theory or fact upon which the plaintiff may rely in pursuit of its claim against a defendant. Rather, the pleading need only show that the plaintiff is plausibly entitled to relief. <u>Twombley</u>, 175 S.Ct. 1955, 1966.

Now, however, National Union would not only require IICNA to meet the "heightened" pleading standard, it would also require IICNA to anticipate the arguments that National Union would raise in a Brief in Opposition to IICNA's Motion to Amend. Under National Union's logic, IICNA would not only have to investigate and argue the facts, circumstances and law supporting its position, it would also have to investigate and argue each and every argument that National Union may raise in opposition and argue facts, circumstances and law refuting National Union's position before it was even raised.

IICNA's Opening Brief was prepared and addresses the standards by which a

Court determines whether to permit the filing of an amended pleading.  IICNA's Opening Brief was in compliance with U.S. Dist. Court of Del. Local Rules 7.1.2(a) in that it set forth the relief requested and the grounds in support thereof.  It specifically address the fact that Delaware and Maryland Courts recognize the doctrine of equitable subrogation as a basis for recovery.  That is the same legal basis upon which IICNA has sought to recover payments it made on behalf of Integrated Health Services of Lester, Inc. as a result of National Union's decision to limit coverage by enforcing the "Non-Pyramiding of Limits" endorsement.  IICNA was under no obligation at the time of its Opening Brief, to anticipate how National Union would oppose its IICNA's Motion to Amend and affirmatively address National Union's arguments before they were raised.  Certainly such a requirement would place a substantial burden on IICNA in this case.

By way of example, IICNA did not include a detailed recitation of the procedural history of its efforts to take discovery related to the coverage available in the period January 1, 2000 to January 1, 2001 in its Opening Brief because it did not anticipate that National Union would argue that IICNA had not shown good cause.  In its Reply Brief, IICNA addressed this issue, as raised by National Union, by providing additional facts related to discovery.  Those facts were not disclosed in the Opening Brief and were, under National Union's logic, "reserved for the reply brief".

Similarly, IICNA was not in a position to anticipate any other allegations that National Union would raise to argue that leave to amend should not be granted or that the Amended Complaint was futile.  IICNA briefed its position such that it addressed the fundamental issues the Court identified in <u>Koken v. GPC Int'l , Inc.</u>, 443 F.Supp.2d 631, (D.Del.2006).

- 5 -

IICNA's Reply Brief addressed arguments raised by National Union with regard to whether IICNA's claim was futile.  In addressing National Union's argument in its Reply Brief, IICNA included Maryland statutes which call into question the validity of the "Non-Pyramiding of Limits" endorsements in support of its argument that IICNA's claim was not barred by the statute of limitations.  National Union's Motion appears to argue that IICNA should have identified these statutes for National Union and briefed the application of the statutes to the coverage in question in anticipation of a statute of limitations based argument that IICNA's Amended Complaint is futile.  Such a requirement would be unduly burdensome.

## CONCLUSION

For the reasons set forth above, National Union's Motion for Leave should be denied. In the alternative, if granted, IICNA should be permitted to file a reply to National Union's surreply.

>                                   WETZEL & ASSOCIATES, P.A.
>
>
>                                   /s/ Benjamin C. Wetzel, III
>                                   Benjamin C. Wetzel, III (I.D. No 985)
>                                   Natalie M. Ippolito (I.D. No. 3845)
>                                   The Carriage House, Suite 201
>                                   1100 N. Grant Avenue
>                                   Wilmington, DE 19805
>                                   (302) 652-1200

Of Counsel:
Ward A. Rivers, Esquire
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street., Suite 3400
Philadelphia, PA  19103-2978

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2007, I electronically filed the within Defendant/Third-Party Defendant Indemnity Insurance Company of North America's Brief in Opposition to Cros-Claim Defendant, National Union's Motion For Leave to File Surreply with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    Garven F. McDaniel, Esquire
    Bifferato Gentilotti & Balick
    P.O. Box 2165
    Wilmington, DE 19899

    Christopher P. Simon, Esquire
    Cross & Simon, LLC
    913 N. Market Street, 11th Floor
    Wilmington, DE 19801

and served through the U.S. Mail:

    Lee W. Stemba, Esquire
    Clement H. Berne, Esquire
    Troutman Sanders, LLP
    The Chrsyler Building
    405 Lexington Avenue
    New York, NY 10174

    George C. Campion, Esquire
    Weiner Lesniak, LLP
    629 Parsippany Road
    Parsippany, NJ 07054-0438

    Gwynne A. Young, Esquire
    Carlton Fields, P. A
    Corporate Center Three at International Plaza
    4221 W. Boy Scout Boulevard
    Tampa, Fl 33607-5736